**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

**ORDER**


AND NOW, this       day of                  , 2020, it is hereby ORDERED and DECREED

that upon consideration of the within Motion for Contempt and/or to Compel Compliance with a

Subpoena Against Delaney Yonchek, it is hereby ORDERED that said Motion is GRANTED and

Ms. Yonchek is found in contempt of Court and ORDERED to pay Defendants' attorney's fees

incurred for pursuing this motion. It is further ORDERED that Ms. Yonchek shall fully comply

with the February 12, 2020 subpoena and provide any and all documents identified therein within

five (5) days of this Order.


_____

J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

## DEFENDANT, GREGG ROMAN'S MOTION FOR CONTEMPT AND/OR TO COMPEL AGAINST THIRD PARTY, DELANEY YONCHEK

For the reasons set forth in the accompanying Memorandum of Law, Defendant, Gregg

Roman, by and through his undersigned counsel, hereby moves this Court to find Delaney

Yonchek in contempt of Court and/or compel her to comply with Defendants' February 12, 2020

subpoena as set forth therein.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    /s/ Sidney L. Gold
       SIDNEY L. GOLD, ESQUIRE
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       215-569-1999
       Attorney for Defendant

Dated: April 17, 2020

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

## DEFENDANT, GREGG ROMAN'S MOTION FOR CONTEMPT AND/OR TO COMPEL AGAINST THIRD PARTY, DELANEY YONCHEK

**I.     INTRODUCTION**

Defendant, Gregg Roman, through his undersigned counsel, brings the present motion for contempt and/or to compel against third-party, Delaney Yonchek, for her failure to comply with Defendants' Subpoena *Ad Duces Tecum*.

On February 12, 2020, Defendants served Delaney Yonchek, though her counsel, Seth Carson, Esquire, with a Subpoena *Ad Testificandum* and *Ad Duces Tecum*, demanding that she appear for a deposition on March 6, 2020 and produce documents relevant to the present matter. (A copy of the Subpoena and Certificate of Service are attached to this Motion as "Exhibit A"). Neither Ms. Yonchek or her attorney ever submitted objections to the subpoena.

Ms. Yonchek appeared for her deposition on March 6, 2020.  However, she failed to produce **any** of the documents requested by the subpoena.  During her deposition, Ms. Yonchek confirmed that she had "read" the document requests contained in the subpoena but that she "didn't understand" that she "had to actually bring them."  (See Ms. Yonchek's Deposition Transcript at p. 59, a copy of which is attached hereto as "Exhibit B").  Ms. Yonchek went on to claim that while she looked for documents "in general," she was not looking for any documents relating to the

3

subpoena.  Exhibit B at p. 61.  However, Ms. Yonchek did confirm that during her "general" review she did find documents that were responsive to the subpoena including text messages and emails, but did not "bring them" to the deposition.  Exhibit B. at p. 61-65.

Later, Mr. Carson, Ms. Yonchek's counsel, claimed that he was "working on producing" responsive documents "in a format that will make sense" and confirmed that he would "get them." Exhibit B at p. 80.

After the deposition, Defendants' counsel has followed up with Mr. Carson on multiple occasions to obtain the documents responsive to the subpoena.  Most recently, Mr. Carson said that he would the produce responsive documents by Friday, April 3, 2020.  (See Email exchange between Defendants' counsel and Ms. Yonchek's counsel attached hereto as "Exhibit C"). However, Ms. Yonchek has still not produced **any** documents since her deposition six (6) weeks ago.

## II.    ARGUMENT

The Federal Rules of Civil Procedure allow parties to obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. See Fed. R. Civ. P. 26(b)(1). When a party seeks to obtain documents from a person who is not a party to the action, the nonparty may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45. See Fed. R. Civ. P. 34(c). Failure of a person without adequate excuse to obey a subpoena may be deemed a contempt of court. See Fed. R. Civ. P. 45(g).

In accordance with Federal Rule of Civil Procedure 45(g), a court that has issued a subpoena "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Whether to hold a

nonparty in contempt is "within the discretion of the Court." <u>Shahin v. Delaware</u>, 2013 U.S. Dist. LEXIS 133285 (D. Del. Sept. 18, 2013).

"[C]ivil contempt may be employed to coerce [a party] into compliance with the court's order and to compensate for losses sustained by the disobedience." <u>McDonald's Corp. v. Victory Inv.</u>, 727 F.2d 82, 87 (3d Cir. 1984). "Coercive sanctions. . . look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or. . .by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience." <u>Id</u>. Coercive sanctions for civil contempt have generally taken the form of incarceration, fines, or both. <u>Gilgallon v. County of Hudson</u>, 2006 U.S. Dist. LEXIS 46825, at *7-8 (D.N.J. July 10, 2006).

Here, Defendants served a valid subpoena on Ms. Yonchek requesting highly relevant documents pertaining to this litigation. At no point did Ms. Yonchek object to the subpoena, file a motion to quash, or file a motion for a protective order. Rather, Ms. Yonchek simply did not comply with the subpoena and continues to be in defiance of said subpoena. Despite numerous assurances from her counsel that documents would be forthcoming, Ms. Yonchek has failed to produce **anything**. Accordingly, Ms. Yonchek should be held in contempt of Court and ordered to produce her responsive documents immediately.

## III.    CONCLUSION

For the reasons set forth above, Defendant, Gregg Roman, respectfully requests that the

Court grant his Motion for Contempt and/or to Compel.

By:    /s/ Sidney L. Gold
       SIDNEY L. GOLD, ESQUIRE
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       215-569-1999
       Attorney for Defendant

Dated: April 17, 2020