### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

### ORDER

AND NOW, this ____ day of _____, 2020, it is hereby ORDERED and DECREED that upon consideration of the within Renewed Motion for Contempt and for Sanctions Against Delaney Yonchek, it is hereby ORDERED that said Motion is GRANTED and Ms. Yonchek is found in contempt of Court and ORDERED to pay Defendants' attorney's fees incurred for pursuing this motion. It is further ORDERED that Ms. Yonchek shall fully comply with the February 12, 2020 subpoena and provide any and all documents identified therein within three (3) days of this Order.

_____

J.

1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

## **DEFENDANTS' RENEWED MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST THIRD PARTY, DELANEY YONCHEK**

For the reasons set forth in the accompanying Memorandum of Law, Defendants, by and

through their undersigned counsel, hereby moves this Court to find Delaney Yonchek in

contempt of Court as set forth therein.


SIDNEY L. GOLD & ASSOCIATES, P.C.


By:     /s/ Sidney L. Gold
        SIDNEY L. GOLD, ESQUIRE
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        215-569-1999
        Attorney for Defendant


Dated:  April 30, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
RENEWED MOTION FOR CONTEMPT AND FOR
SANCTIONS AGAINST THIRD PARTY, DELANEY YONCHEK**

**I.     INTRODUCTION**

Defendants, through their undersigned counsel, bring the present motion for contempt

and for sanctions against third-party, Delaney Yonchek, for her continued failure to comply with

Defendants' Subpoena *Ad Duces Tecum*.

As Your Honor is aware, on February 12, 2020, Defendants served Delaney Yonchek,

though her counsel, Seth Carson, Esquire, with a Subpoena *Ad Testificandum* and *Ad Duces*

*Tecum*, demanding that she appear for a deposition on March 6, 2020 and produce documents

relevant to the present matter.  (A copy of the Subpoena and Certificate of Service are attached to

this Motion as "Exhibit A").  Neither Ms. Yonchek or her attorney ever submitted objections to

the subpoena.  At the deposition, Ms. Yonchek failed to produce any documents and continued to

be non-compliant for the next six (6) weeks.

As a result, Defendants were forced to file a motion for contempt and/or motion to

compel on April 17, 2020.  (Docket Entry # 26).  Shortly thereafter, Ms. Yonchek, through her

3

counsel, produced an incomplete and non-responsive compilation of documents.  On April 22, 2020, Your Honor held a conference call with counsel to discuss the motion and entered an Order directing Ms. Yonchek to "fully comply with the Subpoena and produce all responsive documents or affirm that no such documents exist" on or before April 27, 2020.  (Docket Entry #28).

Late in the evening of April 27, 2020, Mr. Carson uploaded another series of documents into a shared "Dropbox" drive.  Despite this additional production, Ms. Yonchek is still not compliant with the subpoena or Your Honor's April 22, 2020 Order.

Ms. Yonchek's production remains deficient in the following ways: *Firstly,* in Document Requests 1 and 2, Defendants asked for "any and all documents concerning [her] employment with The Middle East Forum" and "any and all documents related to The Middle East Forum's proprietary information" in her custody and control.  (Exhibit A).  In his April 27, 2020 response, Mr. Carson **admits** that he has not produced all documents responsive to these requests. (See "Delaney Yonchek Responses to Documents Requested" at p. 1-4., attached hereto as "Exhibit B"); *Secondly,* the text message communications that were produced omit critical documentation and contain redactions without explanation.  For example, in MEF Docs 000088 (attached hereto, along with a sample of other documents as "Exhibit C"), there are a series of picture attachments that are not produced.  Similarly, in MEF Docs 000089, there are redactions made without any explanation.  On MEF Docs 000161, the Plaintiff in this case, Lisa Barbounis, sends an 8 minute and 25 second audio recording to Ms. Yoncheck.  That recording has not been produced.  In MEF Docs 000188-189 there are a series of picture messages not produced.  Likewise, in MEF Docs 000192 there are redactions and picture messages omitted.  In MEF Docs 000206 there are several redactions and "notes" embedded in the text message that have

4

not been produced.  Also, in MEF Docs 000213-214, 217 there are several images that have not

been produced; ***Thirdly,*** Ms. Yonchek has not produced **any** communications on alternative

messaging platforms like "Whats App," "Slack," "Facebook Messenger," or "Signal."  MEF

encourages employees to use a program called "Telegram" for their communications.  On MEF

Docs 000213, Ms. Yonchek specifically references using "Telegram."  However, Ms. Yoncheck

does not produce **any** of her "Telegram" messages.

Unfortunately, the above is only a sample of the omissions from Ms. Yonchek's

production.

