**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LISA BARBOUNIS**, <br><br> *Plaintiff,* <br><br> v. <br><br> **THE MIDDLE EAST FORUM, et al.**, <br><br> *Defendants.* | Case No. 2:19-cv-05030-JDW |

## ORDER

AND NOW, this 8th day of May, 2020, upon consideration of Defendants' Renewed Motion for Contempt and for Sanctions against Third Party Delaney Yonchek (ECF No. 29), and following a telephone conference with counsel, the Court notes as follows:

1. On February 12, 2020, the Defendants served a subpoena *Ad Testificandum* and *Ad Duces Tecum* on Delaney Yonchek through her counsel, Seth Carson;

2. Ms. Yonchek's responses to the subpoena were due by Friday February 26, 2020 pursuant to Federal Rule of Civil Procedure 45(d)(2)(B);

3. Ms. Yonchek did not serve timely objections to the subpoena;

4. On April 17, 2020, Defendant Greg Roman filed a Motion for Contempt and/or To Compel Against Third Party, Delaney Yonchek (ECF No. 26);

5. On April 22, 2020, the Court held a telephone conference to address the motion to compel against Ms. Yonchek (ECF No. 27);

6. Ms. Yonchek participated in that conference through her counsel Seth Carson, without any objection about the forum in which the Motion was filed;

7. On April 22, 2020, the Court issued an Order (ECF No. 28) directing Ms. Yonchek to, among other things, comply with the subpoena by April 27, 2020;

8. On April 27, 2020, Ms. Yonchek, through her counsel, attempted to comply with the Court's Order by serving written objections to the document specifications in the subpoena and by producing certain documents;

9. On April 30, 2020, Defendants filed a Renewed Motion for Contempt and for Sanctions Against Third Party, Delaney Yonchek (ECF No. 29);

10. Prior to filing the Renewed Motion, Defendants apparently sent an email to Ms. Yonchek's counsel outlining concerns with Ms. Yoncheck's document production, but they did not confer with her counsel by phone or in person;

11. On May 8, 2020, the Court held a telephone conference with counsel to discuss the Renewed Motion;

12. After 40 minutes of discussion on the call on May 8, 2020, while wrapping up, Ms. Yonchek's counsel for the first time suggested that this Court is not the correct forum to hear the motion to compel Ms. Yonchek because Ms. Yonchek lives in, and will comply with the subpoena in, Virginia.

Based on the foregoing, the Court **ORDERS** that, pursuant to Fed. R. Civ. P. 45(f), disputes about the subpoena shall be resolved in this Court. The Court concludes that Ms. Yonchek has impliedly consented to having this Court resolve motions concerning her compliance with the subpoena because she participated without objection in the telephone conference on April 22, attempted to comply with this Court's Order of April 22, and participated in the call on May 8 without first objecting to the forum. The Court further concludes that, even if Ms. Yonchek has not impliedly consented, her participation in calls with this Court, the fact

that her counsel is also plaintiff's counsel in this action, and that fact that she attempted to comply with this Court's prior Order all constitute exceptional circumstances under Rule 45(f), making resolution in this Court appropriate.

It is **FURTHER ORDERED** that Defendants' Renewed Motion for Contempt and for Sanctions against Third Party Delaney Yonchek (ECF No. 29) is **GRANTED IN PART** as follows:

1. Counsel for Ms. Yonchek and for the Middle East Forum shall meet and confer to determine how to filter and pull from Ms. Yonchek's Gmail account emails responsive to the subpoena. The production of relevant e-mails shall be complete by May 20, 2020;

2. On or before May 20, 2020, Ms. Yonchek will unredact from text messages any information or passwords already within any Defendant's possession or knowledge and will provide a log of any remaining redactions so that Defendants can evaluate the propriety of such a redaction;

3. On or before May 15, 2020, Ms. Yonchek will download and produce electronic versions of any files that were part of any text message, including pictures, videos, notes, and audio files;

4. Should Ms. Yonchek be unable to download and produce the files in the text messages, Ms. Yonchek must provide her cell phone to Defendants for imaging in order to recover the relevant files, and Ms. Yonchek's counsel and Defendants' counsel must confer and formulate a plan to ensure that Defendants receive from the image of the phone only those files responsive to the subpoena;

5. Ms. Yonchek and Defendants shall meet and confer to discuss which party maintains custody and control of any Telegraph account that Ms. Yonchek used during her work for Middle East Forum; and

6. If there is any basis for Defendants to assert that Ms. Yonchek used any communication platforms other than Telegraph (*e.g.*, WhatsApp, Facebook Messenger, Slack, etc.), the Parties must meet and confer on whether any responsive communications exist and how Ms. Yonchek plans to produce any responsive communications.

It is **FURTHER ORDERED** that to the extent this Order does not address any aspect of Defendants' Renewed Motion, the Motion is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.