# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS | : |
|     Plaintiff, | : |
| -vs- | : CIVIL ACTION NO. 2:19-cv-05030-JDW |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*) | : |
|     Defendants. | : |

## **DEFENDANT'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

Defendant The Middle East Forum, by its attorneys, Cozen O'Connor, hereby moves this Honorable Court for entry of the Proposed Confidentiality Order attached hereto as **Exhibit A**, and in support thereof offer the accompanying Memorandum of Law.

/s/ David J. Walton
David J. Walton, Esquire
Leigh Ann Benson, Esquire
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
P: (215) 665-5547
F: (215) 701-2110
Email: dwalton@cozen.com
        lbenson@cozen.com

*Attorneys for Defendant*
*The Middle East Forum*

Dated: June 8, 2020

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | |
| GREGG ROMAN (*individually*), and | : | |
| MATTHEW BENNETT (*individually*) | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT THE MIDDLE EAST FORUM'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

Defendant The Middle East Forum ("The Forum" or "Defendant"), through its counsel, hereby respectfully moves this Court for the entry of the Confidentiality Order attached hereto as **Exhibit A**, and in support thereof avers as follows:

### Introduction

Defendant The Middle East Forum ("Defendant" or the "Forum") moves for the entry of the Confidentiality Order (the "Confidentiality Order") attached hereto as **Exhibit A**

### Factual Background

Plaintiff Ms. Lisa Barbounis is a former employee of The Forum who has brought an action against it and its Director, Mr. Gregg Roman, alleging sexual harassment and discrimination and retaliation. Ms. Barbounis is one of four former employees who filed claims for harassment, discrimination, and retaliations in this Court in 2019. Ms. Barbounis' counsel, Seth Carson, Esq., is representing two of the other plaintiffs.[1]

---

[1] In the matter *McNulty v. The Middle East Forum, et al.*, 2:19-cv-05029, currently pending before the Honorable Anita B. Brody, Mr. Carson is representing plaintiff Ms. Patricia McNulty. In the matter *Brady v. The Middle East Forum, et al.*, 2:19-cv-05082, Mr. Carson is representing plaintiff Ms. Caitriona Brady. Cozen O'Connor is representing The Forum in each of these actions. The fourth action, *O'Brien v. The Middle East Forum, et al.*, 2:19-

The Forum is a Philadelphia-based think tank which promotes American interests in the Middle East and protects Western values from Middle Eastern threats. In the Middle East, the Forum focuses on ways to defeat radical Islam; works for Palestinian acceptance of Israel; develops strategies to contain Iran; and deals with advancing anarchy. In the United States, The Forum emphasizes the danger of lawful Islamism; protects the freedoms of anti-Islamist authors and activists; and works to improve Middle East studies. The Forum, given its work, has been targeted by radical Islamic groups. It has, in the past, received threats from Al-Qaeda and ISIS. The Forum's work therefore is highly confidential and The Forum goes to great lengths to protect its work and its employees. Some employees have gone so far as to change their names in order to protect themselves while carrying out The Forum's work.

Given the highly confidential nature of The Forum's work, it was imperative at the earliest stage of this Action, and the related actions, that the parties discuss and agree to a Confidentiality Order. On February 19, 2020, counsel for The Forum, Leigh Ann Benson, Esq., first sent a series of proposed confidentiality orders to Plaintiff's counsel, Seth Carson, Esq. The proposed confidentiality orders pertained to this Action and the two other actions involving Mr. Carson's clients. The confidentiality agreements proposed for each of the three actions mirrored each other and it was The Forum's intent to quickly execute each of the agreements. Ms. Benson followed up with Mr. Carson twice more that week—on February 21 and 25, attached here as **Exhibit B**.

Ms. Brady's action, which has many similar allegations to Ms. Barbounis' action, was progressing most quickly through the discovery phase of litigation in light of the Scheduling Order entered by Judge Kearney. Throughout the discovery phase of Ms. Brady's action, The

---

cv-06078, pending before the Honorable John M. Gallagher, plaintiff Ms. Marnie O'Brien is represented by separate counsel.

Forum continued for week to press Mr. Carson on the issue of a confidentiality agreement with the intent that once an agreement was reached, the parties would be able to execute all three confidentiality agreements, including an agreement for Ms. Barbounis' action.

Nearly two months passed, and still, Mr. Carson had not responded to that series of emails. On April 29, 2020, when trying to schedule depositions of various witnesses, Mr. Carson wrote, "I have not received a proposed confidentiality order. I also do not recall you asking about one." After The Forum's counsel, David Walton, Esq., reminded Mr. Carson that proposed agreements had been sent and followed up on multiple times, Mr. Carson wrote, "I do not like protective orders. 95% of them are an unnecessary waste of time." A copy of counsel's email exchanged dated April 29, 2020 is attached as **Exhibit C** and a copy of Ms. Benson's follow up email resending the February emails is attached as **Exhibit D**.

On May 1, 2020, Mr. Walton again inquired about Mr. Carson's review of the proposed agreement, asking "Despite numerous requests, you still have not proposed any changes to the confidentiality agreement. Are you refusing to enter into one?" A copy of counsel's email dated May 1, 2020 is attached as **Exhibit E**.

