# EXHIBIT E

| From: | Walton, David |
|---|---|
| Sent: | Friday, May 1, 2020 4:39 AM |
| To: | Seth Carson |
| Cc: | Sidney Gold; Benson, Leigh Ann; Shana Washington |
| Subject: | Re: Brady — depositions |

Seth

The schedule in your email works. We can add Bennett to 5/21.

I spoke with Sid last night. He is representing Gregg Roman in his deposition. He needs to confirm dates for Gregg's deposition.

I generally agree with your comments about Marc Fink's deposition, but I would like to have an additional conversation with you about scope. Doing a deposition by Zoom will present inherent challenges that will be compounded by numerous privilege-based objections and arguments. If we have an agreement on scope beforehand, it might help alleviate my concern.

Despite numerous requests, you still have not proposed any changes to the confidentiality agreement. Are you refusing to enter into one?

Despite numerous requests, we still do not have deposition dates for Kevin Brady, the fiancé, Ms. Yonchek, and Matt Ebert. Are you refusing to produce (or in Yonchek's case, reproduce) them?

Despite our prior request, you have not updated your document production for Ms. Brady or Ms. Yonchek. Are you refusing to provide the documents in appropriate format and with attachments?

Also, in your discovery requests, you identified an expert for Ms. Brady. You previously told me that Ms. Brady did not receive any medical treatment for her alleged emotional distress. Is that still true?

We will send the discovery responses today.

Please let me know if there are any issues I missed.

Dave

Dave Walton
Sent from my iPhone

> On May 1, 2020, at 2:47 AM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> Dave,

As you are representing Gregg Roman and are in contact with Sidney Gold and Defendant, Gregg Roman, please discuss the proposed dates with your client and co-counsel. I need the dates by end of business day.

So far the following depositions have been scheduled:

1. Caitriona Brady: May 6, 2020 - beginning at 11:00 A.M. We can try to start a little earlier if you prefer. I have a Rule 16 conference at 10:00 A.M., that morning and can begin anytime thereafter.

2. Daniel Pipes May 20, 2020 at 10:00 A.M. I will send you the Notice of Deposition.

3. Mark Fink May 21, 2020 at 10:00 A.M. As I do not need a full day with Mr. Fink, I suggest we schedule Matthew Bennett, Steve Levy, or Laurence Hollin also for May 21, 2020.

Regarding whether Mark Fink can claim privilege: I understand that many if not all of his *communications* are subject to privilege, however, I have factual questions regarding his position with MEF and his history of employment with MEF. I also have questions about MEF's nondiscrimination policies. I also have questions about MEF's investigation pursuant to my clients' reports of and opposition to discrimination and harassment in the workplace and the remedial measures implemented. I agree that his deposition might be short, and of course you are free to enter privilege objections on the record and instruct your client not to answer questions subject to privilege. Mark Fink sent emails informing my clients that he was their new boss after the D-Day meeting on November 4, 2018. I would suggest I can ask him about communications that were calculated to the business interest and not legal interest.

Please let me know about Gregg Roman, Mathew Bennett, Steve Levy and Laurence Hollin by end of business Friday, May 1, 2020. I have a feeling that your clients are going to need motivation from Judge Kearney, but it would be easier if you can talk to them today and provide me with the dates.

I also did not receive discovery responses Thursday.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288

Direct: 484.678.2210

Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Thursday, April 30, 2020 5:11 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Benson, Leigh Ann <LBenson@cozen.com>
**Subject:** Re: Brady — depositions

Seth

Pipes and Fink are available on 5/20-21. Does that work? Also, we need to discuss Marc's deposition. Most, if not all, of his knowledge is privileged.

For Gregg, Sid is representing him for this deposition. I'm talking to him tonight. Will follow up with dates.

Dave

Dave Walton
Sent from my iPhone

> On Apr 29, 2020, at 10:36 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> I am not threatening anything. I was extending a courtesy by letting you know when I plan to file a motion to compel, which will be in the morning. That was not my first email making you aware that Plaintiff is going to seek intervention of the court if discovery responses are not provided.
>
> I need the dates for the depositions by tomorrow too. We can do Caitriona Brady's first, but I am going to request Judge Kearney's assistance in facilitating the scheduling of deps if we can't do it on our own. I have sent five or six emails letting you know who I would like

to schedule and asking for dates. I need you to provide me with the dates.

