# EXHIBIT F

| | |
|---|---|
| **From:** | Walton, David |
| **Sent:** | Wednesday, May 13, 2020 8:46 PM |
| **To:** | Seth Carson |
| **Cc:** | Cavalier, Jonathan; Sidney Gold; Bill Rieser; Benson, Leigh Ann |
| **Subject:** | Re: Brady v. MEF--Discovery |

Seth

So we are clear, we will not turn over any more documents without a confidentiality order. We have proposed one and sought your comments but we have not received a response.

Dave Walton
Sent from my iPhone

> On May 13, 2020, at 7:29 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> I would rather if we can talk tomorrow. I am going to be at my computer all night trying to catch up on work which includes talking to Delaney and Caitriona about the issues you are presenting. I don't have anything on my calendar tomorrow. Can we please plan our next call tomorrow.
>
> **First, we need Ms. Yonchek's Telegram account. Please confirm whether her Telegram account was used for only MEF or Heather she also has personal, non-MEF communications on it. If the former, we need the entire account. if the latter, please tell us so we can develop a way to gather the responsive message (which would include, at minimum, all communications with current or former MEF employees).**

I will talk to Delaney about the telegram account tonight. I will let you know by email - or at the latest when we talk next (tomorrow?) what we are dealing with in connection with same.

> **Second, as per Judge Wolson's order, we need to meet and confer about the process for filtering and pulling emails from Ms. Yonchek's email account. I'm not sure we discussed that yesterday. We need to complete this process by 20 May. Please let us know if you can discuss today.**

Can you see if one of your tech people can be available tomorrow to talk about the email account? I think we said that the goal is to find an easier way to capture the emails relevant to the case.

**Third, we need to try to recapture Ms. Brady's Telegram account. She testified that she deleted the Telegram app from her phone. The account may still be there. Please provide her username and password for the Telegram account so we can try to recover it.**

I am not going to give you her username and passcode. I will talk to her about it tonight to answer the same questions asked about Delaney's telegram account. The way I understand it, your client is already in possession with all of the Telegram messages. I can look again but I did not see any Telegram messages in the discovery responses your clients produced, and this includes Responses from Greg Roman, MEF, Daniel Pipes, and Matthew Bennett. This was information that was requested in all Plaintiff's discovery requests. Can you please provide me with the status of these documents? This also includes all messages from every female employee who complained about and reported Greg Roman's sexual harassment and discrimination and harassment based on sex or gender. I am aware of Telegram messages from Laura Frank and Lara. I am aware of Telegram messages from Samantha Mandeles, Eman Patel, all of my clients and Delaney Yonchek, Marnie O'Brien, Tiffany Lee, Gabriel Bloom, and all other individuals who reported and complained about Greg Roman during their employment. Your client has also failed to provide all electronic communications including all emails to and from these individuals. I did not see any text messages from Greg Roman, Daniel Pipes, Matthew Bennett. I also need all electronic communications from all other accounts. I can make a list to talk about tomorrow, however, this is information that your client needs to produce prior to their depositions. If any of this information has already been provided, please let me know be indicating documents by Bates Stamp that I can refer to.

I would ask the same questions as presented above. If Greg Roman's Telegram account only includes messages connected with The Middle East Forum, please provide his username and passcode. I will also need Daniel Pipes's username and passcode. Otherwise, please indicate the individuals with whom Greg Roman and Daniel Pipes communicated using telegram and we will have to figure out a way to capture that information.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC

1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Wednesday, May 13, 2020 10:40 AM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Cavalier, Jonathan <JCavalier@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>; Benson, Leigh Ann <LBenson@cozen.com>
**Subject:** Re: Brady v. MEF--Discovery

Seth —

Please give us an update on the discovery issues raised below. We need all issues resolved by COB today or we will need to seek Judge Kearney's assistance. Thank you.

Dave

Sent from my iPad

> On May 12, 2020, at 9:01 AM, Walton, David <DWalton@cozen.com> wrote:
>
> Seth —
>
> A few other things.
>
> First, we need Ms. Yonchek's Telegram account. Please confirm whether her Telegram account was used for only MEF or Heather she also has personal, non-MEF communications on it. If the former, we need the entire account. if the latter, please tell us so we can develop a way to gather the responsive message (which would include, at minimum, all communications with current or former MEF employees).

Second, as per Judge Wolson's order, we need to meet and confer about the process for filtering and pulling emails from Ms. Yonchek's email account. I'm not sure we discussed that yesterday. We need to complete this process by 20 May. Please let us know if you can discuss today.

Third, we need to try to recapture Ms. Brady's Telegram account. She testified that she deleted the Telegram app from her phone. The account may still be there. Please provide her username and password for the Telegram account so we can try to recover it.

