# EXHIBIT I

| From: | Walton, David |
|---|---|
| Sent: | Thursday, May 21, 2020 1:39 PM |
| To: | Seth Carson |
| Cc: | Benson, Leigh Ann; Rhym, Kia B.; Cavalier, Jonathan |
| Subject: | Re: Brady v. MEF--Notice of Intent to Serve Subpoenas |

Seth

In objection No. 3 below, you indicate that you want a confidentiality agreement. As you know, we proposed one several months ago. Please execute the proposed agreement we sent previously or tell us specifically your concerns and we can try to address them.

Further, as stated previously, we will not produce more documents or MEF witnesses for their depositions without a confidentiality agreement. Please sign the proposed document that we sent previously.

Dave Walton
Sent from my iPhone


> On May 20, 2020, at 9:57 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> Please be advised that I am going to object to this subpoena. First, I object to the way in which it is being served. Emailing the subpoena to Caitriona Brady's attorney is not good service. You have done this several times in this case and accordingly have not properly served several of the subpoenas that were only emailed to me. As you know service by any means not provided by the Federal Rules requires consent "be express, and cannot be implied from conduct."
>
> I would also object to the subpoena on several other grounds including privilege as you are attempting to obtain text messages between me and my client.
>
> I would also object to information about my client's cell phone be sent directly to Defendants without it being reviewed by Plaintiff's counsel for privilege, relevance, scope, and any other privilege or immunity.
>
> I intend to file a motion to quash this subpoena.
>
> I would also present the following objections.

1. Caitriona Brady objects to the subpoenas overly broad, unduly burdensome, not relevant to the above captioned matter, immaterial, not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

2. Caitriona Brady objects to the Documents Requests to the extent they seek information that is protected the attorney-client privilege, attorney-work product doctrine, common interest privilege, settlement privilege, or any other applicable privilege. Caitriona Brady hereby asserts all such applicable privileges, protections, and immunities. Caitriona Brady intends to preserve all such privileges to the fullest extent, and any disclosure of privileged information in response to these Requests shall be deemed inadvertent and shall not waive those privileges,
protections, or immunities as to that or any other information or document.

3. Caitriona Brady objects to the Subpoenas to the extent they seek information subject to an obligation of confidentiality to a third party or that Caitriona Brady believes is sensitive, proprietary, or otherwise confidential. Caitriona Brady agrees to provide such information, subject to the other objections stated herein, only in accordance with terms of a confidentiality agreement.

4. Caitriona Brady objects to the Subpoenas to the extent they purport to impose on Caitriona Brady duties or responsibilities greater than those imposed by the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court or any other court with jurisdiction over this matter or subpoena.

5. Caitriona Brady objects to the Subpoenas to the extent that any Request is unreasonably cumulative, redundant, or duplicative of any other discovery request.

6. Caitriona Brady objects to the Subpoenas to the extent they seek information that is already in the possession of the party making the request or that is equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive.

7. Caitriona Brady objects to the Subpoenas to the extent that any Request purports to require Caitriona Brady to provide information that does not exist or that is not in Mathew Ebert's possession, custody, or control.

8. Caitriona Brady objects to the Subpoenas to the extent they are vague, ambiguous, or otherwise use words and phrases that are not understandable or cannot be easily interpreted.

9. Caitriona Brady objects to the Subpoenas to the extent any Request, whether standing alone or taken in conjunction with any other discovery request, is overbroad, seeks information that is not relevant to the claims or defenses of either party to this action or otherwise required to be disclosed under the Federal Rules of Civil Procedure, Local Rules, or any other Order of this Court, or is calculated to annoy, embarrass, oppress, unduly burden, or cause undue expense to Mathew Ebert.

10. Caitriona Brady objects to the subpoenas to the extent that any Request seeks information from a time period (including an unlimited time period) that is unduly burdensome or overbroad.

11. Caitriona Brady objects to the Subpoenas as premature to the extent that any Request seeks discovery prior to the date such information is to be exchanged pursuant to the Federal Rules of Civil Procedure, Local Rules, or any Order of this Court.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Benson, Leigh Ann <LBenson@cozen.com>
**Sent:** Tuesday, May 19, 2020 5:03 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Walton, David <DWalton@cozen.com>; Rhym, Kia B. <KRhym@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>
**Subject:** Brady v. MEF--Notice of Intent to Serve Subpoenas

Seth, please see the attached.

Leigh Ann



**Leigh Ann Benson**
**Associate | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 **|** Philadelphia, PA 19103
P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*