UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
| Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

**ORDER**

AND NOW, this       day of            , 2020, it is hereby ORDERED and DECREED that upon consideration of Defendants Motion to Quash and/or for a Protective Order it is hereby ORDERED that said Motion is GRANTED.

_____

J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
|         Plaintiff, | : |
|  -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
|         Defendants. | : |

**DEFENDANTS' MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER**

For the reasons set forth in the accompanying Memorandum of Law, Defendants, by and through their undersigned counsel, hereby moves this Court to quash Plaintiff's subpoena as set forth herein.

                                SIDNEY L. GOLD & ASSOCIATES, P.C.

                         By:    /s/ Sidney L. Gold
                                SIDNEY L. GOLD, ESQUIRE
                                1835 Market Street, Suite 515
                                Philadelphia, PA 19103
                                215-569-1999
                                Attorney for Defendant Roman

Dated: July 24, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NO: 19-5030 (JDW) |
|                 Plaintiff, | : |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
|                 Defendants. | : |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER</u>**

**I.     INTRODUCTION**

On July 15, 2020, Plaintiff served a notice of intent to serve a subpoena on the Jewish Federation of Greater Pittsburgh ("Federation"), Defendant Gregg Roman's former employer. <u>See</u> Plaintiff's Subpoena attached hereto as "Exhibit A." In the subpoena, Plaintiff requests *inter alia* "any and all" documents concerning Defendant Roman's employment with the Federation, documents concerning the reasons why Defendant Roman's employment "ended" with the Federation, and his entire "employee file." <u>Id</u>.

As Your Honor is aware, in this case Plaintiff claims that she was subjected to discrimination and a hostile work environment while employed by **the Middle East Forum**. Accordingly, records from Defendant Roman's prior employer is completely irrelevant to the present litigation, infringes on Defendant Roman's privacy, is intended to impugn his reputation in the Jewish community, and designed to harass and embarrass. Moreover, Plaintiff's requests are entirely overly broad and unduly burdensome.

As a result, Your Honor should quash Plaintiff's subpoena and/or grant Defendants a protective order.

3

## II.    ARGUMENT

### A.    Legal Standard

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. As an initial matter, a subpoena served under Rule 45 must fall within the scope of proper discovery under Rule 26(b)(1). Green v. Cosby, 314 F.R.D. 164, 169 (E.D. Pa. Mar. 21, 2016); Sinclair Cattle Co. v. Ward, 2015 WL 6167488, at *1 (M.D Pa. Oct. 20, 2015). Thus, the subpoenaing party must initially demonstrate that it seeks "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The court is required to quash or modify a subpoena that: (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A).

Under Rule 26(c), a party may move for a protective order in the court where the action is pending, and upon a showing of "good cause," the court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . [by] forbidding the disclosure or discovery," Fed. R. Civ. P. 26(c)(1)(A), or by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters," Fed. R. Civ. P. 26(c)(1)(D).

### B.    The Court Should Quash the Subpoena or Grant a Protective Order

Here, the Court should quash the subpoena or grant a protective order.  As stated above, Plaintiff's subpoena is completely irrelevant to the claims brought in this case.  Defendant

4

Roman's prior employment records with a non-party has no plausible connection to Plaintiff's allegations of discrimination while employed by the Middle East Forum.

Courts have routinely found blanket requests for a plaintiff's entire personnel or employment file to be impermissibly broad. See, e.g., Henry v. Morgan's Hotel Grp., 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (quashing an overbreadth third-party subpoena seeking "all documents and communications . . . referring or relating to [the plaintiff's] . . . personnel files."); Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 241 (E.D. Va. 2012) (quashing third-party subpoena for "the complete employment file"); Lewin v. Nackard Bottling Co., 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (holding subpoena for former employers' entire personnel file was overbroad); Saller v. QVC, Inc., 2016 U.S. Dist. LEXIS 82895, at *6 (E.D. Pa. June 24, 2016) (same).

Plaintiff's subpoena is irrelevant, overly broad, and intended solely to harass and embarrass. Accordingly, Your Honor should quash the subpoena.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully requests that the Court grant their Motion to Quash and/or for a Protective Order.

By: /s/ Sidney L. Gold
SIDNEY L. GOLD, ESQUIRE
1835 Market Street, Suite 515
Philadelphia, PA 19103
215-569-1999
Attorney for Defendant Roman

Dated: July 24, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 24, 2020, a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system.

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
seth@dereksmithlaw.com
Counsel for Plaintiff

By:  /s/ Sidney L. Gold
SIDNEY L. GOLD, ESQUIRE
1835 Market Street, Suite 515
Philadelphia, PA 19103
215-569-1999
Attorney for Defendant Roman

Dated: July 24, 2020