**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LISA REYNOLDS-BARBOUNIS | : | CIVIL ACTION |
|  | : | NO. 2:19-cv-05030-JDW |
| Plaintiff, | : |  |
| v. | : |  |
|  | : |  |
| THE MIDDLE EAST FORUM | : |  |
|  | : |  |
| Defendant. | : |  |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS
MOTION TO AMEND ANSWER AND ASSERT COUNTERCLAIMS**

## I.     INTRODUCTION

Defendant, The Middle East Forum ("MEF") and Defendant Greg Roman's (collectively "Defendants") Motion to Amend Answer and Assert Counterclaims is based entirely on conversations between Defendant, Greg Roman and so-called Witness, Daniel Thomas, where Defendant, Greg Roman undertook criminal conduct and promised something a value in exchange for Daniel Thomas' testimony.  Indeed, Defendants' Motion relies heavily upon Defendants' Exhibit A (Document 45-4), *an incomplete* record of Defendant, Greg Roman and Daniel Thomas's conversation.  Exhibit A weaves together a fantasy of allegations cooked up by Greg Roman and carried out by Greg Roman and Daniel Thomas.  Defendants' Memorandum in support of its improper Motion is anything but a memorandum of law.  To the contrary, Defendants have filed a 24-page document that barley addresses the merits of Defendants' argument until page 18.  The first 17 pages of Defendants' "Memorandum of Law" is Defendants' attempt to publicly disparage and defame Plaintiff, Lisa Barbounis in a manner that shields Defendants from their tortious conduct through immunity protections.  Indeed, the first 17 pages

of Defendants' Motion has little to do with whether Defendants should be permitted to amend its Answer.

Notwithstanding, Defendants' Motion should be denied as there is a more appropriate legal forum where these claims can be adjudicated.  There is a legal forum where Defendants have already chosen to litigate claims resulting from the alleged wrongful conduct of Lisa Barbounis during her employment for Defendants.  The matter of The Middle East Forum v. Lisa Barbounis, 2:19-cv-05697-JS was filed by The Middle East Forum on December 3, 2020 and has been assigned to the Honorable Juan R. Sanchez.  The claims brought in this other case require almost identical showings of proof and are based on exactly the same type of conduct Defendants are now attempting to insert into the instant action.  In The Middle East Forum v. Lisa Barbounis, Plaintiff, Lisa Barbounis has been accused of (i) breach of the Confidentiality & Non-Disclosure Agreement; (ii) breach of the Bring Your Own Device Agreement;  (iii) violation  of the Computer Fraud  and Abuse Act,  18 U.S.C. § 1030(g); (iv) violation of the Pennsylvania Uniform Trade Secrets Act, 12 Pa. Cons. Stats. § 5304(a); (v) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(l);  (vi) violation of the Stored Communications Act, 18  U.S.C. § 2701; (vii) conversion of MEF's confidential information; (viii) breach of fiduciary duty (which is almost identical to a breach of loyalty claim).  The Middle East Forum v. Lisa Barbounis is based on allegations that Plaintiff, Lisa Barbounis stole MEF property.  By attempting to add claims for (1) breach of loyalty, (2) civil conspiracy, and (3) fraudulent misrepresentation in the instant action, Defendants are attempting to force Plaintiff, Lisa Barbounis *and the Court* to *litigate and/or oversee litigation of almost identical cases in two courtrooms of the same courthouse.* Accordingly, Plaintiff, Lisa Barbounis asks that Defendants' Motion be denied.  If Defendants

seek to bring these claims, it should file an appropriate motion to amend complaint in the matter of The Middle East Forum v. Lisa Barbounis.

