IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA BARBOUNIS,**  *Plaintiff,*  v.  **THE MIDDLE EAST FORUM, et al.,**  *Defendants.* | Case No. 2:19-cv-05030-JDW |

## ORDER

**AND NOW**, this 9th day of September, 2020, upon consideration of The Middle East Forum's Motion to Amend Answer to Assert Counterclaims (ECF No. 45), the Court notes as follows.

1. When a party moves to amend a pleading after the deadline in a scheduling order, that party must satisfy the "good cause" standard of Fed. R. Civ. P. 16(b)(4). *See Premier Comp Sols., LLC v. UPMC*, No. 19-1838, --- F.3d ----, 2020 WL 4668235, at *2 (3d Cir. Aug. 12, 2020). "'Good cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. … Thus, 'if the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading.'" *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279-80 (E.D. Pa. 2010) (citations and quotation omitted).

2. On January 31, 2020, the Court entered a Scheduling Order pursuant to which any motion to amend the pleadings was due by February 14, 2020. Because that deadline has passed, Defendant the Middle East Forum ("MEF") must satisfy the "good cause" standard under Rule 16(b)(4). Neither MEF nor Plaintiff Lisa Barbounis addressed this standard. Nevertheless, the Court finds good cause to permit MEF to assert counterclaims against Ms. Barbounis based on new information it obtained during discovery.

3. According to MEF, on July 13, 2020, MEF's director, Gregg Roman, spoke with Ms. Barbounis' former paramour, Daniel Thomas. During that discussion, Mr. Thomas revealed that he had misappropriated $7,000 of MEF funds that were meant to pay for a rally to support a UK-based activist known as Tommy Robinson. Mr. Thomas claims that Ms. Barbounis knew that he had misappropriated the funds and that she had attempted to conceal this fact from MEF. Mr. Thomas also advised Mr. Roman that Ms. Barbounis traveled to the United Kingdom to spend time with him and engage in political activity in support of Mr. Robinson, despite the fact that MEF prohibited her from doing so. These revelations spurred MEF to seek to assert counterclaims against Ms. Barbounis, including claims for i) breach of duty of loyalty, ii) civil conspiracy, and iii) fraudulent misrepresentation.

4. As an initial matter, Ms. Barbounis does not contend that MEF should be prohibited from raising these claims. Instead, she argues that these claims should be raised in another matter pending in this district: *The Middle East Forum v. Lisa Reynolds-Barbounis*, No. 19-cv-5697 (the "MEF Case"). That case involves Ms. Barbounis' alleged "misappropriation of MEF's corporate assets, including MEF trade secrets and highly confidential business information[.]" (MEF Case, ECF No. 20 at ¶ 1.)

5. Of the nine counts asserted in the MEF Case, only one appears to overlap with the proposed counterclaims here: MEF's claim for breach of fiduciary duty based upon, *inter alia*, Ms. Barbounis "engaging in outside political activity that had the propensity to harm MEF's reputation against the express instructions of MEF." (*Id.* at ¶ 115.) This is the same political activity that MEF complains of in this case. (*Id.* at ¶¶ 44-46.) The Court agrees that MEF cannot pursue breach of loyalty and fraudulent misrepresentation claims here based on the same alleged conduct.

6. Moreover, MEF cannot use Ms. Barbounis' alleged outside political activity as a basis to assert claims in this case because MEF concedes it has been aware of that activity since

the spring of 2019.  (ECF No. 45-2 at 13-15); *see also Price*, 737 F. Supp.2d at 280 ("Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent.")  At the very least, MEF was aware of these facts on January 15, 2020, when it filed its Amended Complaint in the MEF Case.  (*See* MEF Case, ECF No. 20.)  It therefore cannot show good cause to permit an amended pleading to raise those issues now.

7.	However, MEF may amend its answer to pursue its counterclaims based upon Ms. Barbounis' alleged concealment of Mr. Thomas' misappropriation of funds and her travels to Europe under false pretenses.  There is very little, if any, legal or factual overlap between the claims in the MEF Case and the counterclaims MEF seeks to assert here based on this alleged conduct.  Given that MEF first learned about this conduct during a conversation on July 13, 2020, the Court finds that MEF was diligent in seeking to amend its answer to assert counterclaims fifteen days later.  Thus, good cause exists for MEF to amend its pleading.

For the foregoing reasons, it is **ORDERED** that Defendant MEF's Motion to Amend Answer to Assert Counterclaims (ECF No. 45) is **GRANTED IN PART**.

It is **FURTHER ORDERED** that on or before September 16, 2020, MEF shall file an Answer and Counterclaim to Ms. Barbounis' Amended Complaint (ECF No. 51) consistent with this Order.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.