**COZEN O'CONNOR**
David J. Walton (PA # 86019)
Leigh Ann Benson (PA #319406)
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

*Attorneys for Defendant*
*Matthew Bennett*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| Plaintiff, | : | CIVIL ACTION |
| -vs- | : | NO. 2:19-cv-05030-JDW. |
| | : | |
| THE MIDDLE EAST FORUM and | : | |
| GREG ROMAN (*individually*), | : | |
| Defendants. | : | TRIAL BY JURY |
| | : | |

## DEFENDANT MATTHEW BENNETT'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS

On August 24, 2020, Plaintiff Lisa Barbounis ("Barbounis"), via her counsel, Seth Carson of the Derek Smith Law Group, filed her "Consolidated Civil Action Complaint" (the "Complaint") (*see* Doc. 51) against The Middle East Forum ("MEF"), Gregg Roman ("Roman"), Daniel Pipes ("Pipes"), and Matthew Bennett ("Bennett"). The Complaint, which is drafted in a careless and haphazard manner and includes leftovers and irrelevancies from complaints filed in other cases, purports to assert four claims against "all named defendants" or "individual defendants," namely:

- discrimination under the Philadelphia Fair Practices Ordinance ("PFPO") (Count IV);

4

- retaliation under the PFPO (Count V);

- aiding and abetting discrimination under the PFPO (Count VI) and

- retaliation under state law (Count VII).

However, none of the claims purportedly brought against "all named defendants" or "individual defendants" are specific to Bennett and do not reference Bennett individually. Further, none of the factual allegations in the Complaint that are specific to Bennett are remotely sufficient to sustain any of the above listed claims against him.

This is the fourth complaint that Barbounis has filed against defendants, and all have been deficient as to Bennett in this same respect. As described below, the allegations in this latest Complaint plainly fail to meet the applicable federal pleading standard. As such, Plaintiff's Complaint against Bennett must be dismissed with prejudice.

### I.     Motion to Dismiss Standards

"Dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) is proper if 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Sheridan v. Roberts Law Firm*, No. 2:19-CV-00467-JDW, 2019 WL 6726469, at *1 (E.D. Pa. Dec. 11, 2019) (Wolson, J) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). "In other words, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.' *Id.* (quoting *Iqbal*, 556 U.S. at 679). While factual allegations need not be detailed, they 'must be enough to raise a right to relief above the speculative level. *Id.* (internal quotations omitted). In other words, "more than an unadorned, the defendant-harmed-me accusation must be pled; [the complaint] must include 'factual enhancements' and not just conclusory statements or a recitation of the elements of a cause of action." *Peniston by Peniston v. Medtronic, Inc.*, No. 318CV13533BRMTJB, 2019 WL 1894745, at *3 (D.N.J. Apr. 29, 2019).

## II.     Factual Allegations Against Matthew Bennett

On August 24, 2020, at the direction of the Court, Plaintiff Barbounis filed her Complaint to consolidate two separate actions.[1] Her Complaint spans 70 pages and 558 paragraphs, includes eight counts and names four defendants: MEF, Roman, Pipes, and Bennett.[2] Despite its length and detail, the Complaint contains no substantive allegations of unlawful conduct by Bennett. To the contrary, the Complaint barely mentions Bennett at all, and where it does, it does so only in generic, nondescript ways.

Specifically, throughout the entirety of the 558-paragraph Complaint, Bennett is mentioned a dozen times. Those allegations, taken directly from the Complaint in their entirety, are as follows:

> 6. At all times relevant to this action, Defendant, Greg Roman, Defendant, Matthew Bennett, and Defendant, Daniel Pipes aided and abetted under discrimination and harassment and retaliation in the workplace to which Plaintiff was subjected by Defendants.
>
> 7. At all times relevant to this Civil Action, Defendant, Daniel Pipes, Defendant Greg Roman, and Defendant Matthew Bennett were employees of Defendant, The Middle East Forum, and held supervisory authority over Plaintiff, Lisa Barbounis during Plaintiff's employment for Defendants.
>
> 10. Matthew Bennett holds the position of Director of Development for The Middle East Forum and held supervisory authority of Plaintiff, Lisa Barbounis.
>
> 20. Plaintiff was hired as an Executive Liaison and began her employment at MEF working with supervisors, Defendant, Daniel Pipes, Defendant, Greg Roman, and Defendant, Matthew Bennett.

