# EXHIBIT A

| | |
|---|---|
| **From:** | La Rocca, Luke T. <LLaRocca@cozen.com> |
| **Sent:** | Tuesday, January 28, 2020 5:35 PM |
| **To:** | Seth Carson |
| **Cc:** | Walton, David; Benson, Leigh Ann |
| **Subject:** | Barbounis v. MEF et. al - Defendants' First Set of Interrogatories, Requests for Admission and Request for Production |
| **Attachments:** | Def. First set of Interrogatories (Barbounis).pdf; Def. Requests for Admission (Barbounis).pdf; Def. Request for Production (Barbounis).pdf; HIPAA Release (Barbounis).pdf |
| **Categories:** | Filed |

Seth,

Attached please find Defendants' First Set of Interrogatories, Requests for Admission and Requests for Production in the Barbounis matter.

Best,
Luke



**Luke La Rocca**
**Attorney | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 **|** Philadelphia, PA 19103
P: 215-665-2175
Email | Map | cozen.com

# EXHIBIT B

| | |
|---|---|
| **From:** | Benson, Leigh Ann <LBenson@cozen.com> |
| **Sent:** | Monday, July 6, 2020 2:54 PM |
| **To:** | Seth Carson |
| **Cc:** | Walton, David; Cavalier, Jonathan; sgold_discrimlaw.net; Bill Rieser |
| **Subject:** | RE: MEF--Supplemental Productions/Barbounis Discovery |
| | |
| **Categories:** | Filed |

Seth,

Can you please let us know your position on the issues identified below? Please provide us potential dates for depositions as soon as possible. As you know from Judge Wolson's amended scheduling order, we need to provide him with a status report by the end of this week (Friday, July 10th) setting forth the dates for depositions.

Leigh Ann



**Leigh Ann Benson**
**Associate | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

**From:** Benson, Leigh Ann
**Sent:** Tuesday, June 30, 2020 3:58 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Walton, David <DWalton@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>; sgold_discrimlaw.net <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>
**Subject:** MEF--Supplemental Productions/Barbounis Discovery

Seth,

As a follow up to our call with Judge Wolson, we have a couple of questions for you regarding discovery in the Barbounis action.

- We understand you produced additional documents via Dropbox Sunday evening. Were these documents produced by Ms. Yonchek pursuant to the subpoena in *Barbounis v. MEF*? Or were they something different?
- Are there any documents that Ms. Barbounis produced in the trade secret case, *MEF v. Barbounis*, which should also be produced as part of the discovery in her action against MEF? As you know, Cozen is not involved in the trade secret case and thus we would not have those documents unless that are separately produced in this action.
- Please provide dates for depositions as soon as possible so that we can finalize a schedule and provide a status report to Judge Wolson next week.

Thanks,
Leigh Ann



**Leigh Ann Benson**
**Associate | Cozen O'Connor**

1

One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

# EXHIBIT C

| | |
|---|---|
| **From:** | Walton, David |
| **Sent:** | Saturday, August 15, 2020 9:09 AM |
| **To:** | Seth Carson |
| **Cc:** | Benson, Leigh Ann; Cavalier, Jonathan; Rhym, Kia B.; Sidney Gold; Bill Rieser; Samuel Wilson |
| **Subject:** | Re: Barbounis v. MEF--discovery |

We had numerous phone conversations where we discussed the progress of our responses (yours and mine) and to keep each other updated. For example, we didn't give you a specific extension of 167 days. You kept telling us that the responses were coming. We didn't file a motion based on those continued representations. During these calls, we updated you about the progress of our responses and you never raised a concern. Now your raising a concern because you're looking to go after us due to the motion for contempt. I agree we are at an impasse. File your motion if you need. Constantly haranguing me about this will not change our position.

And you never sent a verification in the first place. Please don't act like we lost it or it was some oversight. No verification means your responses are still not complete.

Notwithstanding your snarky comments, you know what Pipes's messages to which I am referring. You read to me (over the phone) what you represented was a text between Pipes and Bennett. If you haven't already, I am simply requesting that you produce it.

You have not produced ANY Barbounis documents. The only documents we have are from the Brady case. You have been telling us for months that you are going to produce documents but you haven't. Consider this the exhaustion of our meet and confer obligations. Also, please don't assume that the 25 search terms used in the trade secret case fully satisfy your obligations to produce relevant material in the employment case.

