**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | |
| GREGG ROMAN (*individually*), and | : | |
| MATTHEW BENNETT (*individually*) | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH COURT ORDER COMPELLING DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS**

Defendant The Middle East Forum ("The Forum"), by its attorneys, Cozen O'Connor, hereby moves this Honorable Court for entry of the proposed Order of contempt against plaintiff Ms. Lisa Barbounis ("Plaintiff" or "Ms. Barbounis") and her counsel, Seth Carson, Esq. ("Mr. Carson"), pursuant to Fed. R. Civ. P. 37(b)(2)(A) failing to comply with Your Honor's Order dated October 14, 2020 (ECF No. 61) compelling Plaintiff to comply with her discovery obligations on or before October 21, 2020, which she has entirely failed to do, and in support thereof offer the accompanying Memorandum of Law.

Based on its Motion and Memorandum, The Forum respectfully requests this Court enter an Order:

(a) Finding Ms. Barbounis in civil contempt for failing to comply with a discovery order of this Court;

(b) Finding Ms. Barbounis' counsel in civil contempt for failing to comply with a discovery order of this Court;

(c) Dismissing Ms. Barbounis' claims with prejudice for her failure to engage in the discovery process thereby prohibiting The Forum from receiving discovery it is entitled to and which is necessary for The Forum to defend itself against Ms. Barbounis' claims;

(d) Granting The Forum a unilateral extension to conduct and finish fact discovery to provide The Forum with additional time to review Ms. Barbounis' document productions and responses to requests and then conclude taking depositions if the relief;

(e) Ordering Ms. Barbounis and her counsel to pay The Forum's attorneys' fees and costs incurred as a result of The Forum filing its Motion to Compel (ECF No. 59) and the instant Contempt Motion;

(f) Setting the matter for a determination of attorneys' fees and costs for a date certain

(g) Granting any and all such other relief as this Court deems proper.

/s/ David J. Walton
David J. Walton, Esquire
Jonathan Cavalier, Esquire
Leigh Ann Benson, Esquire
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
P: (215) 665-5547
F: (215) 701-2110
Email: dwalton@cozen.com
        jcavalier@cozen.com
        lbenson@cozen.com
*Attorneys for Defendant*
*The Middle East Forum*

Dated:  October 22, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | |
| GREGG ROMAN (*individually*), and | : | |
| MATTHEW BENNETT (*individually*) | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT THE MIDDLE EAST FORUM'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH DISCOVERY OBLIGATIONS AND COURT ORDER COMPELLING DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS**

Defendant The Middle East Forum ("The Forum" or "Defendant"), through its counsel, hereby respectfully moves this Court for the entry of the proposed Order finding plaintiff Ms. Lisa Barbounis ("Ms. Barbounis" or "Plaintiff") and her counsel, Seth Carson, Esq. ("Mr. Carson"), in contempt due to their failure to comply with Your Honor's order (ECF No. 61) compelling Ms. Barbounis to comply with her discovery obligations, and in support thereof avers as follows:

**Introduction**

The Forum now moves pursuant to Rule 37(b)(2)(A) for the entry of an order finding Ms. Barbounis and her counsel in contempt for failing to comply, in full, with a discovery order entered by Your Honor on October 14, 2020. (ECF No. 61). For months, Ms. Barbounis and her counsel have stalled on discovery obligations. Throughout, The Forum has been strung along with false promises of productions. And worse yet, time after time this Court's orders compelling compliance have been outright ignored. The Forum has been severely prejudiced in its ability to defend itself from Ms. Barbounis' claims and allegations, many of which are outlandish. It cannot defend itself fully in this Action, nor adequately prosecute its Counterclaims, absent Ms.

5

Barbounis' meaningful participation in the discovery process, which to date, despite multiple orders by this Court, simply has not happened. The Forum is now left with no alternative but to seek relief from this Court.

### Factual Background

Plaintiff Ms. Lisa Barbounis is a former employee of The Forum. She filed this action against The Forum, its President, Mr. Daniel Pipes, Director, Mr. Gregg Roman, and a former employee, Mr. Matthew Bennett, alleging sexual harassment, discrimination and retaliation. Ms. Barbounis is one of five former employees who filed claims in this Court in 2019. Ms. Barbounis' counsel, Seth Carson, Esq., is representing three of the other plaintiffs.[1] The Forum has filed counterclaims against Ms. Barbounis for breach of the duty of loyalty, civil conspiracy, and fraudulent misrepresentation.

