# Exhibit G

Depositions - Scheduling Depositions Barbounis v. MEF, et al.

Seth Carson <seth@dereksmithlaw.com>
Wed 10/21/2020 6:43 PM

To: Walton, David <DWalton@cozen.com>; Sidney Gold <sgold@discrimlaw.net>; Benson, Leigh Ann <LBenson@cozen.com>; Cavalier, Jonathan <JCavalier@cozen.com>

This is my fourth and final attempt to work with you to schedule the depositions of:

1. Mark Fink
2. Daniel Pipes
3. Greg Roman
4. Matthew Bennet
5. Steve Levey
6. Laurence Hollin

Please be advised, I am going to cancel every deposition that is currently scheduled (temporarily postponing them) unless your client allows the scheduling of their depositions. We have now been discussing this matter for weeks. We held a telephone conference last week where Mr. Gold, Mr. Walton, Mr. Caviler, and myself were on the call.

The call was intended to be a time when we could look at our calendars and plan the last 2 weeks of discovery to coordinate depositions. I assisted in scheduling depositions for Lisa Barbourins, Jane Reynolds, Patricia McNulty, and Vasilli Barbounis.

You assured me that you would get me dates for the above 6 individuals. I have sent other emails following up on that telephone meet and confer. And you have not provided me with a single date for a single deposition.

There is a pattern of bad faith behavior that becomes apparent every time we have to lock in dates for depositions.

Your clients did the exact same thing in the matter of Brady v. MEF, et al., and it took a Motion to Compel to Judge Kearney to facilitate the scheduling of all the depositions. The parties scheduled the depositions and then we settled the case for $15,000 and agreed to a 41.1(b) dismissal. Your client's bad faith continues because now, they refuse to honor the agreement that was made in that case. Instead of paying the agreed to settlement amount, your clients are going to force Ms. Brady to file a brand-new lawsuit in federal court for discrimination and harassment in the workplace. Of course, I will add a count for breach of contract and any other remedy available to Ms. Brady to compel the settlement.

But apparently, I am going to have to do the same thing in Ms. Barbourin's case to compel your clients to attend depositions.

I am going to begin working on the Motion to Compel right now.  I am going to file it tonight and I am going to ask Judge Wolson to intervene to Order the depositions of the above 6 individuals.

We do not need an extension.  I will cancel my entire week next week and the rest of this week in order to facilitate the deposition scheduling.

If we do need an extension, maybe a short extension of 1 week for Defendants to file their dispositive motion will suffice.

Please let me know if you would like to discuss any of the above.

I am available right now and anytime tomorrow.  All we have to do is look at our calendars and choose some dates.

Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Direct: 484.678.2210
Email: Seth@DerekSmithLaw.com

CONFIDENTIALITY NOTE: The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.