# Exhibit I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAITRIONA BRADY | : | CIVIL ACTION |
|         Plaintiff, | : | NO. 2:19-cv-05082-MAK |
| -vs- | : | |
| THE MIDDLE EAST FORUM, | : | |
|         Defendants. | : | |

**PLAINTIFF, CAITRIONA BRADY'S MOTION TO
COMPEL DISCOVERY RESPONSES AND DEPOSITIONS**

Pursuant to Rule 37 of the Federal Rule of Civil Procedure and Rule 26.1(g) of the Local Rules, Plaintiff, Caitriona Brady ("Plaintiff" or "Ms. Brady") moves for an Order compelling Defendant, The Middle East Forum's ("Defendant") oral and written discovery.

1. On February 13, 2020, Plaintiff, Caitriona Brady sent a First Set of Interrogatories and First Request for Production of Documents. See Exhibit A.

2. February 14, 2020, Plaintiff began to schedule depositions. See Exhibit B.

3. April 17, 2020, Plaintiff identified 7 individuals for depositions. See Exhibit C.

4. Plaintiff sent an April 23, 2020 email again for deposition dates. See Exhibit D.

5. Plaintiff's April 29, 2020 email included proposed depositions dates. See Exhibit E.

6. Defendant would not discuss scheduling Greg Roman's deposition. See Exhibit G.

7. As instructed, Plaintiff's counsel included attorney Sidney Gold in all subsequent emails regarding Greg Roman's deposition. Id.

8. Greg Roman has outright refused to appear or schedule his deposition.

9. May 1, 2020, Plaintiff sent Defendant an email confirming depositions dates. Id.

10. Plaintiff sent a Notices of Deposition. See Exhibit H, Exhibit I and Exhibit J.

11. On May 15, 2020, Defendant unilaterally canceled all depositions. See Exhibit K.

12. Plaintiff tried to reschedule the depositions of (1) Daniel Pipes, (2) Greg Roman, (3) Mark Fink, (4) Steven Levy, (5) Lawrence Hollin, and (6) Matthew Bennett and a 30(b)(6). Id.

13. After rescheduling, Plaintiff sent notices of deposition for the following dates and times: MARK FINK June 11, 2020, MATTHEW BENNETT June 11, 2020, STEVEN LEVY June 11, 2020, LAWRENCE HOLLIN June 11, 2020, DANIEL PIPES June 10, 2020. See Exhibit L.

14. Greg Roman refused to schedule a deposition so Plaintiff chose a date. Exhibit M.

15. Greg Roman's June 9, 2020 deposition was unilaterally canceled. See Exhibit N.

16. June 8, 2020 all depositions set for June were unilaterally canceled.

17. Defendants attempted to cancel the depositions set for June 10 and 11, 2020 on June 4, 2020 and June 5, 2020 and then unilaterally canceled all depositions June 8, 2020.

18. Plaintiff reserved 10 days in June for depositions and none of them have occurred.

19. Plaintiff will be severely prejudiced if she cannot depose Greg Roman, Daniel Pipes, Mark Fink, Matthew Bennett, Steve Levey, and Laurence Hollin.

20. No reason has been given for Greg Roman's refusal to schedule his deposition.

21. Plaintiff does not agree to a protective order that will have a chilling effect on her first amendment rights that operate to silence the many victims of Greg Roman's sexual assault, sexual harassment, and sex and gender discrimination.

22. Defendants have admitted to withholding thousands of responsive documents.

23. Defendant's argument to avoid discovery does not comport with the parties' agreement that information will be kept attorney's eyes until further notice. This agreement is why Defendants already produced 2102 responsive documents.

24. Dispositive motions are currently due Friday, June 12, 2020.

25. Plaintiff has not deposed a single individual and has not received Defendants' complete responses to Plaintiff's Request for Production of Documents.

26. The absence of a protective order has no bearing on the production of documents and witnesses for deposition when there is an attorney's eyes only agreement.

27. Defendants refusal to produce witnesses for deposition and responses to Plaintiff's discovery requests despite impending discovery deadlines indicates willful delay.

28. Plaintiff and Dave Walton held a meet and confer discussion by telephone June 2, 2020 where Plaintiff indicated she would agree to the protective order as long as it would not be used to silence the voices of women who have alleged sexual harassment.

29. Plaintiff believes Defendant is attempting to run out the clock in the final days of discovery to deny Plaintiff the opportunity to conduct written and oral discovery.

