UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS : | |
| : | |
| Plaintiff, : | |
| -vs- : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| : | |
| THE MIDDLE EAST FORUM, : | |
| DANIEL PIPES (*individually*), : | |
| GREGG ROMAN (*individually),* and : | |
| MATTHEW BENNETT (*individually*) : | |
| : | |
| Defendants. : | |

### DEFENDANT THE MIDDLE EAST FORUM'S RESPONSE IN OPPOSITION TO PLAINTIFF MS. LISA BARBOUNIS' MOTION TO COMPEL DEPOSITIONS

Defendant The Middle East Forum ("The Forum" or "Defendant"), through its counsel, hereby submits the foregoing in opposition to the Motion to Compel Depositions ("Motion") (ECF No. 64) filed by plaintiff Ms. Lisa Barbounis ("Ms. Barbounis" or "Plaintiff), and avers as follows:

### Introduction

Ms. Barbounis' Motion fails to tell the whole story in its attempt to seek an order compelling depositions which have never been noticed. And, most notably, the Motion omits that in the days leading up to its filing, Ms. Barbounis' counsel, Seth Carson, Esq., had been working with Defendants to prepare a joint request for an extension of the discovery deadline which made the scheduling of depositions less pressing.

Given the mountain of issues the Parties were facing in their efforts to obtain Ms. Barbounis' document productions (which are now the subject of a Motion for Contempt filed by The Forum) coupled with The Forum's recently filed counterclaims, counsels for the Parties had agreed that it would be necessary to jointly request an extension of the fact discovery deadline—in fact, Mr. Carson himself proposed jointly requesting an extension, which The Forum

ultimately agreed to do. Thus, scheduling the depositions became less time-sensitive in recent days as the Parties dealt with the discovery issues and draft extension request. In the evening of Wednesday, October 21st, which was the deadline for submitting a request for an extension pursuant to Your Honor's Policies and Procedures, The Forum's counsel was waiting to receive Mr. Carson's approval to submit their joint request. Throughout the day, counsel had sent numerous emails to Mr. Carson seeking his final approval. At 6:30 pm, Mr. Carson rejected The Forum's draft request for an extension of the discovery period due to an unrelated issue in a different action. The next day Mr. Carson filed the Motion.

**Factual Background**

Plaintiff Ms. Lisa Barbounis is a former employee of The Forum. She filed this action against The Forum, its President, Mr. Daniel Pipes, Director, Mr. Gregg Roman, and a former employee, Mr. Matthew Bennett, alleging sexual harassment and discrimination and retaliation. Ms. Barbounis is one of four former employees who filed claims for harassment, discrimination, and retaliations in this Court in 2019. Ms. Barbounis' counsel, Seth Carson, Esq., is representing two of the other plaintiffs.[1]

Mr. Carson is also representing Ms. Barbounis is a separate action brought against her by The Forum, captioned at *The Middle East Forum v. Barbounis*, No. 19-5687, pending in this Court before the Honorable Juan R. Sanchez, in which The Forum has alleged a series of

---

[1] In the matter *McNulty v. The Middle East Forum, et al.*, 2:19-cv-05029, currently pending before the Honorable Anita B. Brody, Mr. Carson is representing plaintiff Ms. Patricia McNulty. In the matter *Brady v. The Middle East Forum, et al.*, 2:19-cv-05082, Mr. Carson is representing plaintiff Ms. Caitriona Brady. Cozen O'Connor is representing The Forum in each of these actions. The fourth action, *O'Brien v. The Middle East Forum, et al.*, 2:19-cv-06078, pending before the Honorable John M. Gallagher, plaintiff Ms. Marnie O'Brien is represented by separate counsel Erica Shikunov Esq., who also now is with the Derek Smith Law Group). Mr. Carson also represented another former employee who voluntarily withdrew her lawsuit after The Forum filed a Motion to Dismiss. *Yonchek v. The Middle East Forum, et al.,* 2:19-cv-05083

common law and statutory claims arising from Ms. Barbounis' theft of trade secret information (the "Trade Secrets Action"). The Forum is represented by separate counsel in the Trade Secrets Action and undersigned counsel in the instant action has no involvement in the Trade Secrets Action.

