**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | |
| GREGG ROMAN *(individually),* and | : | |
| MATTHEW BENNETT (*individually*) | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT THE MIDDLE EAST FORUM'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH
DISCOVERY OBLIGATIONS AND COURT ORDER COMPELLING DISCOVERY
RESPONSES AND PRODUCTION OF DOCUMENTS**

Defendant The Middle East Forum ("The Forum" or "Defendant"), through its counsel, hereby respectfully moves this Court for the entry of the proposed Order finding plaintiff Ms. Lisa Barbounis ("Ms. Barbounis" or "Plaintiff") and her counsel, Seth Carson, Esq. ("Mr. Carson"), in contempt due to their failure to comply with Your Honor's order (ECF No. 69) compelling Ms. Barbounis to "produce all outstanding documents to MEF" and "file a certification of compliance on the docket in this matter" before "the close of business on November 2, 2020." Ms. Barbounis did not produce documents until *after* the close of business on November 2nd; has not produced all outstanding documents; and has not filed a certificate of compliance.

## Introduction

The Forum now moves, again, pursuant to Rule 37(b)(2)(A) for the entry of an order finding Ms. Barbounis and her counsel in contempt for failing to comply, in full, with a discovery order entered by Your Honor on October 26, 2020.  (ECF No. 69).  This is the second contempt motion The Forum has filed in the last month.  The degree to which The Forum has been severely prejudiced is worsening by the day.  The Forum cannot fully defend itself from Ms. Barbounis'

claims and outlandish allegations absent her and her counsel's participation in this Action.  The Forum also cannot sufficiently prosecute its Counterclaims.  The Forum must now, again, seek relief from this Court.

### Factual Background

Plaintiff Ms. Lisa Barbounis is a former employee of The Forum.  She filed this action against The Forum, its President, Mr. Daniel Pipes, Director, Mr. Gregg Roman, and a former employee, Mr. Matthew Bennett, alleging sexual harassment, discrimination and retaliation.  Ms. Barbounis is one of five former employees who filed claims in this Court in 2019.  Ms. Barbounis' counsel, Seth Carson, Esq., is representing three of the other plaintiffs.[1]  The Forum has filed counterclaims against Ms. Barbounis for breach of the duty of loyalty, civil conspiracy, and fraudulent misrepresentation.

Mr. Carson is also representing Ms. Barbounis is a separate action brought against her by The Forum, captioned at *The Middle East Forum v. Barbounis*, No. 19-5687, pending in this Court before the Honorable Juan R. Sanchez, in which The Forum has alleged a series of common law and statutory claims arising from Ms. Barbounis' theft of trade secret information (the "Trade Secrets Action").  The Forum is represented by separate counsel in the Trade Secrets Action and undersigned counsel in the instant action has not appeared in the Trade Secrets Action.

---

[1] In the matter *McNulty v. The Middle East Forum, et al.*, 2:19-cv-05029 (the "McNulty Action"), currently pending before the Honorable Anita B. Brody, Mr. Carson is representing plaintiff Ms. Patricia McNulty.  In the matter *Brady v. The Middle East Forum, et al.*, 2:19-cv-05082 (the "Brady Action"), Mr. Carson is representing plaintiff Ms. Caitriona Brady.  Cozen O'Connor is representing The Forum in each of these actions.  The fourth action, *O'Brien v. The Middle East Forum, et al.*, 2:19-cv-06078 (the "O'Brien Action"), pending before the Honorable John M. Gallagher, plaintiff Ms. Marnie O'Brien is represented by separate counsel Erica Shikunov, who also now is with the Derek Smith Law Group.  Mr. Carson also represented another former employee who voluntarily withdrew her lawsuit after The Forum filed a Motion to Dismiss.  *Yonchek v. The Middle East Forum, et al.,* 2:19-cv-05083 (the "Yonchek Action").

### *The Forum's First Motion for Contempt*

The Forum set forth Ms. Barbounis' failure to comply with this Court's Order dated October 14, 2020, in its Motion for Contempt (ECF No. 62) and Supplemental Motion for Contempt (ECF No. 65) (collectively, the "First Contempt Motion").  Your Honor, following  a video-hearing on October 26th, granted The Forum's First Contempt Motion in part.  On October 26th, Your Honor entered an Order providing, in relevant part:

> Plaintiff, by the close of business on November 2, 2020, shall i) provide written responses to MEF's document requests; ii) produce all outstanding documents to MEF; and iii) file a certification of compliance on the docket in this matter.

