UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | |
| GREGG ROMAN (*individually),* and | : | |
| MATTHEW BENNETT (*individually*) | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' BRIEF IN RESPONSE TO THE COURT'S NOVEMBER 17, 2020 ORDER TO SHOW CAUSE (ECF NO. 77) REGARDING PLAINTIFFS' DISCOVERY OBLIGATIONS**

/s/ David J. Walton
David J. Walton, Esquire
Jonathan Cavalier, Esquire
Leigh Ann Benson, Esquire
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
P: (215) 665-5547
F: (215) 701-2110
Email: dwalton@cozen.com
         lbenson@cozen.com

*Attorneys for Defendants*

Dated: November 20, 2020

Defendants The Middle East Forum, Mr. Daniel Pipes, and Mr. Gregg Roman (collectively, "MEF" or "Defendants"), through counsel, hereby submit the foregoing brief in response to Your Honor's Order entered on November 17, 2020. (ECF No. 77.)

## Introduction

Your Honor's Order to Show Cause follows a series of motions to compel and motions for contempt and/or sanctions filed by Defendants in response to Plaintiff's discovery abuses. (ECF Nos. 59, 62, 65, 72, and related Orders at ECF Nos. 61, 69, 74.) As discussed below, significant sanctions are now appropriate.

## Factual Background

Plaintiff Ms. Barbounis is a former employee of MEF. She filed this action against MEF, its President, Mr. Daniel Pipes, Director, Mr. Gregg Roman, and a former employee, Mr. Matthew Bennett[1], alleging sexual harassment and discrimination and retaliation. She is one of five former employees who filed claims for harassment, discrimination, and retaliations in this Court in 2019. Mr. Carson is representing two of the other plaintiffs.[2]

Mr. Carson also represents Ms. Barbounis in another action MEF brought against her, *The Middle East Forum v. Barbounis*, No. 19-5687, pending in this Court before the Honorable Juan R. Sanchez. MEF alleges a series of common law and statutory claims arising from her theft of

---

[1] Mr. Bennett was dismissed pursuant to a stipulation. (ECF No. 56.)
[2] In the matter *McNulty v. The Middle East Forum, et al.*, 2:19-cv-05029, currently pending before the Honorable Anita B. Brody, Mr. Carson is representing plaintiff Ms. Patricia McNulty. In the matter *Brady v. The Middle East Forum, et al.*, 2:19-cv-05082, Mr. Carson is representing plaintiff Ms. Caitriona Brady. Cozen O'Connor is representing The Forum in each of these actions. The fourth action, *O'Brien v. The Middle East Forum, et al.*, 2:19-cv-06078, is pending before the Honorable John M. Gallagher, and plaintiff Ms. Marnie O'Brien is represented by separate counsel Erica Shikunov Esq., who also now is with the Derek Smith Law Group. Mr. Carson represented another former employee who voluntarily withdrew her lawsuit after MEF filed a Motion to Dismiss. *Yonchek v. The Middle East Forum, et al.*, 2:19-cv-05083

trade secret information (the "Trade Secrets Action").  MEF is represented by separate counsel in the Trade Secrets Action.  Cozen O'Connor is not involved in that action.

Ms. Barbounis has a storied history of disregarding discovery obligations.  This has been effectuated, in part, by her counsel's persistent efforts to string MEF along with false promises of forth-coming productions and to muddy the waters by trying to conflate discovery obligations in the Trade Secrets Action with his client's obligations in this action.[3]  Plaintiff initially hired a forensic vendor, Capsicum, to preserve, search, and produce relevant material from electronic sources.  Capsicum took images of these sources (we are not clear exactly what sources).  Then the process stalled for reasons that are not clear.  At this point, Judge Sanchez intervened.  He ordered that Capsicum turn over all the material that it collected to a neutral, third-party e-discovery vendor, Cornerstone Discovery ("Cornerstone").  As ordered by Judge Sanchez, counsel in that case then developed a protocol for searching these sources.  This included the running of 25-search terms across these sources (we have not seen these final terms because they are confidential).  When we pushed him to produce documents in this case, Plaintiff's counsel said his hands were tied by Judge Sanchez's order and that he would produce documents to us from the Cornerstone productions.  After many requests and demand from us, Plaintiff's counsel finally authorized Cornerstone to share the productions from Judge Sanchez's case.  But, just one day after finally giving this authorization, Plaintiff's counsel revoked it.

