**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LISA BARBOUNIS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE MIDDLE EAST FORUM, et al.,**<br><br>*Defendants.* | **Case No. 2:19-cv-05030-JDW** |

### ORDER

**AND NOW**, this 23rd day of November, 2020, the Court notes as follows:

1. Plaintiff's Counsel has failed to comply with the Court's Order dated November 13, 2020, that required him to work with Cornerstone Discovery and Defendants' Counsel to submit a joint status report regarding various outstanding discovery issues by November 16, 2020. (ECF No. 74.) Rather than provide the required information to the Court by the deadline, Plaintiff's Counsel represented that he "was in an all-day deposition and is in the process of determining this" and would provide "a supplemental report." (ECF No. 76 at ¶ 3.) To date, Plaintiff's Counsel has not filed a supplemental report or otherwise provided the Court with the requested information;

2. The Court's Order also required Plaintiff to produce text messages and document attachments by November 18, 2020. (ECF No. 74 at 1-2.) Defendants represented that as of November 20, 2020, Plaintiff had not produced the text messages or attachments. (ECF No. 80 at 5.) Plaintiff has not rebutted this allegation;

3. The Court's Order also required Plaintiff's Counsel to provide daily status reports to the Court via email, setting forth his efforts to complete Plaintiff's document production in this matter. (ECF No. 74 at 2-3.) Plaintiff's Counsel has not filed a single status report;

4. On November 17, 2020, the Court ordered Plaintiff's Counsel to show cause, by November 20, 2020, why the Court should not sanction him for his failure to provide the daily updates. (ECF No. 77 at ¶ 1.) Plaintiff's Counsel has not responded to the Court's Order; and

5. The Court also ordered both Parties to show cause whether the Court should determine that Plaintiff has failed to fulfill her discovery obligations in this matter and impose certain sanctions as a result. Defendants responded to the Court's Order. (ECF No. 80.) Plaintiff did not.

In light of the foregoing, the Court determines that Plaintiff has failed to comply with her discovery obligations in this matter, and sanctions are appropriate pursuant to Fed. R. Civ. P. 37(b). Therefore, it is **ORDERED** that Plaintiff is barred from making affirmative use of any document that she does not produce on or before the close of discovery on November 25, 2020.

It is **FURTHER ORDERED** that counsel for the Parties shall appear for a video hearing on December 4, 2020, at 10:00 a.m., for the Court to consider whether to find that Plaintiff and/or her counsel are in contempt of Court and to impose additional sanctions, including but not limited to monetary sanctions and those proposed in the Court's prior Order (ECF No. 77).

The Court's staff will provide the Parties with technical details for the video conference. In light of the challenges of conducting the hearing remotely, and to facilitate an orderly record, the Court will conduct the hearing according to the following protocol:

1. Each party must designate one lawyer who will argue during the hearing. Each party must provide to the Court via email to Chambers_of_Judge_Wolson@paed.uscourts.gov with a list of all lawyers who will participate in the hearing and the designated lawyer to argue for each side on or before December 3, 2020, at 3:00 pm EDT;

2. Any lawyer or participant not designated to argue must keep his or her microphone on mute and his or her camera off; and

3.   In order to preserve the record, lawyers should speak only when the Court give them the opportunity, either by directing a question to them or inviting them to make an argument.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.