# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA BARBOUNIS,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**THE MIDDLE EAST FORUM, et al.,**<br><br>*Defendants.* | **Case No. 2:19-cv-05030-JDW** |

## <u>ORDER</u>

**AND NOW**, this 4th day of December, 2020, following a hearing to determine whether Plaintiff and/or her counsel are in contempt of Court for failure to comply with discovery obligations and prior Court orders in this matter, and for the reasons set forth on the record in open Court, the Court finds as follows:

1.      The Court issued valid Orders in this case, including ECF Nos. 69, 74, and 77;

2.      Plaintiff's counsel knew about the Court's Orders (and, to the extent that he claims he did not know about those orders, his protestations are not credible and ignore the fact that he received constructive notice through the Court's CM/ECF system);

3.      Plaintiff's counsel did not comply with the Court's Orders; and

4.      Plaintiff's counsel did not comply with his discovery obligations in this case.

Therefore, it is **ORDERED** that the Court finds Plaintiff's Counsel Seth Carson in **CONTEMPT**. The Court further concludes that sanctions against Mr. Carson are appropriate under Fed. R. Civ. P. 37 for his failure to comply with discovery obligations.

It is **FURTHER ORDERED** as follows:

1.      Plaintiff shall produce all non-privileged, responsive images and audio files to Defendants by December 8, 2020. Her counsel Mr. Carson shall file a certification of compliance on the docket by the end of the day on December 8, 2020;

2.      By December 8, 2020, Plaintiff's counsel shall engage an electronic discovery vendor to complete Plaintiff's production of documents in this matter.  Plaintiff's counsel shall file a status report on the docket by the end of the day on December 8, 2020, that sets forth the following information: i) what e-discovery vendor has been retained to complete Plaintiff's discovery in this matter, and ii) what the process will be for the vendor to obtain and produce the universe of potentially responsive documents, including but not limited to responsive text messages;

3.      Defendants' counsel shall provide Plaintiff's counsel with the necessary desktop client information to access data from Plaintiff's Telegram account forthwith.  Then, Plaintiff's counsel shall work with Plaintiff's e-discovery vendor to determine what data, if any, is accessible from Telegram and provide a status report the Court via email by December 11, 2020, setting forth the same.  Plaintiff shall produce any non-privileged, accessible, responsive Telegram data to Defendants by December 18, 2020.  Plaintiff's counsel shall file a certification of compliance on the docket by the end of the day on December 18, 2020;

4.      Forthwith, Defendants' counsel shall provide Plaintiff's counsel with the Bates numbers for the redacted documents that Cornerstone Discovery made available to Defendants on November 4, 2020.  Plaintiff's counsel shall arrange for Cornerstone to provide the unredacted versions of the documents to her e-discovery vendor by December 11, 2020. Plaintiff shall re-produce the documents to Defendants by December 18, 2020, with redactions limited to redactions about which she has agreed with Defendants or that the Federal Rules of Civil Procedure permit.  If Plaintiff produces any documents with redactions, Plaintiff's counsel shall provide a redaction log

to Defendant's counsel at the same time the production is made.  Plaintiff's counsel shall file a certification of compliance on the docket by the end of the day on December 18, 2020;

5. Plaintiff shall produce the text message threads that Defendants' counsel identified in response to the Court's prior Order (ECF No. 74) by December 15, 2020.  As set forth on the record during today's hearing, given the breadth of text messages that the Court has ordered Plaintiff to produce, and the potential privacy implications of that production, the Court concludes that good cause exists to extend confidentiality protection to the text messages that Plaintiff produces pursuant to this Order, as follows:

a. Plaintiff may designate all of the text messages as "Attorneys' Eyes Only" or "AEO" in the first instance;

b. Any text message designated "AEO" may only be disseminated to outside counsel working on this case and their support staff, and may only be used for purposes of prosecuting or defending this action;

c. For any text message that Defendants think an AEO designation is not appropriate, Defendants shall identify the text message for Plaintiff and provide the basis for Defendants' contention that an AEO designation is not appropriate.  Upon receiving such a challenge, Plaintiff's counsel shall respond in three (3) business days with Plaintiff's position about the confidentiality of the text messages identified.  If Plaintiff's counsel does not respond, then Plaintiff will be deemed to have withdrawn the AEO designation.  The parties shall then have five (5) business days to meet and confer about the designations.

d. If the parties cannot reach agreement within the five-day meet-and-confer period, then they shall make a joint submission, not to exceed six (6) pages, within five (5) business days of the end of the meet-and-confer period.  In any submission to the Court, Plaintiff will bear

the burden of proving, by a preponderance of the evidence, that an AEO designation is appropriate. If the parties submit such a dispute to the Court, then the Court will award fees and costs to the prevailing party;

6. Defendants' counsel shall notify Plaintiff's counsel by December 23, 2020, if they believe good cause exists to reopen any depositions based upon newly-produced information, and the Parties shall meet and confer in good faith to resolve any dispute over the need to reopen depositions. If the Parties cannot resolve such a dispute, then Defendants shall file a motion for leave to reopen the depositions by January 4, 2021. The Court will award fees to the party who prevails on any such motion. If the Court determines that good cause exists to reopen a deposition, Plaintiff shall pay Defendants' reasonable fees and costs associated with the reopened deposition, including reasonable time for counsel to prepare and take the deposition and the cost of the transcript;

7. Plaintiff's counsel shall pay into the Court's registry a sanction of $50 per day for each day that he fails to comply with any of the deadlines set forth herein and continuing thereafter until the respective obligations are satisfied; and

8. Plaintiff's counsel is required to complete six continuing legal education credits on the topic of e-discovery by March 31, 2021, and file a certification of record that he has done so by April 2, 2021. Plaintiff may **not** count those classes towards any annual obligation for CLE in any jurisdiction.

Upon consideration of Plaintiff's Motion for Reconsideration (ECF No. 83), and for the reasons set forth on the record during today's hearing, it is **ORDERED** that Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** only to the extent that Plaintiff may produce text message strings subject to the confidentiality provisions of this Order. The Motion is otherwise **DENIED**.

Finally, in light of the foregoing, it is **ORDERED** that any dispositive motions shall be filed on or before January 29, 2021.

**BY THE COURT:**

_/s/ Joshua D. Wolson_____
JOSHUA D. WOLSON, J.