# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), | : | |
| GREGG ROMAN (*individually*), and | : | |
| MATTHEW BENNETT (*individually*) | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT'S REPLY IN SUPPORT OF THEIR PETITION FOR ATTORNEYS' FEES AS SET FORTH IN THE COURT'S NOVEMBER 13, 2020 ORDER

To correct material misstatements and misrepresentations in the Response of plaintiff Ms. Lisa Barbounis ("Ms. Barbounis" or "Plaintiff") (ECF No. 91) to Defendant's Petition for Attorneys' Fees ("Petition," at ECF No. 81, filed in accordance with the Court's November 13, 2020 Order, at ECF No. 74), defendant The Middle East Forum ("The Forum," "MEF," or "Defendant"), through its counsel, is compelled to submit this short Reply in support of its Petition.

**1. Plaintiff Again Improperly Challenges This Court's Order Granting Fees**

As noted in Defendant's Petition, on November 13, 2020, this Court held a hearing to address Plaintiff's Counsel's repeated failures to abide the Court's prior orders and granted Defendant's renewed Motion for Contempt. Attorney Carson failed to file a response to Defendant's Renewed Motion, which included its request for fees. Instead, he objected to the fee award on the record and was immediately overruled by the Court:

> **THE COURT**: … Mr. Carson, I'm going to order you to pay the fees that were incurred for them [The Forum] to prepare this motion. . . . And the fees go to preparing the motion and for this hearing.
>
> . . .

> **MR. CARSON**: Your Honor, if everything was produced, I have to pay them to file a motion when every possible thing in the case was already produced?[1]
>
> **THE COURT**: Mr. Carson, you're paying for them to file a motion because it's clear to me that not everything is – or if everything has been produced, it's by blind luck.
>
> **MR. CARSON**: No, it's not by blind luck. It's by all the work that I've done in the case.
>
> **THE COURT**: You'd better be really careful. This is not the time you want to be arguing with me and snippy with me about this, Mr. Carson. I'm going to tell you right now that you conceded earlier on the record that you can't file a certification right now that you're in compliance with my order of October 26th because you haven't reviewed all the media files. You don't know what's in those media files, so you can't sit here and tell me that you know definitively that all responsive materials have been produced.
>
> **MR. CARSON**: Right.
>
> **THE COURT**: Okay? So that's why I'm ordering a fee award. You haven't complied with my order.

(*See* Transcript of November 13, 2020 Hearing, at pp. 41-43.) That same day, the Court issued an order holding that "an award of attorneys' fees for MEF's costs of preparing this Motion and participating in today's hearing is appropriate…" (ECF No. 74).[2]

On November 25, 2020, Attorney Carson filed a motion for reconsideration of the Court's November 13th Order, baselessly claiming that the fee award was unjustified because, "[a]t no time did Defendants even inform Plaintiff that they believed there were discovery deficiencies" and accusing, without a shred of evidence, defendant Daniel Pipes, the president of The Forum, of "criminal conduct in the form of blackmail, plain and simple." (ECF No. 83, at pp. 18-20). On

---

[1] As Mr. Carson has repeatedly admitted, and as this Court is by now well aware, "everything" has not been produced.

[2] As ordered, The Forum submitted its Petition for Attorneys' Fees on November 20, 2020. (ECF No. 81).

December 4, 2020, in yet another hearing necessitated by Attorney Carson's and Plaintiff's inability or refusal to follow the Orders of this Court, Attorney Carson again requested reconsideration of the fee award and his request was again denied, both on the record and in writing. (December 4, 2020 Transcript, at pp. 80-81 and ECF No. 85).

Now, despite having been heard from this Court on no less than three previous occasions that The Forum is entitled to an award of fees to cure the prejudice and expense caused by Attorney Carson's own refusal to follow prior orders, he disregards yet another of those prior Orders and asks for a fourth bite at the proverbial apple. In so doing, Attorney Carson again falsely states that "Defendants did not even try to contact Plaintiff to discuss the issues presented in Defendants [sic] Motion for Contempt," (Response, at p. 4), an assertion belied by the extensive record, the docket and this Court's prior findings. Inexplicably, *even now*, Attorney Carson argues that "[t]here was no discovery violation as Plaintiff had previously produced to Defendants all other documents in her care, custody or control other than electronic discovery." (*Id.* at 4-5.) For Attorney Carson to make such a representation to this Court, after his and his client's own failures to produce discovery and abide Court orders, is either a brazen falsehood or a breathtaking misunderstanding of the record and his own conduct.[3]

Attorney Carson has demonstrated here, and in other cases in the Eastern District, what can charitably be called an inability to follow the Orders of this Court.[4] He takes Orders as suggestions rather than the instructions that they are. In doing so, he forces his adversaries and the Court to

---

[3] Attorney Carson also states that "Defendant [sic] Motion for Contempt has yielded to Defendants all the discoverable information Defendants sought." (ECF No. 91 at p.5). As the most recent status reports submitted by the Parties make clear, this statement is untrue.

[4] That history is set forth in detail in Defendants' prior filings and Orders from this Court. (ECF Nos. 59, 61, 62, 63, 65, 68, 69).

expend resources to challenge those failures, repeatedly, until he finally decides to comply. His attempt to have this Court again reconsider the denial of his prior motion to reconsider this Court's fee award is but the latest example of his frustrating, wasteful refusal to abide this Court's Orders, and it should be denied.

