# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA BARBOUNIS,**  *Plaintiff,*  v.  **THE MIDDLE EAST FORUM, et al.,**  *Defendants.* | Case No. 2:19-cv-05030-JDW |

## ORDER

**AND NOW**, this 17th day of December, 2020, the Court notes as follows.

1. On December 16, 2020, Plaintiff Lisa Barbounis filed a status report on the docket in this matter (ECF No. 98), again requesting an extension to produce 578 text message threads that the Court has ordered Ms. Barbounis to produce to Defendants by December 15, 2020 (ECF No. 85).

2. Because Ms. Barbounis' letter includes a request for relief, the Court will construe it as a Motion pursuant to Fed. R. Civ. P. 7(b).

3. Defendant The Middle East Forum served Ms. Barbounis with its discovery requests, including Requests for the Production of Documents, on January 28, 2020. (*See* ECF No. 59-2, Ex. A.)

4. Since then, the Court has issued multiple Orders in this matter directing Ms. Barbounis to produce responsive documents to Defendants. (*See* ECF Nos. 61, 69.)

5. On November 13, 2020, following a hearing with Counsel for the Parties, the Court granted MEF's Motion for Contempt and, again, ordered Ms. Barbounis to produce responsive documents to Defendants, including text messages, by November 18, 2020. (ECF No. 74.)

6. Ms. Barbounis failed to comply with the Court's Order, and also failed to respond to an Order to Show Cause as to why the Court should not find her and/or her counsel in contempt. As

a result, the Court held a hearing on December 4, 2020, to resolve these issues. The Court found Plaintiff's counsel to be in contempt and ordered Ms. Barbounis to produce various categories of documents to Defendants by specified deadlines. (ECF No. 85.) Relevant here, the Court ordered Ms. Barbounis to produce 578 text message threads that Defendants' counsel had identified by December 15, 2020. (*Id.* at ¶ 5.) Given Ms. Barbounis' and her counsel's repeated failures to comply with their discovery obligations in this case and related Court orders, the Court ordered Plaintiff's counsel to pay a sanction of $50 per day for each day that he failed to comply with any of the Court's deadlines, including the deadline to produce the text message threads. (*Id.* at ¶ 7.)

7. On December 15, 2020, the same day that Ms. Barbounis was ordered to produce the text messages, her counsel filed a status report, asking for six additional days to produce them. (ECF No. 96.) The next day, the Court denied that request and reminded Ms. Barbounis' counsel of his obligations to comply with the sanctions set forth in the Court's prior Order. (ECF No. 97.)

8. Ms. Barbounis seeks reconsideration of that decision, claiming that "[t]his is an unfair result and a manifest injustice …." (ECF No. 98.) However, there is nothing unfair about requiring Ms. Barbounis to comply with discovery obligations that arose nearly a year ago—on January 28, 2020—when Defendants served her with document requests. Contrary to her counsel's representations, Ms. Barbounis has had many more than seven business days to comply with her discovery obligations and produce these documents to Defendants. She has had **324 days**, to be exact. After many months of failing to comply with her discovery obligations (including her failure to hire a vendor to assist with the gathering and production of electronic discovery), and despite numerous Court orders and admonishments to do so, the Court set a final deadline of December 15, 2020, for Ms. Barbounis to turn these documents over to Defendants. The time crunch that Ms. Barbounis and her counsel now find themselves under is one of their own making. Under these

circumstances, imposing a modest sanction of $50 per day on Ms. Barbounis' counsel for his continued failures to adhere to Court-ordered deadlines does not constitute a manifest injustice.

Therefore, in light of the foregoing, it is **ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 98) is **DENIED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.