UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LISA BARBOUNIS,** *Plaintiff,* v. **THE MIDDLE EAST FORUM, et al.,** *Defendants.* | Case No. 2:19-cv-05030-JDW |

## ORDER

**AND NOW**, this 18th day of December, 2020, upon consideration of Defendant The Middle East Forum's Petition for Attorneys' Fees (ECF No. 81), the Court notes as follows.

1. Pursuant to this Court's Order dated November 13, 2020 (ECF No. 74) and Fed. R. Civ. P. 37, MEF is entitled to an award of attorneys' fees for the costs of costs of preparing its Motion for Contempt against Plaintiff Lisa Barbounis and her counsel (ECF No. 72) and participating in the contempt hearing on November 13, 2020.

2. On November 20, 2020, MEF submitted its fee petition. MEF seeks to recover attorneys' fees in the amount of $9,462. In support of its petition, MEF provided the Court with the applicable billing rates of the attorneys working on this matter, as well as the hours they spent in connection with MEF's contempt motion and the instant fee petition.

3. On December 13, 2020, Ms. Barbounis filed her response in opposition to MEF's fee petition and requested that the Court reconsider its decision to award attorneys' fees to MEF in connection with its contempt motion. However, Ms. Barbounis already moved for reconsideration of the Court's decision to award fees to MEF (ECF No. 83), and the Court denied that motion (ECF No. 85). The Court will not reconsider its Order for the same reasons set forth on the record during

the hearing held on December 4, 2020. In any event, Ms. Barbounis' request that the Court reconsider its prior order is untimely. *See* L. R. Civ. P. 7.1(g); Fed. R. Civ. P. 59(e).

4. In her opposition to MEF's fee petition, Ms. Barbounis challenges how much time MEF's attorneys spent on their contempt motion and in preparing and attending the subsequent hearing. However, Ms. Barbounis does not contend that the attorneys' hourly rates themselves are unreasonable. Therefore, the Court deems this aspect of MEF's fee petition to be unopposed and holds that Ms. Barbounis waived any challenge that she might have to the hourly rates. Moreover, the Court determines that the hourly rates for each of MEF's attorneys, as set forth in the accompanying attorney declaration (ECF No. 81-2), are reasonable.

5. However, the Court agrees with Ms. Barbounis that MEF's attorneys' time spent in connection with the contempt motion was excessive. For example, it is unreasonable for MEF to recoup fees incurred as a result of its attorneys', Jonathan R. Cavalier and Leigh Ann Benson, preparation for, and attendance at, the contempt hearing on November 13, 2020. A review of the hearing transcript reveals that neither Mr. Cavalier nor Ms. Benson "participated" in the hearing. Instead, MEF's lead attorney in this matter, David J. Walton, argued MEF's motion and did all the speaking on MEF's behalf. Thus, the Court will not award fees for Mr. Cavalier's and Ms. Benson's time preparing for or attending the hearing.

6. Similarly, the Court will not award any fees incurred by Defendant Gregg Roman's attorney, Sidney L. Gold. Indeed, Mr. Roman did not move for contempt against Ms. Barbounis or her counsel. Only MEF did, and the Court awarded fees to MEF.

7. The Court will not award fees for Mr. Walton to review and revise the motion for contempt on November 3, 2020, because, according to the attorney time entries, Ms. Benson did not begin to draft the motion until six days later.

8. Likewise, the Court will not award fees for MEF's attorney Joseph Tate to review and analyze documents produced by Ms. Barbounis in connection with preparing the contempt motion. Indeed, the contempt motion was based upon Ms. Barbounis' failure to produce discovery in this matter.

9. The Court also will not award fees for Ms. Benson's and Mr. Cavalier's communications regarding the contempt hearing. Nor will the Court award fees for Mr. Walton's post-hearing analysis.

10. Finally, the Court notes that Ms. Barbounis did not object to MEF's request for fees incurred as a result of having to prepare the fee petition itself. Thus, the Court treats this aspect of MEF's fee petition to be unopposed and holds that Ms. Barbounis waived any challenge that she might have to the amount of time spent preparing the fee petition. Moreover, the Court determines that the amount of time that Mr. Cavalier spent preparing the fee petition is reasonable.

11. The Court finds that MEF's attorneys' remaining time entries are reasonable. Thus, the Court will award fees to MEF for the following:

| DATE | TIMEKEEPER | DESCRIPTION | HOURS WORKED | RATE | FEES |
| --- | --- | --- | --- | --- | --- |
| 11/3/20 | D. Walton | Analyze issues re: potential motion for Contempt and several communications with L. Benson re: same | 1.3 | $340.00 | $442.00 |
| 11/9/20 | L. Benson | Draft motion for contempt | 4.3 | $250.00 | $1,075.00 |
| 11/10/20 | L. Benson | Revise draft motion for contempt | 3.1 | $250.00 | $775.00 |
| 11/10/20 | J. Tate | Review and revise motion | 0.8 | $250.00 | $200.00 |

| Date | Attorney | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| 11/10/20 | D. Walton | Analyze issues re: motion for contempt and review and revise draft | 1.5 | $340.00 | $510.00 |
| 11/12/20 | D. Walton | Prepare for motion for contempt hearing | 1.7 | $340.00 | $578.00 |
| 11/13/20 | D. Walton | Prepare for attend Barbounis contempt hearing | 2.0 | $340.00 | $680.00 |
| 11/19/20 | J. Cavalier | Drafting the fee petition, collecting and analyzing supporting documentation, performing necessary research, revising the petition, and preparing it for filing | 3.6 | $340.00 | $1,224.00 |
| **TOTAL** | | | | | **$5,484.00** |

Therefore, it is **ORDERED** that Defendant The Middle East Forum's Petition for Attorneys' Fees (ECF No. 81) is **GRANTED IN PART**. It is **FURTHER ORDERED** that Plaintiff shall pay to MEF the total of $5,484.00.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.