

December 22, 2020

## STATUS REPORT AND CERTIFICATION

*Via E-filing*
United States District Court
Eastern District of Pennsylvania
Honorable Joshua D. Wolson
601 Market Street
Room 3809
Philadelphia, PA 19106-1726

            RE:    Lisa Barbounis v. The Middle East Forum
                       No. 2:19-cv-05030-JDW

Dear Judge Wolson:

Please allow this email to serve as Plaintiff's Status Report and Certification in connection with the December 4, 2020 Order.

Plaintiff has produced all relevant Telegram messages in their entirety to Defendants and certifies the same. Plaintiff placed 220 folders containing Telegram messages and in each folder is the complete Telegram message with images and source code including what I believe is metadata.

Regarding the redactions that Cornerstone made, the Court Order provides that Defendants were to identify which documents were redacted so that Plaintiff could work with Cornerstone to either remove those redactions or provide a privilege log. Defendants identified documents with Bates Stamps BARBOUNIS-000217170-BARBOUNIS-000217176. Plaintiff requested Cornerstone remove the redactions, however, Cornerstone refused to work with these documents in any way other than the redacted format which Plaintiff had already produced. Defendants represented that these documents were Twitter and Instagram Direct Messages. Plaintiff exported all of the messages from her Twitter and Instagram accounts and reviewed the same. There is almost no way to match these documents with the production from Cornerstone that Plaintiff could determine. Capsicum did produce documents from Plaintiff's Twitter and Instagram accounts, however, the format related to Capsicum's production does not mirror the format from Cornerstone's production. It does not appear that there is a way to make these productions mirror one-another. Plaintiff provided Capsicum with the same search terms that Cornerstone used. Capsicum did produce documents from Plaintiff's Twitter and Instagram Accounts, along with WhatsApp messages and Text messages. These documents have been produced.

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103 | (215) 391-4790
Miami Office: 100 SE 2nd Street, Suite 2000, Miami, FL 33131 | (305) 946-1884
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

The December 4, 2020 Order also required Plaintiff to produce entire text threads which were identified by Defendants.  Capsicum has been working on this and provided Plaintiff with a production in response to the Court's Order.  Plaintiff produced all the text files produced by Capsicum to Defendants which includes Whats App messages, SMS messages, Instagram Messages, and Twitter Messages.

Plaintiff provided this information to Defendants and send Defendants an email inviting a meet and confer regarding this production.  Plaintiff suggested that Capsicum be part of this call so that Defendant and Plaintiff can discuss with Capsicum the production made, in lite of the fact that the production does not appear to mirror the production from Cornerstone.

Plaintiff continues to work diligently to comply with the Court's December 4, 2020 Order.  Plaintiff requested from the Court an extension of time due to the volume of the work at issue.  The Court denied Plaintiff's request.  Plaintiff filed a Motion for Reconsideration which was also denied.  Plaintiff understands that the Court has Ordered Plaintiff to pay a sanction of $50.00 a day for every day that Plaintiff is not in compliance with the Court's Order.  Plaintiff is working to avoid these sanctions and finish the production of information.  Plaintiff suggests that a meet and confer between the parties with Capsicum would be productive in identifying what issues, if any, are outstanding.  There is one more production that Capsicum has communicated they intend to make which should be done today.

I write to update the Court and make the Court aware of the issues and to certify the part of the production that was completed.  Plaintiff certifies that the relevant Telegram messages were produced.  Plaintiff certifies that a production of Instagram, Twitter, WhatsApp, and SMS messages in the form of text files from Phone 1 was produced.  Plaintiff will certify the production from Phone 2 as soon as it is received from Capsicum.

Very Truly Yours,
**DEREK SMITH LAW GROUP, PLLC**

BY:___/s/ Seth D. Carson_____
        Seth D. Carson, Esquire

CC: All parties through ECF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date that I caused a true and correct copy of Plaintiff's

Status Report was served via the Court's ECF filing system:

David J. Walton (PA # 86019)
Leigh Ann Benson (PA #319406)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson

SETH D. CARSON

DATED: December 22, 2020