UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS, | : | NO. 2:19-cv-05030-JDW |
| Plaintiff, | : | |
| vs. | : | |
| THE MIDDLE EAST FORUM, DANIEL PIPES (individually), and GREG ROMAN (individually), Defendants. | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Motion for Summary Judgment on Behalf of Plaintiff/Counter Claim Defendant, Lisa Barbounis and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Judgment is entered in favor of Plaintiff/Counter Claim Defendant, Lisa Barbounis and against Defendant/Counter Claim Plaintiff, The Middle East Forum on all counter-claims.

                                    **BY THE COURT:**

                                    _____
                                    **JOSHUA D. WOLSON, J.,**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LISA BARBOUNIS, | : | NO. 2:19-cv-05030-JDW |
| Plaintiff, | : | |
| vs. | : | |
| THE MIDDLE EAST FORUM, DANIEL PIPES (individually), and GREG ROMAN (individually), Defendants. | : | |
| Defendant. | : | |

## MOTION FOR SUMMARY JUDGMENT ON BEHALF OF PLAINTIFFF, LISA BARBOUNIS AS TO ALL COUNTERCLAIMS FILED BY MIDDLE EAST FORUM

Plaintiff/Counter Claim Defendant, Lisa Barbounis hereby files this Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56, respectfully seeking that this Court enter judgment in its favor on all counter claims on the grounds more fully described in the supporting memorandum of law, attached pursuant to Local Rule 7.1(c).

Respectfully Submitted,

BY: _____/s/ Seth D. Carson_____
Seth D. Carson, Esquire
Derek Smith Law Group, PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Email: Seth@ DerekSmithLaw.com
Counsel for Plaintiff

DATED: March 1, 2021

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LISA BARBOUNIS, | NO. 2:19-cv-05030-JDW |
| Plaintiff, |  |
| vs. |  |
| THE MIDDLE EAST FORUM, DANIEL PIPES (individually), and GREG ROMAN (individually), Defendants. |  |
| Defendant. |  |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF LISA BARBOUNIS AS TO ALL COUNTERCLAIMS FILED BY MIDDLE EAST FORUM

Plaintiff/Counterclaim Defendant, Lisa Barbounis (hereinafter "Plaintiff, Lisa Barbounis" or "Ms. Barbounis" or "Plaintiff") hereby files this Memorandum of Fact and Law in Support of her Motion for Summary Judgment as to all Counterclaims filed by Defendant/Counterclaim Plaintiff, The Middle East Forum (hereinafter "Defendant MEF" or "MEF" or "Defendant").

### I. INTRODUCTION

Plaintiff, Lisa Barbounis initiated this action by civil action complaint on October 27, 2019 for claims arising from allegations of severe and pervasive discrimination and harassment in the workplace based upon Ms. Barbounis's sex and gender. During her employment for Defendant, Ms. Barbounis alleges she was subjected to non-stop, regular sexual harassment which included two acts of unwelcome physical contact of a sexual nature along with requests for oral sex and inappropriate sex-based comments and conduct. Defendants responded to the complaint of Lisa Barbounis by filing three retaliatory lawsuits that fail as a matter of law for

various reasons.  On December 3, 2019, Defendant filed claims without damages based upon alleged breach of Defendant's NDA and Device Agreement; violations of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Act of 2016; violations of the Computer Fraud and Abuse Act and Stored Communications Act; conversion; and breach of fiduciary duty.  On September 16, 2020, Defendant filed counterclaims against Plaintiff, Lisa Barbounis for (1) Breach of Duty of Loyalty, (2) civil conspiracy, (3) and fraudulent misrepresentation.  These counterclaims were filed without factual or evidentiary support and all fail as a matter of law.  On January 22, 2021, Defendant, MEF filed yet another lawsuit in this federal court, based upon the same allegations as the instant counterclaims.  For this third deficient lawsuit, MEF repacked the within counterclaims as violations of The Racketeer Influenced Corrupt Organizations Act (RICO) codified as 18 U.S.C. §1961 *et seq*.  The lengths Defendants will go through to avoid liability for Defendant, Greg Roman's lengthy history of discrimination and harassment in the workplace to which Plaintiff, Lisa Barbounis was subjected is relevant.

