## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS | : |
| | : |
| v. | : CIVIL ACTION |
| | : NO. 2:19-cv-05030-JDW |
| THE MIDDLE EAST FORUM and | : |
| GREGG ROMAN *(individually)* | : |
| | : |
| | : |

## ORDER

AND NOW, this            day of                    , 2021, upon consideration of

the Motion to Quash the Rule 45 Subpoena and for Protective Order of Non-Party, Ryan Coyne,

and any response by any party thereto, it is hereby ORDERED and DECREED that the motion is

GRANTED.  It is FURTHER ORDERED that:

1. The subpoena compelling non-party, Ryan Coyne, to appear for deposition and produce

   documents is hereby QUASHED;

2. A protective order is hereby GRANTED.  Non-party, Ryan Coyne, shall not be compelled

   to testify at any deposition or at any proceeding with respect to this matter. The parties in

   the above-captioned case may not issue any further subpoena to Ryan Coyne with respect

   to the claims at issue in this lawsuit.

BY THE COURT:

_____
                                                    J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA BARBOUNIS | : |
| | : |
| v. | : CIVIL ACTION |
| | : NO. 2:19-cv-05030-JDW |
| THE MIDDLE EAST FORUM and | : |
| GREGG ROMAN *(individually)* | : |
| | : |
| | : |

**MOTION TO STAY DEPOSITION, TO QUASH SUBPOENA TO TESTIFY, AND FOR**
**PROTECTIVE ORDER FILED ON BEHALF OF NON-INVOLVED, NON-PARTY**
**WITNESS, RYAN COYNE**

Non-party, Ryan Coyne, by and through his attorneys, Marshall Dennehey Warner Coleman & Goggin, hereby motions to quash the subpoena directing him to produce documents and to testify at a deposition unilaterally scheduled for March 8, 2021, [1] and moves for an order protecting him from producing documents or testifying at any deposition or trial proceeding in this case.

On February 18, 2021, non-party, Ryan Coyne, while staying at a hotel in San Juan, Puerto Rico, was served with a subpoena to appear on March 8, 2021 and testify and produce documents in the above-captioned matter. On March 1, 2021, counsel for Mr. Coyne served counsel for defendants, The Middle East Forum, Daniel Pipes, and Greg Roman with timely objections to the document requests attached to the subpoena and with a letter outlining the objections to the *subpoena ad testificandum*. Those objections are fully outlined in the attached memorandum of law, which is incorporated by reference.

---

[1] As an aside, Neither Mr. Coyne, nor counsel for Mr. Coyne are available for the March 8, 2021 deposition.

Briefly, the subpoena violates the "100-mile rule" as set forth in Federal Rule of Civil Procedure 45, because Mr. Coyne lives, works, and regularly conducts business all well outside of 100 miles of the place where the deposition was noticed to take place, Philadelphia, Pennsylvania. Additionally, the subpoena violates multiple court orders that have set the discovery deadline in this case. A review of the dockets demonstrates that the discovery deadline applicable to this matter was November 25, 2020. (ECF No. 69). The subpoena was served on February 18, 2019, well after the discovery deadline and, as such, is in direct violation of this court's case management order. Finally, the subpoena violates both Federal Rules of Civil Procedure 45 and 26, because it inquires into matters that are completely irrelevant to this suit, seeks information that has been or could have been discovered from parties to this litigation during the course of discovery, and constitutes an undue burden upon a non-party to this case.

As such, for these reasons, and the reasons more fully set forth in the attached Memorandum of law, non-party Ryan Coyne, respectfully requests that this Court quash the subpoena served upon him and requests that this Court enter a protective order, in the form attached to this Motion.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: _____
DANIEL E. DOLENTE, ESQUIRE
PA Attorney I.D. No: 316293
dedolente@mdwcg.com; 267-519-6574
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Non-Party, Ryan Coyne*

Date: March 3, 2021

2

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS | : |
| | : |
| v. | : CIVIL ACTION |
| | : NO. 2:19-cv-05030-JDW |
| THE MIDDLE EAST FORUM; | : |
| GREGG ROMAN *(individually),* et. al. | : |
| | : |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO QUASH SUBPOENA TO TESTIFY AND FOR PROTECTIVE ORDER FILED ON BEHALF OF NON-INVOLVED, NON-PARTY WITNESS, RYAN COYNE

Dated: March 3, 2021

Daniel E. Dolente, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA  19103
PA Bar ID:  316293
dedolente@mdwcg.com; 267-519-6574
*Attorney for Non-Party, Ryan Coyne*

# **Table of Contents**

I.     INTRODUCTION ........................................................................................................1

