# Exhibit 1—Subpoena Served on Ryan Coyne

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS )<br>　　　Plaintiff, )<br>　　v. )<br>　　　　　　　　　　　　　　　　　　　　)<br>THE MIDDLE EAST FORUM, et al. )<br>　　　Defendants. ) | Civil Action No.: 2:19-CV-05030 |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:　　Ryan Coyne, 1881 Nash St #2301, Arlington, VA 22209

☒　　**Testimony: YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Cozen O'Connor, via Zoom | Date and Time: March 8, 2021 at 1:00 p.m. |
|---|---|

　　The deposition will be recorded by this method: <u>stenographic and videographic</u>

☒　　**Production:** You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:　　**SEE ATTACHMENT "A"**

　　The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:　February 4, 2021

　　　　　　　　　　**CLERK OF COURT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　OR

　　_____　　　_____
　　　*Signature of Clerk or Deputy Clerk*　　　　　*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Defendants, who issues or requests this subpoena, is: Jonathan R. Cavalier, Cozen O'Connor, 1650 Market Street, Suite 2800, Philadelphia, PA 19103, JCavalier@cozen.com, (215) 665-2776.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.: 2:19-CV-05030

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* __Ryan Coyne__
on *(date)* __2-18-2021__.

☑ I served the subpoena by delivering a copy to the named individual as follows:
__By hAnd Delivery in Hotel FAirmont The SAn JuAn Hotel__
__6063 IslA verde Ave CaroLinA__ on *(date)* __2-18-2021__ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: __2-18-2021__

_____
Server's signature

__Arlin MoLina (Private Investigator)__
Printed name and title

__206 TApiA St. PR 00911__
Server's address

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.end or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2113).

## ATTACHMENT "A"

## DEFINITIONS

1. "All" means "any" and vice versa.

2. All other terms shall be given their usual and regular dictionary meaning.

3. "And," "or" and "and/or" shall be construed in the broadest sense possible, i.e., either disjunctively or conjunctively as necessary to bring within the scope of each request

4. "Document" is defined to be synonymous in meaning and equal in scope to the use of the term "Documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). It includes, but is not limited to (1) all writings of any kind, including correspondence, memoranda, notes, diaries, contracts, statistics, letters, telegrams, minutes, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office correspondence, offers, notations of any sort of conversations, meetings or any other communications, bulletins, printed matter, computer printouts, teletype, telefax, invoices, purchase orders, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing; (2) all graphic or oral records, or representations of any kind, including photographs, charts, graphs, microfiche, microfilm, videotape recordings and motion pictures; and (3) all electronic, mechanical or electrical records or representations of any kind, including computer data, e-mails, tapes, cassettes, disks and recordings. This definition covers all such documents so defined in Your possession and/or control that are known by you to exist. A draft or non-identical copy is a separate Document within the meaning of this term.

5. "ESI" means "electronically stored information," which is defined to be synonymous in meaning and equal in scope to the usage of the term "electronically store information" in Federal Rule of Civil Procedure 34(a)(1)(A).

6. "Including" means including without limitation.

7. "Person or "Persons" means any natural person or any legal entity, including, without limitation, any business, governmental entity, or association.

8. "Relating to," "referring to," "concerning" and any variations thereof (e.g., "refers to" or "relates to" or "concerns") mean relating in any way to, referring to, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, consisting of, constituting, evidencing, comprising, recording, or in any other way pertaining to the subject, either in whole or in part whether directly or indirectly.

9. "The Middle East Forum" means The Middle East Forum and any of its employees, agents, or representatives acting or purporting to act on its behalf.

10. "You" or "Your" mean Ryan Coyne and any of agents, or representatives acting or purporting to act on your behalf.

4

11. The plural of any word herein includes the singular and the singular includes the plural

## INSTRUCTIONS

1. Each Request herein for a document or documents contemplates production thereof in full, without abbreviation, revision, or redaction.

