Exhibit 3—March 1, 2021 Letter from Mr. Coyne's Counsel to Defense Counsel and Objections and Responses to Subpoena Issued to Mr. Coyne



2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial:  (267) 519-6574; Cell:  610-999-9860
Email:  dedolente@mdwcg.com

March 1, 2021

**VIA EMAIL [jcavalier@cozen.com; dwalton@cozen.com, lbenson@cozen.com)**

Jonathan R. Cavalier, Esquire
David J. Walton, Esquire
Leigh Ann Benson, Esquire
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103

  RE: Barbounis, Lisa v. Middle East Forum, et al
     Docket No.: USDC Eastern District of PA 2:19-cv-05030-JDW
     Our File No.: 42432.00101

Dear Counsel:

 Please be advised that I have been retained as counsel for non-involved, non-party Ryan Coyne in connection with a Rule 45 subpoena that was served upon him on February 18, 2021.  Enclosed, please find objections to the document requests associated with the subpoena.

 Please also accept this letter, in accordance with the Federal Rules of Civil Procedure, as an attempt to resolve this discovery subpoena without court intervention.  As you will see from the attached, at my direction and without waiver of the objections set forth, Mr. Coyne did perform a search of the electronic communications in his possession pertaining to plaintiff, Lisa Barbounis, and found no responsive documents to your requests.  Further, as to the individual identified as Trisha McNulty in your requests, Mr. Coyne has never met this individual and has no responsive documents to your requests.  Finally, I flat out object to any request for Mr. Coyne's own personal information concerning his alleged use or ownership of personal property.  He is a non-party to this case and any personal, confidential information related to him is not only not discoverable, but is completely improper in a case where he is not a party.

 Additionally, with respect to the requested deposition for March 8, 2021, please be advised that I will not be producing Mr. Coyne for deposition for the following reasons:

 1. Your subpoena violates Federal Rule of Civil Procedure 45.  Specifically, the subpoena violates Rule 45(c) and Rule 45(d)(3)(ii) in that Mr. Coyne resides in San Juan, Puerto Rico, which is well over 100 miles from the United States District Court of the Eastern District of Pennsylvania and the law offices of Cozen O'Connor, both located in Philadelphia, PA.  Further, it is anticipated that, based on your inquiry into Mr.

Jonathan Cavalier, Esquire
March 1, 2021
Page 2

_____

Coyne's own personal property and/or personal, confidential information that is not at issue in this lawsuit, the deposition questioning would certainly violate Rule 45(d)(iii)&(iv).

    2.    Your subpoena is untimely in that the discovery deadline applicable to this case has passed. A review of the dockets shows that the discovery end date was 11/25/2020. See ECF 69 and 82. While the dockets do reflect that the Court allowed some depositions to be re-opened, those depositions were specifically listed in the Court's 1/19/2021 Order. See ECF 106. Mr. Coyne was not named in that Order. As such, your subpoena violates the applicable case management order in effect.

    3.    Your subpoena violates Federal Rule of Civil Procedure 26. I cannot even see a tangential connection that Mr. Coyne could possibly have to this case. As evidence of that, to the best of my information, knowledge, and belief, Mr. Coyne was not listed on any parties Rule 26 disclosures. As such, by his lack of inclusion, the parties have previously acknowledged that he is not likely to have any discoverable information. I further understand that plaintiff, Lisa Barbounis, who obviously is a party to this case, has been deposed more than once and has produced extensive documents in discovery. To the extent that Mr. Coyne has been referenced somehow, I cannot see how, based on his complete lack of connection to this case, that Mr. Coyne's deposition would be anything but unreasonably cumulative or duplicative of what has already been produced during discovery in this matter. There is simply no permissible purpose to move forward with the deposition of non-involved, non-party, Ryan Coyne.

In light of the above, kindly withdraw your Rule 45 subpoena issued to non-party, Ryan Coyne. If I do not hear from you by end of the day, I will have no choice but to move forward with the proper motions. I can be reached today on my cell phone at 610-999-9860 or by e-mail at dedolente@mdwcg.com

Thank you for your prompt attention to this matter.

    Very truly yours,

    *Daniel E. Dolente* (signature)

    Daniel E. Dolente

DED:MP

cc:  Seth Carson, Esquire (seth@dereksmithlaw.com)
     Sidney L. Gold, Esquire, (SGold@DiscrimLaw.net)/ William Rieser, Esquire,
     (BRieser@DiscrimLaw.net)/ Traci M. Greenberg, (tgreenberg@discrimlaw.net)

     w/enclosures

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS | : |
| | : |
| v. | : CIVIL ACTION |
| | : NO. 2:19-cv-05030-JDW |
| THE MIDDLE EAST FORUM and | : |
| GREGG ROMAN *(individually)* | : |
| | : |
| | : |

## OBJECTIONS TO THE DOCUMENT REQUESTS CONTAINED IN THE SUBPOENA ISSUED TO NON-PARTY, RYAN COYNE

Non-Party, Ryan Coyne, by and through his attorneys, Marshall Dennehey Warner Coleman and Goggin, hereby object and respond to the document requests of defendants, The Middle East Forum and Greg Roman, contained within the subpoena served upon Ryan Coyne on February 18, 2021, as follows:

## GENERAL OBJECTIONS APPLICABLE TO THE SUBPOENA AND ALL DOCUMENT REQUESTS

1. The subpoena violates Rule 45(c)(1)(A) and Rule 45(c)(2)(A). Non-party, Ryan Coyne resides in San Juan, Puerto Rico, is employed at a company located in Arlington, Virginia, and regularly conducts business in San Juan, Puerto Rico and Arlington, Virginia. All are well over 100 miles from the United States District Court for the Eastern District of Puerto Rico and the law offices of Cozen O'Connor, located at 1650 Market Street, Philadelphia, Pennsylvania.

