# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | CIVIL ACTION |
| | : | NO. 2:19-cv-05030-JDW |
| Plaintiff, | : | NO. 2:20-cv-02946 |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS

---

Dated: April 17, 2021

Jonathan R. Cavalier                    Sidney L. Gold
Leigh Ann Benson                        William Riser
Cozen O'Connor                          Sidney L. Gold & Associates, P.C.
1650 Market Street, Suite 2800          1835 Market Street, Suite 515
Philadelphia, PA  19103                 Philadelphia, PA 19103
(215) 446-0031                          (215) 569-1999

*Attorneys for Defendant*                *Attorneys for Defendant*
*The Middle East Forum,*                 *Gregg Roman*
*Daniel Pipes and Gregg Roman*

Defendants The Middle East Forum ("The Forum"), Daniel Pipes ("Pipes") and Gregg Roman ("Roman") by and through their undersigned counsel, file this Response to Plaintiff Lisa Barbounis' Statement of Undisputed Facts.  *See* Doc. 108-1.  As set forth below, Plaintiff's purported statement of undisputed "fact" is riddled throughout with inappropriate legal argument couched as fact.

1.     Plaintiff, Lisa Barbounis initiated this action by civil action complaint on October 27, 2019 for claims arising from allegations of severe and pervasive discrimination and harassment in the workplace based upon Ms. Barbounis's sex and gender. (Document 1 generally). [1]

        **Defendants' Response:  Undisputed that Plaintiff so alleges.  Defendants dispute the substance of Plaintiff's claims and allegations.**

2.     During her employment for Defendant, Ms. Barbounis alleges she was subjected to non-stop, regular sexual harassment which included two acts of unwelcome physical contact of a sexual nature along with numerous requests for oral sex and inappropriate sex-based comments and conduct.

        **Defendants' Response:  Undisputed that Plaintiff so alleges.  Defendants dispute the substance of Plaintiff's claims and allegations.**

3.     On December 3, 2019, Defendant filed claims without damages based upon alleged breach of Defendant's NDA and Device Agreement; violations of the Pennsylvania Uniform Trade Secrets Act and Defend Trade Secrets Act of 2016; violations of the Computer Fraud and

---

[1] For the Court's convenience and ease of reference, Plaintiff's statements of fact are reproduced in full, with Defendants' response to each immediately below.

Abuse Act and Stored Communications Act; conversion; and breach of fiduciary duty. (Case 2:19-cv-05697-JS Document 91 p. 4 ¶ 1.)

**Defendants' Response:  It is undisputed that Defendant filed the lawsuit referenced. Defendants deny Plaintiff's characterization of that lawsuit, which is a legal pleading that speaks for itself.  By way of further information, Defendant filed an Amended Complaint in the referenced action on January 15, 2020 and is seeking permanent injunctive relief against Plaintiff, including but not limited to a declaration of the inventory of the Forum's data she possesses and all such data that she has disclosed, plus an award of attorneys' fees, costs, expenses, interest and any other relief as the Court may deem just and proper.**

4.      On September 16, 2020, Defendant filed counterclaims against Plaintiff, Lisa Barbounis for (1) Breach of Duty of Loyalty, (2) civil conspiracy, (3) and fraudulent misrepresentation. (Document 53).

**Defendants' Response:  Undisputed.**

5.      On January 22, 2021, Defendant, MEF filed yet another lawsuit in this federal court, based upon the same allegations as the instant counterclaims. For this third deficient lawsuit, MEF repacked the within counterclaims as violations of The Racketeer Influenced Corrupt Organizations Act (RICO) codified as 18 U.S.C. §1961 et seq. (Case 2:21-cv-00310-BMS Document 1).

**Defendants' Response:  Disputed as to the characterization of Defendant's lawsuit as "based on the same allegations as the instant counterclaims" and as "deficient;" such characterizations by Plaintiff are not "facts," and are therefore inappropriately included in**

2

Plaintiff's Statement of Material Fact; furthermore, the lawsuit referenced is a legal pleading that speaks for itself.  By way of further response, it is undisputed that Defendant filed the lawsuit referenced, but is seeking recovery under 18 U.S.C. § 1962(c) and (d), and Plaintiff has failed to respond to said lawsuit and is in default.  *See* Exhibit F, Notice of Default.

6.      First, Defendants counterclaims are highly dependent upon the hearsay statement of Daniel Thomas. See ¶¶ 3, 34, 36, 37, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 54, 71, 74, 75, 78, 82, 83, 84, 89, 90, 98, and 116. (Document 53).

