**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DIRSTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BARBOUNIS | : | CIVIL ACTION |
| Plaintiff, | : | NO. 2:19-cv-05030-JDW |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, et al. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF LISA BARBOUNIS'S  FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS ADDRESSED TO
DEFENDANT THE MIDDLE EAST FORUM AND GREG ROMAN**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff, LISA BARBOUNIS'S, by and through undersigned counsel, hereby propounds Plaintiff's First request for Production of Documents Addressed to The Middle East Forum.  Defendant is hereby requested to respond under oath, within thirty (30) days of the date of service.

**INSTRUCTIONS**

The following instructions are to be considered applicable to this request with respect to each document sought herein:

1. **ORIGINAL DOCUMENTS**

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents, employees, representatives or investigators. The documents which are

sought by this request for production shall include not only those documents which are in the dominion or control of yourself, or your representatives or agents, but also those which

are held by anyone on your behalf, and not merely such documents as are known to you of your own personal knowledge.

## 2. ELECTRONIC DOCUMENTS

When a document in electronic form is responsive to this discovery request, please produce such other information about the format in which the document is stored and the program that created it so that the document may be meaningfully opened, read, and used.

## 3. COPIES

If a document was prepared in several copies, or if additional copies were thereafter made, and if such copies are not identical or are no longer identical by reason of subsequent notations or modifications of any kind whatsoever, including without limitation, notations on the front and the back of the pages thereof, then each such non-identical copy is a separate document and must be produced.

## 4. PRIVILEGES

In the event that you seek to withhold any documents on the basis that it is properly entitled to limitation of discovery, or is subject to a Insurance Policy of privilege, please identify each such document withheld by providing the following information:

    a. The date of the document;

    b. The subject to which the document relates;

    c. The author of the document, and the author's address;

    d. The name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

    e.    The basis for the Insurance Policy or privilege. If you assert a privilege as to any portion of any categories of materials described herein, please produce the remainder of that category as to which you do not assert a privilege.

## 5. LOST DOCUMENTS OR THINGS

If you have any knowledge of any document called for by this discovery request that was at one time, but is no longer in your possession, custody, or control, identify each such document and state whether it is:

    a.    Missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

    b.    For each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

## 6. SUPPLEMENTING THE PRODUCTION

This request shall be deemed continuing so as to require prompt, further and supplemental production if Respondent locate or obtain possession, custody or control of additional responsive documents at any time prior to trial herein and any and all other rules of the court having jurisdiction over this matter.

## 7. OBJECTION TO A DOCUMENT REQUEST

If you state an objection to a document request, please provide the documents that you contend would be within the scope of permissible discovery. If you object to part of any request to produce and refuse to answer that request, state your objection, identify the part to which you are objecting, and answer the remaining portion of the request. If you object to the scope or the time period of any request, state your objection, identify the scope or time period to which you are objecting and answer the request for the scope or time period you believe appropriate.

## DEFINITIONS

Please use the following definitions and comply with the following instructions in responding to this document request.

1. As used in this Request, the term **"document"** means, without limitation, the following items: printed, recorded or produced by mechanical or computer generated process, or written or produced by hand, and includes without limitation, handwritings, type-writings, printing, photo-stating, photographing and every other means of recording or preserving a verbatim summary or record of any form of communication or representation, including letters, words, pictures, sounds, symbols or any combination thereof and/or all transcript copies thereof; all records, reports, papers, documents, books, logs, diaries, calendars letters, notes, memoranda, agreements, communications, brochures, correspondence, telegrams, computer diskettes, copies of computer diskettes, computer print-outs in any form, summaries of records of telephone conversations, summaries of records of meetings or conferences, summaries of reports of investigations, paste-ups, lay-outs, mock-ups statements, receipts, invoices, records of account and other writings.

2. The terms **"refer or relating to"** mean connected with, reflecting, having an association with, depicting, illustrating, discussing, mentioning or otherwise having some direct or indirect relation to the allegations contained in Claimant's Complaint in this matter.

3. **"You"** shall mean and include Respondents their agents, representatives and employees.

4. **"Plaintiff"** shall mean the Plaintiff in this action.

