# EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -vs- | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| THE MIDDLE EAST FORUM, | : | |
| DANIEL PIPES (*individually*), and | : | |
| GREGG ROMAN (*individually*), | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>CERTIFICATION OF COUNSEL</u>

Jonathan R. Cavalier, counsel for The Middle East Forum, Daniel Pipes, Gregg Roman, hereby certifies as follows:

1. I am an attorney and member of the law firm of Cozen O'Connor with nearly 14 years of experience in labor and employment litigation.

2. I have a clean disciplinary record and neither I nor any of my clients have been found in civil contempt in any action in which I have been counsel.

3. I am lead counsel for Defendants The Middle East Forum and Daniel Pipes and co-counsel for Defendant Gregg Roman in the above captioned action.

4. I took over as lead counsel in the above-captioned action in January 2021 following the departure of former lead counsel David J. Walton from Cozen O'Connor.

5. Leigh Ann Benson, an attorney and associate at Cozen O'Connor, was formerly my co-counsel on this matter until she transferred from the litigation department to another non-litigation role at the firm.

6.      On December 4, 2020, following several hearings, this Court issued an order

holding Plaintiff and her counsel in contempt for failing to abide her discovery obligations and

ordering her attorney, Seth Carson, to hire an ediscovery vendor to assist Plaintiff with her

production. *See* Doc. No. 85.

7.      Based on his representations to me in the weeks following the Court's Order, and

his failure to certify as required by the Court, Attorney Carson disregarded the Court's order to

hire an ediscovery vendor and instead elected to handle Plaintiff's production himself.

8.      In January 2021, after multiple failed efforts to produce on her own the

information in accordance with the Court's order with metadata included, Plaintiff and Attorney

Carson, still without the assistance of an ediscovery vendor, dumped on counsel for Defendants

two zip files containing nearly 30 gigabytes of raw, unprocessed, unfiltered and unbates-stamped

information from Plaintiff's devices.

9.      This data, which was not covered by the AEO provisions of the Court's December

4 Order but which was nevertheless treated as such by counsel for Defendants, contained a slew

of irrelevant, highly personal and often pornographic imagery, audio and video that outside

counsel for Defendants were required to manually sift through, review and filter – an

extraordinarily time-consuming process which took hundreds of attorney-hours and months to

complete, and which ultimately revealed several pieces of highly relevant, material information

that Plaintiff had previously failed to produce.

10.     Had Plaintiff and her attorney followed this Court's repeated instructions,

Defendants would have received a processed, filtered load file with bates-stamped documents

ready to process into its review tool.  Instead, Defendants were required to do Plaintiff's work for

her, manually reviewing, filtering and segregating the relevant information from the copious

amounts of irrelevant, personal and salacious information produced by Plaintiff.

11.     At my instruction, counsel for Defendants exercised restraint and acted in good

faith to exclude such salacious documents from their summary judgment filing, and used only

relevant, material information solely in defense of Plaintiff's claims or in the prosecution of its

counterclaims.

12.     Pursuant to the Court's scheduling Order, opening summary judgment briefs,

statements of undisputed material facts, and accompanying exhibits were due on March 1, 2021.

13.     During the filing process, counsel for Defendants encountered several problems

with the ECF system, and the filing was rejected several times.

14.     After the filing was complete, I noticed that several of the exhibits had been

uploaded in error as complete documents, rather than excerpts as intended.  Upon discovering

this error, I directed my paralegal to immediately reach out to the Court and to the clerk's office

to remove the documents filed in error.

15.     Both this Court and Plaintiff's counsel approved of this process and correction.

*See* Attachment 1.

16.     As the docket specifically reflects, this process was completed on March 4, 2021

with the Court's approval.

17.     I have reviewed and am familiar with the Motion for Contempt (Doc. No. 132)

filed by Plaintiff Lisa Barbounis against Defendants, and I am familiar with the circumstances

preceding her filing of that motion.

