IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS,<br><br>*Plaintiff,*<br><br>v.<br><br>THE MIDDLE EAST FORUM, et al.,<br><br>*Defendants.* | Case No. 2:19-cv-05030-JDW |

### ORDER

**AND NOW**, this 24th day of June, 2021, upon review of Plaintiff Lisa Barbounis's Motion to Hold Defendants, The Middle East Forum, Gregg Roman, and Daniel Pipes In Contempt For Failure to Comply With the Court's December 4, 2020 Order and for Defendants' Disregard of the Federal Rules of Civil Procedure and the Resulting Discovery Violations to Plaintiff's Prejudice (ECF No. 132), and following a hearing on the Motion, it is **ORDERED** as follows:

1. Plaintiff's Motion is **DENIED** with respect to her arguments related to Defendants' alleged filing of documents designated as attorneys' eyes only on the public docket because Plaintiff has withdrawn her Motion as to those documents;

2. Plaintiff's Motion is **DENIED** with respect to her argument that The Middle East Forum failed to produce responsive documents related to its counterclaims because those counterclaims are no longer part of this case, rendering that aspect of the Motion moot;

3. Plaintiff's Motion is **GRANTED** with respect to her allegations that Defendants failed to produce responsive documents related to Plaintiff's hostile work environment claims against Defendants. The Court finds that sanctions against Defendants are appropriate under Fed. R. Civ. P. 37 for their failure to comply with discovery obligations, as follows:

a. On or before July 23, 2021, Defendants shall re-review the universe of documents from their data set that they have not produced to Plaintiff and produce any responsive documents that relate to any claim or defense remaining in the case;

b. On or before July 23, 2021, Defendants shall file a certification on the docket, setting forth what steps they took to complete the re-review and production of responsive documents and confirming that that process is complete;

c. Defendants shall pay Plaintiff's reasonable fees incurred as a result of her counsel having to review any newly-produced documents;

d. Plaintiff's counsel shall notify Defendants' counsel if Plaintiff intends to depose any witnesses, including a witness pursuant to Fed. R. Civ. P. 30(b)(6), based upon any newly-produced documents (including those that were attached as Exhibits to Defendants' Motion for Summary Judgment). Defendants shall pay Plaintiff's reasonable fees and costs associated with any additional depositions, including reasonable time for counsel to prepare and take the deposition(s) and the cost of the transcript; and

e. The Parties shall meet and confer in good faith to agree upon any additional witnesses to be deposed and a schedule for those depositions to take place. On or before August 13, 2021, the Parties shall submit a letter on the docket that sets forth the names of any witnesses to be deposed and the dates on which those depositions will occur. In the event the Parties cannot agree as to some or all of the proposed depositions, the Parties shall include in their letter the nature of any dispute between them and each Party's respective positions. The letter shall not exceed five pages, in total.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.