## II.    ARGUMENT

The Federal Rules of Civil Procedure allow parties to obtain discovery regarding any

matter, not privileged, that is relevant to a claim or defense of any party. See Fed. R. Civ. P.

26(b)(1). When a party seeks to obtain documents from a person who is not a party to the action,

the nonparty may be compelled to produce documents and things or to submit to an inspection as

provided in Rule 45. See Fed. R. Civ. P. 34(c). Failure of a person without adequate excuse to

obey a subpoena may be deemed a contempt of court. See Fed. R. Civ. P. 45(g).

In accordance with Federal Rule of Civil Procedure 45(g), a court that has issued a

subpoena "may hold in contempt a person who, having been served, fails without adequate

excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). District Courts have

authority to order monetary sanctions against nonparties as to "[d]isobedience or resistance to

[the Court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3)."[C]ivil

contempt may be employed to coerce [a party] into compliance with the court's order and to

compensate for losses sustained by the disobedience." McDonald's Corp. v. Victory Inv., 727

F.2d 82, 87 (3d Cir. 1984). "Coercive sanctions. . . look to the future and are designed to aid the

plaintiff by bringing a defiant party into compliance with the court order or. . .by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience." Id.

As stated above, Ms. Yoncheck and her counsel have flouted Your Honor's Order, the Federal Rules of Civil Procedure, and the Local Rules.  Despite several opportunities over the past two (2) months to comply with the subpoena, Ms. Yonchek continues to defy it.  In fact, Mr. Carson has openly **admitted** that he has failed to comply with the subpoena.[1]  See generally Exhibit B.

Likewise, Mr. Carson's 11th hour objections are wholly improper.  "After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena . . . within fourteen days after the subpoena is served…." In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234, 238 (E.D. Pa. 2014).  As an alternative to serving objections on the subpoenaing party, a nonparty may file a timely motion for a court to quash the subpoena pursuant to Rule 45(d)(3).  Here, Ms. Yonchek did neither.  Accordingly, any objections have been waived.

It is clear that Ms. Yonchek and her counsel have not taken Defendants' subpoena or the Court's April 22, 2020 Order seriously.  Accordingly, they should be held accountable for their deliberate non-compliance and sanctioned in a manner that Your Honor deems appropriate.

---

[1] Unfortunately, this is not the first time that Mr. Carson has failed to comply with Court Orders during the litigation of these cases.  See Brady v. The Middle East Forum, Civ. No. 19-5082, (E.D. Pa. March 5, 2020) (J. Kearney) (Docket Entry # 23) (granting attorney's fees to Defendants due to Mr. Carson's failure to comply with the Court's Order); The Middle East Forum v. Barbounis, Civ. No. 19-5697, (E.D.Pa. March 20, 2020) (J. Sanchez) (Docket Entry #45) (noting that the Court would "seriously consider" awarding fees and costs to MEF due to Mr. Carson's failure to produce documents).

## III.   CONCLUSION

For the reasons set forth above, Defendants respectfully requests that the Court grant their Motion for Contempt and for Sanctions.

By:   /s/ Sidney L. Gold
      SIDNEY L. GOLD, ESQUIRE
      1835 Market Street, Suite 515
      Philadelphia, PA 19103
      215-569-1999
      Attorney for Defendant

Dated: April 30, 2020

## CERTIFICATE OF SERVICE

I hereby certify that, on April 30, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system upon the following:

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Attorney for Plaintiff


/s/Sidney L. Gold, Esquire
Sidney L. Gold, Esquire
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
sgold@discrimlaw.net
Attorney for Defendant, Gregg Roman

Dated: April 30, 2020



**Leigh Ann Benson**
Direct Phone   215-665-4708
Direct Fax      215-701-2002
lbenson@cozen.com

February 12, 2020

**VIA HAND DELIVERY**

Delaney Yonchek
c/o Seth Carson, Esq.
1835 Market Street, Suite 2950
Philadelphia, PA  19103

Re:   **Barbounis v. The Middle East Forum, et al.**
       **EDPA No. 2:19-cv-05030**

Dear Seth:

Enclosed please find a Notice of Intent to Serve a Subpoena, Subpoena Ad Testificandum and Duces Tecum along with a witness fee check for your deposition scheduled to take place on *Friday, March 6, 2020 at 10:00 a.m.* at the offices of Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, PA  19103.  The deposition will be taken before a person authorized to administer oaths, and be recorded by audio, audiovisual and/or stenographic means.  The Subpoena also contains a list of documents that you are required to bring to the deposition.

Thank you for your attention to this matter.