Still having heard nothing in terms of Mr. Carson's response to the proposed agreement, Mr. Walton was forced to again raise the outstanding issue on May 13, 2020. Mr. Walton made clear that without a confidentiality order in place, The Forum would not produce any more documents to supplement its prior production. Mr. Walton reminded Mr. Carson that The Forum had proposed an agreement and inquired about his comments numerous times and that Mr. Carson had not responded. A copy of counsel's email dated May 13, 2020 is attached as **Exhibit F**. The following day, May 14th, Mr. Walton emailed Mr. Carson a "list of open discovery

issues" that needed to be resolved as soon as possible. Among the items addressed was the necessary confidentiality agreement. Mr. Walton wrote:

> Confidentiality agreement: Despite our numerous attempts, you have not responded to our request for a confidentiality agreement. Please understand, as we have stated on numerous other occasions, we will not be producing additional documents until we have an agreement regarding confidentiality. If you need to file a motion to compel, so be it but please be prepared to try to explain to the court why you have ignored our efforts to enter into such an agreement. **Please let us know if you plan on going through with the depositions of MEF witnesses next week.**

A copy of counsel's email dated May 14, 2020 is attached as **Exhibit G** (emphasis in original). Mr. Walton made it clear that without an agreement in place, The Forum's witnesses would not be able to appear for the depositions.

Again, Mr. Carson failed to address the issue, and on the following day—Friday, May 15, 2020, Mr. Walton cancelled the deposition of The Forum's witnesses which had been scheduled for the following week, writing:

> As we discussed previously (including yesterday), we will not produce witnesses until and unless we have a satisfactory confidentiality agreement in place. Because there is still no confidentiality agreement (despite our numerous attempts since February to secure such an agreement), we will not be producing our witnesses for their depositions next week. If you sign the confidentiality agreement, we will be able to produce our witnesses during the week after next. But, to be clear, the depositions next week are now off and will be rescheduled pending resolution of the issues involving the confidentiality agreement.

A copy of counsel's email exchanged dated May 15, 2020 is attached as **Exhibit H**. Mr. Carson promptly responded, but still did not agree to the proposed order or offer any revisions to it, to which Mr. Walton made clear that he would be willing to work with Mr. Carson to schedule depositions but, "we are not producing anyone until we have a confidentiality agreement. I'm really perplexed by your resistance to our proposed agreement." *See* Ex. H. Mr. Carson did not explain his resistance. On the following Monday, May 18th, Mr. Walton twice offered to

6

produce The Forum's witnesses during the first two weeks of June "assuming we have a confidentiality agreement."

Ironically, on May 20, 2020, not having responded substantively to any of The Forum's email requests about the confidentiality order, Mr. Carson, by email, objected to The Forum's Notice of Intent to Subpoena served in Ms. Brady's action writing, "Caitriona Brady objects to the Subpoenas to the extent they seek information subject to an obligation of confidentiality to a third party or that Caitriona Brady believes is sensitive, proprietary, or otherwise confidential.  **Caitriona Brady agrees to provide such information, subject to the other objections stated herein, only in accordance with terms of a confidentiality agreement**."  A copy of Mr. Carson's email dated May 20, 2020 is attached as **Exhibit I** (emphasis added).  Mr. Walton responded:  "In objection No. 3 below, you indicate that you want a confidentiality agreement. As you know, we proposed one several months ago. Please execute the proposed agreement we sent previously or tell us specifically your concerns and we can try to address them."  *Id.*  Also on May 21, 2020, again as part of a larger list of "open discovery issues," Mr. Walton reminded Mr. Carson that the issue of the proposed confidentiality agreement was in Mr. Carson's hands.  A copy of Mr. Walton's May 21st email is attached as **Exhibit J.** ("Confidentiality Agreement—Ball is in your court.  Please let us know your current position.").

Despite the ball still being in his court, on June 1, 2020, Mr. Carson issue deposition notices for various witnesses of The Forum, to which Mr. Walton promptly responded:

> As we have discussed and told you numerous times, we are not going forward with these depositions until we have a confidentiality agreement in place. During our last call, you indicated that the confidentiality agreement would not be a problem. Yet, we still haven't received a signed copy of the agreement. Please let us know – a final yes or no – if you are going to sign our proposed confidentiality agreement.

A copy of counsel's email exchanged dated June 1, 2020, is attached as **Exhibit K.**

During the week of June 1st, over the phone and through text messages, Mr. Carson and Mr. Walton again discussed the issue. As of Tuesday, June 2, 2020, Mr. Carson stated that he would submit a written correspondence to Judge Kearney on Wednesday, June 3, 2020, addressing the issue related to the *Brady* action, but that he would provide a copy of his correspondence to Mr. Walton before submitting. Mr. Carson did not submit a proposed correspondence to Mr. Walton nor did he submit anything to this Court. As a result, on Thursday, June 4th The Forum filed a Motion for the Entry of a Confidentiality Agreement in the *Brady* action. Given that The Forum remains in the dark as to the reasoning for Mr. Carson's extreme reluctance to agree to an order, The Forum was left with no other choice.