I do not like protective orders. 95% of them are an unnecessary waste of time. What is your client's argument for good cause? Why hasn't your client produced documents which are not subject to the protective order? Obviously Plaintiff is not going to agree to a blanket protective order.

If you are going to make an offer on Caitriona Brady's case, please let me know.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Wednesday, April 29, 2020 9:25 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Benson, Leigh Ann <LBenson@cozen.com>
**Subject:** Re: Brady — depositions

Seth

We have sent you several copies of a proposed confidentiality order. Leigh Ann will resend again.

Don't threaten a motion to compel against us at 6pm if we don't produce documents "today." That's absurd. We have been prepared for weeks to send you documents. We have sent you several copies of a proposed confidentiality order. We have told you that we will produce documents after we get a confidentiality order but you ignored us.

We were prepared to make an offer based on the assignment paradigm you initially proposed. You other email said your boss did not like the assignment idea but you wanted to still explore it. You even asked us for documents. Plus, the email you quote below was from the night before the settlement conference. It was too late to comply change approaches.

I have not refused to provide you any dates. As we discussed by phone several times, we both agreed it would make sense to set Brady's depo first. You did not respond to my other emails seeking dates for her.

I have no idea what your taking about in the last paragraph. We have been oriented for weeks to produce documents. And we are prepared to set depo dates for the other witnesses.

Dave Walton
Sent from my iPhone

> On Apr 29, 2020, at 5:54 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> I have a Rule 16 Conference May 6 and 7. How about May 4 or 5 or 8?
>
> I have not received a proposed confidentiality order. I also do not recall you asking about one. Refusing to produce documents because of this is not acceptable. I am going to have to file a motion to compel if I do not begin to receive documents today.
>
> I don't know why you are suggesting that the reason the matter was not resolved at the settlement conference has anything to do with the assignment of any claim. I informed you by email and over the phone that was not an option for Caitriona Brady's case. Here is language

from one of the emails I sent prior to the settlement conference:

> "Accordingly, I think the assignment, while an interesting and creative solution, has a real chance of not working out - and we should not conduct the settlement conference tomorrow with any consideration of the assignment. Tomorrow needs to be about a settlement agreement that both parties can live with."

Dave, waiting for your client to make an offer out of courtesy. If your client does not make an offer, Plaintiff has instructed me to file a Rule 16(a).

Please let me know what dates we are going to schedule the depositions of Daniel Pipes, Mark Fink, Gregg Roman, Matthew Bennett, Steve Levy and Laurence Hollin. I can do May 4, 5, 8, 11, 12, 13, 14, 15, 18, 19, 20, 21, 22. As I said, I need three days so please choose three days. I have no unilaterally schedule the deps because I have tried, repeatedly to work with your schedule.

It appears I am going to have to request Court intervention by tomorrow because we are getting close to the end of fact discovery and your client has not produced a single piece of discovery and refuses to provide dates for depositions.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Benson, Leigh Ann <LBenson@cozen.com>
**Sent:** Wednesday, April 29, 2020 3:32 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Walton, David <DWalton@cozen.com>
**Subject:** RE: Brady — depositions

My apologies, Seth. I meant May 6th. Are you and Ms. Brady available on Wednesday, May 6?

Leigh Ann Benson
Associate | Cozen O'Connor
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

-----Original Message-----
From: Benson, Leigh Ann
Sent: Wednesday, April 29, 2020 3:25 PM
To: seth@dereksmithlaw.com
Cc: Walton, David <DWalton@cozen.com>
Subject: FW: Brady — depositions

Seth, can you please advise on availability for the depositions as requested below? Are you and Ms. Brady available Wednesday, April 6th?

Thanks,
Leigh Ann

Leigh Ann Benson
Associate | Cozen O'Connor
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103

P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

-----Original Message-----
From: Walton, David <DWalton@cozen.com>
Sent: Thursday, April 23, 2020 1:15 PM
To: Seth Carson <seth@dereksmithlaw.com>
Cc: Benson, Leigh Ann <LBenson@cozen.com>
Subject: Brady — depositions

Seth

Hope you are still doing well.

Pleased let me know when Ms. Brady is available for her deposition. As per our prior subpoena, I understand you are representing her fiancé for purposes of her deposition. Please let us know when he would be available as well.

And, if you are still representing Mr. Ebert, we need his availability as well.

Thanks.

Dave

Sent from my iPad

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender**

*immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.**