Best,

Dave

Sent from my iPad

> On May 12, 2020, at 7:07 AM, Benson, Leigh Ann <LBenson@cozen.com> wrote:
>
> Seth,
>
> Thanks for discussing our concerns with Ms. Brady's and Ms. Yonchek's productions. We have further identified our concerns with the productions consistent with our discussions on our call yesterday afternoon.
>
> We note also that we are willing to connect you with our ediscovery team to help work through the technical aspects of retrieving this information. Please confirm that you would like to do so.
>
> **Ms. Brady's Discovery Deficiencies (Brady000001-0000110)**
> - We have not received written responses and objections to our RFPs. **Please provide written responses and objections.**
> - Ms. Brady has produced 110 pages of text messages. The texts have been produced as a PDF file which is a series of screenshots. This format is problematic for the following reasons:
>   - The individuals receiving and responding to Ms. Brady's texts are not identified.
>     - In instances where the texts were part of a "group chat," the names of participants are provided for those who respond. However, there is not sufficient information to know whether there are any individuals receiving the group chat messages and not responding. **Please confirm that in the group chats, all recipients are visible.**
>     - In text exchanges between Ms. Brady and just another individual, there is no way for us to know with whom Ms. Brady was texting. For

4

example, *see* Brady00045-52.  **Please provide the identities of all parties in the produced each text messages chain produced.**

- o The production format does not enable us to view images shared through text messages.  This is a consistent issue in your clients' productions.  In many instances, it is apparent that the images shared over text are screenshots of communications with Defendants and other MEF employees (or former employees).  These images are clearly relevant and we are entitled to see them.  **Please produce the text messages in a format which enables us to clearly view all images, including those images found at Brady000006, 24, 37-39, 50, 56, 67, 75, 77, 90, 92, 94, 97, 103, 106.**

- Ms. Brady has not produced a single text message prior to April 2019.  She has produced only a handful of texts from April 2019 and May 2019, none from June 2019.  The overwhelming majority of the texts Ms. Brady produced are from the period of time from mid-July 2019 through Fall 2019.  This in insufficient.  The relevant time period for this action dates back to early 2018.  Ms. Brady's alleges instances of misconduct occurring as early as March 2018, more than a year prior to the earliest text message she has produced.  This is insufficient.  It is also illogical to assert that the reason for this void is because Ms. Brady got a new phone.  It is illogical that she would have such limited texts to produce in April and May 2019 and such a voluminous amount during the summer months of 2019.  The texts produced by Ms. Yonchek (which date back to summer 2018) clearly show that Ms. Brady was sending texts on a near daily basis and confirm that Ms. Brady has not made a full production.  Furthermore, even if Ms. Brady did obtain a new iPhone at some point during the relevant period, her messages should be preserved in the iCloud.  **Please produce all responsive text messages exchanged throughout the relevant period.**

- There are numerous redactions in the production.  **Please provide a privilege log detailing the grounds for the redaction.**

- Ms. Brady has not produced any emails or documents other than text messages.  Furthermore, she testified that she still has access to MEF documents through her Google account.  **Please produce all emails and other documents, including Google Docs, responsive to our RFPs.**

- Ms. Brady testified that she used Telegram to communicate with MEF employees during her employment.  **Please provide Ms. Brady's username and password to the Telegram account she utilized while employed at MEF.**

**Ms. Yonchek's Discovery Deficiencies (MEF000469-870)**

- Ms. Yonchek's most recent production contains redactions that are not accompanied by a privilege log.  In your email to me on Friday afternoon, you asserted that certain discussions about documents to be prepared in advance of litigation had been

redacted.  *See* MEF000764-766.  **Please provide a privilege log stating the basis for each redaction.**

- Ms. Yonchek's production evidences that she and Ms. Brady texted on a near-daily basis, yet there are portions of the productions where as long as a week of time shows no messages, for example in late May 2019 which is significant given that shortly thereafter the women filed their EEOC charges.  **Please produce any communications exchanged during this time or confirm in writing that no messages were exchanged.** (*See* MEF000738).

- We further question the completeness of the production given that certain messages have clearly been "cropped" and not produced in full, which gives us reason to believe that not all messages have been produced.  **Please complete the production to remedy all instances where texts and/or timestamps have been cropped so that we can confirm that the text thread has been produced in its entirety with no messages selectively withheld.**  Some examples of incompleteness include:
    - At MEF000566, the page ends with cropped emojis and at the top of MEF000567, the page begins with a cropped message.  This is clearly indicative of messages not being produced in full.
    - At MEF000576, the bottom of the page ends with a cropped image and the top of MEF000577 begins with a cropped message.  Again, this is clearly incomplete and this is also problematic because there is no time stamp for the messages at the top of MEF000577.
    - At the bottom of MEF000584, the time stamp is cut off and the conversation appears to me missing certain messages.  We have reason to believe that not all messages have been produced here given that the time stamp is cropped there and the first message on MEF000585 is cropped.
    - At MEF000586, the last text on the page is cropped.  Clearly, not all messages have been produced here.

- As is the case with Ms. Brady's production, the format of this production prohibits us from viewing images shared between Ms. Brady and Ms. Yonchek.  Such images are found at MEF0000469, 492, 493, 498, 501, 503, 504, 506, 507, 514, 515, 521, 523, 524, 528, 532, 534, 535, 554, 557, 562, 576, 578, 585, 587, 593, 606, 607, 612, 628, 636, 639, 643, 644, 645, 647, 654, 658, 661, 663, 666, 669, 670, 676, 680, 681, 682, 684, 691, 693, 695, 703, 705, 706, 707, 708, 709, 714, 718, 719, 720, 723, 733, 737, 741, 742, 743, 750, 761, 762, 767, 773, 808, 813, 814, 817, 818, 820.  **Please produce visible copies of all images contained within the text message thread.**



| **Leigh Ann Benson**
| **Associate** | **Cozen O'Connor**

One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

**_Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege._**