## II. STANDARD OF REVIEW

Factors to consider in weighing a motion for leave to amend pleadings are well-settled: (1) whether the amendment has been unduly delayed, (2) whether the amendment would unfairly prejudice the non-moving party, (3) whether the amendment is brought for some improper purpose, and (4) whether the amendment is futile. Cot'n Wash, Inc. v. Henkel Corp., 56 F. Supp. 3d 613 (D. Del. 2014). District courts have discretion to deny a motion to amend pleadings for reasons of undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, and other factors. Cot'n Wash, Inc. v. Henkel Corp., 56 F. Supp. 3d 613 (D. Del. 2014). Determination of prejudice, as factor to consider on motion to amend pleading, requires that district court focus on the hardship to the non-movant if the amendment were permitted and may include additional discovery, cost, and preparation. Cot'n Wash, Inc. v. Henkel Corp., 56 F. Supp. 3d 613 (D. Del. 2014).

## III. ARGUMENT

### A. If they will be brought, the counterclaims described by Defendants appropriately belong in the matter of The Middle East Forum v. Lisa Barbounis.

The proffered counterclaims Defendants seek to add to the instant action are (1) breach of loyalty, (2) civil conspiracy, and (3) fraudulent misrepresentation. These claims arise from the same transaction and occurrence as the claims already pled in the matter of The Middle East Forum v. Lisa Barbounis. That is, the alleged wrongful misconduct of Lisa Barbounis to steal and/or misappropriate MEF property during her employment for MEF. The reason for

3

compulsory counterclaims is not directly on point, but it is instructive. Accord S. Const. Co. v. Pickard ("Requirement of Federal Rules of Civil Procedure that counterclaims arising out of same transaction or occurrence be stated in pleadings was designed to prevent multiplicity of actions and to achieve resolution in single lawsuit of all disputes arising out of common matters and was particularly directed against one who failed to assert counterclaim in one action and then instituted second action in which that counterclaim became basis of complaint."). S. Const. Co. v. Pickard, 371 U.S. 57, 83 S. Ct. 108, 9 L. Ed. 2d 31 (1962).

If Defendants have their way, the Courts and Plaintiff, Lisa Barbounis will be forced to litigate the same issues in two different courtrooms at the same time. The implications of res judicata and collateral estoppel are apparent as the results in one courtroom could, and probably will, affect the litigants and the Court in another courtroom. The solution is very easy, and just as apparent: Defendant, MEF can simply look to file an amended complaint with Judge Sanchez, based on the alleged new information described in pages 1 through 17 of Plaintiff's instant "Memorandum of Law."

The time to counterclaim was back in December 2019. It was Defendants who chose to initiate a new action in the same courthouse in the matter of The Middle East Forum v. Lisa Barbounis. Defendants now seek to eat their cake and have it too, by attempting to litigate almost identical cases in separate courtrooms in the same courthouse.

Defendants have forced Plaintiff and counsel for Plaintiff to spend significant time, money and resources litigating these matters in two courtrooms. The matter of The Middle East Forum v. Lisa Barbounis, has been a contentious case and the parties are deep into discovery and have been for the past eight (8) months. During this time, Plaintiff has incurred almost $20,000.00, in costs

to produce the exact same evidence that Defendants will now require to litigate these new proffered claims.

The only reason to split these new claims by bringing them into the instant matter, is to manipulate the rules of evidence. Defendants seek to make admissible what would otherwise fail on a motion in limine. In the interest of judicial economy, Defendants claims arising out of the alleged misconduct of Lisa Barbounis during her employment for MEF should be relegated to a single courtroom.

                                            **DEREK SMITH LAW GROUP, PLLC**

By:     /s/ Seth D. Carson    
        Seth D. Carson, Esquire
        1835 Market Street, Suite 2950
        Philadelphia, Pennsylvania 19103
        Phone: 215.391.4790
        Email: seth@dereksmithlaw.com

DATED: August 11, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 9, 2020, a true and correct copy of the foregoing Motion to was filed and served electronically through the Court's CM/ECF system.

> David J. Walton
> COZEN O'CONNOR
> One Liberty Place Suite 2800
> 1650 Market Street
> Philadelphia, PA 19103
> P: 215.665.2000
> F: 215.665.2013
> dwalton@cozen.com

**DEREK SMITH LAW GROUP, PLLC**

By:     /s/ Seth D. Carson
Seth D. Carson, Esquire
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: 215.391.4790
Email: seth@dereksmithlaw.com

DATED:  August 11, 2020