---

[1] Nos. 2:19-cv-05030-JDW and No. 2:20-02946.

[2] MEF, Roman and Pipes have filed an answer to the Complaint, and MEF has asserted counterclaims against Barbounis.

82. Other employees of the Middle East Forum in attendance at the AIPAC Conference included Defendant, Greg Roman, Defendant, Mathew Bennett, and coworker, Marnie Meyer.

83. Defendant, Greg Roman and Defendant, Mathew Bennett booked and shared an Airbnb in Washington D.C. for the AIPAC Conference.

84. After dinner, Defendant, Greg Roman invited Grantees from The Pinsker Center and a writing fellow named Raheem Kassam back to the Airbnb which was shared by Defendant, Greg Roman and Defendant, Matthew Bennett.

393. Defendant, Greg Roman notified Defendant, Mathew Bennett, "they are all usurpers and I will never work with usurpers.

425. Accordingly, Defendant, Greg Roman and Defendant, Mathew Bennett began a guessing game where they attempted to guess what the allegation involved.

429. Just days after the March 2019 meeting when Defendant, Daniel Pipes announced that he was eliminating the measures designed to protect female staff from Defendant Greg Roman, Defendant, Greg Roman called Defendant, Mathew Bennett.

430. Defendant, Greg Roman informed Defendant, Matthew Bennett, "now that I am back, I am going to begin searching for a replacement for the Director of Development."

462. Plaintiff now files this civil action lawsuit against the above named Defendants, Middle East Forum, Greg Roman, Daniel Pipes, and Matthew Bennett. Plaintiff was employed at the Middle East Forum from October 2017 until her unlawful termination by constructive discharge August 2019.

Bennett is not mentioned elsewhere in the Complaint, and no other allegations refer or relate to him, directly or indirectly.

### III. <u>Plaintiff's Complaint as to Bennett Must Be Dismissed.</u>

Of the twelve paragraphs in the Complaint set forth above, the only one that asserts that Bennett engaged in wrongful conduct is the first paragraph, which does so in purely conclusory fashion and without factual support. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). As such, it is

7

unworthy of deference and cannot be relied upon to defeat a motion to dismiss. *Bennett v. Republic Servs., Inc.*, 179 F. Supp. 3d 451, 454 (E.D. Pa. 2016) (holding that "the court need not give credence to mere 'legal conclusions' couched as facts. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (internal quotations omitted).

The remainder of the allegations against Bennett, even assuming that they are true, establish nothing more than that: (a) Bennett was employed by MEF, had supervisory authority over Barbounis and worked with her; (b) Bennett attended an AIPAC conference and shared an AirBNB with Defendant Roman; and (c) spoke to Roman a few times about Barbounis' allegations. They certainly do not allege, must less tend to establish, any wrongful behavior, statutory violation or tortious conduct by Bennett.

Specifically, Plaintiff's Complaint (Counts IV, V, VI and VIII) fails to state a claim against Bennett under the Philadelphia Fair Practices Ordinance ("PFPO") and the Pennsylvania Human Relations Act ("PHRA").

- Count IV of Plaintiff's Complaint requires Plaintiff to allege sufficient facts tending to show that Bennett "denied or interfered with the employment opportunities of an individual based upon . . . her . . . sex . . . including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against [Plaintiff], with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment." *See* PFPO § 9-1103(1) and Complaint, Doc. 51, at ¶ 540.

- Count V of Plaintiff's Complaint requires Plaintiff to allege sufficient facts tending to show that Bennett "harassed, threatened, harmed, damaged, or otherwise penalized, retaliated or discriminated in any manner against [Plaintiff] because . . .she . . .exercised her rights under this Chapter." *See* PFPO § 9-1103(1)(g) and Complaint, Doc. 51, at ¶ 544.

- Count VI of Plaintiff's Complaint requires Plaintiff to allege sufficient facts tending to show that Bennett "aided, abetted, incited, compelled or coerced the doing of any unlawful employment practice or to obstruct any person from

8

  complying with" the PFPO or that he attempted to do so.  PFPO § 9-1103(1)(h) and Complaint, Doc. 51, at ¶ 1.