When you say there is no other part of the recording, does that mean that you sent what you have or there could be a longer recording out there but you don't have it all?

Dave Walton
Sent from my iPhone

> On Aug 14, 2020, at 10:22 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> You have not actually responded to my question. You continue to assert some kind of agreement but I have asked you to send this communication to me and you continue to refuse.
>
> If you want to send me a list of documents that you believe are still due, I will review and respond.

I thought I provided a verification from Lisa but if you do not have it I will get it to you.

I do not know what you mean by Daniel Pipes' texts. You want me to produce your own client's text messages? I am not sure how that will work but if you care to explain, I am happy to cooperate.

The recording I sent you was a complete recording. There is no other part that that recording.

It might be helpful if you can send me some kind of deficiency list that I can work from if you believe there are additional documents that need to be produced. I believe you will receive a large production of e-discovery from the accounts and phones through cornerstone. I have to get Cozen looped in on that. I had a busy week with motions and hearings, but I think I recall seeing something from Cornerstone about that information. I will review over the weekend and provide an update.

It seems like we are at an impasse where Defendants discovery responses are concerned. We may need to Court on that one. Again, if you would like to avoid the court, please let me know what communication you are referring to in connection with this extension you keep referring to.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Friday, August 14, 2020 8:10 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Benson, Leigh Ann <LBenson@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>; Rhym, Kia B. <KRhym@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>; Samuel Wilson <samuel@dereksmithlaw.com>
**Subject:** Re: Barbounis v. MEF--discovery

Seth

I have already responded to your questions about the extension and so-called "waiver" numerous times. I'm not going to keep re-peaking myself.

You have not, however, addressed our concerns about your continued failure to produce documents in Barbounis, your failure to produce verified answers, your failure to produce the Pipes text messages, and your failure to produce the full Danny Thomas recording and related information.

Sent from my iPad

> On Aug 14, 2020, at 7:40 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **\*\*EXTERNAL SENDER\*\***
>
> Did you review Plaintiff's Responses to Defendants' Discovery Requests.  There are 3 privilege objections.  That is how discovery responses should be furnished when they are late.
>
> If you would like to preserve privilege objections, I will not argue that privilege objections were waived.
>
> Absent proof of this extension you keep referencing, I am going to need Defendants' discovery responses without objection, as they were waived.
>
>
> Seth D. Carson, Esquire
> Derek Smith Law Group, PLLC
> 1835 Market Street
> Suite 2950
> Philadelphia, PA 19103
> Phone: 215.391.4790
> Facsimile: 215.893.5288
> Direct: 484.678.2210

3

Email: Seth@DerekSmithLaw.com

---

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

---

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Friday, August 14, 2020 12:50 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Benson, Leigh Ann <LBenson@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>; Rhym, Kia B. <KRhym@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>; Samuel Wilson <samuel@dereksmithlaw.com>
**Subject:** Re: Barbounis v. MEF--discovery

Seth

We have given each other general extensions. You took 167 days to respond to our written discovery. I'm sure you cannot produce an email where we gave you a 167-day extension. Besides, you still have NOT sent a verification for them, so they are still late and deficient for that reason alone (in addition to other substantive deficiencies).

I remember the conversation about the Pipes-Bennett messages. After our call, we immediately looked into them. We secured them and are producing them today or tomorrow. This has been in process for the last couple weeks.

Please send the list of other alleged deficiencies. We would be happy to discuss them with you.

Further, you need to send me a copy of the text messages that you are referencing between Pipes and Bennett. We still have not received them. And you need to send us a full copy of the recording involving Danny Thomas along with the evidence you intend to use to authenticate that recording.

Please provide this information ASAP.

Dave Walton
Sent from my iPhone

4

On Aug 14, 2020, at 12:09 PM, Seth Carson <seth@dereksmithlaw.com> wrote:

**EXTERNAL SENDER**

I don't know what you are talking about and I am not sure why you continue to bring up yesterday's hearing.

I did not give you an extension of `182 days.  In my last email I gave you the opportunity to show me if I am mistaken.  Please send me the email exchange (please make it the complete email exchange) where we discussed a 182 days extension.  I will consider any email you can show me where we discussed a general extenuation that would permit Defendants to file responses anytime they decided to.

I do not recall any such agreement or communication.