Mr. Carson is also representing Ms. Barbounis is a separate action brought against her by The Forum, captioned at *The Middle East Forum v. Barbounis*, No. 19-5687, pending in this Court before the Honorable Juan R. Sanchez, in which The Forum has alleged a series of common law and statutory claims arising from Ms. Barbounis' theft of trade secret information (the "Trade Secrets Action"). The Forum is represented by separate counsel in the Trade Secrets Action and undersigned counsel in the instant action has not appeared in the Trade Secrets Action.

---

[1] In the matter *McNulty v. The Middle East Forum, et al.*, 2:19-cv-05029 (the "McNulty Action"), currently pending before the Honorable Anita B. Brody, Mr. Carson is representing plaintiff Ms. Patricia McNulty. In the matter *Brady v. The Middle East Forum, et al.*, 2:19-cv-05082 (the "Brady Action"), Mr. Carson is representing plaintiff Ms. Caitriona Brady. Cozen O'Connor is representing The Forum in each of these actions. The fourth action, *O'Brien v. The Middle East Forum, et al.*, 2:19-cv-06078 (the "O'Brien Action"), pending before the Honorable John M. Gallagher, plaintiff Ms. Marnie O'Brien is represented by separate counsel Erica Shikunov, who also now is with the Derek Smith Law Group. Mr. Carson also represented another former employee who voluntarily withdrew her lawsuit after The Forum filed a Motion to Dismiss. *Yonchek v. The Middle East Forum, et al.,* 2:19-cv-05083 (the "Yonchek Action").

LEGAL\49060806\1

### *The Forum's Motion to Compel*

The Forum set forth Ms. Barbounis' failure to respond to document requests in detail in its Motion to Compel and incorporates by reference the factual background within that motion.  (ECF No. 59.)   What is relevant for purposes of this motion is that Ms. Barbounis has entirely failed to comply with Your Honor's Order in response to that motion.  Ms. Barbounis was expressly ordered to "respond to the document requests and produce responsive documents, without objection, by October 21, 2020."  (ECF No. 61.)  She has not done so, thereby necessitating the instant motion for contempt and sanctions.

### *Ms. Barbounis and Her Counsel Have Disregarded Your Honor's Order*

Unfortunately, it comes as no surprise to The Forum that Ms. Barbounis and Mr. Carson have failed to abide yet another court order.  History has shown that court orders mean little to them.  But this latest failure is especially concerning and problematic.  *First,* the October 28th discovery deadline is less than a week away and Ms. Barbounis has inexplicably failed to produce any documents and any written responses to document requests.  *Second,* Ms. Barbounis' deposition is only a week away, and The Forum's counsel now has their hands tied as they begin preparing to take her deposition without having received any documents from her.  *Third,* Mr. Carson has brazenly made clear that he had no intention of abiding by the Order.

Late in the afternoon on October 20th, the day before the deadline to comply, Mr. Carson, on behalf of Ms. Barbounis, and Jonathan Cavalier, Esq. and Leigh Ann Benson, Esq., on behalf of The Forum, joined a call with two representatives of a third-party vendor, Cornerstone Discovery ("Cornerstone").  The call's purpose was to discuss the transfer of documents collected from Ms. Barbounis' devices to The Forum's counsel.  During this call, Cornerstone informed

counsel that it would not be able to transfer any of Ms. Barbounis' documents to The Forum's counsel until, hopefully, "the end of the week." ***Despite that this anticipated production date is after the deadline Your Honor ordered, Mr. Carson said nothing.*** The call proceeded and only went downhill. Cornerstone and Mr. Carson went on to discuss that this week's production to The Forum would not be the complete production, it would only be an initial production, and only a production of documents responsive to key word searches from the Trade Secrets Action. Cornerstone would have to separately send Mr. Carson a folder of images and multimedia files for Mr. Carson to review for responsiveness and to ensure that no personal and private images and multimedia files are produced to The Forum. There is currently no projected delivery date for the remainder of the Cornerstone documents which Mr. Carson has not yet even begun to review.

Aside from the fact that no documents were produced pursuant to October 14th Order, Mr. Carson also failed to serve written responses to The Forum's document requests—requests which were served in January 2020. There is no justifiable excuse for failing to satisfy this obligation to serve written responses.