30. Defendants were scheduled to appear for depositions by video conference June 10 and 11, 2020, and have indicated they will not appear because of the protective order.

For the reasons cited above, Plaintiff requests an Order for Defendant to produce (1) Greg Roman, (2) Daniel Pipes, (3) Steve Levey, (4) Matthew Bennet, (5) Laurence Hollin, and (6) Mark Fink for deposition. Plaintiff also requests an Order compelling Defendant's production of documents. Plaintiff will respond to Defendant's proposed protective order and is agreeable to sealing documents including trade secrets or personal private information, however, Plaintiff is concerned Defendant will use the protective order to silence past victims which will cause future victims to suffer harm.

WHEREFORE Plaintiff respectfully requests the Court grant Plaintiff's Motion to Compel oral and written discovery.

4

                                       **DEREK SMITH LAW GROUP, PLLC**

                        By:     /s/ Seth D. Carson
                            Seth D. Carson, Esquire
                            1835 Market Street, Suite 2950
                            Philadelphia, Pennsylvania 19103
                            Phone: 215.391.4790
                            Email: seth@dereksmithlaw.com

DATED: June 10, 2020

## CERTIFICATE OF SERVICE

I hereby certify that, on June 9, 2020, a true and correct copy of the foregoing Motion to was filed and served electronically through the Court's CM/ECF system.

>Sidney L. Gold sgold@discrimlaw
>Sidney L. Gold & Associates P.C.
>1835 Market Street, Suite 515
>Philadelphia, PA 19103
>Tel: (215) 569-1999
>Fax: (215) 569-3870
>Counsel for The Middle East Forum
>
>David J. Walton
>COZEN O'CONNOR
>One Liberty Place Suite 2800
>1650 Market Street
>Philadelphia, PA 19103
>P: 215.665.2000
>F: 215.665.2013
>dwalton@cozen.com

>**DEREK SMITH LAW GROUP, PLLC**
>
>By: \_\_\_\_/s/ Seth D. Carson\_\_\_\_\_
>    Seth D. Carson, Esquire
>    1835 Market Street, Suite 2950
>    Philadelphia, Pennsylvania 19103
>    Phone: 215.391.4790
>    Email: seth@dereksmithlaw.com

DATED: June 9, 2020

**CERTIFICATION PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 26.1(F)**

Counsel for Plaintiff, Caitriona Brady hereby certifies pursuant to Local Rule of Civil Procedure 26.1(f) that the parties after reasonable effort are unable to resolve the dispute. Counsel for the parties have exchanged many electronic communications as demonstrated in the accompanying Motion to Compel. The emails referenced in the accompanying Motion as Exhibits A through N, are not exhaustive of the parties attempts to resolve the issues outlined above. On June 2, 2020, Plaintiff's counsel and counsel for Defendants, Dave Walton held a telephone conversation to meet and confer regarding the issue which Defendant claims prevents the production of witnesses and documents.

Plaintiff's counsel explained that his client does not intend to agree on a protection order unless it clearly exempts documents related to the discrimination and harassment in the workplace. Plaintiff suggests that such documents are not worthy of protection and Plaintiff sent a red-line version of the proposed protective order to Defendant today, June 9, 2020 in accordance with the arguments presented during the June 2, 2020 meet and confer.

Plaintiff presents the accompanying motion because the absence of a protective order should not prevent the parties from engaging in discovery when there is an attorneys eyes only agreement and Defendants have selectively chosen to produce some documents but not all of them.

Depositions have been scheduled twice and canceled both times. Moreover, Defendant has yet to indicate that Greg Roman, the primary harasser whose actions are upon which this case is premised will even appear for a deposition. Plaintiff has asked for dates for Greg Roman

numerous times in addition to the exhibits attached hereto and Defendant has refused to respond to Plaintiff's attempt to schedule Greg Roman's deposition.  We are now within three (3) days of the date when dispositive motions are due and Plaintiff requests the Court's assistance to Order the discovery of responsive documents and depositions.

                                        **DEREK SMITH LAW GROUP, PLLC**

By:     /s/ Seth D. Carson
        Seth D. Carson, Esquire
        1835 Market Street, Suite 2950
        Philadelphia, Pennsylvania 19103
        Phone: 215.391.4790
        Email: seth@dereksmithlaw.com

DATED:  June 9, 2020

Case 2:19-cv-05582-JMY Document 64-9 Filed 06/12/20 Page 8 of 8