## The Parties' Attempts to Schedule Depositions and Complete Discovery

Plaintiffs' own Motion confirms that in the last week and a half, Mr. Carson was fully on board with seeking an extension—and that he initiated those discussions—rather than rushing through depositions in light of the substantial discovery from Ms. Barbounis that was outstanding. On September 23rd, Mr. Carson, by email, suggested "maybe we should ask for more time in light of 250,000 files and probably a million documents" that he still needed to produce. (A true and correct copy of counsels' emails exchanged on September 23, 2020, is attached as **Exhibit A**.) The Forum's counsel agreed. (*Id.*)

The Parties then continued engaging in cordial discussions about jointly seeking an extension. On Friday, October 16th, before counsel conferred via phone call, Mr. Carson addressed the possibility of an extension, writing "[t]hese depositions have to take place in the next 2 weeks *unless there is an extension of deadlines.*" (Plaintiffs' Motion, ECF No. 64, at Ex. C.) Following that email, and as the emails reflect, Mr. Carson, Mr. Walton, Mr. Gold, and Ms. Benson conferred over the phone late in the afternoon on Friday, October 16th.[2] During that call, Mr. Carson provided dates for Ms. Barbounis and three other witnesses. Counsel for The

---

[2] Although not critical to the substantive arguments set forth here, The Forum would like to clarify the record. Plaintiffs' Motion includes, at Exhibit G, an email from Mr. Carson recounting the October 16th call between counsel. Mr. Carson's email misstates who participated in the call. Mr. Cavalier was not on the call on behalf of The Forum, rather Ms. Benson participated on the call along with her colleague Mr. Walton.

Forum took Mr. Carson's representations as to how much time he would need for the six witnesses he intended to depose under advisement and told Mr. Carson that they would be in touch regarding dates based on the information Mr. Carson provided. During the same call, Mr. Carson, Mr. Gold, and Mr. Walton—counsel for all the parties—agreed that a joint request for an extension was necessary. The Forum's counsel offered to take the lead drafting the request consistent with their discussions on that call.

Several days later, on Tuesday, October 20th, before any depositions of The Forum's witnesses had been scheduled, Mr. Carson wrote, "Please understand that we need all the deps scheduled. *If we get an extension, I will work with you on dates*." (Plaintiffs' Motion, ECF No. 64, at Ex. E.) Clearly, the Parties, as of this Tuesday, were still cooperatively working to request additional time to conduct discovery.

Counsel for the Parties conferred by phone again late-afternoon on Tuesday, October 20th, regarding Ms. Barbounis' forthcoming document production. This call, as Mr. Carson's Motion shows, was for the sole purpose of discussing the document production logistics with third-party vendor Cornerstone Discovery ("Cornerstone") and was initiated by Cornerstone. (Plaintiffs' Motion, ECF No. 64, at Exhibit F.) On October 13, 2020, a week before the call took place, Cornerstone wrote to Mr. Carson, "What day and time would work best for us all to have a conference call to discuss some necessary additional details?" (*Id.*) Nothing was set up. On October 19th, Cornerstone again wrote to Mr. Carson: "I didn't seen an email from you for the conference call with [Mr. Walton,] etc. I just wanted to make sure it didn't slip your mind." (*Id.*) The Cornerstone-led call was ultimately held the next day, at 4:15 p.m. on October 20th, and was joined by Mr. Carson and Ms. Benson and Mr. Cavalier, both on behalf of The Forum. The substance of that call focused on the document production. At the conclusion of the call,

4

counsel again discussed the joint request for an extension. That an extension was necessary became all the more apparent in light of what counsel learned about the volume and timing of the document production. Ms. Benson told Mr. Carson she would be sending him a draft letter right after the call. The October 20th call was not a meet and confer about deposition scheduling. Scheduling and depositions were not discussed on that call nor was the call set up for that purpose.