(Order, ECF No. 69).

Ms. Barbounis and Mr. Carson failed to comply with this Order.  Hours after the close of business on November 2nd, Mr. Carson emailed The Forum's counsel a link through which it could access (i) Ms. Barbounis' written responses to discovery requests; (ii) supplemental production of documents; (iii) Ms. Barbounis' expert report; and "some files" that Mr. Carson "believe[d The Forum] have already received through Plaintiff's e-discovery."  (A true and correct copy of Mr. Carson's November 2, 2020 email is attached as **Exhibit A**.)  This supplemental production is significantly lacking, as is described in more detail below.  And, more than a week has now passed since the November 2nd deadline, and Mr. Carson has not filed a certificate of compliance.

Given the seemingly perpetual delays in this Action that have been caused by Ms. Barbounis and her counsel and that the fact discovery deadline (November 25th) is fast-approaching, The Forum proceeded with taking Ms. Barbounis' deposition on Wednesday, November 4th.  The deposition went forward despite that Ms. Barbounis' discovery failures remained at issue.  Then, two days later, The Forum also proceeded taking the deposition of Ms.

Patricia McNulty, another former employee of The Forum who worked closely with Ms. Barbounis and also filed her own employment action against the Defendants. The Forum took these depositions without the benefit of having received a complete production or the benefit of having ample time to review what had been produced.

### *Ms. Barbounis and Her Counsel Have Disregarded Your Honor's Order*

The Forum, frankly, is not surprised that Ms. Barbounis and Mr. Carson have violated yet another Order of this Court. And, there are several facets to this most recent violation: *First*, and most obviously, Ms. Barbounis and Mr. Carson have not filed a certificate of compliance. This is a violation of the October 26th Order. *Second*, Mr. Carson has not completed his obligation to produce all outstanding documents. The productions are incomplete and grossly inadequate.

### *Ms. Barbounis Responses to The Forum's Document Requests Are Inaccurate*

Throughout Ms. Barbounis' responses to The Forum's discovery requests, she includes the same responses which inaccurately describes her productions:

> Plaintiff has also produced **several hundred thousand documents** taken from Lisa Barbounis's electronic devices, social media accounts, email accounts, and cloud based storage accounts. Plaintiff and Defendants received this production at the same time. Accordingly, **all documents produced through are (sic) equally accessible to Defendants as to Plaintiff**.

(*See* Ms. Barbounis' Responses to The Forum's Document Requests, a true and correct copy of which is attached as **Exhibit B** (emphasis added).) This response is simply not an accurate representation.

First, Plaintiff has not produced several hundred thousand documents. From Cornerstone, The Forum received 90,437 documents on Friday, October 23rd. On November 2nd, Ms. Barbounis

produced 20 documents.[2]  And lastly, and without explanation, on November 4th,  Cornerstone sent to The Forum's counsel a link to an additional 274 documents.  Clearly, Ms. Barbounis has not produced "**several hundred thousand documents**."  In fact, she has not even produced one hundred thousand documents.

Second, not all documents accessible to Ms. Barbounis are accessible to The Forum.  This has been an issue between the Parties for months now and one that has previously been explained to the Court.  For purposes of this Motion, The Forum will briefly re-address the issue:  Ms. Barbounis, in another action pending before this Court, had been ordered to turn her personal devices over to third-party e-discovery vendor Cornerstone for imaging.  Following a mishap that resulted in personal (and intimate) pictures of Ms. Barbounis' and her family to be produced, it was agreed that all files on her phone that were video recordings, JPGs, audio recordings, or other "multimedia" files would be separately reviewed by her counsel and be produced at a later date. It was important that these documents were reviewed for responsiveness.  For one, Ms. Barbounis is known to record conversations.  In fact, she testified that at relevant times she recorded conversations with her co-workers at The Forum, including defendant Mr. Roman and Ms. Marnie O'Brien, who also has an employment action pending against Defendants.  Also, Ms. Barbounis is known to have used her phone to take pictures of documents, including documents relevant to this Action.  Thus, these types of files on her phone must be reviewed for responsiveness to ensure that (i) all responsive files are produced and (ii) personal, intimate and non-responsive documents are not produced.