---

[3] *See Bortex Indus. Co. v. Fiber Optic Designs, Inc.*, 296 F.R.D. 373, 386 (E.D. Pa. 2013) ("[Plaintiff] continually offered assurances that it has complied or would comply with its discovery obligations, but repeatedly failed to do so, even in the face of the Court's warnings that sanctions would be imposed. This conduct has led to significant delays. Therefore, we find that [Plaintiff] has engaged in a history of dilatoriness that weighs in favor of case-dispositive sanctions.").

2

For the next two months, we repeatedly demanded production of documents and service of written responses to document requests. An initial document production was made on October 23rd. This production, which only came after MEF filed a motion to compel *and* a motion for contempt was rife with issues and was the catalyst for further motion practice, again for contempt. (*see* ECF Nos. 59, 62, 65, 72). The parties have appeared before Your Honor twice to discuss the production's deficiencies. MEF recognizes and appreciates that Your Honor has taken the time to have in depth discussions with the parties about the production and recognizes that the Court is now fully aware of MEF's concerns with the documents produced—and *not* produced.

Your Honor's recent Order required the parties to seek additional assistance from Cornerstone in this Action. But Cornerstone has raised an important issue. When Judge Sanchez appointed Cornerstone as a third-party neutral in the Trade Secrets Case, he gave Cornerstone explicit instructions regarding what it can/cannot do with the data. Despite suggestions from both Cornerstone and The Forum's counsel that Plaintiff's counsel hire Cornerstone (or another vendor) to separately to assist with his discovery obligations in this case, he has refused to do so.[4] Thus, Cornerstone has not been retained to do any work on the matter before Your Honor. To date, Ms. Barbounis and Mr. Carson have not taken steps to retain Cornerstone or, alternatively, any other vendor.

## Ms. Barbounis Has Not Fulfilled Her Discovery Obligations

The October 21st, October 26th, and November 13th Orders set forth explicit instructions for Ms. Barbounis and her counsel. Together, they disregarded the Orders and failed to comply.

---

[4] In Judge Sanchez's case, MEF is paying Cornerstone for its work. We believe that Plaintiff's counsel is trying to "piggy-back" on Cornerstone's work, instead of hiring his own vendor, because (in part) he doesn't want to spend additional money. But his reluctance to hire his own vendor is causing major issues in the case before Your Honor.

3

LEGAL\49709266\1

***Issues with written responses to document requests without objection:*** Ms. Barbounis' written responses to MEF's document requests violate the October 21st Order. (ECF No. 61.) Besides being served late and being subject to a subsequent motion for contempt (*see* ECF No. 62), the responses which were ultimately served on November 2nd included objections. The October 21st Order expressly stated that responses were to be served *without objections.* (*See* ECF No. 61; *see also* a true and correct copy of Ms. Barbounis' Responses to Document Requests, attached as **Exhibit A**, at Nos. 16, 18, 21-24, 29, 34.) Ms. Barbounis did not serve written responses without objection, contrary to Mr. Carson's representations to this Court, and has withheld documents from production on the basis of untimely and improperly asserted objections.

***Ms. Barbounis did not produce text message chains.*** Mr. Carson has made inconsistent, and, in fact, directly contradictory statements, on the record regarding the production of Ms. Barbounis' text messages. During, Ms. Barbounis' deposition, Mr. Carson represented, "All the text messages in her phone were turned over through Cornerstone," and "You guys have equal access to everything that's on the phone as she does and that I do." (*See* Ms. Barbounis' deposition transcript, at 306:7-9; 308:4-7, a true and correct copy of which is attached as **Exhibit B**.) But, Ms. Barbounis did not produce all her text messages, as the parties have made clear before Your Honor. Ms. Barbounis produced only individual messages, representing only a fraction of the universe of her messages. The produced messages each contain a search term from the Trade Secrets Case. This created a host of problems because individual messages dissected from a thread are stripped of all context and therefore the messages are nearly useless—an issue we have presented to Your Honor. And before Your Honor, Mr. Carson directly contradicted his prior statement on the record and agreed there were "hundreds of pages" of text messages not produced.