**2. Attorney Carson's Attacks On The Forum's Witnesses Are Misleading And False**

For the second time, Attorney Carson points to the deposition testimony of defendants Daniel Pipes and Gregg Roman as the basis for his request for reconsideration of the Court's fee award. In so doing, he claims that both Mr. Pipes and Mr. Roman "diverted their attention away from testimony to taunt counsel for Lisa Barbounis and gloat over the Court's award of attorneys' fees in the November 13, 2020 Order." (ECF No. 91, at p. 2). Notably, Attorney Carson again fails to cite to, include or even quote from this alleged testimony. This is because Attorney Carson knows that his description of this testimony is false.

Indeed, Attorney Carson has a penchant for antagonizing, attacking, and talking over witnesses (and opposing counsel), in depositions and then feigning surprise when the witness gets upset with such improper treatment. The comment from Mr. Roman to which Attorney Carson refers came after Attorney Carson incorrectly denied that his Complaint filed on behalf of Catriona Brady wrongfully accused Mr. Roman of "sexual assault," and when shown the Complaint and the paragraph where the false allegation was made, he claimed that "it's a typo." (*See* **Exhibit A**, Deposition of Gregg Roman, pp. 256-267.) The comment from Mr. Pipes came after Attorney Carson repeatedly cut Mr. Pipes off during answers and asked a series of antagonizing questions of Mr. Pipes, including questions accusing him of sex trafficking, and then *specifically asked Mr. Pipes, "How much money have you received from our firm?"* (*See* **Exhibit B**, Deposition of Daniel Pipes, at pp. 158-162.) To represent to this Court that Mr. Pipes and Mr. Roman simply

chose to divert their testimony to "taunt" Plaintiff's counsel is at best misleading and at worst a clear lie.

### 3. The Time Expended By Defense Counsel Was Reasonable

As set forth in the sworn certifications accompanying Defendant's Petition, Defendant incurred $7,898.00 in connection with preparing the Motion for Contempt, preparing for the contempt hearing and attending the hearing, and $1,564.00 in connection with the preparation of the Court ordered Fee Petition. These fees would not have been incurred but for Attorney Carson's discovery misconduct and continuing disregard for the orders of this Court. Notably, the hours incurred in responding to Attorney Carson's misconduct conservatively presented in Defendant's petition and strictly limited to the motion for contempt and the attendant hearing. The notion that "Defendants [sic] Petition outlines Defendants' objective to use the Court's order to rack up as much fees as possible," (ECF No. 91 at p. 2), is absurd.

Attorney Carson's challenges to the number of hours expended by defense counsel likewise ignore that they were necessitated by his own misconduct. As set forth in Defendants' prior motions and petitions, Attorney Carson's discovery failures and abuses in this matter and his willful disregard of Court orders are of a level and degree that is uncommon in this District. He produces documents in an untimely manner and in an improper format, digitally "throwing them over the fence" into an unorganized Dropbox account, then leaves it to Defendants and their counsel to figure out what has been produced and what has not. He promises productions that never come. He forces Defendants to take the laboring oar on joint submissions. And most notably, he refuses to follow the Orders of this Court until, left with no alternative, Defendants must engage (and pay) their attorneys to engage in motion practice to obtain what they are entitled to under the Rules. It requires an enormous amount of work and time to sift through the detritus

5
LEGAL\50080221\1.docx

Attorney Carson leaves in his rule-ignoring wake and to figure out the extent of the issues his violations have caused and how best to fix them.

It is Attorney Carson and his client who have benefited from his refusal to comply with Orders and discovery obligations in this case, not Defendants. The Court's fee award represents a recovery of a small piece of the price that Defendants have had to pay to deal with Attorney Carson's misconduct, and the amount sought is reasonable and necessary under the circumstances. As his most recent submissions make clear, even now, after extensive motion practice, multiple hearings, and orders finding him in contempt, Attorney Carson still maintains that neither he nor his client have done anything wrong.

This Court should grant Defendant's Petition for Attorneys' Fees in full.

    Respectfully submitted,

    COZEN O'CONNOR

    BY: /s/David J. Walton
        David J. Walton (PA #86019)
        Leigh Ann Benson (PA #319406)
        One Liberty Place
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        P: 215-665-2000
        F: 215-665-2013
        dwalton@cozen.com
        lbenson@cozen.com

        *Attorneys for Defendant*
        *The Middle East Forum*

        /s/Sidney L. Gold
        Sidney L. Gold (PA #21374)
        William Riser (PA #312442)
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        P: 215-569-1999
        sgold@discrimlaw.net
        briser@discrimlaw.net

*Attorneys for Defendant
Gregg Roman*

December 14, 2020

# **CERTIFICATE OF SERVICE**

I hereby certify that I served upon all counsel of record a true and correct copy of Defendant The Middle East Forum's Reply In Support of Petition for Attorneys' Fees via ECF filing.

*/s/ David J. Walton*
David J. Walton, Esquire

**COZEN O'CONNOR**

*Attorney for Defendant,
The Middle East Forum*

December 14, 2020