Also relevant is MEF's failure to substantiate the allegations presented in its counterclaim complaint. (Document 53 ¶¶ 1 – 156).  A review of the counterclaim complaint coupled with the evidence unearthed through discovery confirms that Defendant has failed to satisfy its burden to bring its counterclaims to trial.  First, Defendants counterclaims are highly dependent upon the hearsay statement of Daniel Thomas. See ¶¶ 3, 34, 36, 37, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 54, 71, 74, 75, 78, 82, 83, 84, 89, 90, 98, and 116.  These twenty-six (26) paragraphs, and the many general conclusory allegations upon which they are based, are taken from Exhibit A of Defendant's counterclaims.  This Exhibit A is a hearsay statement unsupported by the deposition testimony or declaration of Daniel Thomas.  It is well settled law that "hearsay statements in a declaration that would be inadmissible if testified to at trial are not admissible on summary

judgment." Lang v. Wal-Mart Stores East,.P., 813 F.3d 447, 456 (1st Cir. 2016). Defendant has not presented a declaration or testimony to support the statements of Daniel Thomas or Jazmin Bishop. Defendant has only presented the unsupported, unverified, unauthenticated conversation between Defendant, Greg Roman and Daniel Thomas. None of Daniel Thomas's statements can be considered to salvage Defendant's otherwise deficient counterclaims. A review of Defendant's counterclaims without these twenty-six paragraphs confirms its failure as a matter of law. Defendant's Counterclaims with all paragraphs upon which the hearsay statement of Daniel Thomas are stricken is attached and marked Plaintiff's Exhibit A. Without the testimony of Daniel Thomas, MEF's counterclaims is nothing more than an amalgam of eclectic allegations which are either factually irrelevant and facially prejudicial, or unsupported by the record of evidence. Id. Accordingly, Defendant, The Middle East Forum cannot move its counterclaims to trial.

## II. FACTUAL SUMMARY

Plaintiff incorporates by reference its Statement of Undisputed Material Facts, filed contemporaneously with this Memorandum of Law.

## III. SUMMARY JUDGMENT STANDARD

The court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. See Id. All inferences must be drawn, and all

doubts resolved in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985).  On motion for summary judgment, the moving party bears the initial burden of identifying these portions of the record that it believes demonstrate the absence of material fact disputes. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party, and may not rest on mere denials. See Id. 321, n.3; First Natl. Bank of Pa. v. Lincoln Natl. Life Ins. Co., 824 F.2d 277, 282 (3d Cir. 1987).

The nonmoving party may not resist a properly filed motion for summary judgment by relying solely on the unsupported conclusory allegations contained in pleadings, but rather must go beyond the pleadings and affidavits and designate specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 248. "[A] party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements." Super Fresh Food Mkts., Inc. v. United Food & Commercial Workers Local Union 1776, 249 F. Supp. 2d 546, 551 (E.D. Pa. 2003).  In ruling on a defendant's motion for summary judgment, a mere scintilla of evidence in support of the plaintiff's position is insufficient. Anderson, 477 U.S. at 252.  Enough evidence must exist such that a jury could reasonably find for the plaintiff. Id. The plaintiff cannot merely rely upon assertions or speculation. Gans, 762 F.2d at 341.  If the evidence is merely colorable or is not sufficiently probative, summary judgment may be granted. Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 771 (3d Cir. 2009). Additionally, "the unverified representations of counsel in a brief are not a proper part of the record for consideration on a motion for summary judgment." Prince v. Sun Shipbuilding & Dry Dock Corp., 86 F.R.D. 106, 107 (E.D. Pa. 1980).

Where a non-moving party bears the burden of proof at trial, the moving party's burden may be "'discharged by 'showing'...that there is an absence of evidence to support the nonmoving party's case.'" Bouriez, 585 F.3d at 771 (quoting Celotex, 477 U.S. at 325). If the moving party carries this burden, "the burden shifts to the non-moving party to point to sufficient cognizable evidence to create material issues of fact such that a reasonable jury could find in its favor." Bouriez, 585 F.3d at 771 (internal citation and quotation marks omitted).

IV. **LEGAL ARGUMENT**

    A. **Defendant, MEF's Breach of Duty of Loyalty Claims fail as a matter of law and are not supported by the facts unearthed through discovery.**

Count I of Defendant, MEF's counterclaim is Breach of Duty of Loyalty. This Count is based upon an allegation that Lisa Barbounis discovered that an individual named Daniel Thomas stole money that MEF granted to Daniel Thomas to hold a rally in England. (See generally Document 53 ¶¶ 31 - 34). By MEF's own admission in its counterclaims, Lisa Barbounis did not even know Daniel Thomas when the money was granted and allegedly misappropriated. (See Document 53 ¶ 31). Paragraph 32 of Defendant's counterclaim states that Lisa Barbounis and Daniel Thomas "began an adulterous affair almost immediately" during Lisa Barbounis's first trip to England. Importantly, Defendant does not cite to the hearsay statement of Daniel Thomas (Exhibit A) in presenting this allegation. Daniel Thomas never claimed that his relationship with Lisa Barbounis began during Ms. Barbounis's first trip to England and Ms. Barbounis has since corrected the record. Lisa Barbounis openly testified that she and Daniel Thomas engaged in a sexual relationship many months after her first trip to England and many months after Defendant alleges that Daniel Thomas stole money from MEF. See the second deposition testimony of Lisa Barbounis ("Tr 2 Barbounis") attached and marked Plaintiff's Exhibit "B" p. 293 l. -15. See also the second deposition testimony of Patricia McNulty ("Tr 2