II.    PERTINENT PROCEDURAL AND FACTUAL HISTORY ............................................1

III.   LEGAL ARGUMENT .................................................................................................4

   A.   Standard of Review ..........................................................................................4

   B.   This Court, Under Rule 45 of the Federal Rules of Civil Procedure, Does not Have
   Jurisdiction Over Non-Party, Non-Involved Individual, Ryan Coyne, Because He Lives in
   Puerto Rico, More than 100 Miles from this Courthouse. ..........................................6

   C.   Even if This Court Possesses Jurisdiction Over Non-Party, Ryan Coyne, Which Mr.
   Coyne Disputes, The Subpoena Issued to Him Violates this Court's Discovery Deadline, as
   the Deposition Is Scheduled After the Deadline. .....................................................9

   D.   The Subpoena Issued To Non-Party, Ryan Coyne Should Be Quashed Because Mr. Coyne
   Has No Connection To this Lawsuit and The Subpoena Seeks Only to Burden, Harass, Annoy,
   and Embarrass a Non-Involved Non-Party ...........................................................11

IV.    RELIEF REQUESTED ..............................................................................................19

## I.     __INTRODUCTION__

On February 18, 2021, non-party, Ryan Coyne, while staying at a hotel in San Juan, Puerto Rico, was served with a subpoena to appear, produce documents, and give testimony in the above-captioned case, unilaterally set for March 8, 2021.  See a photocopy of the subpoena served, attached as Exhibit 1.  The subpoena is procedurally improper, violates multiple orders issued by this Court, and imposes an undue burden on a non-party, Ryan Coyne, who has no connection to this lawsuit.

As such, non-involved, non-party, Ryan Coyne, seeks an order quashing the subpoena directing him to produce certain documents and testify at a deposition on March 8, 2021, and moves for an order protecting him from producing documents that he has properly objected to or testifying at any deposition or trial proceeding in this case.

## II.     __PERTINENT PROCEDURAL AND FACTUAL HISTORY__

Non-involved, non-party, Ryan Coyne ("Mr. Coyne"), is a resident of San Juan, Puerto Rico.  His residence is located at 103 Avenida Jose de Diego, San Juan, Puerto Rico 00911.

A review of the dockets pertaining to the above-captioned case shows that on October 27, 2019, Plaintiff, Lisa Barbounis ("Plaintiff," "Ms. Barbounis") filed a civil action lawsuit against multiple parties, including Greg Roman, Daniel Pipes, and the Middle East Forum, alleging, among other things, sexual harassment and discrimination.  See (ECF No. 1, No. 51).[2]  In the parties' respective Rule 26(a)(1) Initial Disclosures, plaintiff identified 30 potential witnesses and defendants identified 51 potential witnesses, "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses."  Mr. Coyne was not named as a potential witness by any party.  See a copy of the parties Rule 26(a) disclosures, collectively

---

[2] Non-party, Ryan Coyne, has not been named as a party in Plaintiff's Complaint or in any subsequent pleading filed by any party. (ECF Nos. 14, 17, 45, 51, 53).

attached as Exhibit 2.  While defendants reserved the right to amend the list during the discovery period, upon information and belief, at no point was Mr. Coyne identified as a potential witness who had discoverable information or who could be called at the time of trial.

On January 31, 2020, this Court issued an initial scheduling Order, mandating parties complete discovery by July 2, 2020.  See (ECF No. 19). On June 30, 2020, this Court extended the discovery deadline to August 14, 2020.  See (ECF No. 40).  On July 31, 2020, this Court extended the discovery deadline again, to October 28, 2020.  See (ECF No. 49).

On October 26, 2020, this Court ordered ten depositions to be scheduled and completed between October 29, 2020 and November 24, 2020.  The Court reiterated that, "Parties shall complete all discovery by November 25, 2020 . . . **The Court will not grant extensions of these deadlines."**  See (ECF 69) (bold and underline in original).  On November 23, 2020, this Court issued another Order, reiterating November 25, 2020 was the "close of discovery." See (ECF 82) On January 19, 2021, this Court Ordered that re-opened depositions of certain named witnesses shall proceed on dates certain set from February 2, 2021 through February 9, 2021.  See (ECF No. 106).  All four witnesses mentioned in the Order, including Plaintiff herself, were on both Plaintiffs' and Defendants' witness lists.  See Exhibit 2. Non-party, Ryan Coyne, was not listed on the January 19, 2021 Order.  See (ECF No. 106).