12. If You withhold any documents covered by these Requests, or any portion of any document, by reason of a claim of privilege, You shall furnish a list identifying each such document, or portion of such document, for which the privilege is claimed together with the following information: (a) the date of the document; (b) the name(s) of its author, authors or preparers, and an identification by employment and title of each such person; (c) the names of each person who was sent or furnished with the document or received, viewed or has had custody of the document, together with an identification of each such person by employment and title; (d) a brief description of the subject matter of the document or portion of the document that is sufficient on its face to justify a claim of privilege; and (e) a statement of the basis for the claim of privilege. In the case of any document relating in any way to a meeting, conference, teleconference or to any other conversation, all participants in the meeting or conversation shall be identified.

13. In the event that any document called for by these Requests has been destroyed or otherwise disposed of, that document is to be identified as follows: author, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date and manner of destruction or other disposition and the reason therefor, persons authorizing destruction or other disposition and persons destroying or disposing of the document.

14. Color copies of documents are to be produced where color is necessary to interpret or understand the contents.

15. If any identified document is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction until the conclusion of this lawsuit unless otherwise permitted by the Court.

16. When You respond to a Request by referring to documents You possess, You shall produce those documents and identify them by either (a) listing the subject matter, date, author, addressee(s), and any person(s) shown as being copied on the documents, or (b) listing any control, production, or "Bates" numbers that the documents bear.

17. When You respond to a Request by referring to public records, documents You possess or any other documents, then You shall provide sufficient detail to permit Plaintiffs to locate and identify the specific pages within the records or documents from which Plaintiffs may ascertain the answer to the Request.

18. All documents shall be produced as text-searchable image files (e.g., TIFF), while preserving the integrity of the original formatting and metadata. Documents unable to be so converted shall be produced in native format.

5

LEGAL 49728765.3

19. Unless otherwise expressly stated in any individual Document Request, the Document Requests seek all responsive documents from the Relevant Period.

## DOCUMENT REQUESTS

1. Any and all documents, including electronic communications, exchanged between You and Ms. Lisa Barbounis related to or referring to her employment at The Middle East Forum.

2. Any and all documents, including electronic communications, exchanged between You and Ms. Lisa Barbounis related to her referring to this lawsuit.

3. Any and all documents, including electronic communications, exchanged between You and Ms. Lisa Barbounis related to or referring to her claim for damages in this lawsuit.

4. Any and all documents, including electronic communications, exchanged between You and Ms. Lisa Barbounis related to or referring to her allegations of harassment, discrimination, and/or retaliation against The Middle East Forum, Mr. Gregg Roman, and Mr. Daniel Pipes.

5. Any and all documents relating or referring to Your use and/or ownership of a private plane, including but not limited to, all communications sent to and/or received from Ms. Lisa Barbounis regarding a private plane.

6. Any and all documents relating or referring to Your use and/or ownership of a residence in Puerto Rico, including but not limited to, all communications sent to and/or received from Ms. Lisa Barbounis regarding a Puerto Rico residence.

7. Any and all documents relating or referring to Your use and/or ownership of a residence in the Virgin Islands, including but not limited to, all communications sent to and/or received from Ms. Lisa Barbounis regarding a residence located in the Virgin Islands.

8. Any and all documents recording, relating or referring to money You spent on Ms. Barbounis and/or Ms. Tricia McNulty.

9. Any and all documents, including electronic communications, exchanged between You and Ms. Tricia McNulty related to or referring to her employment at The Middle East Forum.

10. Any and all documents, including electronic communications, exchanged between You and Ms. Tricia McNulty related to her referring to this lawsuit.

11. Any and all documents, including electronic communications, exchanged between You and Ms. Tricia McNulty related to or referring to her claim for damages in this lawsuit.

12. Any and all documents, including electronic communications, exchanged between You and Ms. Tricia McNulty related to or referring to her allegations of harassment,

6

discrimination, and/or retaliation against The Middle East Forum, Mr. Gregg Roman, and Mr. Daniel Pipes