2. The subpoena issued to non-party, Ryan Coyne, is untimely and in violation of the case management orders applicable to this above-captioned case. The discovery deadline applicable to the above-captioned case has expired.

3. The subpoena requests information and documents that may violate the attorney-client privilege.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. Objection. Request number 1 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request also is unclear and ambiguous in the information that it is seeking. This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties

access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).  This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information.  Without waiver of the above-stated objections, non-party, Ryan Coyne has performed a search of his electronic communications, and he is not in possession of any responsive documents.

      2.   Objection.  Request number 2 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).  This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information.  Without waiver of the above-stated objections, non-party, Ryan Coyne has performed a search of his electronic communications, and he is not in possession of any responsive documents.

      3.   Objection.  Request number 3 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).  This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information.  Without waiver of the above-stated objections, non-party, Ryan Coyne has performed a search of his electronic communications, and he is not in possession of any responsive documents.

      4.   Objection.  Request number 4 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).  This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information.  Without waiver of the above-stated objections, non-party, Ryan Coyne has performed a search of his electronic communications, and he is not in possession of any responsive documents.

      5.    Objection.  Request number 5 seeks disclosure of personal, confidential and/or protected business information.  This request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  To the extent that this requests seeks information pertaining to any alleged use or ownership of property pertaining to non-party, Ryan Coyne, it is completely irrelevant to the above-captioned lawsuit.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).

      6.    Objection.  Request number 6 seeks disclosure of personal, confidential and/or protected business information.  This request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  To the extent that this requests seeks information pertaining to any alleged use or ownership of property pertaining to non-party, Ryan Coyne, it is completely irrelevant to the above-captioned lawsuit.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).

      7.    Objection.  Request number 7 seeks disclosure of personal, confidential and/or protected business information.  This request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  To the extent that this requests seeks information pertaining to any alleged use or ownership of property pertaining to non-party, Ryan Coyne, it is completely irrelevant to the above-captioned lawsuit.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).

      8.    Objection.  Request number 8 seeks disclosure of personal, confidential and/or protected business information.  This request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is unclear and ambiguous in the information that it is seeking.  To the extent that this requests seeks information pertaining to any alleged use or ownership of property pertaining to non-party, Ryan Coyne, it is completely irrelevant to the above-captioned lawsuit.  This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1).

      9.    Objection.  Request number 9 seeks disclosure of personal, confidential and/or protected business information.  This request is also overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  This request also is

unclear and ambiguous in the information that it is seeking. To the extent that this requests seeks information pertaining to any alleged use or ownership of property pertaining to non-party, Ryan Coyne, it is completely irrelevant to the above-captioned lawsuit. This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1). This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information.

      10. Objection. Request number 10 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request also is unclear and ambiguous in the information that it is seeking. This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1). This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information. Without waiver of the above-stated objections, non-party, Ryan Coyne has performed a search of his electronic communications and he is not in possession of any responsive documents.

      11. Objection. Request number 11 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request also is unclear and ambiguous in the information that it is seeking. This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1). This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information. Without waiver of the above-stated objections, non-party, Ryan Coyne has performed a search of his electronic communications and he is not in possession of any responsive documents.

      12. Objection. Request number 12 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. This request also is unclear and ambiguous in the information that it is seeking. This request is also not relevant to the claims or defenses in the case, especially when considering the issues at stake, the parties access to information, the importance of the requested information in resolving issues in the case and the fact that the burden imposed upon non-involved non-party, Ryan Coyne, outweighs any likely benefit in violation of Fed. R. Civ. P. 26(b)(1). This request also violates Fed R. Civ. P. 26(b)(2)(c) because it is cumulative and duplicative of other discovery already obtained, can be obtained from some other source, and the defendants have already had ample opportunity to obtain the requested information. Without waiver of the above-stated objections, non-party,

Ryan Coyne has performed a search of his electronic communications and he is not in possession of any responsive documents.

|  |  |
|---|---|
|  | **MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN** |
| BY: | *[signature]* |
|  | DANIEL E. DOLENTE, ESQUIRE |
|  | PA Attorney I.D. No: 316293 |
|  | dedolente@mdwcg.com; 267-519-6574 |
|  | 2000 Market Street, Suite 2300 |
| Date: March 1, 2021 | Philadelphia, PA  19103 |
|  | *Attorney for Non-Party, Ryan Coyne* |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS | : |
| | : |
| v. | : CIVIL ACTION |
| | : NO. 2:19-cv-05030-JDW |
| THE MIDDLE EAST FORUM and | : |
| GREGG ROMAN *(individually)* | : |

**CERTIFICATE OF SERVICE**

I, Daniel E. Dolente, Esquire, do hereby certify that a true and correct copy of the Objections to the Document Requests Contained in the Subpoena Issued to Non-Party, Ryan Coyne, was served to the following parties of record, via e-mail:

Jonathan R. Cavalier, Esq.
David J. Walton, Esq.
Leigh Ann Benson, Esq.
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Attorneys for defendants, The Middle East Forum, Greg Roman, and Daniel Pipes

1835 Market Street, Suite 2950
Philadelphia, PA 19103
Attorney for Plaintiff, Lisa Barbounis

Sidney L. Gold, Esq.
Traci M. Greenberg, Esq.
William Rieser, Esq.
Sidney Gold & Assoc.
1835 Market Street, Suite 515
Attorneys for defendants

Seth Carson, Esq.
Derek Smith Law Group PLLC

Date: March 1, 2021

BY:

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

_____
DANIEL E. DOLENTE, ESQUIRE
PA Attorney I.D. No: 316293
dedolente@mdwcg.com; 267-519-6574
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorney for Non-Party, Ryan Coyne*