**Defendants' Response:  Disputed as to the characterization of Defendants counterclaims; such characterizations by Plaintiff are not "facts," and are therefore inappropriately included in Plaintiff's Statement of Material Fact; furthermore, the document containing Defendants' counterclaims is a legal pleading that speaks for itself. By way of further response, Defendants submit that their counterclaims are not "heavily dependent" on any one document referenced in their initial pleading, but rather on the voluminous record evidence provided in discovery by Plaintiff, which is identified and described through Defendants Statement of Undisputed Material Facts.  *See* Defendants' SUMF, Doc. No. 109-3, at ¶¶ 184-354.**

7.      These twenty-six (26) paragraphs are taken from Exhibit A of Defendant's counterclaims which is a hearsay statement unsupported by the deposition testimony or declaration of Daniel Thomas. (Document 53-1).

**Defendants' Response:  Disputed as to the characterization of Defendants**

**counterclaims and as to the description of the attached exhibits; such characterizations by Plaintiff are not "facts," and are therefore inappropriately included in Plaintiff's Statement of Material Fact; furthermore, the document containing Defendants' counterclaims is a legal pleading that speaks for itself.  By way of further response, it is undisputed that the paragraphs in Defendants' initial counterclaim pleading referred to by Plaintiff above cite to the Transcript of a call with Daniel Thomas.**

8.      A review of Defendant's counterclaims without these twenty-six paragraphs confirms its failure as a matter of law. Defendant's Counterclaims with all paragraphs upon which the hearsay statement of Daniel Thomas are stricken is attached and marked Plaintiff's Exhibit A.

**Defendants' Response:  Disputed.  This statement of "fact" is pure legal argument and is inappropriately included in Plaintiff's statement of undisputed fact.  By way of further answer, Defendants submit that their counterclaims are supported by the voluminous record evidence provided in discovery by Plaintiff, which is identified and described through Defendants Statement of Undisputed Material Facts.  *See* Defendants' SUMF, Doc. No. 109-3, at ¶¶ 184-354.**

9.      Without the testimony of Daniel Thomas, MEF's counterclaims is nothing more than an amalgam of eclectic allegations which are either factually irrelevant and facially prejudicial, or unsupported by the record of evidence. Id.

**Defendants' Response:  Disputed.  This statement of "fact" is pure legal argument and is inappropriately included in Plaintiff's statement of undisputed fact.  By way of further answer, Defendants submit that their counterclaims are supported by the**

**voluminous record evidence provided in discovery by Plaintiff, which is identified and
described through Defendants Statement of Undisputed Material Facts.  *See* Defendants'
SUMF, Doc. No. 109-3, at ¶¶ 184-354.**

10.     By MEF's own admission in its counterclaims, Lisa Barbounis did not even know Daniel

Thomas when the money was granted and allegedly misappropriated. (See Document 53 ¶ 31).

See also the second deposition testimony of Patricia McNulty ("Tr 2 McNulty") attached and

marked Plaintiff's Exhibit "C" p. 156 l. 14 – p. 157 l. 19.

**Defendants' Response:  It is undisputed that Plaintiff had not met Daniel Thomas in
person at the time Daniel Thomas misappropriated the Forum's grant monies.  It is
disputed that Plaintiff "did not even know" Thomas at the time he misappropriated the
Forum's monies, and indeed recommended that the Forum work with Thomas.  SUMF,
Doc. No. 109-3, at ¶¶ 184-87; Exhibit D, Email from Plaintiff to Roman re: Thomas.**

11.     Lisa Barbounis openly testified that she and Daniel Thomas engaged in a sexual

relationship many months after her first trip to England and many months after Defendant alleges

that Daniel Thomas stole money from MEF. See the second deposition testimony of Lisa

Barbounis ("Tr 2 Barbounis") attached and marked Plaintiff's Exhibit "B" p. 293 l. -15.

**Defendants' Response:  It is undisputed that Plaintiff so testified.**

12.     Lisa Barbounis had no reason to know whether Daniel Thomas misappropriated money

months before their relationship began. The granted money was spent on the rally by the time

that Lisa Barbounis attended the rally for which the money was intended. Id. And see the second

5

deposition testimony of Lisa Barbounis ("Tr 2 Barbounis") attached and marked Plaintiff's Exhibit "B" p. 314 l. 11 – p. 326 l.