5. The **"Employer"** means the employer of Plaintiff, Lisa Barbounis during the time period of time outlined in the Civil Action Complaint; when Plaintiff, Mareeka Stanley worked at THE MIDDLE EAST FORUM . Accordingly, the word "employer" for the purposes of these Requests for Production of Documents refers to Defendant, THE MIDDLE EAST FORUM .

5. **"Correspondence"** means any Document Concerning the transmittal of information.

6. **"Department of Labor"** means the United States Department of Labor, its officers, agents, and representatives.

7. **"Agreements"** shall mean agreements, contracts, arrangements, mutual promises, accords, engagements or undertakings.

## DOCUMENTS REQUESTED

1. Any and all documents in the possession or control of Defendant that relate or pertain to the Plaintiff, Lisa Barbounis. This request includes but it not limited to Plaintiff, Lisa Barbounis's:

    a. Employee file;
    b. Disciplinary records;
    c. Paystubs and w-2's;
    d. Hiring information such as an offer letter;
    e. Termination letter.

2. Any and all documents upon which Defendants have relied or which Defendant plans to use as evidence in the instant matter.

3. Any and all photographs, negatives, recordings and/or video of Plaintiff, Lisa Barbounis that relate in any way to the instant matter or that Defendant plans to use as evidence.

4. Copies of any and ALL emails and text-message exchanges between Plaintiff Lisa Barbounis and any employee who worked for Defendant. This includes all emails and text messages between Defendant's employees and Plaintiff Lisa Barbounis. This also includes all email communications sent and received by Plaintiff, Lisa Barbounis during her employment for Defendant.

    a. For example, during Plaintiff, Lisa Barbounis employment at The Middle East Forum, Plaintiff was provided with a company email account which she used to send and receive emails pertaining to the work she performed and employment at The Middle East Forum. Plaintiff requests every email communication sent by and received by Plaintiff Lisa Barbounis during her employment.

b. Plaintiff also requests every email communication sent by any employee at The Middle East Forum that mentions, refers to, discusses, or relates in any way to Plaintiff including emails that mention or pertains to Plaintiff's employment or job performance at The Middle East Forum.

c. Plaintiff specifically requests all email communications that mentions or refers to Plaintiff's reports of discrimination, harassment, gender discrimination, sexual harassment, or retaliation in the workplace. This includes all emails sent and/or received by Plaintiff or any other individual employed by Defendants.

d. Plaintiff also requests any and all emails or text messages sent by any employee of Defendant that mentions or pertains to Plaintiff, Lisa Barbounis. This includes all text messages on any company cellphone or email server that mentions, refers to, or identifies Plaintiff Lisa Barbounis in any manner or capacity.

e. Plaintiff also requests all emails, text messages, electronic messages that relate in any way to allegations of discrimination, investigations into discrimination, refers in any way to allegations or investigations of discrimination. This includes all interoffice communications sent to or from any employee who works at The Middle East Forum including Daniel Pipes and Greg Roman that discusses, mentions, or relates in any way to allegations made by Marnie Meyer, Caitriona Brady, Lisa Barbounis, Delaney Yonchek, or Patricia McNulty, or any other employee of The Middle East Forum during Plaintiff's employment.

f. The above communications includes Request 4, 4a, 4b, 4c, 4d, 4e, and 4g includes all electronic communications including but not limited to communications sent or received using applications including but not limited to Telegram, Whats-app, and text messages.

g. Plaintiff specifically requests all electronic and other communications between Daniel Pipes and Greg Roman that discusses, mentions, pertains to, relates in any way to allegations of discrimination, harassment or retaliation in the workplace.

h. Plaintiff also specifically requests all communications in which Mark Fink was a recipient as he specifically notified Plaintiff and other employees that he was the Acting Director of The Middle East Forum.

    **i.** All electronic communications including communications using applications such as Telegram and Whatsapp between any employee of The Middle East Forum concerning in any way past reports of discrimination and harassment in the workplace including but not limited to all communications concerning the following people (1) Lisa Barbounis, (2) Patricia McNulty, (3) Delaney Yonchek, (4) Lisa Barbounis, (5) Lia Merville, (6) Alana Goodman, (7) Raquel Saraswati, (8) Aman Patel, (9) Samantha Mandalas, (10) Tiffany Lee, (11) Marnie Meyer, (12) Lara (last name unknown), (13) Laura Frank, and (14) Rosie (last name unknown).