18.     To wit, on Thursday, May 13, 2021 at 5:17p.m., Attorney Seth Carson, as counsel

for Plaintiff, reached out to me via email and for the time, raised a question concerning

Defendants' production of documents attached as exhibits to their statement of undisputed material facts.  No other issues were raised in Attorney Carson's email.  *See* Attachment 2.

19.     Despite having had Defendants' summary judgment exhibits in his possession for approximately 10 weeks prior to this email, Attorney Carson had not previously raised any issues with Defendants' production, Defendants' docketing of their summary judgment exhibits, or Defendants' compliance with the Court's December 4, 2020 Order.

20.     After receiving Attorney Carson's email, I immediately began looking into the issues that he raised.

21.     Later that night, I wrote to Attorney Carson, representing that I would be happy to look into" the issues that he raised and invited Attorney Carson to have a call to discuss the matter.  *See* Attachment 3.

22.     Later that same night, I called Attorney Carson to ascertain additional details and represented to Attorney Carson that Defendants would look into the matter immediately and in good faith, noting that I had taken over as lead counsel in this matter in January 2021 after discovery was complete, and that I would report back to Plaintiff's counsel as quickly as possible.

23.     Attorney Carson stated his appreciation for the call and agreed to speak with me after I had my team look into the matter.

24.     Later still that same night, Attorney Carson sent the list of exhibits with which he claimed issue, and at midnight, I responded and reiterated that the matter would be looked into immediately and that I would get back to him as soon as possible.  *See* Attachment 4.

25.     The next day, Friday, May 14, 2021, I emailed Plaintiff's counsel to confirm that my team and I were looking into the matter, and Attorney Carson responded stating that he would continue to wait for updates from the undersigned.  *See* Attachment 5.

26.     I responded, stating that I "appreciate(d) the courtesy" and that, "[a]t bottom, this is a discovery issue, and in that vein, you've got my word that my people are working hard to get to the bottom of this and will continue to do so tonight and through the weekend, and that whatever the situation, I'll both keep you in the loop and work with you to correct the problem, if possible and as necessary."  *Id*.

27.     The undersigned further represented that he would be in touch with updated findings by close-of-business Monday, and Plaintiff's counsel responded with acknowledgement. *Id*.

28.     As promised, I instructed a team of people to work over the weekend to examine the list of documents provided by Attorney Carson and to determine which documents had been produced by Defendants, which documents had been produced by Plaintiff and which documents might not have been produced at all.

29.     On Monday, May 17, Attorney Carson reached out to the undersigned via text, asking whether I would get back to him that day.  *See* Attachment 6.

30.     I responded affirmatively and stated, "I will have new info to report today" and suggested that counsel speak by phone at the end of the day  *Id.*

31.     The undersigned also stated as follows:

> Let me know if you disagree, but ultimately I see this as a discovery dispute, with meet and confer obligations, which we're doing now.  Assuming you are correct (at least in part) in your assertions I think part of that should also include a discussion of potential remedies if we did, in fact, drop the ball.

Do you agree?  And do you have any [objection] to have that discussion with me?

*Id.*

32.  Attorney Carson voiced no objection, stating, "I'll be free to talk after this mediation.  Late afternoon."  *Id.*

33.  I responded, "Perfect.  Let's get on the phone around end of day.  I am basically free after 4:30 until whenever."  *Id.*

34.  Beginning at 6:16 p.m. that day, I spoke by phone with Attorney Carson for 39 minutes.  During that call, I described the efforts that Defendants were engaged in to evaluate the validity of Plaintiff's alleged discovery issues, reported that some preliminary indications were that many of the documents listed by Plaintiff had in fact been produced by one or both parties, promised Plaintiff that defense counsel was acting and would continue to act in good faith to get to the bottom of Plaintiff's issues, and represented that by close of business the following day, the undersigned would have a full and final report for Plaintiff's counsel answering all of the questions raised.