Sincerely,

COZEN O'CONNOR

By:   Leigh Ann Benson

LAB
Enclosures

cc: David Walton



**COZEN O'CONNOR**
David J. Walton (PA #86019)
Leigh Ann Benson (PA #319406)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

*Attorneys for Defendants*
*The Middle East Forum and*
*Gregg Roman*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM and | : | |
| GREGG ROMAN *(individually)* | : | |
| | : | |
| Defendants. | : | |

**NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS,**
**INFORMATION, OR OBJECTS WITH DEPOSITION IN A CIVIL ACTION**

Defendants, The Middle East Forum ("The Forum") and Gregg Roman ("Roman") by

and through their undersigned counsel, Cozen O'Connor, and pursuant to Rule 45(a)(4) of the

Federal Rules of Civil Procedure, hereby give notice of the intent to serve a Subpoena identical

to the one attached hereto.

Dated: February 12, 2020

**COZEN O'CONNOR**

/s/David J. Walton
David J. Walton, Esq.  (PA#86019)
Leigh Ann Benson, Esq. (PA #319406)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215 665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

*Attorneys for Defendants*
*The Middle East Forum and Gregg Roman*

## **CERTIFICATE OF SERVICE**

I, David J. Walton, hereby certify that on February 12, 2020, a true and correct copy of

the foregoing Notice of Intent to Serve Subpoena was served upon the following counsel of

record for Plaintiff via email addressed as follows:

Seth D. Carson, Esq.
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email:  Seth@DerekSmithLaw.com

*/s/ David J. Walton*
David J. Walton, Esq.

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### Eastern District of Pennsylvania

| | | |
|---|---|---|
| LISA BARBOUNIS | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No.: 2:19-CV-05030 |
| | ) | |
| THE MIDDLE EAST FORUM, et al. | ) | |
| *Defendants.* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Delaney Yonchek, 107 Drummers Lane, Wayne, PA 19087 c/o Seth Carson, Esq. 1835 Market Street, Suite 2950, Philadelphia, PA 19103

☒    *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, PA  19103 | Date and Time:  March 6, 2020 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:  <u>stenographic and videographic</u>

☒    *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **SEE ATTACHMENT "A"**

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    <u>February 12, 2020</u>

|   *CLERK OF COURT*  | OR | *(signature)* |
|---|---|---|
| <u>Signature of Clerk or Deputy Clerk</u> | | <u>Attorney's signature</u> |

The name, address, e-mail, and telephone number of the attorney representing Defendants, who issues or requests this subpoena, are:  David J. Walton, Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, PA 19103, <u>dwalton@cozen.com</u>, (215) 665-5547.

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.:  2:19-CV-05030

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (1)  *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  (2)  *For Other Discovery.* A subpoena may command:
   (A)  production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B)  inspection of premises at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

  (1)  *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2)  *Command to Produce Materials or Permit Inspection.*
   (A)  *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B)  *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3)  **Quashing or Modifying a Subpoena.**
   (A)  *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B)  *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C)  *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  (1)  *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A)  *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B)  *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C)  *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D)  *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*
   (A)  *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B)  *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. end or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2113).

ATTACHMENT "A"

DEFINITIONS

1.      "All" means "any" and vice versa.

2.      All other terms shall be given their usual and regular dictionary meaning.

3.      "And," "or" and "and/or" shall be construed in the broadest sense possible, i.e., either disjunctively or conjunctively as necessary to bring within the scope of each request documents that might otherwise be construed to be outside its scope.

4.      "Communication" shall mean any contact between two or more persons, including any of the agents, employees, or representatives thereof, and shall include without limitation, written contact by such means as letter, memoranda, e-mail, text message, instant message, telegram, fax, telex, or any other document, and oral contact by such means as face-to-face meetings, telephone conversation, tape recording, and video conference.

5.      "Document" is defined to be synonymous in meaning and equal in scope to the use of the term "Documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). It includes, but is not limited to (1) all writings of any kind, including correspondence, memoranda, notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings or any other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records, or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, mechanical or electrical records or representations of any kind, including computer data, e-mails, tapes, cassettes, disks and recordings. This definition covers all such documents so defined in Your possession and/or control that are known by you to exist. A draft or non-identical copy is a separate Document within the meaning of this term.

6.      "ESI" means "electronically stored information," which is defined to be synonymous in meaning and equal in scope to the usage of the term "electronically store information" in Federal Rule of Civil Procedure 34(a)(1)(A).

7.      "Including" means including without limitation.

8.      "Person or "Persons" means any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

9.      Relating to," "referring to," "concerning" and any variations thereof (e.g., "refers to" or "relates to" or "concerns") mean relating in any way to, referring to, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part whether directly or indirectly.