The Forum first addressed the issue of a confidentiality order in February, at the early stages of discovery. In the past five-plus weeks, The Forum's counsel has tirelessly raised the issue and Plaintiff's counsel refuses to substantively discuss the proposed agreement. Rather, he makes broad, unsubstantiated statements about "not liking" such agreements. The Forum's counsel has engaged in these repeated attempts to work with Plaintiff's counsel out of respect for the Court's and Your Honor's position on confidentiality agreements. The Forum's well-intentioned efforts to reach an agreement with Plaintiff's counsel in order to submit a joint motion have been stonewalled.

**Legal Argument**

Upon the motion of a party, the Court may enter a protective order to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and to protect the disclosure of trade secret and confidential information. Fed. R. Civ. P. 26(c)(1). Courts in the Third Circuit apply factors set forth in *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 783-92 (3d Cir. 1994) when determining whether to order the confidentiality preservation of discovery materials pursuant to Rule 26. *In re Avandia Mktg., Sales Practices and Prods. Liability Litig.*,

924 F.3d 662, 670 (3d Cir. 2019). District courts, pursuant to Rule 26(c), may "enter a protective order to shield a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). Such a "protective order is 'intended to offer litigants a measure of privacy, while balancing against this privacy's interest the public's right to obtain information concerning judicial proceedings.'" *Id.* at 671 (quoting *Pansy*, 23 F.3d at 786). Protective orders may apply "to all litigation materials—not just those filed in court." *Id.* It is within the inherent power of the courts to grant orders of confidentiality over such litigation materials. *Id.* (citing *Pansy*, 23 F.3d at 785).

The production of The Forum's internal communications and documents and testimony related to The Forum's work, if publicly available, would no doubt threaten individual's safety. Even if documents are independently seemingly innocuous, taken as a collective, the documents The Forum intends to produce show the inner workings of the organization. Documents could be pieced together to show who The Forum communicates with, where its employees travel, where employees stay when they travel, and personal contact information. Armed with a voluminous amount of information, an observer would have access to information which could be used in nefarious ways to cause harm and danger to The Forum's employees.

Mr. Carson has made verbal representations to Mr. Walton that his clients, including Plaintiff, want to expose The Forum's wrongdoing publicly, but he has offered nothing further in terms of offering a counterproposal to The Forum's confidentiality agreement. He has not provided any suggested revisions to The Forum's proposed agreements. He has not attempted to negotiate any confidentiality terms. Worse yet, The Forum has reason to suspect that Plaintiff will use documents and communications produced in this action, or testimony provided during depositions, for nefarious purposes unrelated to litigation.

Further, through communications obtained during discovery and The Forum's fact investigation, we have found evidence involving hateful, irrational communications made by Plaintiff. These communications show, without a doubt, that Plaintiff is disturbed emotionally and is bent on seeking retribution from The Forum and its key employees. Also, this evidence shows that Plaintiff was the ring-leader for the claims by others against The Forum. Her goal is not to remedy alleged sexual harassment, which does not exist, but to punish The Forum for "interfering" with her personal work-related agendas and her attempts to work more with her paramour's organization (in the United Kingdom) even though such work threatened The Forum's status as a 501(c)(3) organization. In short, she is not the type of person who can be trusted to treat The Forum's confidential information with appropriate restraint. As a result, The Forum has been forced to unilaterally file the instant motion given that there is extraordinary good cause supporting the entry of the proposed confidentiality agreement.

The Forum recognizes the public policy rationales and the importance of transparency, when appropriate, in certain matters. The physical safety of individuals, including individuals not parties to this Action, however, cannot be jeopardized. It is no secret that the work of The Forum may be seen as highly controversial. The Forum is forthright with its history of being targeted by radical groups with histories of violent behavior. The Forum exercises the most extreme levels of caution to protect its employees. For these reasons, and given Plaintiff's refusal to engage in a meaningful discussion about the scope of a confidentiality agreement, The Forum was left with no choice but to seek assistance from the Court for the sake of its employees safety and well-being.

WHEREFORE, Counsel respectfully requests that the Court entered the attached Proposed Order.

Respectfully submitted,

COZEN O'CONNOR

BY: /s/David J. Walton
    David J. Walton (PA #86019)
    Leigh Ann Benson (PA #319406)
    One Liberty Place
    1650 Market Street, Suite 2800
    Philadelphia, PA 19103
    P: 215-665-2000
    F: 215-665-2013
    dwalton@cozen.com
    lbenson@cozen.com

Dated: June 8, 2020     *Counsel for Defendant The Middle East Forum*

**CERTIFICATE OF SERVICE**

I hereby certify that I served upon all counsel of record a true and correct copy of Defendant The Middle East Forum's Motion for Entry of a Confidentiality Order via ECF filing.

*/s/ David J. Walton*
David J. Walton, Esquire

**COZEN O'CONNOR**

*Attorney for Defendant,*
*The Middle East Forum*

Dated: June 8, 2020