- Count VIII of Plaintiff's Complaint requires Plaintiff to allege sufficient facts tending to show that Bennett discriminated against Plaintiff because Plaintiff "has opposed any practice forbidden by this act, or because [Plaintiff] has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."  *See* PHRA § 955(d) and Complaint, Doc. 51, at ¶ 554.

But Plaintiff has done nothing of the sort.  To the contrary, <u>nothing in the Complaint, even taken in the light most favorable to Plaintiff, and even assumed to be true, "raises a claim of entitlement to relief" under the PFPO or the PHRA against Bennett.</u>  Indeed, the Complaint does not allege that Bennett took any adverse action whatsoever with respect to the Plaintiff, much less that he "discriminated" or "retaliated" against her.  In fact, the Complaint does not allege any facts to indicate that Bennett and Plaintiff ever even interacted or spoke to each other at all.

### IV.   **Plaintiff's Complaint Against Bennett Must Be Dismissed With Prejudice**

As noted above, this is Plaintiff's fourth bite at the proverbial apple as to Bennett.  On October 27, 2019, Plaintiff filed her initial complaint in this matter against Bennett, Pipes, Roman, and MEF.  *See* Doc. 1.  On November 27, 2019, all Defendants moved to dismiss this complaint for failure to state a claim against.  *See* Doc. 9.  On December 18, 2019, Plaintiff filed an amended complaint and, perhaps recognizing the lack of a predicate factual basis for such claims, did not name Matthew Bennett as a defendant.  *See* Doc. 14.

On June 18, 2020, Plaintiff initiated a second action against MEF and Roman (but not Bennett) asserting claims based on the same set of operative facts.  *See* Doc. 1 in 2:20-cv-02946-JDW.  On July 2, 2020, this Court ordered the cases consolidated under this lead case.  *See* Doc. 41; *see also* Doc. 3 in 2:20-cv-02946-JDW.  On July 31, 2020, this Court ordered Plaintiff to file a consolidated, amended complaint on or before August 24, 2020.  *See* Doc. 49.  Plaintiff did so,

9

and filed this Complaint, once again naming Bennett as a defendant but including no new substantive factual allegations against him.. *See* Doc. 51.

Plaintiff has thus had four opportunities to state her allegations and any viable claims against Bennett, and has failed to do so. Under the circumstances, she should not receive a fifth chance. *See, e.g., Bowers v. City of Wilmington*, 723 F. Supp. 2d 700, 710 (D. Del. 2010) (leave to amend "may be appropriately denied if the record shows . . . the repeated failure to cure deficiencies by amendments that were previously allowed"); *see also Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 218 (E.D. Pa. 2017) ("In particular, a district court may deny leave to amend a pleading where the moving party has: (1) failed to utilize previous opportunities to amend; and (2) has not offered any explanation for this failure.").

Further, to allow Plaintiff to pull Bennett back into this case at this late date, more than nine months after Plaintiff chose not to include him as a defendant in her first amended complaint, would cause unfair prejudice to Bennett, undue delay to these proceedings, and would require additional discovery. *See Magsil Corp. v. Seagate Tech.*, No. CIV. A. 08-940, 2010 WL 2710472, at *1 (D. Del. July 7, 2010) ("To allow . . . leave to amend at this late date, after more than a year of litigation and at a time just prior to the completion of fact discovery, would force the court to extend the scheduled deadlines for a significant period not only with regard to fact discovery, but also for expert reports, expert depositions, summary judgment, and trial."); *see also Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654–55 (3d Cir.1998) (rejecting proposed second amended complaint where plaintiffs were repleading facts that could have been pled earlier).

The deficiencies in Plaintiff's latest Complaint against Bennett are not mere technical pleading deficiencies, but demonstrate a clear inability on Plaintiff's part to set forth a viable

allegation against him despite many opportunities. Her claims against Bennett should now be dismissed with prejudice.

## V. Conclusion

Plaintiff's Complaint plainly fails to state a claim against Defendant Matthew Bennett. Pursuant to Federal Rule 12(b)(6), Plaintiff's claims against Bennett must be dismissed with prejudice.

                Respectfully submitted,

Dated: September 16, 2020      COZEN O'CONNOR

                s/David J. Walton
                David J. Walton (PA#86019)
                Leigh Ann Benson (PA #319406)
                Cozen O'Connor
                1650 Market Street, Suite 2800
                Philadelphia, PA 19103
                P: (215) 665-2000

                *Attorneys for Defendant*
                *Matthew Bennett*