As the parties did not make any such agreement, Defendants' objections are waived.

We discussed deficiencies.  I read you text message communications between Daniel Pipes and Matthew Bennett that are directly relevant to my client's case that were not turned over.  You informed me that you would go through the discovery and find them or let me know if they do not exist.  That was several weeks ago.

I will provide a complete list of the other deficiencies, as they are too many to list off the top of my head.

Please resubmit Defendants' Responses to Plaintiff's Interrogatories without objection, or show me the communication where we agreed on this 182 day extenuation.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC

5

1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

_____

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

_____

_____

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Friday, August 14, 2020 11:59 AM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Benson, Leigh Ann <LBenson@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>; Rhym, Kia B. <KRhym@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>; Samuel Wilson <samuel@dereksmithlaw.com>
**Subject:** Re: Barbounis v. MEF--discovery

Seth

Ever since we filed the motion for contempt in Brady, your tone in emails has been petulant, over-bearing, unreasonably demanding, uncivil, and, at times, personally offensive. Both Mr. Wilson and Mr. Smith have been conciliatory, but you are taking a completely different tact. You seem to be looking for any way to go after us since we filed that motion. Your conduct here contrast sharply with the conciliatory tone both Mr. Wilson and Mr. Smith have presented to the Court. I suggest respectfully that you follow their lead and quell the temper tantrums.

We have given each other numerous, generalized extensions. The only reason your pushing this issue is the motion for contempt. We are not withdrawing any objections. And we are not aware of any deficiencies you allegedly discussed with us. The primary deficiencies that I recall discussing were your continuing failure to produce documents in Barbounis. This failure continues to date.

Proceed as you wish.

Dave Walton
Sent from my iPhone

> On Aug 14, 2020, at 11:38 AM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **\*\*EXTERNAL SENDER\*\***
>
> I did not agree to give you an extension of 182 days. I also did not fill Plaintiff's responses with objections.
>
> You also did not furnished discovery before Plaintiff.
>
> There is not anything in your email that is accurate.
>
> Defendants have waived their objections. If you can show me an email where you even asked for an extension of 182 days, I will reconsider. If you can show me an email where you asked for any extension in the past 2 months I will look at it.
>
> As there was no extension, Defendants objections have been waived. Please resubmit Defendants' discovery responses without objection.
>
> I have also discussed Defendants' deficient discovery with you and Defendants have yet to respond.
>
> Please cure the deficient discovery we have discussed today.
>
> Thank you.

7

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Walton, David <DWalton@cozen.com>
**Sent:** Friday, August 14, 2020 11:32 AM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Benson, Leigh Ann <LBenson@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>; Rhym, Kia B. <KRhym@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>
**Subject:** Re: Barbounis v. MEF--discovery

Seth

We agreed to give each other general extensions. We served our discovery well before yours and your responses were served well beyond any extension. Further, you still have failed or produce numerous documents in Barbounis. Although you have promised numerous times to produce information from her phone and social media, you have failed to do so. And your written responses to our discovery

8

still have numerous deficiencies. So if you want to file a motion, go ahead.

Dave

Dave Walton
Sent from my iPhone

> On Aug 13, 2020, at 5:52 PM, Seth Carson <seth@dereksmithlaw.com> wrote:
>
> **EXTERNAL SENDER**
>
> You are submitted responses to Plaintiff's First Set of Interrogatories 182 days after they were served. All of your objections have been waived. I am not going to accept these responses until you remove each and every objection and provide full and complete responses to Plaintiff's First Set of Interrogatories.
>
> Please confirm that you will provide complete verified repressions to Plaintiff's First Set of Interrogatories by Friday of this week.
>
> If you do not confirm the above by tomorrow morning, I will have no choice but seek the court's intervention.
>
> Thank you.
>
> Seth D. Carson, Esquire

9

Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

**From:** Benson, Leigh Ann <LBenson@cozen.com>
**Sent:** Wednesday, August 12, 2020 3:49 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Cc:** Walton, David <DWalton@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>; Rhym, Kia B. <KRhym@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Bill Rieser <brieser@discrimlaw.net>
**Subject:** Barbounis v. MEF--discovery

Seth, please see the attached discovery responses.

Leigh Ann

10



**Leigh Ann Benson**
**Associate | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-4708 F: 215-701-2002
Email | Bio | LinkedIn | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in*

*any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.*

***Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***