Simply put, Ms. Barbounis and her counsel did not satisfy a single obligation imposed by the Order.

### *The History of Ms. Barbounis' Document Collection and Production Failures*

To understand Cornerstone's involvement, we must go back to December 2019. The Forum, represented by Sidney L. Gold, Esq. of Sidney Gold and Associates and Attison Barnes, III, Esq. of Wiley Rein, initiated the Trade Secrets Action against Ms. Barbounis. From the outset, Ms. Barbounis and Mr. Carson made it apparent they had no intention of cooperatively

LEGAL\49060806\1

participating in the discovery process.  The Forum moved for expedited discovery, and Judge

Sanchez ordered, in part, that

> ***On or before 5:00 PM EST Friday, January 17, 2020 [Ms. Barbounis] shall
> supply to the discovery vendor Cornerstone Discovery ("Cornerstone") (attention
> Lou Cinquanto) all electronic device(s),*** including but not limited to, cellular
> telephones (including, but not limited to, the three devises depicted in her social
> media post dated on or around November 27, 2019), all laptops and computers
> (including the Microsoft Surface that was depicted in her social media post dated
> November 22, 2018), and any other devices, and any cloud-based storage accounts
> connected to those devices (including, but not limited to, iCould accounts,
> Dropbox, WhatsApp backups, Telegram, Google Drive, Facebook, and Wickr).

(Trade Secrets Action ECF No. 21 (emphasis added).)  Ms. Barbounis did not provide Cornerstone

with any of her devices by the court-ordered deadline, and The Forum filed a motion seeking a

finding of contempt and sanctions on January 21, 2020.  (Trade Secrets Action ECF No. 25.)

Judge Sanchez vacated the January 15th order following Ms. Barbounis' motion for

reconsideration, but again ordered her to turn over all of her devices to Cornerstone in a subsequent

order dated February 19, 2020.  (Trade Secrets Action ECF No. 38.)  In that Order, Judge Sanchez

provided that

> Barbounis must image all electronic devices in her possession, custody, or control
> which currently contain or have ever contained any of Middle East's documents or
> any documents referring to or relating to Middle East's documents. These devices
> include, but are not limited to, cell phones, laptops, tablets, USB drives, or hard
> drives, without regard to whether the devices were purchased or paid for by
> Barbounis's husband. The imaging process must capture documents and metadata,
> including documents and metadata that have been deleted if those documents and
> metadata are recoverable. ***Barbounis must give these electronic devices to a third-
> party vendor for imaging by February 25, 2020***.

(*Id.* (emphasis added).)   The Order also provided that all discovery related to an upcoming

preliminary injunction hearing would be completed by March 20, 2020.  (*Id.*)  This, of course,

would end up being another court-ordered deadline ignored by Ms. Barbounis and her counsel.

On March 19, 2020, The Forum filed an emergency motion to compel given that months had passed and The Forum "ha[d] yet to receive a single electronic file or other documents ordered by this Court."  (Trade Secrets Action ECF No. 44.)  After numerous briefs were exchanged by the parties, yet another order was entered on June 25, 2020.  (Trade Secrets Action ECF No. 58.)  This time, Judge Sanchez ordered that Cornerstone receive "electronic copies, or images, of [Ms. Barbounis'] two iPhone devices and any other devices…in a format acceptable to Cornerstone and in a format which preserves and does not alter any and all existing metadata" by 5:00 PM EST on June 29, 2020.  (*Id.*)  By that same time, Mr. Carson was ordered to "identify and supply Cornerstone with [Ms. Barbounis'] account usernames and passwords" for expressly identified email, cloud-based storage, messaging, and social media accounts.  (*Id.*)  The June 29th deadline was not met.

Six weeks later, on August 11, 2020 Cornerstone first received Ms. Barbounis' documents and information which included files collected from just two devices.  (Trade Secrets Action ECF No. 62.)  These documents and files were the result of a certain twenty-five (25) agreed upon search terms relevant only to the Trade Secrets Action.