Within moments of hanging up with Mr. Carson and Cornerstone, Ms. Benson sent Mr. Carson a proposed letter to Your Honor reflecting the Parties' joint request for an extension, and Mr. Carson timely responded with proposed revisions. (A true and correct copy of the emails exchanged between counsel dated October 20-21 is attached as **Exhibit B**.) Early the next morning, The Forum responded with a counterproposal which largely accepted Mr. Carson's changes. (*Id.*) The Forum's draft accepted, in part, Mr. Carson's revisions and added further minor revisions to clarify that certain statements were Mr. Carson's position and not those of The Forum. (*Id.*) By mid-afternoon, Mr. Carson had not responded and Ms. Benson sent a second email asking Mr. Carson to review the draft and provide confirmation that The Forum had his permission to submit the joint request. (*Id.*) Still, nothing but silence. After 5:15pm on Wednesday, which was the day of the deadline to submit the request, Ms. Benson sent a third and final email asking for Mr. Carson to confirm his approval of the letter so that The Forum could timely submit it to Your Honor's chambers. (*Id.*) And, as has been his practice throughout this litigation, over an hour later, Mr. Carson threw a curveball and withdrew his consent to a joint extension writing, "***I am not going to consent to the extension—I will argue against it…***" (*Id.*) He further wrote, ***"I don't even need an extension.***" (*Id.*) Mr. Carson withdrew his

consent for an extension and represented that he did not need one despite that the depositions he wanted to take had not been noticed or scheduled.

Mr. Carson's basis for withdrawing consent to the extension is a dispute unrelated to this Action.  Earlier this year, in the *Brady* Action, Mr. Carson informed Judge Kearney that his client, Ms. Caitriona Brady, and The Forum reached a settlement agreement.  (A true and correct copy of Mr. Carson's July 6, 2020 email is attached as **Exhibit C**.)  As a result, on July 6, 2020, this Court ordered the *Brady* Action "dismissed with prejudice under agreement of counsel and Local Rule of Civil Procedure 41.4(b)."  (*Brady* Action, ECF No. 61.)  Rule 41.1(b) of the Local Rules of Civil Procedure provides that "[a]ny such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served ***within ninety (90) days of the entry of such order of dismissal,*** provided that the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c)."  Mr. Carson informed the Court that the *Brady* Action was settled despite that no agreement had been finalized and that the Parties were still engaged in discussions over terms critical to the agreement.  Neither party had executed any agreement or agreed to any final draft of a settlement agreement.  After the July 6th dismissal of the *Brady* Action, Mr. Carson failed to finalize any agreement between his client, Ms. Brady, and The Forum.  More than ninety-days have now passed.  Mr. Carson's position is that the Action is settled, whereas The Forum's position is that because no final agreement was reached and because Ms. Brady never agreed to material terms proposed by The Forum, there was no final settlement.  Regardless, this dispute has *no bearing* on this Action at all—and certainly has no bearing on the issue of scheduling depositions or requesting an extension.  But nonetheless, Mr. Carson apparently refused to agree to seek an extension here because of the unrelated dispute about the status of the *Brady* Action.  And again,

The Forum was willing to include Mr. Carson's position, marked as such, in the parties' joint request for an extension.

Mr. Carson has a habit of ignoring all requests and failing to respond to correspondence from counsel for The Forum while at the same time demanding immediate responses (within hours) from counsel when he decides that there is an issue that merits his attention.  Such is the case here.  Such is the case here.  Ms. Barbounis' Motion seeking an order compelling depositions (which have not been properly noticed) comes in the aftermath of Mr. Carson's last minute change of mind regarding an extension.  His own emails and Ms. Barbounis' Motion confirm that the scheduling was going to be dependent on the outcome of the parties' joint request for an extension.  Only when he reneged on his agreement to jointly seek an extension did he proceed with a sudden sense of urgency in scheduling and seek relief from this Court.

WHEREFORE, Counsel respectfully requests that the Court deny Ms. Barbounis' Motion and permit the Parties' to proceed with scheduling on their own accord.

    Respectfully submitted,

    COZEN O'CONNOR

    BY:  /s/David J. Walton
        David J. Walton (PA #86019)
        Leigh Ann Benson (PA #319406)
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        P: 215-665-2000
        F: 215-665-2013
        dwalton@cozen.com
        lbenson@cozen.com

Dated:  October 23, 2020        *Attorneys for Defendant*
        *The Middle East Forum*

## CERTIFICATE OF SERVICE

I hereby certify that I served upon all counsel of record a true and correct copy of Defendant The Middle East Forum's Opposition to Ms. Barbounis' Motion to Compel via ECF filing.

/s/ David J. Walton
David J. Walton, Esquire

**COZEN O'CONNOR**

*Attorney for Defendant,*
*The Middle East Forum*

Dated: October 23, 2020