---

[2] This production is—to put it simply—meager.  It includes, in substantial part, Ms. Barbounis' confidential medical records, correspondences exchanged between counsel in this Action (documents The Forum already possesses), Ms. Barbounis' EEOC charge which was the genesis of this Action (again, documents The Forum already possesses), and Ms. Barbounis' written discovery responses (which are oddly included in the "production").  In sum, aside from the confidential medical records, there essentially nothing new, and nothing of substance, in the November 2nd supplemental production.

This was explained to Your Honor during the October 26th hearing on The Forum's First Motion for Contempt. Thus, Ms. Barbounis' counsel was, subject to the October 26th Order, to produce the remaining responsive files from the data collected from Ms. Barbounis' devices. These documents were not produced. Thus, the representation that all documents accessible to Ms. Barbounis are equally accessible to Defendants is simply not accurate.

And it logically follows from that explanation that it was not accurate for Ms. Barbounis to state in her responses, "Plaintiff and Defendants received this production at the same time." (*See* Ex. B.) It was in mid-August that the so-called mishap occurred which resulted in the inadvertent production of intimate photos and the decision that Mr. Carson would separately review JPG files, audio files, video recordings, and the like. Therefore, the productions were not received at the same time. Mr. Carson has had months to review and produce these files. He has not done so. Defendants still do not have them.

**Ms. Barbounis Has Not Fulfilled Her Obligation to Produce All Responsive Documents**

Ms. Barbounis' production is incomplete for a myriad of reasons:

***Photographs, audio recordings, video recordings have not been produced.*** As explained above, Mr. Carson was to separately review what he referred to as "multimedia" files and produce to supplement the initial Cornerstone production which The Forum received on October 23rd. This did not happen. These files are critical. As shown below, recordings and images exchanged between Ms. Barbounis and other critical witnesses have not been produced and are highly relevant:

- On October 30, 2018, days before The Forum's staff meeting regarding the allegations against Mr. Roman, Ms. Barbounis wrote to Mr. Robinson, "I'm so mad at my boss," and "I f\*\*king hate my boss Gregg. Hate him. It's a long story." (A true and correct copy of Barbounis-000159219 is attached as **Exhibit C** (censorship added).) In this same string of messages exchanged that day, Mr. Robinson and Ms. Barbounis exchanged multiple photo/JPG files which have not been produced.

- On November 4, 2018, in a series of WhatsApp messages, it is evident that Ms. Barbounis and Mr. Robinson exchanged numerous audio files which have not been produced.  (A true and correct copy of Barbounis-000159223 is attached as **Exhibit D**.)  As a part of that conversation, Ms. Barbounis wrote:  Keep the Gregg stuff very quiet.  I have an NDA that I have to sign tomorrow.  I told you prior but still.  I'll keep you updated.  After the meeting, my sole mission this week is getting Tommy here.  I won't be working on much else."  (*Id.*)

In fact, searching for the term "attached" in the 196-pages of WhatsApp messages exchanged between Ms. Barbounis and Mr. Robinson yields 544 hits.  This means there are 544 files sent between Ms. Barbounis and Mr. Robinson on WhatsApp alone which have not been turned over.  And, this addresses only the not-produced files exchanged between Ms. Barbounis and one other witness (Mr. Robinson) on one other platform (WhatsApp).

*Supplemental Cornerstone Production is Improperly Redacted*.  The Forum received a link from Cornerstone to an additional 274 documents on November 4th.  There was no explanation accompanying this.  Upon initial review, this production consists of data pulled from Ms. Barbounis' Twitter and Instagram accounts.  The documents are heavily redacted without explanation.  If Ms. Barbounis and Mr. Carson are contending that the documents include privileged material, which would not make much sense because on their face they are direct messages and posts from her social media accounts, then this production must be accompanied by a privilege log.  No privilege log has been produced.  If the redactions have been applied for some other reason, which is what The Forum suspects, The Forum is entitled to an explanation as to the basis for the redactions.