4

(*See* Transcript from November 13, 2020 Hearing ("Nov. 13th Tr."), a true and correct copy of which is attached as **Exhibit C**, at 29:13-22.)

Recognizing this deficiency, Your Honor ordered MEF to provide a list of the complete threads that it needed produced, and Mr. Carson was ordered to produce the complete threads, including all associated metadata, by November 18th. (ECF No. 74.) MEF timely complied with Your Honor's Order and provided a list to Mr. Carson. Despite this, Plaintiff has not produced any text message threads. And Plaintiff has not provided a schedule for their production been proposed. This also violates the November 13th Order.

***Ms. Barbounis did not produce attachments, with metadata, to previously produced documents.*** Ms. Barbounis was ordered to coordinate with Cornerstone for the complete production of "all attachments to any document that has already been produced, along with metadata" by November 18th. (ECF No. 74.) She did not produced the attachments. And she has not proposed a schedule for their production. This also violates the November 13th Order.

***The Joint Status Report was hardly a "joint" effort:*** Your Honor ordered the Parties to prepare a joint Status report on several outstanding issues "no later than the close of business on November 16, 2020." (*Id.*) The importance of addressing these issues immediately could not have been made more clear by Your Honor:

> **Judge Wolson:** I want that report by Monday as to the process of getting that done….**I pretty strongly recommend that when we hand up here or disconnect here, that you guys reach out to Cornerstone and try to set up a call today because I don't want to hear that you tried to get them on Monday and you couldn't be available until Tuesday and so forth and so on.** I want that process moving so that—
>
> **Mr. Carson:** Your Honor, I'm going to be in a deposition for the rest of the day today. I'm in one now.

5

>    **Your Honor:** Then, Mr. Carson, **you're going to have to find a way to take a break from that and at least read out to Cornerstone. I'm sorry, but I want this by the end of Monday.**
>
>    **Mr. Walton:** We can reach out to Cornerstone and keep you posted, Mr. Carson.
>
>    **Mr. Carson:** I can't do it today. I mean, I took a huge break today for this.
>
>    **Your Honor:** I'm not interested in hearing, "I can't do it," Mr. Carson. Okay? I mean, a deposition is something that has some flexibility to it. A court order is not. So unless that deposition is taking place pursuant to a specific court order that you can send me that shows me that you have flexibility, then you're going to have to work around my court order. **I'm not asking you to spend the rest of your day on this, but I am asking you to find time to talk to Cornerstone, whether it is after the end of the deposition, whether it is another half hour break from that deposition, I don't know,** *but you're going to do this.*

(Ex. C, Nov. 13th Tr., at 38:24-40:8 (emphasis added).)

Immediately after the November 13th hearing, Mr. Walton emailed Mr. Carson and two Cornerstone representatives expressing the need for coordinating a time "to speak with you as soon as we can." (A copy of Mr. Walton's emails dated Nov. 13, 2020 are attached as **Exhibit D**.) Mr. Carson, contradicting Your Honor's directive, wrote back, "I do not think I will be able to talk until Monday morning." (*Id.*) Two hours later, Mr. Walton sent another email reiterating the urgency of the situation. He wrote, "[w]e really need to discuss this issue with you today," and outlined exactly that the parties needed to discuss with Cornerstone. (A true and correct copy of Mr. Walton's emails dated Nov. 13, 2020 are attached as **Exhibit E**.) Given Mr. Carson's supposed unavailability, Mr. Walton had a call with Cornerstone without Plaintiff's counsel.