McNulty") attached and marked Plaintiff's Exhibit "C" p. 156 l. 14 – p. 157 l. 19. Lisa Barbounis had no reason to know whether Daniel Thomas misappropriated money months before their relationship began. The granted money was spent on the rally by the time that Lisa Barbounis attended the rally for which the money was intended. Id. Lisa Barbounis testified that Daniel Thomas's ex-girlfriend, Jazmin Bishop, accused Daniel Thomas of stealing some of the money that MEF granted to Daniel Thomas for the rally. Tr 2 Barbounis p. 314 l. 11 – p. 326 l. 18. Lisa Barbounis also testified that soon after Jazmin Bishop lodged this allegation, she recanted it. Id. At the time, Lisa Barbounis had no loyalty to Daniel Thomas and was of course loyal to her employer. Lisa Barbounis was left in the uncomfortable position of whether or not to bring an unsubstantiated rumor, started by a jealous ex-girlfriend, to the attention of The Middle East Forum; a rumor that was retracted by the same person who started it. Id. MEF has not accused Lisa Barbounis of profiting from or even participating in the misappropriation of the granted money. (See Document 53 ¶ 31). Indeed, Lisa Barbounis did not even know Daniel Thomas when these events may or may not have occurred. Id. MEF has also taken no steps to recover the money from the person who MEF supposedly believes stole it: Daniel Thomas. See the deposition testimony of Daniel Pipes ("Tr Pipes") attached and marked Plaintiff's Exhibit "D" p. 275 l. 1 – p. 278 l. 2. There is also the added issue of the credibility of Daniel Thomas who stated in recording that he was out to "fuckin' testify against that cunt" and that Greg Roman offered something of value in exchange for his testimony. Id. These grave words recorded by Daniel Thomas only highlights the rule that unsupported hearsay evidence that cannot be presented at trial cannot also not be utilized in a motion for summary judgment.

But most importantly, there is no proof that any money was ever stolen.  MEF cannot rely upon hearsay statements of its employees who supposedly spoke to Daniel Thomas and MEF cannot present a declaration or testimony of Daniel Thomas or Jazmin Bishop.

Under Pennsylvania law, an employee who, while still working for her employer, makes improper use of her employer's trade secrets or confidential information, usurps a business opportunity from the employer, or, in preparing to work for a rival business, solicits customers for such rival business, may be liable for a breach of the duty of loyalty. Bro-Tech Corp. v. Thermax, Inc., 651 F. Supp. 2d 378 (E.D. Pa. 2009).  Defendant is unable to allege that Lisa Barbounis did any of these things, or took any action against the interest of The Middle East Forum.  Defendant's breach of duty of loyalty claim is predicated upon events to which Lisa Barbounis had no involvement. (See Document 53 ¶ 31).  Defendant cannot establish that money was stolen and will be unable as a matter of law to even present this allegation to a jury.  Accordingly, Defendant has failed to unearth evidence through discovery to substantiate its breach of duty of loyalty claim.

### B. Defendant, MEF's Civil Conspiracy Claims fail as a matter of law and are not supported by the facts unearthed through discovery.

Defendant, MEF's civil conspiracy claim fails for the same reason as the breach of duty of loyalty claim.  According to its counterclaim complaint (Document 53) Lisa Barbounis conspired with Daniel Thomas. (See Document 53 ¶ 141).  This allegation is confusing as MEF admits in Paragraph 31 (Doc 53) that Lisa Barbounis met Daniel Thomas for the first time after the money was granted and spent. Id. See also Tr 2 McNulty Exhibit C p. 156 l. 14 – p. 157 l. 19.