On February 18, 2021, twelve weeks after the expiration of this Court's discovery deadline, attorneys for the defendants, The Middle East Forum, Daniel Pipes and Greg Roman, issued a subpoena to non-involved, non-party, Ryan Coyne.  Mr. Coyne was served while in San Juan, Puerto Rico, where he resides, well over 100 miles away from the United States District Court for the Eastern District of Pennsylvania.  This subpoena seeks to compel Mr. Coyne to produce certain documents and appear for a deposition at "Cozen O'Connor, via Zoom" on

March 8, 2021 at 1:00 PM.  See Exhibit 1.   The subpoena further states the name and telephone number of the attorney issuing the subpoena, and address of Cozen O'Connor as 1650 Market Street, Suite 2800, Philadelphia, PA 19103.  No other information is listed in terms of how the deposition is to proceed.  Id. Additionally, in the associated document requests, defendants seek confidential, personal, and business information pertaining to non-involved, non-party, Ryan Coyne, that has absolutely no connection to this lawsuit.  Id. at p. 6-7.

On March 1, 2021, counsel for Mr. Coyne issued objections to the subpoena.  See letter and objections to subpoena, attached as Exhibit 3.  With those objections, counsel for Mr. Coyne wrote a letter to defense counsel, who issued the subpoena, explaining the reasons why he would not produce Mr. Coyne for deposition, citing violations of Rule 45 of the Federal Rules of Civil Procedure, violations of this Court's orders regarding the discovery deadline in the case, and violations of Rule 26 of the Federal Rules of Civil Procedure.  See Exhibit 3.  Counsel for Mr. Coyne indicated that a motion to quash the subpoena would be filed if the subpoena was not withdrawn.   Subpoenaing counsel responded, asked for additional time to review the letter, consider the objections, and speak with counsel for Mr. Coyne over the telephone.  See March 1, 2021, e-mail exchange between counsel for Mr. Coyne and counsel who issued the subpoena, attached as Exhibit 4.  Counsel who issued the subpoena suggested that, with the Motion for Summary Judgment deadline being March 1, 2021, he would not be able to discuss the matter until the following day, March 2, 2021.  Id.  Counsel for Mr. Coyne provided his direct cell phone number and agreed to hold off on filing this motion, but did note that the summary judgment deadline passing before Mr. Coyne's scheduled deposition is another reason this subpoena should be withdrawn.  Counsel for Mr. Coyne asked subpoenaing counsel to call him by end of day on March 2, 2021 to discuss the letter and his objections to the subpoena.  As of

the time of the motion, counsel who issued the subpoena has not contacted counsel for Mr. Coyne, necessitating the filing of this motion.

Counsel for Ryan Coyne has no idea what possible connection Mr. Coyne could have to this lawsuit. A review of the dockets for the above-captioned matter demonstrates, however, that ever since plaintiff, Lisa Barbounis, commenced her civil action lawsuit against defendants, Daniel Pipes, Greg Roman and the Middle East Forum,[3] the litigation between plaintiff and defendants has been extremely contentious with numerous motions to compel, for contempt, for sanctions, and for protective orders filed by both parties. (ECF Nos. 26, 29, 34, 43, 59, 62, 64, 72, 81). Mr. Coyne has not been the subject of any of these motions or hearings. Mr. Coyne has had no involvement in this case whatsoever until receiving this subpoena, which occurred months after the discovery end date. Counsel for Mr. Coyne now submits the following legal argument to prevent him, a non-party who has no connection to this lawsuit, from becoming embroiled in contentious litigation in which he has no interest and no involvement.

### III.   <u>LEGAL ARGUMENT</u>

#### A.   <u>Standard of Review</u>

After being served with a subpoena, a non-party may seek to have it quashed by a filing a motion with the court where compliance is required. <u>See</u> Fed. R. Civ. P. 45(d). Specifically, Rule 45 states, in relevant part:

> (3) Quashing or Modifying a Subpoena
>
> (A)  When Required.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;

---

[3] All claims asserted by plaintiff against, Defendant, Matthew Bennett have been dismissed with prejudice. (ECF No. 56)

4

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden

(B)  When Permitted.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information

Fed. R. Civ. P. 45.

Federal Rule of Civil Procedure 45, in association with Federal Rule of Civil Procedure 26, provide for the ways that a non-party, who is served with a subpoena, can be protected from unnecessary, irrelevant, burdensome, and/or harassing discovery requests. See Mannington Mills, Inc. v. Armstrong World Indus., Inc., 206 F.R.D. 525, 529 (D. Del. 2002) ("The [Advisory Committee] Notes recognize that [Rule] 45(c)(3), which authorizes the quashing of a subpoena, tracks the provisions of Rule 26(c), which empowers the issuance of a protective order, and likewise, protects a nonparty from undue burden by identifying circumstances where a subpoena is not allowed absent a showing of substantial need.").