> **Defendants' Response:  Disputed as to the money having been spent on the rally and as to Barbounis' having no reason to know whether Daniel Thomas misappropriated money "months" before their relationship began.  The record evidence establishes that Plaintiff had reason to know about Thomas' misappropriation as early as June 2018.  *See* Defendants' SUMF, Doc. 109-3, at ¶¶ 202.**

13.    The granted money was spent on the rally by the time that Lisa Barbounis attended the rally for which the money was intended. See Document 53 ¶ 31; Tr 2 McNulty attached and marked Plaintiff's Exhibit "C" p. 156 l. 14 – p. 157 l. 19.

> **Defendants' Response:  Disputed as to the money having been spent on the rally. *See* Defendants' SUMF, Doc. 109-3, at ¶¶ 184-354.  Furthermore, Plaintiff herself claims that she has "no knowledge" as to whether Thomas misappropriated Defendants' grant monies.  *See* Declaration of L. Barbounis, Doc. No. 110-5 at ¶ 8.**

14.    Lisa Barbounis testified that Daniel Thomas's ex-girlfriend, Jazmin Bishop, accused Daniel Thomas of stealing some of the money that MEF granted to Daniel Thomas for the rally. Tr 2 Barbounis p. 314 l. 11 – p. 326 l. 18.

> **Defendants' Response: It is undisputed that Plaintiff so testified.  Defendants' dispute the characterization of Bishop as Thomas' "ex-girlfriend," as she is his current domestic partner.  SUMF, Doc. 109-3, at ¶ 12.**

15.     Lisa Barbounis also testified that soon after Jazmin Bishop lodged this allegation, she recanted it. Id.

**Defendants' Response:  It is undisputed that Plaintiff so testified.  Defendants note that the record contains no documentary evidence to substantiate Plaintiff's claim that Bishop recanted this allegation.  *See* Defendants' SUMF at ¶¶ 266-68.**

16.     Lisa Barbounis was left in the uncomfortable position of whether or not to bring an unsubstantiated rumor, started by a jealous ex-girlfriend, to the attention of The Middle East Forum; a rumor that was retracted by the same person who started it. Id.

**Defendants' Response:  It is undisputed that Plaintiff so testified.  Defendants note that the record contains no documentary evidence to substantiate Plaintiff's claim that Bishop recanted this allegation or that Bishop was a "jealous ex-girlfriend."  *See* Defendants' SUMF at ¶¶ 266-68.**

17.     MEF has not accused Lisa Barbounis of profiting from or even participating in the misappropriation of the granted money. (See Document 53 ¶ 31).

**Defendants' Response: It is undisputed that Defendants' counterclaims against Plaintiff are not based on her direct misappropriation of any of the Forum's funds. Defendants have alleged that Plaintiff benefitted politically, diplomatically and financially due to her breach of duty of loyalty and fraudulent misrepresentation.**

18.     Indeed, Lisa Barbounis did not even know Daniel Thomas when these events may or may not have occurred.  Id.

**Defendants' Response:  Disputed.  Plaintiff's use of the descriptor "these events" appears to refer to Thomas' initial misappropriation of the Forum's grant monies, and for purposes of Defendants' motion for summary judgment, that fact is immaterial. Defendants' counterclaims are based on Plaintiff's knowledge of the misappropriation after the fact, which is set forth in detail in Defendants' Statement of Undisputed Facts. *See* Defendants' SUMF, Doc. No. 109-3, at ¶¶ 184-354.**

19.    MEF has also taken no steps to recover the money from the person who MEF supposedly believes stole it: Daniel Thomas. See the deposition testimony of Daniel Pipes ("Tr Pipes") attached and marked Plaintiff's Exhibit "D" p. 275 l. 1 – p. 278 l. 2.

**Defendants' Response:  This is argument, not a statement of fact.  Furthermore, to support this "fact," Plaintiff cites to the Deposition Testimony of Daniel Pipes, wherein Dr. Pipes testifies to nothing remotely resembling the "fact" claimed here.  Instead, Plaintiff appears to be citing to her own counsel's questions in that deposition, not the answers provided the witness; questions by counsel are not record evidence.  Furthermore, Defendants have reached out to Daniel Thomas on multiple occasions through attorneys in the United Kingdom in an effort to investigate and recover the stolen funds.  *See* Exhibit E, Letters to D. Thomas from Defendants' U.K. counsel at Bexley Beaumont and related correspondence.  Defendants' efforts are ongoing.**

20.    There is also the added issue of the credibility of Daniel Thomas who stated in recording that he was out to "fuckin' testify against that cunt" and that Greg Roman offered something of value in exchange for his testimony. Id.