5. The COMPLETE PERSONNEL FILE OF PLAINTIFF Lisa Barbounis including Plaintiff's:

    a. Employment application;
    b. Resume;
    c. acknowledgments of receipt of employment handbook and other documents;
    d. performance evaluations;
    e. written warnings;
    f. complaints, reprimands;
    g. and salary and benefit information.
    h. payroll records, benefits, and/or retirement plans, warnings, criticisms, and discipline.

6. The COMPLETE PERSONNEL FILE OF Greg Roman including Greg Roman's:

    a. Employment application;
    b. Resume;
    c. acknowledgments of receipt of employment handbook and other documents;
    d. performance evaluations;
    e. written warnings;
    f. complaints, reprimands;
    g. and salary and benefit information.

7. The COMPLETE PERSONNEL FILE OF Daniel Pipes including Daniel Pipes':

    a. Employment application;
    b. Resume;
    c. acknowledgments of receipt of employment handbook and other documents;
    d. performance evaluations;
    e. written warnings;
    f. complaints, reprimands;
    g. and salary and benefit information.

8. The COMPLETE PERSONNEL FILE OF Matthew Bennett including Matthew Bennett's:

    a. Employment application;
    b. Resume;
    c. acknowledgments of receipt of employment handbook and other documents;
    d. performance evaluations;
    e. written warnings;
    f. complaints, reprimands;
    g. and salary and benefit information.

9. The COMPLETE PERSONNEL FILE OF any employee who held the same or similar position as Plaintiff Lisa Barbounis for the time period beginning when Plaintiff began her employment for Defendants and throughout Plaintiff's employment. For each employee identified please include the following documents:

    a. Employment application;
    b. Resume;
    c. Acknowledgments of receipt of employment handbook and other documents;
    d. Performance evaluations;
    e. Written warnings;
    f. Complaints, reprimands;
    g. Salary and benefit information;
    h. Disciplinary letters;
    i. Termination letters or paperwork (if any exists).

10. For each employee identified in Request for Production Number 11 above, please provide any and all documentation that relates in any way to reports of discrimination and/or harassment made by the employee identified. This includes:

      a. Written reports of discrimination and/or harassment;
      b. Witness statements;
      c. Emails notifications;
      d. Text message notifications;
      e. Any other documentation made in response to said reports.

11. Please provide Plaintiff's COMPLETE SALARY AND WAGE RECORDS, payroll records, commission records, and W-2 forms for every year of Lisa Barbounis employment with Defendant.

12. THE COMPLETE SALARY AND WAGE RECORDS, payroll records, commission records, and W-2 forms for every employee who held the same or similar position as Plaintiff for the time period beginning three years prior to Plaintiff's employment until the present.

13. Any and all documents that relate or pertain to ANY PERFORMANCE EVALUATIONS OR JOB REVIEWS of Plaintiff Lisa Barbounis during her employment with Defendants.

14. Any and all documents that relate or pertain to Plaintiff Lisa Barbounis's ATTENDANCE AND LATENESS RECORDS, including, but not limited to, timecards and computerized time sheets.

15. Any and all documentation that relates to Plaintiff's reports of discrimination and harassment in the workplace, which are the subject of the instant case and identified in the Civil Action complaint.

16. Any and all documentation that relates to any employees' reports of discrimination and harassment in the workplace. This includes reports of discrimination made by (1) Lisa Barbounis, (2) Patricia McNulty, (3) Delaney Yonchek, (4) Lisa Barbounis, (5) Lia Merville, (6) Alana Goodman, (7) Raquel Saraswati, (8) Aman Patel, (9) Samantha Mandalas, (10) Tiffany Lee, (11) Marnie Meyer, (12) Lara (last name unknown), (13) Laura Frank, and (14) Rosie (last name unknown).