35.  During the call, I also reiterated the view that this was, at bottom, a discovery dispute between the parties with good faith meet and confer obligations, to which Attorney Carson agreed.

36.  Finally, during the call, I asked Attorney Carson to consider potential methods for remedying any outstanding document dispute once the full report was available, and offered depositions of Defendants' witnesses (at Defendants' cost) concerning the documents at issue should Plaintiff be correct in her assertions about the production of those documents.  Plaintiff's counsel agreed to give those potential remedies some thought while awaiting Defendants' final report.

37.     At the end of the call, Attorney Carson and I agreed to speak again at close of business the following day, and Attorney Carson stated that he would wait to speak with me prior to filing a motion.

38.     Despite our agreement, our ongoing and productive meet-and-confer concerning the issues that he raised, and my team's ongoing good faith effort to investigate his claims, Attorney Carson, without any notice or change in circumstance, filed Plaintiff's motion at 11:40 a.m. the following morning.

39.     In her motion, Plaintiff raised the discovery issues that had been the subject of the many discussions between counsel and also several additional issues that Attorney Carson had not raised during those discussions.

40.     Five minutes after Plaintiff filed her motion, I wrote to Attorney Carson via email and stated as follows:

> Seth:
>
> Based on our calls and correspondence over the past few days, which I took to be a good faith effort to meet and confer to resolve the discovery dispute you raised, I was under the impression that we had agreed to speak again this afternoon to discuss the issues that you raised and how best to resolve them.  In that vein, I took your representation that you were going to hold your motion until our discussions were complete and I could relay to you what I found.  Having not heard from you since our call late yesterday, I am unclear as to what circumstances changed that led you to file this motion.
>
> Given this, I view your motion as premature and in violation of EDPA and Local Rules requiring a meet and confer process before bringing discovery issues to the attention of the Court.  Please either (a) let me know why I am wrong or (b) withdraw your motion until the meet and confer process is complete.
>
> Thanks,
> Jon Cavalier

*See* Attachment 7.

41.     Attorney Carson never responded to this email, nor explained why he had abandoned the ongoing meet-and-confer process, and Attorney Carson has not reached out to discuss the substance of his motion in any way since filing.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Respectfully submitted:

By: */s/Jonathan R. Cavalier*
Jonathan R. Cavalier
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA  19103
(215) 665-2776

*Attorneys for Defendants*
*The Middle East Forum,*
*Daniel Pipes and Gregg Roman*

ATTACHMENT 1

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Rhym, Kia B. |
| **Sent:** | Thursday, May 27, 2021 12:44 PM |
| **To:** | Cavalier, Jonathan |
| **Subject:** | FW: BARBOUNIS v. THE MIDDLE EAST FORUM et al; 2:19-cv-05030-JDW - Defendants' Summary Judgment Exhibits |

Approval from Judge.



**Kia B. Rhym**
**Paralegal | Cozen O'Connor**
One Liberty Place, 1650 Market Street, Suite 2800 | Philadelphia, PA 19103
P: 215-665-4609
krhym@cozen.com
Email | Map | cozen.com

---

**From:** Chambers of Judge Wolson <Chambers_of_Judge_Wolson@paed.uscourts.gov>
**Sent:** Wednesday, March 3, 2021 12:11 PM
**To:** Rhym, Kia B. <KRhym@cozen.com>
**Cc:** Cavalier, Jonathan <JCavalier@cozen.com>; sgold_discrimlaw.net <sgold@discrimlaw.net>; seth@dereksmithlaw.com
**Subject:** Re: BARBOUNIS v. THE MIDDLE EAST FORUM et al; 2:19-cv-05030-JDW - Defendants' Summary Judgment Exhibits

**\*\*EXTERNAL SENDER\*\***

Judge Wolson approves of this.  Thank you.