10. "You" or "Your" mean Delaney Yonchek and any of agents, or representatives acting or purporting to act on your behalf.

11. "The Middle East Forum" means defendant The Middle East Forum, its subsidiaries, divisions, predecessors, successors, parents, any organization or entity that it controls or manages, as well as its present and former officers, managers, directors and employees.

12. The plural of any word herein includes the singular and the singular includes the plural.

13. "Relevant Period" means January 1, 2018 through the Present.

## INSTRUCTIONS

1. Each Request herein for a document or documents contemplates production thereof in full, without abbreviation, revision, or redaction.

2. If You withhold any documents covered by these Requests, or any portion of any document, by reason of a claim of privilege, You shall furnish a list identifying each such document, or portion of such document, for which the privilege is claimed together with the following information: (a) the date of the document; (b) the name(s) of its author, authors or preparers, and an identification by employment and title of each such person; (c) the names of each person who was sent or furnished with the document or received, viewed or has had custody of the document, together with an identification of each such person by employment and title; (d) a brief description of the subject matter of the document or portion of the document that is sufficient on its face to justify a claim of privilege; and (e) a statement of the basis for the claim of privilege. In the case of any document relating in any way to a meeting, conference, teleconference or to any other conversation, all participants in the meeting or conversation shall be identified.

3. In the event that any document called for by these Requests has been destroyed or otherwise disposed of, that document is to be identified as follows: author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date and manner of destruction or other disposition and the reason therefor, persons authorizing destruction or other disposition and persons destroying or disposing of the document.

4. Color copies of documents are to be produced where color is necessary to interpret or understand the contents.

5. If any identified document is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction until the conclusion of this lawsuit unless otherwise permitted by the Court.

6. When You respond to a Request by referring to documents You possess, You shall produce those documents and identify them by either (a) listing the subject matter, date, author, addressee(s), and any person(s) shown as being copied on the documents, or (b) listing any control, production, or "Bates" numbers that the documents bear.

7. When You respond to a Request by referring to public records, documents You possess or any other documents, then You shall provide sufficient detail to permit Plaintiffs to locate and identify the specific pages within the records or documents from which Plaintiffs may ascertain the answer to the Request.

8. All documents shall be produced as text-searchable image files (e.g., TIFF), while preserving the integrity of the original formatting and metadata. Documents unable to be so converted shall be produced in native format.

9. Unless otherwise expressly stated in any individual Document Request, the Document Requests seek all responsive documents from the Relevant Period.

## DOCUMENT REQUESTS

1.   Any all documents concerning your employment with The Middle East Forum.

2.   Any and all documents relating to The Middle East Forum's proprietary information in your possession custody, or control.

3.   Any and all documents concerning, and including, communications between you and Lisa Barbounis relating to The Middle East Forum.

4.   Any and all documents concerning, and including, communications between you and Catriona Brady relating to The Middle East Forum.

5.   Any and all documents concerning, and including, communications between you and Patricia McNulty relating to The Middle East Forum.

6.   Any and all documents concerning, and including, communications between you and Marnie O'Brien relating to The Middle East Forum.

7.   Any and all documents concerning, and including, communications between you and any other Middle East Forum employee.

8.   Any and all documents concerning, and including, communications between you and any board member relating to The Middle East Forum.

9.   Any and all documents concerning, and including, communications between you and any volunteer relating to The Middle East Forum.

10.   All documents, including electronic documents and communications, concerning any alleged misconduct by The Middle East Forum.

11.   All documents, including electronic documents and communications, concerning any alleged misconduct by Gregg Roman.

12.   All documents and/or written statements, including electronic documents and communications, relating to any of the allegations in the lawsuit filed by Lisa Barbounis against The Middle East Forum and Gregg Roman.

13.   All documents and/or written statements, including electronic documents and communications, relating to any of the allegations in the lawsuit filed by Catriona Brady against The Middle East Forum.

14.   All documents and/or written statements, including electronic documents and communications, relating to any of the allegations in the lawsuit filed by Patricia McNulty against The Middle East Forum and Gregg Roman.

15.   All documents and/or written statements, including electronic documents and communications, in your possession, custody, or control relating to any of the allegations in the lawsuit filed by Marnie O'Brien against The Middle East Forum.

16.   Any and all documents regarding your job search, including but not limited to all correspondence, employment applications, cover letters, ads, and email communications.