### The Interplay Between the Trade Secrets Action and This Action

By email dated late September 23, 2020, Mr. Carson confirmed with Cornerstone that The Forum's counsel in this Action could have access to the documents produced in the Trade Secret Action.  (A true and correct copy of Mr. Carson's September 23, 2020 email is attached as **Exhibit A**.)  Mr. Carson's position was that production of these documents – which were generated via a key word search in the Trade Secrets Action – satisfied his client's discovery obligations in this case, a position with which The Forum has vehemently and consistently disagreed.  The Forum was had little confidence that these documents would be responsive to their requests in this Action,

as made that clear to Mr. Carson, but awaited their production before making any final

determination as to outstanding deficiencies.  In seeking written confirmation that The Forum

could access the documents, Mr. Walton wrote to Mr. Carson,

> [W]e do not concede that this production will fully satisfy your client's discovery
> obligations.  We also do not waive our right to seek additional document discovery
> from your client that would be responsive to [The Forum's] outstanding document
> requests.

(*Id.*)  But when Mr. Carson pushed back, Mr. Walton explained further:

> If there are more documents that should be produced, we are going to demand their
> production.  The issues, and hence the search terms, in the trade secret cases involve
> different issues.  You cannot assume that 25 search terms for the trade secret case
> automatically satisfies your discovery obligations in the employment
> discrimination case.

(*Id.*)

So, with Mr. Carson's permission granted, and in the interest of efficiency and in the hopes

of moving this case along and facilitating preparations for depositions, counsel for The Forum

agreed to accept and review the production to determine whether and how the production of Ms.

Barbounis' documents remained deficient.

Despite having had access to the Cornerstone documents for six weeks, Mr. Carson told

counsel for The Forum, "*I have barely looked at the discovery from Cornerstone.  So maybe we

should ask for more time in light of 250,000 files and probably a million documents*."  (*Id.*)

(emphasis added.)  In other words, Mr. Carson had authorized production of these documents

without having any idea what the production contained and whether the documents were

responsive to The Forum's discovery requests in this Action.

**Then, Mr. Carson revoked that permission less than a day later.**  The next afternoon,

apparently having looked at some of the documents for the first time, Mr. Carson informed Mr.

Walton that given certain personal and private images, including images of Ms. Barbounis'

children, had been included in the production Mr. Carson needed to revoke access while he reviewed the documents.  We are respectful of the Barbounis' family's privacy and have no desire to access such images.  But still, Mr. Carson had six weeks to review these documents, and because of his failure to do so, another month has passed and The Forum still does not have a single document produced by Ms. Barbounis.

The Forum was mindful of Judge Sanchez's orders regarding the data collection and production in the Trade Secrets Action and Your Honor's preference that counsel work discovery disputes amongst themselves before seeking judicial intervention.  As such, counsel for The Forum pressed Mr. Carson on his client's discovery obligations, seeking to determine whether and what his client would be producing in this case.  Taking that into account coupled with the operative scheduling order, The Forum filed its Motion to Compel on October 7th—two weeks after Mr. Carson informed it that it could not have access to the documents and two weeks before the October 28th discovery deadline.

So, for months Ms. Barbounis has been relying on the retrieval of this data from the Trade Secrets Action to fulfill her obligations in this Action.  This was despite her counsel's apparent failure to review the contents of those documents over the course of months.  Even if The Forum did have this production from Ms. Barbounis, she still would not be in compliance with her obligations.  This Action involves her harassment, retaliation, and discrimination-based claims against The Forum and The Forum's counterclaims for breach of duty of loyalty, civil conspiracy, and fraudulent misrepresentation.  As noted above, the Cornerstone documents were generated via a search of Ms. Barbounis' electronic devices using keywords that targeted documents and information relevant to the Trade Secrets Action.  Given the obvious differences between the claims in this Action and the claims in the Trade Secret Action, producing documents responsive

12

to The Forum's requests is in the Trade Secret Action will likely not fulfill Ms. Barbounis' obligation to produce documents responsive to those requests served by The Forum in this Action—requests that were served nearly nine months ago.   Counsel for The Forum has consistently and repeatedly made it clear to Mr. Carson a production of the documents from Cornerstone will not remedy the mountain of discovery deficiencies in this Action.

### **Prior Discovery Failures and Disregarded Orders**

While in normal circumstances separate Actions are considered distinct, this is by no means a normal circumstance.  Given the context of this Motion and the relief sought, The Forum must make this Court aware of Mr. Carson's ever-expanding record of disregarded obligations and orders because of the severe prejudice The Forum has suffered.  The Forum has worked tirelessly over the course of the last ten months—work spanning a half dozen actions in this Court—to chase down Mr. Carson and his clients for document production and written discovery responses. Further, The Forum has taken the lead in all necessary joint submissions—whether Rule 26(f) reports, requests for extensions, or any other joint submission.  The Forum has had to, frankly, pick up Mr. Carson's slack for the better part of a year.  This has to stop.