*Improper Document Dump.*   The Forum is saddled with a monstrosity of useless documents and junk emails.  Ms. Barbounis "production" is an 8-GB dump which, as her written responses confirm, Mr. Carson did nothing to review for responsiveness.  He simply had

13

Cornerstone run the twenty-five search terms employed in the separate Trade Secrets Action run and he produced all hits.  Those search terms that resulted in the documents produced here largely have no relevance to Ms. Barbounis employment-related claims and The Forum's counterclaims.

As a result, tens of thousands of useless documents being thrown at The Forum to spend thousands of dollars and dozens or hours working through.  In an effort to identify and weed out the incredibly high volume of junk emails and marketing emails, The Forum's counsel ran one word—"unsubscribe"—through Ms. Barbounis productions.  As we all know, mass-marketing emails and emails that are "blasted" to large audiences include a link to "unsubscribe" in small print at the bottom of each such message.  This search resulted in 26,073 emails.  Nearly 29% of the documents produced are junk emails, including everything Pampers advertisements to Google news alerts.  Mr. Carson has disregarding his obligation to review documents prior to production and has left The Forum to expend its own resources—both time and money—to search through an excessive number of documents to determine what is responsive.

Also, only individual documents that hit on those terms were produced and, for messages such as text messages, iMessages, Whats App messages and the like, only individual messages that hit on the search terms were produced.  When WhatsApp messages, text messages, or iMessages were produced, each individual message is a "document."  Therefore, when a search term hit on one such message, only that sole message is produced.  The surrounding messages, and thus the entirety of a conversation, were not produced.  Without the context of the communication, a single message is useless.  This is incredibly problematic

Lastly, as explained in above, attachments to messages, such as photographs and other recordings, have not been included.  Not only does this show what's missing, as explained above,

but it also confirms that the production format is improper.  Producing emails and other communications without their attachments is improper.

     ***Telegram and Messages from Other Communications Platform.***  Most notably, Ms. Barbounis has not produced Telegram data. In her written responses, Ms. Barbounis created an index-of-sorts of her production, which includes types of communications produced.  Telegram is not identified.  (*See* Ex. B.)

     Telegram is a messaging platform utilized by The Forum's employees, but one that is independently downloaded and accessed by each of its employees on their personal devices.  The Forum does not have access to any individual's Telegram account.  Ms. Barbounis' production confirms the import of Telegram data:

- Ms. Barbounis wrote, "Can we telegram this?" in a WhatsApp message to, among others, Tommy Robinson, a witness central to The Forum's counterclaims.  (A true and correct copy of Barbounis-000191721 is attached as **Exhibit E**.)

- In another WhatsApp message to Robinson (and others), Ms. Barbounis wrote, "Never mind I see it in telegram."  (A true and correct copy of Barbounis-000192162 is attached as **Exhibit F**.)

- Ms. Barbounis sent an iMessage to Ms. McNulty that stated:  "You are likely sleeping but did you see the Telegram from Mar.  Is he f***ing serious?!"  Ms. Barbounis was, presumably, referring to Marc Fink, The Forum's in-house counsel.  (A true and correct copy of Barbounis-000203831 is attached as **Exhibit G** (censorship added).)

- Ms. Barbounis texted Ms. Marnie O'Brien (another former employee suing The Forum), "The die is cast.  I'm pretty sure we can talk to each other now.  Who cares what the (sic) think while the shit is hitting the fan.  Let's take a walk and I'll show you the email and the telegram."  (A true and correct copy of Barbounis-000186523 is attached as **Exhibit H**.)

- Ms. Barbounis received a text message from Ms. McNulty in which Ms. McNulty said, "Gregg just sent such an annoying/condescending telegram to me because I sent an email to a donor and donations group with a copy editing error.  Then five meinutes later he sent a doc to me dp and Marc and I called out a copy editing error.  Muahahahha.  Made me feel better."  (A true and correct copy of Barbounis-000185684 is  attached as **Exhibit I**).