After the call, Mr. Walton emailed Plaintiff's counsel a summary of his conversation with Cornerstone. (*Id.*) Mr. Walton relayed to Mr. Carson that Cornerstone (or another e-discovery vendor) must be formally retained. (*Id.*) Mr. Walton, again, asked Mr. Carson to let him and Cornerstone know when Mr. Carson would be available for a joint call. (*Id.*) Mr. Carson did not

6

respond until Monday morning and reported that he would—yet again—be in an all-day deposition with very limited availability to participate in a call, but could join a call around 11am.  (*Id.*)

Midday Monday, Mr. Walton, Ms. Benson, their colleague, Mr. Joe Tate (an e-discovery specialist), two Cornerstone representatives, and Mr. Carson joined a call.  After the first ten minutes, Mr. Carson hung up.  MEF's attorneys and Cornerstone representatives continued for forty-five more minutes.  Mr. Carson's lack of participation and therefore inevitable lack of awareness of the issues forced MEF's counsel to take the heavy lift of preparing the Court-ordered Joint Status Report, which was to be filed by the close of business that day.  Around 3:45 p.m., Ms. Benson emailed Mr. Carson explaining his input was necessary for the report and requesting a call as soon as possible.  (A copy of Ms. Benson's November 16, 2020 email is attached as **Exhibit F**.)  No response.  Forty-five minutes later, Mr. Walton sent Mr. Carson a proposed joint report indicating the additional information Mr. Carson needed to incorporate.  (A copy of Mr. Walton's email dated November 16, 2020 is attached as **Exhibit G.**)  Then, after Mr. Carson wrote that he needed "until tomorrow," Mr. Walton sent a revised joint Status Report reflecting that "Plaintiff's counsel was in an all-day deposition and is in the process of determining this.  The parties will submit a supplemental report."  Mr. Carson sent back a revised report.  He added only information concerning his unavailability that day due to a deposition and the deposition of MEF's president scheduled for the following day.  Mr. Carson did not provide any of the substantive detail or information that was required by this Court's Order.  MEF tiled the Status Report, as revised by Mr. Carson.  (ECF No. 76.)

The following information that this Court ordered Mr. Carson to provide through the Status Report remains a mystery:  (i) a schedule for producing text messages; (ii) a schedule for producing attachments; (iii) the total number of multimedia files on the Cornerstone database; and (iv) an

7

explanation for redacted documents produced on November 4, 2020, and a proposed solution for obtaining unredacted copies of those documents.  (*See* ECF Nos. 74 and 76.)

## LEGAL ARGUMENT

"A court is permitted to impose sanctions for a party's non-compliance with discovery obligations."  *Lora v. NHS, Inc.*, 2014 WL 2134589, *3 (E.D. Pa. May 22, 2014) (citing Feb. R. Civ. P. 37(b).).  The Rules "offer[] a 'wide range of sanctions.'"  The district court is to exercise discretion when determining whether "to impose sanctions for discovery violations" and "what sanctions are appropriate."  *Barbee v. Southeastern Pa. Transp. Authority*, 323 Fed.Appx. 159, 162 (3d Cir. 2009) (affirming district court's imposition of discovery sanctions and explaining that the district court's "docket alone is sufficient to demonstrate the flagrant manner with which [the plaintiff] repeatedly violated the District Court's discovery orders and deadlines").  Indeed, "the court has authority to employ the 'most severe in the spectrum of sanctions provided by statute' to ensure compliance with its discovery orders and to deter all parties in this litigation from engaging in discovery misconduct."  *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

*Lora v. NHS, Inc* is highly instructive.  There, this Court entered default judgment against a plaintiff who, with her counsel, repeatedly disregarded court orders and failed to comply with discovery obligations, much like Ms. Barbounis and Mr. Carson.  *Lora,* 2014 WL 2134589 at *7-8 (noting the "actions [t]here stem[med] from plaintiffs' actions as well as from [her] attorneys"); *see also Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) ("a client cannot always avoid the consequences of the acts or omission of its counsel").  The *Lora* plaintiff displayed a "history of dilatoriness," including failure to respond to discovery requests and "an overall failure to comply with deadlines," and her attorney's conduct was determined to be "willful