Indeed, Lisa Barbounis and Patricia McNulty confirmed MEF's counterclaim complaint testifying that they met Daniel Thomas for the first time at the rally for which the granted money

was intended, and that they only said hello at the rally. Id. Patricia McNulty confirmed they only saw Daniel Thomas at the rally and did not see him again during that trip to England. Id. Count II of Defendant, MEF's counterclaims is a pleading that may be deficient on its face as it contains no specific allegations and is replete with obtuse legal conclusions that fail as a matter of law. The Middle East Forum has unearthed no evidence through discovery to support its self-serving legal conclusory allegations that a civil conspiracy existed. Defendants have been unable to point to any evidence that Lisa Barbounis was involved in any way in a civil conspiracy and MEF cannot rely upon the hearsay statements of Daniel Thomas or Jazmin Bishop to salvage an otherwise deficient complaint. Indeed, without the twenty-six (26) paragraphs included in the counterclaims which are only substantiated by the hearsay record of Defendant, Greg Roman (Document 53-), the counterclaims for civil conspiracy fall apart.

### C. Defendant, MEF's Fraudulent Misrepresentation Claims fail as a matter of law and are not supported by the facts unearthed through discovery.

Possibly its most absurd Count, The Middle East Forum's finishes its counterclaim complaint with a Count for fraudulent misrepresentation. The elements of intentional or fraudulent misrepresentation are as follows: (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and, (6) the resulting injury was proximately caused by the reliance. Bortz v. Noon, 729 A.2d 555, 560 (Pa. 1999). Defendant's fraudulent misrepresentation count is based upon an allegation that Lisa Barbounis claimed she went to England for one personal reason, when she really went for another personal reason. The Declaration of Lisa Barbounis is attached and marked Plaintiff's Exhibit "E". Defendant did not

allege that Lisa Barbounis claimed she went to England for work.  Defendant alleged that Lisa Barbounis claimed she went to England with her family, when she really went to England to visit a friend.  This is by no means a material misrepresentation.  Moreover, there was no transaction at hand.  Defendant did not pay for Lisa Barbounis to travel to England.  Lisa Barbounis visited England on her own dime, a trip that had nothing to do with Defendant, MEF.  Lisa Barbounis is a salaried employee so MEF cannot claim that Lisa Barbounis was paid any extra money during her travels.  Also, Lisa Barbounis used her personal Paid Time Off (PTO) time for this trip.  Lisa Barbounis's PTO time was not conditioned upon spending time with her family.  Accordingly, Defendant's attempt to support a count in federal court for fraudulent misrepresentation when Lisa Barbounis took her PTO time is patently absurd.  Lisa Barbounis is not a slave.  She does not owe Daniel Pipes an explanation of how she spends her time off from work.  Therefore, informing Daniel Pipes that she went to England with her family if she really went to see a friend is not a material misrepresentation.  There was not transaction between the parties.  Also, there can be no reliance on the misrepresentation when it was made well after the trip.  For these reasons, Defendant's Count for fraudulent misrepresentation fails as a matter of law.  Finally, Defendant cannot claim to have suffered any damages as a result of Lisa Barbounis's trip to England.

## V.    **CONCLUSION**

For the reasons set fourth above, Plaintiff, Lisa Barbounis respectfully requests the Court find in favor of Plaintiff, Lisa Barbounis and Order that Defendant's three (3) counterclaims be dismissed with prejudice pursuant to Plaintiff's Motion for Summary Judgment.

>                             BY: _____/s/ Seth D. Carson_____
>                                     Seth D. Carson, Esquire
>                                     Derek Smith Law Group, PLLC
>                                     1835 Market Street, Suite 2950

Philadelphia, PA 19103  
Phone: 215.391.4790  
Email: Seth@ DerekSmithLaw.com  
Counsel for Plaintiff

DATED: December 13, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on this date that I caused a true and correct copy of Plaintiff's Motion Defendants to be served via ECF.

>Jon Cavalier
>Leigh Ann Benson
>Cozen O'Connor
>1650 Market Street, Suite 2800
>Philadelphia, PA 19103
>P: 215-665-2000
>F: 215-665-2013
>dwalton@cozen.com
>lbenson@cozen.com
>Sidney L. Gold sgold@discrimlaw.
>Sidney L. Gold & Associates P.C.
>1835 Market Street, Suite 515
>Philadelphia, PA 19103
>Tel: (215) 569-1999
>Fax: (215) 569-3870
>Counsel for The Middle East Forum

>**DEREK SMITH LAW GROUP, PLLC**

>BY:   /s/ Seth D. Carson
>      SETH D. CARSON
>      Derek Smith Law Group, PLLC
>      1835 Market Street
>      Suite 2950
>      Philadelphia, PA 19103
>      Phone: 215.391.4790
>      Facsimile: 215.893.5288
>      Email: Seth@DerekSmithLaw.com

DATED: March 1, 2021