In addition to Rule 45, Federal Rule of Civil Procedure 26 also applies limitations to discovery sought from a non-party to the litigation.  See Fed. R. Civ. P. 26(b)(1).  Indeed, a subpoena served under Rule 45 must fall within the scope of proper discovery under Rule 26(b)(1).  See Green v. Cosby, 314 F.R.D. 164, 169 (E.D. Pa. 2016).  "Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed."  Bayer AG v. Betachem, Inc., 173 F.3d 188, 181 (3d Cir. 1999).  Specifically, the discovery sought must be relevant to a claim or defense and proportional to the needs of the

case, giving consideration to a party's access to the information by other means and whether the burden or expense of the discovery outweighs its likely benefit. See Rule 26(b)(1). "A showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" Spring Pharmaceuticals, LLC, v. Retrophin, Inc., No. 19-mc-137, 2019 WL 3731725, at *3 (E.D. Pa. August 7, 2019). Additionally, with respect to a request for documents attached to a *subpoena ad testificandum*, objections may be served, which then shifts the burden to the party requesting the records to demonstrate to the court why the documents are being requested.  See Fed. R. Civ. P. 45(d)(2)(B)(i).

      B.     **This Court, Under Rule 45 of the Federal Rules of Civil Procedure, Does not Have Jurisdiction Over Non-Party, Non-Involved Individual, Ryan Coyne, Because He Lives in Puerto Rico, More than 100 Miles from this Courthouse.**

If a deponent is not a party, and does not consent to attend a deposition, then his attendance can only be compelled by subpoena under Federal Rule of Civil Procedure 45. Fed.R.Civ.P. 45.  Generale Bank Nederland N.V. v. First Sterling Bank, No. CIV.A. 97-2273, 1997 WL 778861, at *2 (E.D. Pa. Dec. 18, 1997).  Rule 45 does provide boundaries and limits on who is subject to deposition.  For example, a subpoena issued under Rule 45 may only command a person to attend a deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person. See Fed. R. Civ. P. 45(c)(1)(A). Specifically, the rule reads:

(c) PLACE OF COMPLIANCE

(1) *For a Trial, Hearing, or Deposition*.  A subpoena may command a person to attend a trial, hearing or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery*.  A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

Fed. R. Civ. P. 45(c).

Rule 45 provides further protection to out-of-state witnesses from subjection to subpoenas compelling testimony when they are more than 100 miles from the applicable courthouse.  Indeed, Rule 45(d)(3)(A)(ii) provides that, on timely motion, the court for the district where compliance is required must quash or modify a subpoena that violates Rule 45(c). See Fed.R.Civ.P. 45(d)(3)(A)(ii).

Courts in this District and throughout the Third Circuit routinely quash subpoenas issued to witnesses who do not live or work within 100 miles of the courthouse, deposition site, or hearing. See Audi of Am., Inc. v. Bronsberg & Hughes Pontiac, Inc., No. 3:16-CV-2470, 2017 WL 1471491, at *3 (M.D. Pa. Apr. 25, 2017) (holing the court's subpoena power did not extend to an individual who lived in Utah and worked more than 100 miles from the courthouse, and determined that the witness fell "beyond the legitimate reach of the court's subpoena power"); see also Tele Draulic, Inc. v. Hetronic Int'l, Inc., Misc. No. 16-108-SLR, 2016 WL 3606775, at *4 (D. Del. June 30, 2016) (quashing subpoena that requested depositions of business representatives who had no contacts within 100 miles of courthouse);  see also In re ANC Rental Corp., No. MISC. 02-148, 2002 WL 34729302, at *1 (E.D. Pa. June 20, 2002) (quashing subpoena which would require deponent to travel from Oklahoma, where he lives and regularly

conducts business, to Philadelphia); see also Generale Bank Nederland N.V. v. First Sterling Bank, No. CIV.A. 97-2273, 1997 WL 778861, at *2 (E.D. Pa. Dec. 18, 1997) (affirming that a court's subpoena power of the court is only within 100 miles of the courthouse); see also Havens v. Mar. Commc'ns/Land Mobile, LLC, No. CIV. 11-993 KSH CLW, 2014 WL 2094035, at *1 (D.N.J. May 20, 2014) (quashing subpoena issued to individuals who live and work in California, over 100 miles from New Jersey courthouse); see also O'Connor v. Trans Union Corp., No. CIV. A. 97-4633, 1998 WL 372667, at *3 (E.D. Pa. May 11, 1998) (holding that a court does not have the ability to compel witness to travel over 100 miles under Rule 45).