**Defendants' Response: Disputed.  This is argument, not a statement of fact. Furthermore, to support this "fact," Plaintiff cites to the Deposition Testimony of Daniel Pipes, wherein Dr. Pipes testifies to nothing remotely resembling the "fact" claimed here. Instead, Plaintiff appears to be citing to her own counsel's questions in that deposition, not the answers provided the witness; questions by counsel are not record evidence.  On August 12, 2020, a partial, unauthenticated recording labeled "Audio-202.wav" was provided by Plaintiff's counsel to Defendant in which Plaintiff's counsel alleges that Thomas was speaking to an unknown party.  Notably, Plaintiff does not submit this alleged evidence in support of her motion for summary judgment.[2]**

21.    Defendant's breach of duty of loyalty claim is predicated upon events to which Lisa Barbounis had no involvement. (See Document 53 ¶ 31).

**Defendants' Response: Disputed.  Defendants' breach of duty of loyalty claim is predicated on Plaintiff's knowing failure to inform the Forum of the monies that her paramour misappropriated and her misrepresentations concerning her travels to Europe and the United Kingdom for her own benefit and for activities that the Forum would not have approved.  *See* Defendants' SUMF, Doc. No. 109-3, at ¶¶ 184-354, Exhibits B and C, Demonstrative Charts.**

22.    Defendant, MEF's civil conspiracy claim fails for the same reason as the breach of duty

---

[2] Defendants further note that, although Plaintiff's entire summary judgment position is based on her claim that a transcribed statement from Daniel Thomas is hearsay, she does not hesitate to levy accusations against Mr. Roman alleging witness tampering and paying for testimony, based on an incomprehensible audio recording of an out-of-court and not-of-record statement between unidentified individuals.

of loyalty claim. According to its counterclaim complaint (Document 53) Lisa Barbounis
conspired with Daniel Thomas. (See Document 53 ¶ 141).

**Defendants' Response: Disputed.  The first sentence of the above statement is pure**
**legal argument, not a statement of fact, and is thus inappropriate.  By way of further**
**answer, it is undisputed that Defendants' counterclaims include the allegation that Plaintiff**
**conspired with Daniel Thomas, in addition to Tommy Robinson and his acolytes.**

23.     This allegation is confusing as MEF admits in Paragraph 31 (Doc 53) that Lisa Barbounis
met Daniel Thomas for the first time after the money was granted and spent. Id. See also Tr 2
McNulty Exhibit C p. 156 l. 14 – p. 157 l. 19.

**Defendants' Response: It is undisputed that Plaintiff is confused by this allegation,**
**as Defendants' counterclaims are not predicated on Plaintiff participating in Thomas'**
**actual misappropriation of the Forum's grant funds.  As such, this "fact" is immaterial.  By**
**way of further answer, although Plaintiff did not meet Thomas *in person* until after**
**Thomas misappropriated the Forum's funds, she met him on Facebook on May 31, 2018**
**and via email and other digital channels and introduced Thomas to the Forum.  *See***
**Defendants' SUMF, Doc. No. 109-3, at ¶¶ 184-199.**

24.     Indeed, Lisa Barbounis and Patricia McNulty confirmed MEF's counterclaim complaint
testifying that they met Daniel Thomas for the first time at the rally for which the granted money
was intended, and that they only said hello at the rally. Id. And see Tr 2 Barbounis attached and
marked Plaintiff's Exhibit "B" p. 293 l. -15.

**Defendants' Response: Disputed as to the use of the term "met," as the record**

establishes that Plaintiff and Thomas had met via Facebook on May 31, 2018.  Undisputed
but immaterial as to the date they first met in person.

25.     Patricia McNulty confirmed they only saw Daniel Thomas at the rally and did not see
him again during that trip to England. Tr 2 McNulty Exhibit C p. 156 l. 14 – p. 157 l. 19.

       **Defendants' Response: Undisputed but immaterial.**

26.     Indeed, without the twenty-six (26) paragraphs included in the counterclaims which are
only substantiated by the hearsay record of Defendant, Greg Roman (Document 53-), the
counterclaims for civil conspiracy fall apart. Exhibit A.