17. Documents related to the termination of Laura Frank.

18. Documents related to the termination of Lara (last name unknown).

19. All documents that related in any way to investigations performed in response to allegations of discrimination involving Greg Roman. This includes all witness statements, investigative notes, conclusory reports, emails, text messages and other electronic communications discussing or referring to the investigation, and documents related to corrective measures. Defendant may limit their response to all documents within the past ten (10) years.

20. All documents that relate to the manner in which Defendant, The Middle East Forum must notify Board members about reports of discrimination and harassment in the workplace.

21. All bylaws, charters, contracts, agreements, Board meeting minutes where allegations of discrimination and/or harassment and retaliation were discussed, mentioned, referred to, or decided upon.

22. All documents related to the manner in which Board members were made aware of reports of discrimination and harassment in the workplace.

23. All Board Organizational Meeting Minutes where the Board discussed how to respond to reports of discrimination involving Greg Roman.

24. All documents related to Defendant's policies, procedures, protocols for responding to reports of discrimination and harassment in the workplace. This includes all agreements, charters, contracts, bylaws, articles including articles of information, or any other non-profit group paperwork that discusses, refers to, or describes The Middle East Forum's antidiscrimination policies, objectives, and measures.

25. All communications to or from The Middle East Forum Officers including but not limited to President: Daniel Pipes, Chairman: Steven Levy, Vice Chairman: Joshua Katzen, Treasurer: Lawrence Hollin, and/or Secretary: Gregg Roman where discussions regarding allegations involving Greg Roman were held. This includes all electronic communications including Whatsapp and Telegram.

26. All interoffice memorandums, notes, correspondence, whether types of handwritten that address or refer to in any way reports of sexual harassment, sexual assaults, gender discrimination.

27. All documents upon which The Middle East Forum relied in responding to Plaintiff's discovery requests including Request for Admissions and Interrogatories, or that refer to or reflect the information requested in those Interrogatories, other than documents produced in response to the Requests set forth within these Requests.

28. All recordings including any telephone recordings made by Greg Roman that relate in any way to the instant matter and Plaintiff's lawsuit.

29. All telephone records, text records, recording of applications including Gmail, Whatsapp, and Telephone and any meta data that relate in any way to the instant matter and Plaintiff's Charge of Discrimination and subsequent lawsuit.

30. All investigative files connected with Tiffany Lee's reports of discrimination and harassment in the workplace. This includes all witness statements, investigation notes, conclusory reports, electronic communications related to Tiffany Lee's reports of discrimination and harassment in the workplace.

31. All documents connected with the November 2018 meeting where Greg Roman's conduct and comments were discussed.

32. All communications to or from Greg Roman that discuss, mentions, refers to, or involves the November 2018 meeting where allegations of misconduct involving Greg Roman were discussed.

33. All documents related in any way to applicable insurance coverage and communications between Defendant and Defendant's insurance carrier that relates in any way to Plaintiff's allegations of discrimination and harassment in the workplace or is applicable to the instant matter and which may contribute in any way to a potential settlement or verdict in this matter.

34. All communications between The Middle East Forum ("MEF") to or from MEF's insurance carrier(s) that mentions allegations of discrimination and harassment in the workplace.

35. All correspondence or communications where insurance claims were initiated that related to Greg Roman's conduct or comments and female employees who worked at The Middle East Forum.

36. All Declarations Pages, contracts, applications, riders, addendums, signed statements that relate to the applicable insurance coverage in the instant matter.

37. For every employee who held the same or similar position as Plaintiff for the time period beginning three years prior to Plaintiff's employment until the present, please provide each employees' personnel files.  Please include any and all documents which relate in any way to any disciplinary action to which each employee identified was subjected.

38. Any and all written job descriptions or any other documents that relate or pertain to the WORK DUTIES AND/OR RESPONSIBILITIES of each position held by Plaintiff Lisa Barbounis during her employment with Defendant.

39. Any and all documents that relate or pertain to any write-ups, COMPLAINTS, COMMENTS, CRITICISMS OR WARNINGS, oral or written, concerning Plaintiff Lisa Barbounis's work performance.

40. Any and all PERSONNEL MANUALS, EMPLOYEE HANDBOOKS, benefits manuals and salary schedules which were in effect at any time during Plaintiff Lisa Barbounis's employment with Defendant.