On Mar 3, 2021, at 11:51 AM, Rhym, Kia B. <KRhym@cozen.com> wrote:


**CAUTION - EXTERNAL:**

Your Honor:

I am writing on behalf of the Defendants about the exhibits filed with our Motion for Summary Judgment.  After further review of the exhibits we realized some of the exhibits are voluminous and erroneously contain extraneous pages.  We would like to correct the exhibits to include only the relevant pages. I have spoken to the ECF helpdesk and was informed that your approval is required. I also spoke with your Law Clerk, Marie, who advised me to submit this request in writing.  Therefore, we respectfully request your approval to make this correction.

If you approve, we will provide Your Honor and opposing counsel with an updated flash drive with corrected exhibits.

Respectfully Submitted,

Kia Rhym



**Kia B. Rhym**
**Paralegal | Cozen O'Connor**
One Liberty Place, 1650 Market Street, Suite 2800 | Philadelphia, PA 19103
P: 215-665-4609
krhym@cozen.com
Email | Map | cozen.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Seth Carson <seth@dereksmithlaw.com> |
| **Sent:** | Wednesday, March 3, 2021 12:16 PM |
| **To:** | Chambers of Judge Wolson; Rhym, Kia B. |
| **Cc:** | Cavalier, Jonathan; sgold_discrimlaw.net |
| **Subject:** | Re: BARBOUNIS v. THE MIDDLE EAST FORUM et al; 2:19-cv-05030-JDW - Defendants' Summary Judgment Exhibits |

**\*\*EXTERNAL SENDER\*\***

Plaintiff does not object to defendant's request to the extent that defendants would like to edit their exhibits only.

Get Outlook for iOS

**From:** Chambers of Judge Wolson <Chambers_of_Judge_Wolson@paed.uscourts.gov>
**Sent:** Wednesday, March 3, 2021 12:11:20 PM
**To:** Rhym, Kia B. <KRhym@cozen.com>
**Cc:** Cavalier, Jonathan <JCavalier@cozen.com>; sgold_discrimlaw.net <sgold@discrimlaw.net>; Seth Carson <seth@dereksmithlaw.com>
**Subject:** Re: BARBOUNIS v. THE MIDDLE EAST FORUM et al; 2:19-cv-05030-JDW - Defendants' Summary Judgment Exhibits

Judge Wolson approves of this.  Thank you.

On Mar 3, 2021, at 11:51 AM, Rhym, Kia B. <KRhym@cozen.com> wrote:

 **CAUTION - EXTERNAL:**

Your Honor:

I am writing on behalf of the Defendants about the exhibits filed with our Motion for Summary Judgment.  After further review of the exhibits we realized some of the exhibits are voluminous and erroneously contain extraneous pages.  We would like to correct the exhibits to include only the relevant pages. I have spoken to the ECF helpdesk and was informed that your approval is required. I also spoke with your Law Clerk, Marie, who advised me to submit this request in writing.  Therefore, we respectfully request your approval to make this correction.

If you approve, we will provide Your Honor and opposing counsel with an updated flash drive with corrected exhibits.

Respectfully Submitted,

Kia Rhym



**Kia B. Rhym**
**Paralegal | Cozen O'Connor**
One Liberty Place, 1650 Market Street, Suite 2800 | Philadelphia, PA 19103
P: 215-665-4609

1

krhym@cozen.com
Email | Map | cozen.com

***Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.***

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

ATTACHMENT 2

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Seth Carson <seth@dereksmithlaw.com> |
| **Sent:** | Thursday, May 13, 2021 5:17 PM |
| **To:** | Cavalier, Jonathan |
| **Subject:** | Lisa Barbounis v. MEF, et al. |

**\*\*EXTERNAL SENDER\*\***

Jon,

I feel compelled to give you a heads up regarding a motion I am about to file.  I have to file it or I would not be zealously representing my client's interests, so I hope you understand.

The primary argument is that your client produced for the first-time evidence in the form of documents that were never produced during discovery.   Some of these documents were crucial to my client's prosecution of her claims and defense of the counterclaims.