17.   All non-privileged documents relating to any conversation between you and any third party concerning to the complaint filed by you against The Middle East Forum, Daniel Pipes, and Gregg Roman.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DIRSTRICT OF PENNSYLVANIA

LISA BARBOUNIS                       :
           Plaintiff,     :        CIVIL ACTION
                    :        NO. 2:19-cv-05030-JDW
-vs-                                 :
                    :
THE MIDDLE EAST FORUM, et al.        :
                    :
           Defendants.    :

## DELANEY YONCHEK RESPONSES TO DOCUMENTS REQUESTED

I.      Any all documents concerning your employment with The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has access to information that was emailed to her personal email during her employment with The Middle East Forum ("MEF" or "Defendant"). All information related to the instant litigation has be produced. Delaney Yonchek objects to producing all email concerning her employment as Delaney Yonchek was required to utilize her personal email account in her day-to-day responsibilities. Accordingly, this request is overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

By way of further answer:

Delaney Yonchek has taken screen shots of the emails sent to her personal email account during her employment and produced the same. MEF maintained a regular practice of allowing and requiring employees to utilize personal email accounts in the organization's day-to-day operations. This was true for all employees, however it was particularly true for interns as MEF did not provide interns with organizational email accounts. Employees and/or corporate officers who sent and/or received emails using employees' personal email accounts include but is not limited to Daniel Pipes, Greg Roman, Mathew Bennett, Lisa Barbounis, Patricia McNulty, Marnie Meyer, Delaney Yonchek, Stacy Roman, Caitriona Brady, and Mark Fink. Delaney Yonchek has furnished through screen shots the emails sent to her personal email account during her employment, along with communications confirming that Delaney Yonchek was not provided with an organizational email account until sometime after her internship ended. Importantly, Defendants are in possession of the emails and attachments sent to Delaney



Yonchek during Delaney Yonchek's employment.  The emails sent to Delaney Yonchek during her employment came from the following email accounts:

meyer@meforum.org
barbounis@meforum.org
bennett@meforum.org
roman@meforum.org
pipes@meforum.org
csmith@meforum.org
patel@meforum.org
perry@meforum.org
stacy@meforum.org

Accordingly, Defendants are in possession of the emails that were sent from Defendants' email server to Delaney Yonchek during Delaney Yonchek's employment for Defendants.

Notwithstanding, the work that Delaney Yonchek performed during her employment for Defendants has absolutely no bearing, effect, relation, or relevance to Plaintiff, Lisa Barbounis's claims of sexual harassment and retaliation under Title VII, the Pennsylvania Human Relations Act, the Philadelphia Fair Practices Ordinance.  Counsel for Delaney Yonchek is certainly willing to discuss this matter further if Defendant would like to meet and confer regarding these documents.  However, Delaney Yonchek  suggests that good cause to present untimely objections exists in connection with emails that (1) are already in Defendant's possession, (2) have no relevance, or even relationship to Plaintiff, Lisa Barbounis's claims of discrimination and harassment in the workplace, (3) imposes significant burden upon a non-party to produce.

Delaney Yonchek would like nothing more than to delete every email she has ever received from a Middle East Forum email exchange.  The only issue stopping Delaney Yonchek from deleting MEF emails are the multiple communications from MEF, which began July 2019, instructing Delaney Yonchek to preserve all communications related to her employment with MEF.  Delaney Yonchek was employed with MEF until October 2019, and acted in good faith to avoid spoliation of evidence, however, asking Delaney Yonchek to produce every document in connection with her employment with MEF, including every email sent and received in a two-and-a-half (2.5) year period is overbroad on its face and 'exceeds the bounds of fair discovery.

"In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." Semtek Int'l, Inc. v. Merkuriy Ltd., No. 3607 DRH, 1996 WL 238538, at *2 (N.D.N.Y. May 1, 1996). See IBM, 70 F.R.D. at 702 & n. 9; Angell v. Shawmut Bank Conn. Nat'l Assoc., 153 F.R.D. 585, 590 (M.D.N.C.1994); In re Goodyear Tire & Rubber Co. Sec. Litig., 1991 WL 172930, at *1, 1991 U.S.Dist. LEXIS 14486, at *2 (N.D.Ohio June 21, 1991); Krewson, 120 F.R.D. at 7; Celanese Corp. v. E.I. duPont de Nemours & Co., 58 F.R.D.

606, 609–10 (D.Del.1973). Courts find such unusual circumstances where: (1) "the subpoena is overbroad on its face and 'exceeds the bounds of fair discovery,' " Semtek, 1996 WL 238538, at *2; Krewson, 120 F.R.D. at 7; (2) the subpoenaed witness is a non-party acting in good faith, Semtek, 1996 WL 238538, at *2; and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged legal basis for the subpoena. Id.; Goodyear, 1991 WL 172930, at *2, 1991 U.S.Dist. LEXIS 14486, at *2–3; Celanese Corp., 58 F.R.D. at 610.