*The Trade Secrets Action.*  As explained in detail above, in the Trade Secrets Action, The Forum has filed a slew of motions to compel and a motion for contempt as a result of Ms. Barbounis' failures to comply with discovery obligations and Judge Sanchez's orders.

*The Brady Action.*  Much like this Action, The Forum filed motions to compel, motions for sanctions, and ultimately a motion for contempt in the *Brady* Action.  And much like Judge Sanchez's orders in the Trade Secrets Action, Mr. Carson showed a disregard for Judge Kearney's orders in the Brady Action from day one.

13

Mr. Carson failed to appear before Judge Kearney for a court-ordered Initial Pretrial Conference on January 31, 2020, and violated Judge Kearney's January 17, 2020 Order requiring him to jointly submit a Rule 26(f) Report with The Forum. Judge Kearney in turn instructed The Forum to file a Motion for Attorneys' Fees. Judge Kearney granted, in part, The Forum's Motion and ordered Mr. Carson to appear and show cause as to why he should not be sanctioned. The show cause hearing was held before Judge Kearney on July 6, 2020. As a result, Mr. Carson's firm, Derek Smith Law Group, PLLC ("DSLG"), was ordered to pay The Forum's attorneys' fees ($954.50) by July 20, 2020. DSLG and Mr. Carson failed to comply with Judge Kearney's order by failing to make payment on time. On August 5th, sixteen days after the payment was due, The Forum was forced to file a Motion to Hold Derek Smith Law Group in Contempt due to its violation of the July 6th Order. (*Brady* ECF No. 65) Following another hearing before Judge Kearney, for which Judge Kearney required Mr. Carson and his supervisors, Samuel Wilson, Esq. and Derek Smith, Esq., to attend, The Forum's motion for contempt was granted, in part, and DSLG was ordered to pay The Forum's fees and costs incurred in its preparation of the contempt motion and hearing.[2] (*Brady* ECF No. 71.)

Aside from the sanctions imposed upon Mr. Carson and his firm as a result of his failures to abide prior order of the Judges in this District, Mr. Carson also failed to abide by discovery obligations, much like he has done in this Action. On June 9th, with the discovery deadline was fast-approaching, The Forum was forced to file a Motion to Compel Ms. Brady to produce all documents responsive to The Forum's requests. (*Brady* ECF No. 45.) Judge Kearney granted The Forum's Motion to Compel and ordered Ms. Brady to produce written responses, without

---

[2] The Forum has not attached transcripts from the July 6th and August 13th hearings, but will submit them to the Court for in camera review should Your Honor so instruct.

objection, to The Forum's discovery requests and to "produce all responsive documents" by June 16th (*Brady* ECF No. 53.) Mr. Carson failed to respond *at all* and entirely disregarded the Judge Kearney's order.  As a result, The Forum was forced to file yet another motion, this time seeking compulsory compliance with discovery obligations and sanctions.  (*Brady* ECF No. 55).  Judge Kearney, by order dated June 18, 2020, granted in part The Forum's motion (*Brady* ECF No. 57).  Soon thereafter, the Brady Action was ordered dismissed with prejudice pursuant to Local Rule of Civil Procedure 41.4(b) on motion by Mr. Carson.  (*Brady* ECF No. 61.)  Despite that dismissal, Mr. Carson never finalized a settlement agreement on behalf of his client.

**The McNulty Action.**  It should come as no surprise that Mr. Carson has not served written responses to document requests or produced documents on Ms. McNulty's behalf in the *McNulty* Action pending before Judge Brody.  The Forum, as it has done so many times before, filed a motion to compel responses to its requests served in January.  Judge Brody ordered that on or before October 22, 2020--which is today—that Mr. Carson respond to The Forum's request for a telephone conference and "resolve the discovery dispute." (*McNulty* ECF No. 33.)  As of the time this motion was filed, Mr. Carson and Ms. McNulty have failed to comply with that Order.