15

This is just a sampling of Ms. Barbounis' message that confirm that the Telegram communications are imperative.  There is no question or dispute between the Parties as to the role of Telegram in the communication habits of The Forum's employees, but these messages confirm that The Forum's employees, and other critical witnesses, not only communicated frequently on the platform but that they often chose to use Telegram over other messaging platforms, especially when discussing sensitive issues which are critical to this litigation.  Ms. Barbounis must produce responsive messages from her Telegram account. Ms. Barbounis also testified that she used other communication platforms, such as Protonmail and Wickr, to communicate with witnesses.  These sources must be searched and responsive documents and communications must be produced.

## <u>Legal Argument</u>

Rule 37 of the Federal Rules of Civil Procedure provides a mechanism by which a party can seek sanctions for another's failure to cooperate in discovery.  Ms. Barbounis and her counsel have now routinely set examples as to how to utterly fail to cooperate in discovery.  Under this rule, "if a party…fails to obey an order to provide or permit discovery…the court where the action is pending may issue further just orders" that include orders

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

16

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Ms. Barbounis and Mr. Carson repeatedly fail to comply with not only their discovery obligations, but with the Orders of this Court.  Given the repeated failures, The Forum's repeated need to turn to the Court for relief, and that there is less than three weeks remaining in the discovery period, the relief outlined above and as stated expressly in the Federal Rules is warranted here.

The power to punish contempt "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.  Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.,* 221 U.S. 418, 450 (1911).  The Court has broad discretion to fashion contempt sanctions.  *See Northeast Women's Center, Inc. v. McMonagle*, 939 F.2d 57, 70 (3d Cir. 1991); *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 678 F.2d 470, 478 (3d Cir.), *cert. denied*, 459 U.S. 963 (1982); *MacDermid, Inc. v. Selle*, 577 F. Supp. 2d 599, 601 (D. Conn. 2008).  For example, the Court can impose fines, *see MacDermid*, 577 F. Supp. 2d at 602; *Howe Laboratories, Inc. v. Stevick*, 1997 WL 340916 at *1 (E.D.N.Y. June 18, 1997), or order the incarceration of the party who has violated the Court's order.  *See Northeast Women's Center*, 939 F.2d at 70; *Delaware Valley Citizens' Council*, 678 F.2d at 478; *Clearone Communications, Inc. v. Chiang*, 670 F. Supp. 2d 1248, 1251 (D. Utah 2009).  Finally, the Court can award attorneys' fees as well as the other expenses (including the expenses of a party's time) involved in demonstrating a violation of the Court's order.  *See Robin Woods*, 28 F.3d at 401.

As counsel for The Forum as made clear in this Action before, it does not lightly seek contempt against a party or her counsel.  Counsel would rather not have to burden the Court with

LEGAL\49506305\1

motions that could be avoided through discussions with counterparts, as members of this Bar are obligated to do.  But that simply is not a productive practice here where even court Orders are not treated with the dignity and respect they deserve.  The history of disobeyed orders of this Court committed by Ms. Barbounis and Mr. Carson is ever-lengthening.  They clearly are still trying to stall discovery.  The Forum, meanwhile, is continuing to persevere.  It has done so through depositions which it has been forced to take without the benefit of fulsome productions  The Forum is simultaneously preparing for and taking critical depositions while still battling discovery deficiencies that should have been resolved months ago.  The Forum is continuing to bear the burden of Ms. Barbounis' and Mr. Carson's conduct which significantly and needlessly increases the costs of litigating this Action at every turn.  Counsel is, again, left with no other choice and is now before the Court once more seeking an effective remedy.  The Forum is at a loss to understand what it would take to force Mr. Carson to understand the importance of a court order, because to date, nothing has worked.  Mr. Carson cannot grasp that Court Orders are not optional and cannot be partially followed.  They are commands to be wholly followed.  The time has come for a more substantial remedy, such as that outlined in The Forum's Motion and proposed order.

WHEREFORE, Counsel respectfully requests that the Court entered the attached Proposed Order.

Respectfully submitted,

COZEN O'CONNOR

BY:  /s/David J. Walton
David J. Walton (PA #86019)
Leigh Ann Benson (PA #319406)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013

18

dwalton@cozen.com
lbenson@cozen.com

Dated:  November 10, 2020        *Attorneys for Defendant*
*The Middle East Forum*