8

and in bad faith." *Id.* The court did not immediately turn to the extreme sanction of a default judgment, instead it first imposed "alternative sanctions" in an effort to compel compliance. *Id.* But, as here, these alternatives were ineffective and failed to make clear to the offenders the gravity of their conduct. *Id.* As a result, there was "great" prejudice to the defendants, who were "forced to engage in repeated motion practice and court conferences to compel answers due to plaintiff's counsel's unwillingness to meet deadlines" or respond to discovery as obligated. *Id.*

Ms. Barbounis and her counsel[5] have violated numerous discovery and contempt orders and have been monetarily sanctioned at least three times across two different actions for failing to adhere to Court orders.[6] "Disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)…" *Vallejo v. Santini-Padilla,* 601 F.3d 1, 8 (1st Cir. 2010). This Court should now recognize Ms. Barbounis' and her counsel's repeated refusals to abide by court orders and the severe prejudice MEF has suffered. *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873–74 (3d Cir.1994) ("Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.") Substantial sanctions are justified.

*First,* Ms. Barbounis should be barred from affirmatively using any document that is not produced prior to November 25th. If MEF has been unable to utilize critical documents for the

---

[5] With respect to the violation of court orders, "Visiting the sins of the attorney ... on the client is of course inherent in the nature of the adversary system." Figueroa Ruiz v. Alegria, 896 F.2d 645, 650 n. 5 (1st Cir.1990).

[6] *See Brady v. Middle East Forum*, 2:19-cv-05082, ECF Nos. 62, 65, 71; *see also* true and correct copies of the transcripts from the July 6th and August 13th hearings before Judge Kearney attached as Exhibits H and I.

entirety of the discovery period, Ms. Barbounis should not be able to benefit from any such document.  MEF should be able to affirmatively use any documents subsequently produced.

*Second,*  MEF is entitled to an adverse inference that Ms. Barbounis has concealed documents that would be damaging to her claims and/or her defenses to MEF's counterclaims.  There is no justifiable explanation for withholding the production of documents for nearly ten months other than the documents withheld are damaging.  A jury must know of this obstructionist conduct which certainly was undertaken for no other reason than concealment.  MEF should be permitted to an adverse inference regarding Ms. Barbounis' gamesmanship.

*Third,* MEF is entitled to re-open Ms. Barbounis' deposition.  She should bear the associated costs.  Pursuant to the October 26th Order, Defendants took her deposition on November 4th despite that she had not yet complied with her production obligations.  This severely impeded MEF's ability to question Ms. Barbounis and to dig into critical issues.  MEF should have an opportunity to re-open her deposition at her expense.  MEF respectfully requests that it have at least two weeks after her counsel certifies that all responsive documents to complete her deposition.  MEF deserves ample times to review documents that have been improperly withheld.

WHEREFORE, Defendants respectfully requests that the Court impose sanctions upon Ms. Barbounis under Rule 37 of the Federal Rules of Civil Procedure.

                                            Respectfully submitted,

                                            COZEN O'CONNOR

                                            BY:  /s/David J. Walton
                                                 David J. Walton (PA #86019)
                                                 Jonathan Cavalier (PA #
                                                 Leigh Ann Benson (PA #319406)
                                                 One Liberty Place
                                                 1650 Market Street, Suite 2800
                                                 Philadelphia, PA 19103
                                                 P: 215-665-2000
                                                 F: 215-665-2013
                                                 dwalton@cozen.com
                                                 lbenson@cozen.com

Dated:  November 20, 2020                       *Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that I served upon all counsel of record a true and correct copy of Defendants' Brief in Response to the November 17, 2020 Order to Show Cause (ECF No. 77) via ECF filing.

                                        */s/ David J. Walton*
                                        David J. Walton, Esquire

                                        **COZEN O'CONNOR**

                                        *Attorney for Defendant,*
                                        *The Middle East Forum*

Dated: November 20, 2020