Here, non-party, Ryan Coyne lives in San Juan, Puerto Rico.  Further, he is employed by a company that has a business address of 1201 Wilson Blvd, Arlington, Virginia.  Today, March 3, 2021, he is flying to Nashville, Tennessee for business until Friday, March 5, 2021, when he is scheduled to fly to San Francisco, California on other business matters until he returns to San Juan next Wednesday. The subpoena notices Mr. Coyne's deposition to be conducted at "Cozen O'Connor, via Zoom" on March 8, 2021, while Mr. Coyne is in the middle of pre-planned business matters on the other side of the country.  No further instructions are provided other than "via Zoom." The only additional information is that the attorney who subpoenaed Mr. Coyne is located at 1650 Market Street, Suite 2800, Philadelphia, PA 19103.  Cozen O'Connor, as well as the United States District Court for the Eastern District of Pennsylvania, is well over 100 miles from San Juan, Puerto Rico, where Mr. Coyne lives, and San Francisco, California, where he will be next week on the date of his requested deposition.

As to the indication that the deposition could take place "via Zoom," there is no information contained in the subpoena describing how that would occur.  There is no link or direction for the deponent to direct him on how to attend other than "via Zoom."  The Federal

Rules require that a subpoena direct the deponent to appear at specified time and place.   See Fed.R.Civ.P. 45(a)(1)(iii).   Here, the only "place" identified is Cozen O'Connor's Philadelphia office, which, as articulated above, violates the 100-mile rule.   Further, Federal Rule of Civil Procedure 30(b)(4) governs remote depositions.   Specifically, Rule 30(b)(4) provides that a deposition may be taken by telephone or other remote means only by stipulation or court order. See Fed.R.Civ.P. 30(b)(4).   Rule 30(b)(4) does not permit a party to unilaterally subpoena a non-party for a remote deposition without a court order.   In addition to a court order being a procedural requirement for a party to take the remote video deposition of a non-party, here, as a matter of practicality, an order would be necessary to direct the deponent *how* to appear for this subpoenaed deposition. In this case, this Court has not ordered Mr. Coyne's deposition via Zoom, and counsel for Mr. Coyne has not stipulated to the deposition taking place.   As such, this subpoena is also invalid under Rule 30(b)(4).

In sum, this Court should quash the subpoena issued to Mr. Coyne under Rule 45, as it was issued to compel a deposition outside of this Court's jurisdiction. Additionally, this subpoena attempts to take advantage of the privileges afforded by Rule 30(b)(4) without the required Court order or stipulation.

<strong>C.   Even if This Court Possesses Jurisdiction Over Non-Party, Ryan Coyne, Which Mr. Coyne Disputes, The Subpoena Issued to Him Violates this Court's Discovery Deadline, as the Deposition Is Scheduled After the Deadline.</strong>

Litigants must comply with a Court's discovery order, for those orders "facilitate the expeditious and sound management of the preparation of cases for trial."   See Miller v. Thompson-Walk, No. CV 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019) (sanctioning litigants who disobeyed discovery orders). Courts have "very broad discretion" to take necessary actions to ensure compliance with the Court's orders. See Tracinda Corp. v.

9

DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007) (issuing sanctions for failure to comply with discovery deadline). Courts have even dismissed Complaints for failure to comply with court-ordered discovery orders.  For example, the Third Circuit affirmed a dismissal of a Complaint for failure to comply with Court orders, holding, "district courts cannot, and should not, tolerate unjustifiable delays and the expenditure of irreplaceable judicial resources caused by litigants, pro-se or represented, who will not obey court orders. Nor will we."  Mindek v. Rigatti, 964 F.2d 1369, 1375 (3d Cir. 1992) (affirming dismissal of case for failure to comply with discovery orders).

It is true that, "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired."  See Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986) (affirming dismissal of case based on summary judgment after opposing party refused to submit materials in accordance with scheduling order).  Indeed, a party cannot "subscribe to the belief that this Court's orders are mere suggestions."  Unlimited Holdings, Inc. v. Bertram Yacht, Inc., 50 V.I. 727, 740 (D.V.I. Oct. 15, 2008) (refusing to extend scheduling order).

The discovery deadline in this case was November 25, 2020.  See (ECF No. 69).  This deadline was set after the Court previously issued three prior discovery orders, and extended discovery deadlines by approximately five months.  See (ECF No. 19, ECF No. 40, ECF No. 49).  Ultimately, this Court stated, "**The Court will not grant extensions of these deadlines.**"  See (ECF 69) (bold and underline in original).  This Court was very clear in its Order.  Discovery ended on November 25, 2020.  This Court, by way of the January 19, 2021 Order, made one exception and allowed the re-deposition of four witnesses to be completed by February 9, 2021.  See (ECF 106).  Ryan Coyne was not mentioned in any discovery order in this case.  To the best

of moving counsel's knowledge, information and belief, this Court has given no indication that the subpoenaing defendants could re-open discovery to depose non-involved, non-party, Ryan Coyne.