       **Defendants' Response:  Disputed.  This statement of "fact" is pure legal argument
and is inappropriately included in Plaintiff's statement of undisputed fact.  By way of
further answer, Defendants submit that their counterclaims are supported by the
voluminous record evidence provided in discovery by Plaintiff, which is identified and
described through Defendants Statement of Undisputed Material Facts.  *See* Defendants'
SUMF, Doc. No. 109-3, at ¶¶ 184-354.  As the record shows, the statements by Thomas
merely confirm what Plaintiff's own documents clearly and independently establish.**

27.     Defendant's fraudulent misrepresentation count is based upon an allegation that Lisa
Barbounis claimed she went to England for one personal reason, when she really went for
another personal reason. The Declaration of Lisa Barbounis is attached and marked Plaintiff's
Exhibit "E". And see Document 53 ¶¶ 150 – 156.

       **Defendants' Response:  Disputed as to the characterization of Defendants**

11

**counterclaims; such characterizations by Plaintiff are not "facts," and are therefore
inappropriately included in Plaintiff's Statement of Material Fact; furthermore, the
document containing Defendants' counterclaims is a legal pleading that speaks for itself.
By way of further answer, Plaintiff did in fact lie to Pipes and the Forum about taking her
children with her on this particular trip.  SUMF, Doc. No. 109-3, at ¶ 277.  Furthermore,
Plaintiff's affidavit offered concerning her travels to England is entirely lacking in
credibility and record support, and is directly contradicted by Plaintiff's own
communications.  *See* Exhibit B, Demonstrative Summarizing Record Evidence Relating to
Plaintiff's European Travels.**

28.     Defendant did not allege that Lisa Barbounis claimed she went to England for work.
(Document 53 ¶¶ 1 – 156).

**Defendants' Response:  Disputed as to the characterization of Defendants
counterclaims; such characterizations by Plaintiff are not "facts," and are therefore
inappropriately included in Plaintiff's Statement of Material Fact; furthermore, the
document containing Defendants' counterclaims is a legal pleading that speaks for itself.**

29.     Defendant alleged that Lisa Barbounis claimed she went to England with her family,
when she really went to England to visit a friend. Id.

**Defendants' Response: Defendants' Response:  Disputed as to the characterization
of Defendants counterclaims, which is a legal pleading that speaks for itself.  By way of
further answer, Defendants' counterclaims are based on many trips taken to England by
Plaintiff, as detailed in the record evidence.  *See* Defendants' SUMF at ¶¶ 184-354 and**

Exhibit B.

30.     Defendant did not pay for Lisa Barbounis to travel to England. Exhibit E.

       **Defendants' Response: Undisputed but immaterial that Defendants' did not pay for Plaintiff's plane ticket for the single trip (of many) to England so referenced by Plaintiff.** *See also* **Doc. 108-1 at ¶ 32, Exhibit B.**

31.     Lisa Barbounis visited England on her own dime, a trip that had nothing to do with Defendant, MEF. Exhibit E.

       **Defendants' Response: Undisputed but immaterial that Defendants' did not pay for Plaintiff's travel for the single trip to England so referenced.** *See also* **Doc. 108-1 at ¶ 32. Furthermore, Plaintiff's affidavit offered concerning her travels to England is entirely lacking in credibility and record support, and is directly contradicted by Plaintiff's own communications.** *See* **Exhibit B.**

32.     Lisa Barbounis is a salaried employee so MEF cannot claim that Lisa Barbounis was paid any extra money during her travels. Tr Pipes attached and marked Plaintiff's Exhibit "D" p. 410 l. 1 – 10. See also Exhibit E.

       **Defendants' Response: Undisputed as to Plaintiff being a salaried employee of the Forum and as to what Defendants' are not claiming.**

33.     Also, Lisa Barbounis used her personal Paid Time Off (PTO) time for this trip. See Exhibit E.

**Defendants' Response: Disputed, as the Forum does not have a "Paid Time Off"**

**policy for exempt employees, but immaterial as to Defendants' counterclaims.  *See* Doc.**

**108-1 at ¶¶ 37-39.**

Respectfully submitted,

By: */s/ Jonathan R. Cavalier*
Jonathan R. Cavalier
Leigh Ann Benson
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000

*Attorneys for Defendant
The Middle East Forum,
Daniel Pipes and Gregg Roman*

By: */s/ Sidney L. Gold*
Sidney L. Gold
William Riser
SIDNEY L. GOLD & ASSOCIATES P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999

*Attorneys for Defendant
Gregg Roman*

Dated: April 17, 2021