41. Any and all SUPERVISORS MANUALS which were in effect at any time during Plaintiff Lisa Barbounis's employment or association with Defendant.

42. All organizations bylaws.

43. Any and all Documents that relate or pertain to DEFENDANT'S POLICIES on discipline (progressive or otherwise), termination, salary increases, promotions and/or severance pay which were in effect at any time during Plaintiff's employment with Defendant.

44. Any and all Documents that relate or pertain to Defendant's policies or procedures regarding SEXUAL HARASSMENT, SEX OR GENDER HARASSMENT, DISCRIMINATION AND RETALIATION.

45. Any and all documents which relate or pertain in any way to any reports of discrimination and/or harassment in the workplace made by any employee within the past seven (7) years. This includes the following:
    a. Any email communications where discrimination and/or harassment is reported;
    b. Any text messages where discrimination and/or harassment is reports;
    c. Any investigation reports;
    d. Any witness statements;
    e. Any and all positions statements;
    f. Any and all charges of discrimination;
    g. Any memos, letters, correspondence, or handwritten notes where discrimination and/or harassment is reports or which relate to reports of discrimination and/or harassment.

46. Any and all documents that relate or pertain in any way to any written statements or declarations (signed or unsigned), made by any person, which mention, discuss or refer to Plaintiff Lisa Barbounis's PERFORMANCE during her employment at The Middle East Forum .

47. Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff Lisa Barbounis, against Defendants in the past seven (7) years.

48. Any and all documents which relate in any way to complaints of harassment and/or discrimination by any of Defendants' employees for the time period beginning seven years prior to Plaintiff Lisa Barbounis's employment until the present.

49. Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal complaints, sexual harassment, discrimination and/or retaliation, which were made by any person against any of Defendants' employees, agents, managers, officers, supervisors or directors at any time within the past seven (7) years.

50. Any and all documents that relate or pertain to ANY COMPLAINT(S), CHARGE(S), REPORT(S) OR ALLEGATION(S), formal or informal complaints, sexual harassment, discrimination and/or retaliation, which were made by any person against any of the individual Defendants at any time during the individual Defendant's employment for Defendant.

51. Any and all documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding HARASSMENT, DISCRIMINATION and/or RETALIATION which were in effect at any time while Plaintiff Lisa Barbounis was employed by Defendant.

52. Any and all Civil Action Complaints filed against Defendant in the past seven (7) years which relate in any way to discrimination and harassment in the workplace.

53. Any and all documents that relate or pertain any of Defendant's policies, guidelines or procedures regarding the HANDLING AND INVESTIGATING OF EMPLOYEE COMPLAINTS OF HARASSMENT, DISCRIMINATION and/or RETALIATION, which were in effect at any time while Plaintiff Lisa Barbounis was employed by Defendant.

54. For every employee of Defendant who reported or claimed they were sexually harassed or harassed based on sex or gender, or were retaliated against and or discriminated against during their employment within the past seven (7) years, please provide the following:
    a. Their entire employee file;
    b. Disciplinary letters;
    c. Employment application;
    d. Resume;
    e. acknowledgments of receipt of employment handbook and other documents;
    f. performance evaluations;
    g. written warnings;
    h. complaints, reprimands;
    i. salary and benefit information;
    j. termination letters or paperwork (if any exists).

55. Any and all documents that relate or pertain any COMPLAINT(S), CHARGE(S), REPORT(S) or allegation(s), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff Lisa Barbounis against Defendants at any time within the past seven (7) years. This includes all documents related to Tiffany Lee and any other employee who filed a Charge of Discrimination with the EEOC or any other state or local agency for conduct and comments attributed to Greg Roman.

56. Any and all documents that relate or pertain to any REPRIMAND, DEMOTION OR OTHER DISCIPLINARY action taken against Greg Roman, Daniel Pipes, Steven Levy, Joshua Katzen, and Lawrence Hollin as a result of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, that he had engaged in harassment, discrimination and/or retaliatory conduct against any person other than Plaintiff Lisa Barbounis, at any time during such employment.