I have done a lot of work to confirm that I am correct and that the documents were not produced, but I wanted to give you the opportunity to let me know if I am wrong about any of them.  The list is growing, but so far here is what I have.  I am arguing that the following documents were not produced:

Exhibits 5, 6, 10, 19, 21, 28, 29, 30, 33, 39, 43, 52, 57, 58, 59, 68, 69, 73, 74, 76, 80.

Please let me know if you can provide the Bates Stamp numbers for any of these documents to challenge my argument that these documents were never produced.

ATTACHMENT 3

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Cavalier, Jonathan |
| **Sent:** | Thursday, May 13, 2021 5:28 PM |
| **To:** | Seth Carson |
| **Subject:** | Re: Lisa Barbounis v. MEF, et al. |

Seth:

I'm happy to look into this. Just so I'm clear, are the exhibit numbers that you reference below by number citations to Defendants' SUMF?

I don't have that document in front of me, and I've got a hearing tomorrow morning that I am prepping for now and into tonight, but I can look into it tomorrow after the hearing and discuss with you if you like.  Let me know.

Jon Cavalier

Sent from my iPhone

> On May 13, 2021, at 5:17 PM, Seth Carson <seth@dereksmithlaw.com> wrote:

**\*\*EXTERNAL SENDER\*\***

Jon,

I feel compelled to give you a heads up regarding a motion I am about to file.  I have to file it or I would not be zealously representing my client's interests, so I hope you understand.

The primary argument is that your client produced for the first-time evidence in the form of documents that were never produced during discovery.   Some of these documents were crucial to my client's prosecution of her claims and defense of the counterclaims.

I have done a lot of work to confirm that I am correct and that the documents were not produced, but I wanted to give you the opportunity to let me know if I am wrong about any of them.  The list is growing, but so far here is what I have.  I am arguing that the following documents were not produced:

Exhibits 5, 6, 10, 19, 21, 28, 29, 30, 33, 39, 43, 52, 57, 58, 59, 68, 69, 73, 74, 76, 80.

Please let me know if you can provide the Bates Stamp numbers for any of these documents to challenge my argument that these documents were never produced.

ATTACHMENT 4

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Seth Carson <seth@dereksmithlaw.com> |
| **Sent:** | Thursday, May 13, 2021 11:55 PM |
| **To:** | Cavalier, Jonathan; Benson, Leigh Ann |
| **Subject:** | Final List of Exhibits - LB v. MEF, et al. |

**\*\*EXTERNAL SENDER\*\***

1. Exhibit 5
2. Exhibit 6
3. Exhibit 10
4. Exhibit 19
5. Exhibit 21
6. Exhibit 28
7. Exhibit 29
8. Exhibit 31
9. Exhibit 33
10. Exhibit 39
11. Exhibit 43
12. Exhibit 52
13. Exhibit 57
14. Exhibit 58
15. Exhibit 59
16. Exhibit 68
17. Exhibit 69
18. Exhibit 70
19. Exhibit 73
20. Exhibit 72
21. Exhibit 74
22. Exhibit 76
23. Exhibit 77
24. Exhibit 80
25. Exhibit 86
26. Exhibit 89
27. Exhibit 90
28. Exhibit 91
29. Exhibit 97
30. Exhibit 98
31. Exhibit 99
32. Exhibit 100
33. Exhibit 106
34. Exhibit 107
35. Exhibit 109
36. Exhibit 115
37. Exhibit 126

ATTACHMENT 5

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Seth Carson <seth@dereksmithlaw.com> |
| **Sent:** | Friday, May 14, 2021 5:20 PM |
| **To:** | Cavalier, Jonathan |
| **Subject:** | Re: Final List of Exhibits - LB v. MEF, et al. |

**EXTERNAL SENDER**

OK.  Have a good weekend.  Try to get out to the links.  It's supposed to be a really nice weekend.

---

**From:** Cavalier, Jonathan <JCavalier@cozen.com>
**Sent:** Friday, May 14, 2021 9:09 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Re: Final List of Exhibits - LB v. MEF, et al.