2.      Any and all documents relating to The Middle East Forum's proprietary information in your possession custody, or control.

**RESPONSE:**

Plaintiff objects to this request is overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. This request has nothing to do with the instant litigation.

On April 23, 2020 counsel for Defendant sent the following comment subject to the above objection and response to Defendant's Subpoenaed Request No. 2:

In response to Request #2 you objected again and refused to provide responsive documents. Again, the deadline to submit an objection has passed. Also, your objection is mistaken. MEF's proprietary and confidential documents should be returned to their rightful owner.

Delaney Yonchek thanks Defendant for being forthright and providing the true motive for requesting the documents subject to Subpoenaed Request No. 2. Defendant, MEF cannot use litigation between Plaintiff, Lisa Barbounis and Defendant, The Middle East Forum to improperly attempt to involve the Court in a private matter between Delaney Yonchek and The Middle East Forum. This is the basis of Delaney Yonchek's objection to a request which is clearly overbroad on its face and has nothing to do with the instant litigation and everything to do with Defendant, The Middle East Forum's attempt to take advantage of Plaintiff, Lisa Barbounis's civil litigation to attack a former employee. The Middle East Forum has never in the history of the organization asked former employees to return so called proprietary information that is in the former employee's position because former employee was forced to utilize a personal email account during their employment for Defendant, The Middle East Forum. Defendant, The Middle East Forum has required Mathew Bennet, Stacy Roman, Gabrielle Bloom, Samantha Mandalas and countless other interns and employees to utilize personal email accounts. In using personal email accounts countless documents which The

Middle East Forum claims is proprietary information has been sent to countless personal email accounts. Defendant, The Middle East Forum only became concerned with protecting proprietary information for employees who have engaged in protected activity by resting upon their federal, state and local protections protecting employees from discrimination and harassment in the workplace.

Delaney Yonchek is willing to erase every email received in connection with her former employer. The only obstruction is The Middle East Forum would then argue spoliation of evidence.

Notwithstanding, Delaney Yonchek would notify Defendant, The Middle East Forum that she was required to utilize her personal email account in connection with her employment for The Middle East Forum from July 2017 until October 31, 2019, when Delaney Yonchek sent a resignation letter to Daniel Pipes. In Delaney Yonchek's nearing two-and-a-half (2.5) years of employment, Delaney Yonchek received hundreds of emails from The Middle East Forum email exchanges that have no relation or relevance to the instant litigation and merely document Delaney Yonchek's day-to-day job duties and work performed during her employment.

If Defendant wishes to meet and confer regarding these emails, Delaney Yonchek, through counsel is always available to discuss the issues surrounding the production of these emails.

3.      Any and all documents concerning, and including, communications between you and Lisa Barbounis relating to The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request. The attachments referenced in the emails are already in the possession of Defendant, The Middle East Forum. Notwithstanding, Delaney Yonchek has taken produced the attachments requested.

4.      Any and all documents concerning, and including , communications between you and Catriona Brady relating to The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request. Specifically, the communications between Plaintiff, Lisa Barbounis and Delaney Yonchek have been produced. Delaney Yonchek has also produced communications with Defendant, Gregg Roman, which is limited to the emails provided.

5.      Any and all documents concerning, and including, communications between you and Patricia McNulty relating to The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.  Specifically, Delaney Yonchek has produced the resignation letter sent to Daniel Pipes October 31, 2019.

6.      Any and all documents concerning, and including, communications between you and Marnie O'Brien relating to The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

7.      Any and all documents concerning, and including, communications between you and any other Middle East Forum employee.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

8.      Any and all documents concerning, and including, communications between you and any board member relating to The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

9.      Any and all documents concerning, and including, communications between you and any volunteer relating to The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

10.     All documents, including electronic documents and communications, concerning any alleged misconduct by The Middle East Forum.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

11.    All documents, including electronic documents and communications, concerning any alleged misconduct by Gregg Roman.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

12 .All documents and/or written statements, including electronic documents and communications, relating to any of the allegations in the lawsuit filed by Lisa Barbounis against The Middle East Forum and Gregg Roman.

**RESPONSE:**

Delaney Yonchek has produced all information subject to this request.

13.    All documents and/or written statements, including electronic documents and communications, relating to any of the allegations in the lawsuit filed by Catriona Brady against The Middle East Forum.

**RESPONSE:**

Delaney Yonchek objects to this request as not relevant to the instant matter.  By way of further answer, Delaney Yonchek has produced all information subject to this request.