## Legal Argument

Rule 37 of the Federal Rules of Civil Procedure provides a mechanism by which a party can seek sanctions for another's failure to cooperate in discovery.  There is no better example of a failure to cooperate in discovery than that which is now set forth before Your Honor.  Under this rule, "if a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders" that include orders

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Given Ms. Barbounis' and Mr. Carson's repeated failures and that The Forum has been provided no discovery with which to prepare its defense, the relief outlined above and as stated expressly in the Federal Rules is warranted here.

In addition, The Forum is at a deadlock in terms of progressing this Action.  Discovery is set to close in less than a week.  Mr. Carson initially proposed, and then agreed to jointly seek an extension, and The Forum's counsel took the lead on drafting a letter to Your Honor establishing that good cause warrants an extension.  As is Mr. Carson's common practice, on the deadline to submit our request for an extension, which was yesterday, Mr. Carson failed to respond to our emails.  Mr. Carson sent a draft letter with proposed revisions on the evening of Tuesday, October 20th.  Ms. Benson timely returned to Mr. Carson a counterproposal draft on Wednesday morning.  This draft accepted in part Mr. Carson's revisions and added further minor revisions.  Mr. Carson failed to respond.  After following up again mid-after and at the close of the business day, Mr. Carson finally responded to Ms. Benson's email after 6:00pm and wrote that he no longer agreed to a joint request for an extension (as he had originally proposed) due to **his insistence that the request include reference to a disputed point in another case having**

16

**nothing to do with discovery.**[3]  (A true and correct copy of counsel's email exchanged dated October 21, 2020, with the attached proposed letter, is attached as **Exhibit B**.)

The power to punish contempt "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450 (1911).  The Court has broad discretion to fashion contempt sanctions.  *See Northeast Women's Center, Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991); *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 678 F.2d 470, 478 (3d Cir.), *cert. denied*, 459 U.S. 963 (1982); *MacDermid, Inc. v. Selle*, 577 F. Supp. 2d 599, 601 (D. Conn. 2008).  For example, the Court can impose fines, *see MacDermid*, 577 F. Supp. 2d at 602; *Howe Laboratories, Inc. v. Stevick*, 1997 WL 340916 at *1 (E.D.N.Y. June 18, 1997), or order the incarceration of the party who has violated the Court's order.  *See Northeast Women's Center*, 939 F.2d at 70; *Delaware Valley Citizens' Council*, 678 F.2d at 478; *Clearone Communications, Inc. v. Chiang*, 670 F. Supp. 2d 1248, 1251 (D. Utah 2009).  Finally, the Court can award attorneys' fees as well as the other expenses (including the expenses of a party's time) involved in demonstrating a violation of the Court's order.  *See Robin Woods*, 28 F.3d at 401.

For the record, counsel for The Forum does not lightly seek contempt against a party or her counsel, nor seek to burden the Court with motions that could be avoided through discussions with counterparts, as members of this Bar are obligated to do.  But when, as now, the undersigned are now confronted with a long pattern of disobeyed orders of this Court which have stalled this

---

[3] Counsel for MEF offered to include the unrelated, disputed statement by making it clear that the statement was "Mr. Carson's position." This was apparently not enough to satisfy Mr. Carson.

litigation, significantly and needlessly increased the costs incurred, and prejudiced the rights of the client, counsel is left with no other choice, and in fact has an obligation to both client and court, to seek an effective remedy.  Rules are only rules if both sides abide them.  Despite being found in contempt just weeks ago, Mr. Carson apparently still fails to understand that Court Orders are just that: orders, not suggestions.  As such, a more substantial remedy is warranted and required.  At a minimum, The Forum needs, and is entitled to, ample time to review the hundreds of thousands of documents that it anticipates will be coming, despite being overdue, and then preparing for and taking depositions.

WHEREFORE, Counsel respectfully requests that the Court entered the attached Proposed Order.


Respectfully submitted,

COZEN O'CONNOR

BY:  /s/David J. Walton
        David J. Walton (PA #86019)
        Leigh Ann Benson (PA #319406)
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        P: 215-665-2000
        F: 215-665-2013
        dwalton@cozen.com
        lbenson@cozen.com

Dated:  October 22, 2020                *Attorneys for Defendant*
                                        *The Middle East Forum*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I served upon all counsel of record a true and correct copy of Defendant The Middle East Forum's Motion for Contempt via ECF filing.

*/s/ David J. Walton*

David J. Walton, Esquire

**COZEN O'CONNOR**

*Attorney for Defendant,*
*The Middle East Forum*

Dated: October 22, 2020

19