Despite this clear, unambiguous deadline, defense counsel, on February 18, 2021, issued a subpoena to non-party, Ryan Coyne, attempting to depose him on March 8, 2021, more than 3 months after discovery ended. Moreover, the summary judgment deadline was March 1, 2021. The parties have already filed their respective motions for summary judgment. See (ECF 108, ECF 109-2). Thus, the defendants seek to depose Mr. Coyne a week after they have submitted their motion for summary judgment. Even though the defendants reserved the right to amend their Rule 26 disclosures, they reserved the right to do so only "during the discovery period." See Exhibit 2. Discovery has expired. Plaintiff did not identify Mr. Coyne as a witness, subpoena him, nor depose him during discovery. Defendants did not seek an order for relief from the applicable case management order to depose Mr. Coyne. Motions for Summary Judgment have been submitted by both parties. Quite simply, the time for depositions has come and passed. Defense counsel's subpoena is in direct violation of this Court's Order, which clearly prohibits this deposition from taking place. This Court should use its broad discretion to quash this subpoena which is in violation of this Court's own Order, and issue an Order which protects Mr. Coyne from testifying at deposition or trial in this case.

    **D.**    **The Subpoena Issued To Non-Party, Ryan Coyne Should Be Quashed Because Mr. Coyne Has No Connection To this Lawsuit and The Subpoena Seeks Only to Burden, Harass, Annoy, and Embarrass a Non-Involved, Non-Party to this Lawsuit.**

As indicated above, Federal Rule of Civil Procedure 45, in association with Federal Rule of Civil Procedure 26, provides for the ways that a non-party, who is served with a subpoena, can be protected from unnecessary, irrelevant, burdensome, and/or harassing discovery requests.

See <u>Mannington Mills, Inc. v. Armstrong World Indus., Inc.</u>, 206 F.R.D. 525, 529 (D. Del. 2002).  Specifically, Rule 45(d)(3)(iii) and (iv) requires a court to quash a subpoena that subjects a person to undue burden or requires discovery of privileged or protected matters. <u>See</u> Fed. R. Civ. P. 45(d)(3)(iii) and (iv).

Federal Rule of Civil Procedure 26 limits the scope of discovery in civil suits to "any nonprivileged matter that is relevant to any party's claim or defense." <u>See</u> Rule 26(b)(1).    Rule 26 states, in relevant part:

> (b) DISCOVERY SCOPE AND LIMITS
>
> (1) *Scope in General*.  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> …
>
> (C) *When Required*.  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by rule 26(b)(1).

<u>See</u> Fed. R. Civ. P. 26.  Rule 26 also provides that any person from whom discovery is sought

may move for a protective order to protect a person from annoyance, embarrassment, oppression,

or undue burden or expense, including:

> (A)  forbidding the disclosure or discovery;
>
> (B)  specifying terms, including time and place or the allocation of expenses for the disclosure or discovery;
>
> (C)  prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E)  designating the persons who may be present while the discovery is conducted;
>
> (F)  requiring that a deposition be sealed and opened only on court order;
>
> (G)  requiring that a trade secret or other confidential research development or commercial information not be revealed or be revealed only in a specified way; and
>
> (H)  requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26 (c)(1).

As such, Rule 45 and Rule 26 protects individuals served with a subpoena from undue

burden, harassment, annoyance, inconvenience, and oppression.  With respect to a *party* to the

litigation, the party seeking a protective order bears the burden of showing that good cause exists

to limit or foreclose discovery and must demonstrate a particular need for protection.  <u>Cipollone</u>

<u>v. Ligget Grp., Inc.</u>, 785 F.2d 1108, 1121 (3d Cir. 1986).  When discovery is sought from a *non-*

*party*, however, the Eastern District has stated that broader restrictions are necessary to prevent

that non-party from suffering harassment or inconvenience.  <u>See</u> <u>Saller v. QVC., Inc.</u>, No. 15-

2279, 2016 WL 8716270 at *3, 2016 LEXIS 82895 at *8-9 (E.D. Pa. June 24, 2016).  Thus, there

are greater protections afforded to a non-party to shield the non-party from "annoyance, embarrassment, oppression, or undue burden or expense" due to a discovery request.  See Pennsylvania by Shapiro v. Think Finance, LLC, No. 18-mc-00169, 2018 WL 4635750 at *2 (E.D. Pa. Sept. 26, 2018); see also Frank v. Honeywell Int'l, Inc., 15-mc-00172, 2015 WL 4770965, at * (E.D. Pa. Aug. 12, 2015) ("[a] court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on a non-party."); Frank Brunckhorst Co. v. Ihm, No. 12-mc-217, 2012 WL 5250399, at *5 (E.D. Pa. Oct. 23, 2012) ("In the case of nonparty deponents, courts recognize that '[d]iscovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents.'").