57. Any and all documents showing communications between Defendant and any City, State or Federal Official concerning Plaintiff, including position statements given to the EEOC or Pennsylvania Human Rights Commission or Philadelphia Commission on Human Relations. This includes any and all documents supplied to any state or federal agency by Defendants regarding Plaintiff Lisa Barbounis.

58. Any and all documents that relate or pertain to those persons who Defendant intends to call as an expert witness as well as the copy of said expert's report, if any.

59. Any expert witness reports as well as any notes, memoranda or other items contained in said expert witness' file including all correspondent, email or otherwise between said expert and Defendants or Defendants' counsel.

60. Copies of all documents relating to any crime or guilty plea of any crime or a traffic violation such as DWI (driving while intoxicated), setting forth the crime, date of conviction or plead and the court in which such conviction or plea was entered. This document request pertains to Greg Roman, Daniel Pipes, Steven Levy, Joshua Katzen, and Lawrence Hollin along with any other individual to whom Plaintiff, Lisa Barbounis reported discrimination and harassment or to whom Plaintiff reported as a supervisor during her employment for Defendant.

61. Produce any and all documentation of communications between employees of Defendants which relate in any way the instant matter.  This document request includes the following:

    a. Any email communications which refer to Plaintiff and/or her charge of discrimination filed at the EEOC or PHRC;
    b. Any and all email communications concerning the Civil Action Complaint or Defendant's Answer to the Complaint which are not subject to attorney client privilege or the work produce doctrine;
    c. Any text messages which refer to Plaintiff and/or her charge of discrimination filed at the EEOC or PHRC;
    d. Any and all text messages that refer to or discuss the Civil Action complaint which are not subject to attorney client privilege or the work produce doctrine;
    e. Any letters, memos, or correspondence which relate in any way to the instant matter.

62. Identify and produce all documents in Defendant's possession concerning the allegations in Complaint or the Answer. Identify the author of each such document and state the demand or demands to which such documents are responsive.

63. Produce all documents concerning any investigation made by Defendant in response to Plaintiff Lisa Barbounis's complaints of harassment, discrimination and/or retaliation. Identify the author of each such document.

64. Produce all documents concerning Defendant's policy to prevent harassment, discrimination and/or retaliation including without limitation any documents concerning Plaintiff's awareness of the policy and any documents concerning any training provided by Defendant to Plaintiff Lisa Barbounis. Identify the author of each such document.

65. Identify every female employee for Defendant in the past seven years who resigned their position at The Middle East Forum because of unwelcome sex or gender discrimination. This includes all employees who resigned, were terminated, discharged, or constructively discharged because of unwelcome conduct and comments.

66. Please produce any and all documents related to Plaintiff's termination or constructive discharge including:
    a. A termination letter;
    b. Memos that mention, refer to or are related to her termination;
    c. Emails that mention, refer to or are related to her termination;
    d. text messages that mention, refer to or are related to her termination;
    e. notes handwritten or otherwise that mention, refer to or are related to her termination;
    f. correspondence that mention, refer to or are related to her termination.

**DEREK SMITH LAW GROUP, PLLC**

BY: ___/s/ Seth D. Carson___
   SETH D. CARSON
   1835 Market Street
   Suite 2950
   Philadelphia, PA 19103
   Phone: 215.391.4790
   Facsimile: 215.893.5288
   seth@dereksmithlaw.com

DATED: February 13, 2020

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date that I caused a true and correct copy of Plaintiff's First Set of Interrogatories Addressed to Defendants to be served via email to dwalton@cozen.com and lbenson@cozen.com.

        David J. Walton (PA # 86019)
        Leigh Ann Benson (PA #319406)
        Cozen O'Connor
        1650 Market Street, Suite 2800
        Philadelphia, PA 19103
        P: 215-665-2000
        F: 215-665-2013
        dwalton@cozen.com
        lbenson@cozen.com

        Sidney L. Gold sgold@discrimlaw.
        Sidney L. Gold & Associates P.C.
        1835 Market Street, Suite 515
        Philadelphia, PA 19103
        Tel: (215) 569-1999
        Fax: (215) 569-3870
        Counsel for The Middle East Forum

        **DEREK SMITH LAW GROUP, PLLC**


        BY:__/s/_Seth D. Carson_____
            SETH D. CARSON


DATED: February 13, 2020