Seth:

As you correctly suspect, I certainly know what that is like.

And I appreciate the courtesy. At bottom, this is a discovery issue, and in that vein, you've got my word that my people are working hard to get to the bottom of this and will continue to do so tonight and through the weekend, and that whatever the situation, I'll both keep you in the loop and work with you to correct the problem, if possible and as necessary.

As soon as I know more, you'll hear from me.

Thanks,
Jon Cavalier

Sent from my iPhone


On May 14, 2021, at 5:06 PM, Seth Carson <seth@dereksmithlaw.com> wrote:


**EXTERNAL SENDER**

That's fair.  I'm dealing with my client who is telling me to file this motion.  I think you understand what that's like.

Since it's late Friday, ill keep waiting for your next update.

Get Outlook for iOS

---

**From:** Cavalier, Jonathan <JCavalier@cozen.com>
**Sent:** Friday, May 14, 2021 5:03:33 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Re: Final List of Exhibits - LB v. MEF, et al.

Seth:

I cannot confirm that yet, although I suspect — based purely on our prior conversations and the work that you told me you did — that your statement below is correct.

That question is priority number 1 that my team is currently working on answering, and as soon as I can confirm it or dispute it based on what they find, I will let you know. I do not expect that that part of what we are doing on my end will take long.

And I will certainly keep you posted and answer that question definitively for you as soon as I can.

Jon Cavalier

Sent from my iPhone

> On May 14, 2021, at 5:00 PM, Seth Carson <seth@dereksmithlaw.com> wrote:

**\*\*EXTERNAL SENDER\*\***

Can we agree that at least some of the exhibits fall into a category of exhibits that were not part of the production which is D0000001 through D0011329?

Get Outlook for iOS

---

**From:** Cavalier, Jonathan <JCavalier@cozen.com>
**Sent:** Friday, May 14, 2021 4:57:46 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Re: Final List of Exhibits - LB v. MEF, et al.

Seth:

I just got out of my hearing. I'm waiting on another update, but I've got Aerielle, Ken and a team of people actively working on this. They tell me it's going to take a while and they'll be working on it through the weekend, and I've told them to keep me apprised as they go so that I can keep you in the loop.

I'll continue to keep you updated as I get more information both today and through the weekend.

Let me know if you'd like to discuss by phone and I can give you more detail about the process.

Thanks,
Jon Cavalier

Sent from my iPhone

> On May 14, 2021, at 3:18 PM, Seth Carson <seth@dereksmithlaw.com> wrote:

**\*\*EXTERNAL SENDER\*\***

How are we looking?

---

**From:** Cavalier, Jonathan <JCavalier@cozen.com>
**Sent:** Friday, May 14, 2021 6:36 PM
**To:** Seth Carson <seth@dereksmithlaw.com>
**Subject:** Re: Final List of Exhibits - LB v. MEF, et al.

Seth:

I'm on a little break in my hearing here, but I wanted to let you know that I've got a group of people working on your list. I'll keep you posted.

Jon Cavalier

Sent from my iPhone

> On May 14, 2021, at 12:01 AM, Seth Carson <seth@dereksmithlaw.com> wrote:

**\*\*EXTERNAL SENDER\*\***

I didn't expect a response tonight but thank you.  I have been running searches since we spoke last to finalize the list.

I will wait to hear from you tomorrow.

---

**From:** Cavalier, Jonathan <JCavalier@cozen.com>
**Sent:** Friday, May 14, 2021 3:59 AM
**To:** Seth Carson <seth@dereksmithlaw.com>

3

**Cc:** Benson, Leigh Ann <LBenson@cozen.com>
**Subject:** Re: Final List of Exhibits - LB v. MEF, et al.

Seth:

Thank you. I'll begin looking into this after my
hearing tomorrow and update you as to what I find.