14.    All documents and/or written statements, including electronic documents and communications, relating to any of the allegations in the lawsuit filed by Patricia McNulty against The Middle East Forum and Gregg Roman.

**RESPONSE:**

Delaney Yonchek objects to this request as not relevant to the instant matter.  By way of further answer, Delaney Yonchek has produced all information subject to this request.

15.    All documents and/or written statements, including electronic documents and communications, in your possession, custody, or control relating to any of the allegations in the lawsuit filed by Marnie O' Brien against The Middle East Forum.

**RESPONSE:**

Delaney Yonchek objects to this request as not relevant to the instant matter.  By way of further answer, Delaney Yonchek has produced all information subject to this request.

16.    Any and all documents regarding your job search, including but not limited to all correspondence, employment applications, cover letters, ads, and email communications.

**RESPONSE:**

Delaney Yonchek objects to this request as not relevant to the instant matter.  The job search of a third party is no relation to the above captioned matter.  Accordingly this request is overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  This request has nothing to do with the instant litigation.

17.    All non-privileged documents relating to any conversation between you and any third party concerning to the complaint filed by you against The Middle East Forum, Daniel Pipes, and Gregg Roman.
.

Delaney Yonchek objects to this request as not relevant to the instant matter.  By way of further answer, Delaney Yonchek has produced all information subject to this request.

**DEREK SMITH LAW GROUP, PLLC**


By:＿＿＿＿＿＿ /s/ Seth D. Carson＿＿＿＿＿
           SETH D. CARSON
           Derek Smith Law Group, PLLC
           1835 Market St, Ste 2950
           Philadelphia, PA 19103
           P: 215-391-4790
           E: seth@dereksmithlaw.com
           *Attorneys for Plaintiff*
           *Lisa Barbounis*


DATED: April 27, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this date that I caused a true and correct copy of Plaintiff's Responses to Defendants' Requests for Admissions to be served via email to:

> David J. Walton (PA # 86019)
> Leigh Ann Benson (PA #319406)
> Cozen O'Connor
> 1650 Market Street, Suite 2800
> Philadelphia, PA 19103
> P: 215-665-2000
> F: 215-665-2013
> dwalton@cozen.com
> lbenson@cozen.com

In the alternative, documents have been served by placing them in a shared Dropbox folder, that was shared with the above listed individuals.

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
       SETH D. CARSON

DATED: April 27, 2020








Tricia McNulty

**2nd one**

Lisa Barbounis

**Even with the background**

**Does it look pro or like we took it today** 😂

**Stone face right?**

Tricia McNulty

**Background looks good. And it looks pro**

**Stone face**

1/9/19, 9:42 PM

Lisa Barbounis

**We are doing one more photo session in the morning**

 

1/10/19, 9:57 AM



Tricia McNulty

**I'm still sad he said no to our feb event. I can't look at him yet**

 

1/10/19, 11:30 AM

Oops @the federalist

Lisa Barbounis
Lol

Tricia McNulty
Okurrrrr

Everybody's trilling their r's these days

There's a strange break in paragraph in that McDonald article

Which McDonald article?

Tricia McNulty
Are there multiple

Fixed it

1/10/19, 8:56 PM

Tricia you may become a winner....

Tricia McNulty
HAHAH told yaaaaaaaa

Can I send him a screenshot of him with the good beard and be like if you don't come like this don't come at all lol

Tricia McNulty
Sure, but keep the lol at the end

Omg no I couldn't

That would be too much

How do I respond?

Lisa Barbounis
Go ahead with your demanding selves

MEF Docs 000089



I have no idea what's going to happen.

Does dp know the details of the first incident? Like the situation in which in manifested and when exactly?

Israel?

No the other one

Yes.  But I need to write an official report

What one AIPAC

Ok, because I really think that makes a huge effect.

No with the girl

The intern.  Yes.

Ok good. That's what made me so uncomfortable was the circumstances in which it happened.

11/5/18, 8:35 AM

What do you want lady

Just a latte please!

Size

Flavor

Actually no coffee it'll for worse for me lol

Ok.

Just about there

▶ ⅠⅠ|·ⅠⅠ|ⅠⅠⅠⅠ|⊪·⊪·⊪|⊪····⊪|⊪|⊪····⊪ 8:25

11/5/18, 11:38 AM

Drinks. The 4 of us after work please?

God yes

MEF Docs 000161

 

3/28/19, 10:06 AM

recru t ng.u t pro.com 

3/28/19, 11:43 AM



**Penn Center - 6 Photos**
share. c oud.com

4/1/19, 8:56 AM

Coffee pot!