If the subpoenaed non-party claims that disclosure would subject it to an undue burden under Rule 45(d)(3)(A), the Court considers several factors to determine whether the burden on the subpoenaed non-party is in fact undue, including (1) relevance of the requested materials, (2) the party's need for the documents, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the documents are described, (6) the burden imposed, and (7) the recipient's status as a non-party.  Frank v. Honeywell Int'l, Inc., No. 15-mc-00172, 2015 WL 4770965, at *4 (E.D. Pa. ) (citing Garden City Employees' Ret. Sys. V. Psychiatric Sols., Inc., No. 13-mc-238, 2014 WL 272088, at *4 (E.D. Pa. Jan. 24, 2014)).  The Federal Rules of Civil Procedure require that a court quash a subpoena issued to a non-party if that party can demonstrate that compliance with the subpoenas would subject him to undue burden.  See In re Shaefer, 331 F.R.D. 603, 608-09 (W.D. Pa. 2019) (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)) (considering evidence that the subpoenaing party has no substantial need for a nonparty's testimony in association with the nonparty's arguments concerning undue burden).

Here, defendants, The Middle East Forum and Greg Roman, have not established the threshold requirement that the documents requested or the deposition sought of non-involved, non-party, Ryan Coyne is relevant to the defendants' claims or defenses. See Rule 26 (b)(1). First, despite the fact that over 50 people were identified as potential witnesses, Mr. Coyne was not identified by any party to this case as an individual likely to have discoverable information. See Exhibit 2.  That is because Mr. Coyne has absolutely no connection to the claims made in this lawsuit.  A review of the Complaint shows that the relevant time period to this lawsuit is when plaintiff, Lisa Barbounis, began her employment at The Middle East Forum "sometime around October 16, 2017."  See (ECF No. 51 at ¶¶ 19).  Plaintiff alleges that a pattern of "discrimination and harassment occurred on a regular and continuous basis from December 2017 through November 2018."  Id. at ¶ 34.  Defendants, the Middle East Forum, Daniel Pipes and Greg Roman, have asserted in their motion for summary judgment that the "primary substantive allegations" made by Ms. Barbounis refer to conduct that occurred on March 4, 2018 and March 14, 2018.  See ECF No. 109-2 at p. 3.   Mr. Coyne did not meet plaintiff, Lisa Barbounis, until September of 2019.  As such, he did not know her and had absolutely no relationship with the plaintiff, whatsoever, during all times relevant to the lawsuit as acknowledged by all parties to this litigation.  Due to the fact that Mr. Coyne did not know Ms. Barbounis at any time pertaining to this lawsuit, his relevance to the case as a witness who, all of a sudden, purportedly has knowledge of the claims or defenses is highly suspect.

Despite the fact that the discovery deadline has passed, as well as the fact that Mr. Coyne was never identified as a witness and did not know the plaintiff at any time relevant to this lawsuit, the defendants seek unreasonably broad and expansive document requests from Mr.

Coyne.  See Exhibit 1 at p. 6-7.[4]  Because counsel for the defendants never called counsel for Mr. Coyne following the March 1, 2021 communications, the document requests are the only indication as to what the topics of inquiry at Mr. Coyne's deposition will be.  See Exhibit 4.  As such, non-party, Ryan Coyne, now addresses those topics and explains, with particularity, why they are improper and constitute an undue burden.

The document requests attached to the subpoena range from conversations that Mr. Coyne had with the plaintiff, Lisa Barbounis (which can only have occurred well after the relevant time period to this lawsuit), to confidential business information, personal to Mr. Coyne, that cannot have even a tangential connection to any claim or defense in this case.  For example, the defendants seek information from Mr. Coyne related to his purported "use or ownership of a private plane," "use or ownership of a residence in Puerto Rico," and "a residence located in the Virgin Islands."  See Exhibit 1 at p. 6, requests 5-7.  Defendants even ask for documents referring to money that Mr. Coyne, a non-party to this case, spent.

Non-party, Ryan Coyne's personal property is not at issue in this lawsuit.  Any purported property he has, uses, or owns has absolutely no relevance to this lawsuit. Subjecting Mr. Coyne to questioning on these matters will inevitably lead to questions concerning his business ventures and business associates.  It is conceivable that this could implicate highly personal information or confidential business dealings that have nothing to do with this case.  Mr. Coyne operates as a chief executive officer of separate and diverse companies including an advertising and data firm for prominent public figures and a consumer brands focused business predominantly based out of California in the beverage space.  Additionally, over the next week alone, Mr. Coyne is scheduled to be in Nashville, Tennessee for meetings on Wednesday, March 3.  He will then fly

---

[4] Non-Party, Ryan Coyne, has served defendants with objections to the document requests, in accordance with Rule 45(d).  See Exhibit 3.

to San Francisco, California on separate business until approximately Wednesday, March 10, when he will return to Puerto Rico where he will be until March 22, when he returns to Arlington, Virginia.   There is no permissible purpose for the defendants to inquire into Mr. Coyne's personal real estate holdings, business dealings, or private property.  Subjecting him to a deposition which, based on the document requests could very well touch on these matters, is the very reason why Rule 26 limits the scope of discovery and Rule 45 allows for orders protecting non-parties from such irrelevant and burdensome discovery.  On their face, these requests can only be classified as a harassing fishing expedition by the defendants into personal and confidential information related to a non-involved, non-party to this lawsuit.