Thanks,
Jon Cavalier

Sent from my iPhone


On May 13, 2021, at 11:54 PM, Seth
Carson <seth@dereksmithlaw.com>
wrote:

**EXTERNAL SENDER****

1. Exhibit 5
2. Exhibit 6
3. Exhibit 10
4. Exhibit 19
5. Exhibit 21
6. Exhibit 28
7. Exhibit 29
8. Exhibit 31
9. Exhibit 33
10. Exhibit 39
11. Exhibit 43
12. Exhibit 52
13. Exhibit 57
14. Exhibit 58
15. Exhibit 59
16. Exhibit 68
17. Exhibit 69
18. Exhibit 70
19. Exhibit 73
20. Exhibit 72
21. Exhibit 74
22. Exhibit 76
23. Exhibit 77
24. Exhibit 80
25. Exhibit 86
26. Exhibit 89
27. Exhibit 90
28. Exhibit 91
29. Exhibit 97

30. Exhibit 98
31. Exhibit 99
32. Exhibit 100
33. Exhibit 106
34. Exhibit 107
35. Exhibit 109
36. Exhibit 115
37. Exhibit 126

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It*

*constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

ATTACHMENT 6



**Seth** ›

Mon, May 17, 1:45 PM

Jon, are you going to get back to me today?  I am going to file this motion by close of business, unless you think there is something we should talk about first?

Yes, I will have info to report today.

Ok

I'll get back to you soon and propose a time to talk.

I'm in a mediation now but I know Lisa wants me to get it filed, unless I am wrong about the whole thing.

My tentative expectation is that you're not wrong about the whole thing but that there are things that were produced. I'm awaiting a report from my people and I'll relay what we found to you.



Seth ›

Let me know if you disagree, but ultimately I see this as a discovery dispute with meet and confer obligations, which we're doing now. Assuming you are correct (at least in part) in your assertions I think part of that should also include a discussion of potential remedies if we did, in fact, drop the ball.

Do you agree? And do you have any to have that discussion with me?

I wish he understood that me and you being there will help us all



Perfect. Let's get on the phone around end of day. I'm basically free after <u>4:30</u> until whenever.

Ok

Mon, May 17, 4:47 PM

I'm finished the mediation.

Ok. Give me a few here and I'll give you a ring soon.

Mon, May 17, 5:48 PM

Can you chat at like 6:15ish?

Read 5/17/21

I can

Great. I'll give you a buzz then. Appreciate it.

Delivered

ATTACHMENT 7

**Corcoran, Cindy**

| | |
|---|---|
| **From:** | Cavalier, Jonathan |
| **Sent:** | Tuesday, May 18, 2021 11:45 AM |
| **To:** | 'Seth Carson' |
| **Cc:** | 'Sidney Gold' |
| **Subject:** | FW: Activity in Case 2:19-cv-05030-JDW BARBOUNIS v. THE MIDDLE EAST FORUM et al Motion for Contempt |

Seth:

Based on our calls and correspondence over the past few days, which I took to be a good faith effort to meet and confer to resolve the discovery dispute you raised, I was under the impression that we had agreed to speak again this afternoon to discuss the issues that you raised and how best to resolve them.  In that vein, I took your representation that you were going to hold your motion until our discussions were complete and I could relay to you what I found.  Having not heard from you since our call late yesterday, I am unclear as to what circumstances change that led you to file this motion.

Given this, I view your motion as premature and in violation of EDPA and Local Rules requiring a meet and confer process before bringing discovery issues to the attention of the Court.  Please either (a) let me know why I am wrong or (b) withdraw your motion until the meet and confer process is complete.