4/1/19, 10:19 AM

Are we getting a cake for Tricia today?

ps I applied to that USIP job so tell your fried to keep an eye out for my resume pleaseeee 😊

4/2/19, 4:34 PM

I forgot to tell you I have a dr apt tomorrow morning

MEF Docs 000188

at 9 so I'll be in right after that

Ok

4/9/19, 4:50 PM

Will you send the articles with recommendations to DP and just tell him you're doing to cause I'm sick

Yep

4/10/19, 4:29 AM

Hey, just a heads up I've been up all night with horrible stomach issues I already threw up once so I'm not sure if I'll make it this morning or into the office today

I don't believe you but ok 😂



4/10/19, 8:03 AM

No I swear I know it's so sketchy timing but I ate that stuff from class and it just ripped my stomach to shreds 💀

It's ok.  I'm just teasing.

Is Danny seaman's email seaman@meforum.org ?

Yes

4/10/19, 2:17 PM

Was Gregg pissed about the radio show today?

About what?

What happened

He was annoyed he didn't have a second guest because the two backups he sent (EJ and Danny) couldn't make it. But whatever it's fine.

Monday is updated.  Can you post?

Yeah

Should I embed Danny's JPost speech at the bottom like MIDA did?

MEF Docs 000189



4/17/19, 1:09 PM

Hi Lisa 👋

4/18/19, 11:42 AM

You got me into Billie Eilish

She's awesome and Tricia should get credit for that
😂 😂

Well thank you Tricia!

4/20/19, 10:39 AM

Just calling to see how your day was going I know
the weather is pretty crappy but depending on what
it looks like we're gonna go to the boardwalk today
and Tricia might come to to to get a fortune read if you
want to

4/25/19, 1:58 PM

Xxxx

Are you sure that's the number o the back

Never mind

4/25/19, 5:33 PM

Ig-verify4
g-ver fy4.webnode.com

Do you think this is legit? Haha

I don't know.

4/30/19, 3:22 PM

Did you send the gala doc to rebel?

Ok pics got it

Great.  Take down good quotes for twitter
#meforum25

Oh

Dermer:
Notes

Dermer:
Notes

6/14/19, 7:58 AM

I sent you the new piece from Ibrahim.  Can you
pitch it?  And where for that one?

Spectator? Human events

?

I'll try spectator

Thanks babe

6/14/19, 10:36 AM

What's the meltwater password for meforummedia?

I don't remember

Reset it I'll tell you whatever

6/14/19, 1:28 PM

Daniel

6/17/19, 7:18 PM

Where are the links in Dropbox to the PD gala videos

Under test videos

The rebel youtube folder

**MEF Docs 000206**



Bardaji:
  "Daniel has come up with a concept that I very much appreciate in Spain, which is civilizationist parties."

Get a quote from him

IMG 3779

5/20/19, 8:44 AM

Send me the dancing snap!!
Here
Please

IMG 3788

Xx

Tricia go back to sleep?

Yes.
If you're bored you can come here
I'm just laying down

Ok
Same
Update? I just napped

5/20/19, 12:24 PM

Can you send me that boomerang

MEF Docs 000213

Pls

As you poop lol

IMG 3806

IMG 3807

Thank youuu

We're ready for ya

Wait these aren't the ones lol

Which one. You'll have to look through my phone

Kk

5/20/19, 3:14 PM

Like was super long waiting for it now

I'm at the car they are in the bathroom

5/21/19, 5:18 PM

Pretty sure Gregg is expecting you tomorrow

I just spoke to him.

All good

Oh ok he just asked me about it

Call you in 20 when I get off the train

Where are the Meadville Mike's I'm in the office and
I can't find them we tested them and try to use them
when we were doing the green screen filming and
they're gone

Which mics?

5/22/19, 10:00 AM

We are live can you tweet it out and listen?

Yeah

How is the sound?

Good where's the visor

**MEF Docs 000214**

> more like a help bc he wanted to be with you but he was internally conflicted bc of the wife lol

You should see the messages he's writing me

> Ben?!

Yes.  Full on in LOVE

> NO WAY

> Omg



> Because you didn't get scared away from his little friend 😈 😈

📷 FullSizeRender ⬇

 

Can you hear them chatting on the break?

Where are you?

Here we go.  I'm nervous about the call in

> Sorry Susan needed my help

> Is everything ok?

Can yo hear AJ?

> It's saying it's paused

It it back on?

Fuck susan. You need to be my eyes right now

Hello?!!!!!!

Fuck susan. You need to be my eyes right now

> Im here

> It's still saying interrupted/paused

MEF Docs 000217