Additionally, concerning the request for electronic communications between Ryan Coyne and plaintiff, Lisa Barbounis, any communication occurred well after the relevant time period to this lawsuit, and have no connection or relevance to the claims made in this case.  Further, Mr. Coyne performed a search of his text messages and e-mails after receiving the subpoena in this case.  Mr. Coyne has confirmed that he has no electronic communications with Ms. Barbounis related to her employment at Middle East Forum, this lawsuit, allegations of harassment, discrimination or retaliation against he defendants, or damages.  See Exhibit 3.

As to the requests concerning an individual identified as Tricia McNulty, Mr. Coyne has no documents or electronic communications with this individual.  In fact, Mr. Coyne has never met Ms. McNulty.  Further, as to any argument that some interaction between Mr. Coyne and Ms. Barbounis, which occurred well after the time period relevant to this suit, somehow has some tangential relevance to this case, such discovery requests can only be viewed as unreasonably cumulative or duplicative of information which, according to the dockets, has already been produced in discovery.  See (ECF No. 74, 85, 97, 106).  Indeed, the plaintiff has

17

been compelled to produce text messages and has been deposed on at least 2 occasions. <u>See</u> (ECF 85, 96, 106). As such, any possible information that defendants could seek to obtain from Mr. Coyne has already been, or certainly could have been, obtained from another source. <u>See</u> Fed. R. 26(b)(2)(C) (requiring order limiting discovery that is unreasonably cumulative, duplicative, can be obtained from some other source that is more convenient, and/or that a party has already had ample opportunity to obtain); <u>Spring Pharmaceuticals, LLC, v. Retrophin, Inc.</u>, No. 19-mc-137, 2019 WL 3731725, at \*3 (E.D. Pa. August 7, 2019) (citing <u>Amini Innovation Corp. v. McFerran Home Furnishings, Inc.</u>, 300 F.R.D. 406, 409-10 (C.D. Cal. 2014)) ("Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party. Accordingly '[a] court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation.'"). There is simply no substantial need for the defendants to depose non-party, Ryan Coyne.

As such, based upon the document requests attached to the subpoena, the defendants seek to obtain irrelevant, personal, and confidential information under the guise of a civil lawsuit's discovery proceedings from non-involved, non-party, Ryan Coyne. As a non-party to this case, the federal rules and courts interpreting those rules offer broader protection to Mr. Coyne to prevent harassment, inconvenience and undue burden. The defendants' reasoning for subpoenaing Mr. Coyne are unclear. What is clear, however, is that discovery in this case has ended, yet the defendants now seek to embroil a non-party in a hotly contested civil proceeding with which Mr. Coyne has no connection. Regardless of the defendants' motivation, which is unclear at this point, the discovery sought is unreasonable, constitutes undue burden, and must be prevented. Mr. Coyne should not be subjected to discovery tactics of the defendants that—from the current indications—are only designed harass, embarrass and annoy this non-involved, non-

party. As such, it is respectfully requested that this Court exercise its authority to prevent non-party, Ryan Coyne from being embroiled in a discovery battle between the parties to this matter with which he has no involvement.

**IV.        RELIEF REQUESTED**

      For the reasons stated above, non-involved, non-party Ryan Coyne, respectfully requests that this Honorable Court grant his Motion to Quash the Subpoena and for Protective Order to prevent the defendants, The Middle East Forum, Daniel Pipes, and Greg Roman, from taking his deposition on March 8, 2021, and from seeking documents that are privileged, confidential and completely irrelevant to the above-captioned case.  Non-party, Ryan Coyne, also respectfully requests that this Honorable Court grant his Motion for Protective Order and preclude the parties from seeking to depose him in connection with this matter or subpoenaing him to testify at the time of trial.

**MARSHALL, DENNEHEY, WARNER,<br>COLEMAN & GOGGIN**

BY: _____<br>
DANIEL E. DOLENTE, ESQUIRE<br>
PA Attorney I.D. No: 316293<br>
dedolente@mdwcg.com; 267-519-6574<br>
2000 Market Street, Suite 2300<br>
Philadelphia, PA  19103<br>
*Attorney for Non-Party, Ryan Coyne*

Date: March 3, 2021