Thanks,
Jon Cavalier



**Jonathan R. Cavalier**
**Member | Cozen O'Connor**
One Liberty Place, 1650 Market Street Suite 2800 | Philadelphia, PA 19103
P: 215-665-2776 F: 215-701-2112
Email | Bio | LinkedIn | Map | cozen.com

**From:** ecf_paed@paed.uscourts.gov <ecf_paed@paed.uscourts.gov>
**Sent:** Tuesday, May 18, 2021 11:34 AM
**To:** paedmail@paed.uscourts.gov
**Subject:** Activity in Case 2:19-cv-05030-JDW BARBOUNIS v. THE MIDDLE EAST FORUM et al Motion for Contempt

**\*\*EXTERNAL SENDER\*\***

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**United States District Court**

**Eastern District of Pennsylvania**

**Notice of Electronic Filing**

The following transaction was entered by CARSON, SETH on 5/18/2021 at 11:34 AM EDT and filed on 5/18/2021

| | |
|---|---|
| **Case Name:** | BARBOUNIS v. THE MIDDLE EAST FORUM et al |
| **Case Number:** | 2:19-cv-05030-JDW |
| **Filer:** | LISA BARBOUNIS |
| **Document Number:** | 132 |

**Docket Text:**
**First MOTION for Contempt filed by LISA BARBOUNIS.Certificate of Service. (Attachments: # (1) Exhibit A, # (2) Exhibit B, # (3) Exhibit C, # (4) Text of Proposed Order)(CARSON, SETH)**


**2:19-cv-05030-JDW Notice has been electronically mailed to:**

DANIEL DOLENTE     dedolente@mdwcg.com, mmpasquarello@mdwcg.com

DAVID J WALTON     dwalton@cozen.com, david-walton-1299@ecf.pacerpro.com, jlissa@cozen.com, krhym@cozen.com

JONATHAN R. CAVALIER     jcavalier@cozen.com, ccorcoran@cozen.com, jonathan-cavalier-1986@ecf.pacerpro.com

LEANNE LANE COYLE     lcoyle@discrimlaw.net, ashields@discrimlaw.net, ddrages@discrimlaw.net

LEIGH ANN BENSON     lbenson@cozen.com, leighannbenson@gmail.com

SETH D. CARSON     seth@dereksmithlaw.com, 7470684420@filings.docketbird.com, jason@dereksmithlaw.com

SIDNEY L. GOLD     sgold@discrimlaw.net, ashields@discrimlaw.net, ddrages@discrimlaw.net

TRACI M. GREENBERG     tgreenberg@discrimlaw.net, ashields@discrimlaw.net, ddrages@discrimlaw.net

WILLIAM RIESER     brieser@discrimlaw.net, ashields@discrimlaw.net, ddrages@discrimlaw.net, sgold@discrimlaw.net

**2:19-cv-05030-JDW Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=5/18/2021] [FileNumber=17620748-0] [34ff36f48aa19a29977e5513957571ebb98949bcd8a1d5aa6ecfb5025520902188 2bec4e165e9a2b13fdaedbbba47a186386db5ff9d9e2fd0ebaa372567f76e1]]
**Document description:** Exhibit A
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=5/18/2021] [FileNumber=17620748-1] [a8121ecaae40bd003b5609a3b1893aa6920d9200fa2431d1201156241281bf2c27fe44b9e7a60b6277ecf30bdaa7efdea43e49ad5136e88709c44cc4f72d2ee2]]
**Document description:** Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=5/18/2021] [FileNumber=17620748-2] [648e2377d3e3199cbc48f4e6499819c35e9ec8469936fbfc1e3315d19f0558a71d32f2f4333f5529b8fac9da2b0d1b3e0cbae4ca40b8127e22adf20643fd69a0]]
**Document description:** Exhibit C
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=5/18/2021] [FileNumber=17620748-3] [38e3a1dd0a794a42a66503793d572c51e2104deabfebe6dc9dab4e9a1ed21647e07e281f18d7d8d63ba5be17ceb5ba2e4fb4adc4419c0de01ac6433231acb06f]]
**Document description:**Text of Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1001600548 [Date=5/18/2021] [FileNumber=17620748-4] [4f28811ba24905c18d1189e1bc71217fa82c89bdad26c66177b921d9deaa7a44e373a2ceb6435355790d2c9c2ea046c15e6020d281ba9f4ca00e71781960e60f]]