IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS<br>    Plaintiff,<br><br>v.<br><br><br>MIDDLE EAST FORUM, GREG ROMAN, AND DANIEL PIPES,<br>    Defendants. | :<br>:<br>:<br>: CIVIL ACTION NO. 2:19-cv-05030-JDW<br>:<br>:<br>:<br>:<br>:<br>: PRE TRIAL MEMORANDUM<br>:<br>:<br>:<br>: |

Plaintiff, Lisa Barbounis ("Ms. Barbounis" or "Plaintiff") submits the following Pre-Trial Memorandum.

## I.     NATURE OF THE CASE

Plaintiff, Lisa Barbounis presents claims for discrimination and harassment in the workplace under Title VII, the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). Plaintiff, Lisa Barbounis claims that she was subjected to severe and pervasive discrimination and harassment in the workplace based upon her sex and gender. Ms. Barbounis claims that the discrimination and harassment created a hostile work environment which caused Ms. Barbounis to suffer severe emotional distress. Ms. Barbounis claims that Defendants' conduct constitutes a willful disregard for the laws and this neglect also led to Ms. Barbounis' injuries such that punitive damages are necessary to punish Defendants' conduct and to deter Defendants from engaging in similar conduct in the future. Under the Philadelphia Fair Practices Ordinance there is no statutory limit to Plaintiff's punitive damages claim. Under the Pennsylvania Human Relations Act and the Philadelphia Fair

Practices Ordinance there is no statutory cap to Plaintiff's claim for emotional distress. Plaintiff will prevail at trial if Ms. Barbounis can prove by a preponderance of the evidence that she was subjected to severe and pervasive discrimination and harassment in the workplace sufficient to create a hostile work environment. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e et seq., 42 U.S.C. §12101 et seq., 29 U.S.C. §2601 et seq., 28 U.S.C. §1331 and §1391.

II.  **STATEMENT OF FACTS**

Plaintiff, Lisa Barbounis initiated this action by civil action complaint on October 27, 2019, pursuant to claims of severe and pervasive discrimination and harassment in the workplace based upon Ms. Barbounis's sex and gender. Ms. Barbounis began her employment for Defendant, Middle East Forum ("Defendants" or "MEF") sometime around October 2017 and was hired into the position of Executive Liaison. Essentially, Lisa Barbounis was Defendant, Greg Roman's ("Defendants" or "Roman") personal assistant. During her employment with MEF, Ms. Barbounis alleges she was subjected to severe and pervasive sexual harassment by Greg Roman which included two acts of unwelcome physical contact of a sexual nature. Ms. Barbounis also alleges that Greg Roman subjected Ms. Barbounis to numerous sexual comments and come-ons, including requests for oral sex among other inappropriate sex-based comments and conduct. Ms. Barbounis reported the sexual harassment several times throughout her employment for Defendants and was warned by one of MEF's Directors, Mathew Bennett, that Ms. Barbounis would find herself fired if she attempted to report Greg Roman's sexual harassment in the workplace. Matthew Bennett informed Lisa Barbounis about other women who had attempted to report Greg Roman's sexual harassment. Matthew Bennett pointed out that none of the other women were still employed, but Greg Roman was still Director.

Accordingly, Lisa Barbounis stopped short of reporting the sexual harassment to Daniel Pipes until November 2018, however, Ms. Barbounis did raise issues with the Human Resources Director, Marnie O'Brien.  Ms. Barbounis also reported the sexual harassment to Matthew Bennett.  Moreover, the sexual assault that purportedly took place in Washington D.C., occurred in front of Marnie O'Brien, so Lisa Barbounis had every reason to believe that Greg Roman's sexual harassment was no secret to the organization.

      This case involves two allegations of sexual assault, where Greg Roman subjected Lisa Barbounis to unwelcome sexual contact, of a physical nature.  The first incident occurred in early March 2018, during the AIPAC Conference.  The second incident occurred during a purported work trip to Israel, where Greg Roman forced Lisa Barbounis to share an Airbnb, with only one restroom and a common-living space.  During the trip to Israel, Greg Roman subjected Ms. Barbounis to sexual suggestions, yelling at Ms. Barbounis aggressively about blowjobs, sex, and sexual conquests.  Greg Roman bragged to Ms. Barbounis that he engaged in sexual intercourse with a young Middle East Forum intern named Leah Merville.  Greg Roman described to Ms. Barbounis with unwelcome, inappropriate detail what it was like to have sex with Leah Merville and have her riding him with such a great body.  Greg Roman made several sexual advances during the Israel trip asking for oral sex and other sexual suggestions.  Lisa Barbounis has alleged that during the trip, Greg Roman stuck his toes into Ms. Barbounis' butt, while simultaneously making a sexual suggestion that it was time for Lisa Barbounis and Greg Roman to take their relationship to the next level.  The claimed sexual assault during the Israel trip is factually similar to the sexual assault that occurred during the AIPAC conference in Washington D.C.  Lisa Barbounis has alleged that during the AIPAC conference, Greg Roman put his hands on Lisa Barbounis and pulled Ms. Barbounis' head toward his penis.  This incident also occurred

on the couch, after-hours, during a work-related trip. There are several other female employees who worked with Greg Roman who have also leveled accusations against Greg Roman for sexual harassment and inappropriate sexual touching. These women include Patricia McNulty, Marnie O'Brien, Tiffany Lee, Alana Goodman, Laura Frank, and Lara Scott. There are several other women who have leveled accusations of sex and gender discrimination without a sexual component. These women include Caitriona Brady and Delaney Yonchek. As the President of the Middle East Forum, Daniel Pipes is the only individual who was (and still is) in a position to ameliorate Greg Roman's sexual harassment and sex and gender discrimination. Instead of engaging in activities designed to ameliorate the illegal conduct, Daniel Pipes has actively shielded, Greg Roman from any meaningful consequences. Accordingly, Plaintiff has accused Daniel Pipes of aiding and abetting the discrimination and harassment in the workplace under the PHRA and the PFPO.

### III.     WITNESSES

1. Plaintiff's Lisa Barbounis
2. Defendant, Daniel Pipes
3. Defendant, Greg Roman
4. Steve Levey
5. Matthew Bennett
6. Laurance Hollin
7. Mark Fink
8. Caitriona Brady
9. Delaney Yonchek
10. Patricia McNulty

11. Marnie O'Brien
12. Tiffany Lee
13. Aman Patel
14. Laura Frank
15. Lara Scott
16. Rosie (last name unknown)
17. Alana Goodman
18. Grayson Levey
19. Samantha Mandalas
20. Jane Reynolds
21. Vasili Barbounis
22. Dr. Barry Zakireh

## IV.     EXHIBITS

Plaintiff plans to use each and every Exhibit Presented by Defendants including but not limited to:

Plaintiff's Exhibits

1. Telegram thread - Daniel Pipes and Matthew Bennett - D5995 - D6123
2. 06/04/2019 Email with Daniel Pipes - D38 - D40
3. 05/07/2019 Email with Greg Roman - D4832 - D4832
4. 06/01/2019 Emails between Daniel Pipes and Marnie Meyer - D38 - D44
5. 06/05/2019 Emails between Daniel Pipes and Marnie Meyer - D1318 - D1318
6. 11/03/2018 Email RE: NDA - D1331 - D1332
7. 09/28/2019 Email RE: Roman - D1322 - D1322
8. Draft Memo Re: Gregg in Office - D968 - D969
9. 04/23/2019 McNulty email to Pipes - D972 - D972
10. 11/01/2018 Handwritten note of Marnie LB 211 – 215

11. Telegrams between Pipes and O'Brien D3663 - D3706
12. Telegrams between Pipes and O'Brien D3707 - D3783
13. 11/15/2018 Emails between O'Brien and Pipes - D2406 - D2408
14. 11/15/2018 Emails between O'Brien and Pipes - D3320 - D3322
15. 11/15/2018 Emails between O'Brien and Pipes - D3301 D3302
16. 11/15/2018 Emails between O'Brien and Pipes - D3670 D3671
17. 10/30/2018 Email from Bennett D3919 - D3920
18. 11/04/2018 Email Barbounis to Pipes D977 - D979
19. 11/05/2018 Barbounis email to Pipes D1113 - D1114
20. 11/04/2018 O'Brien email to Pipes D1175 - D1177
21. 11/02/2018 Email from Pipes to Roman  D1
22. 11/4/2018  Email from Pipes to Fink - D995 - D997
23. 08/22/2019 Email RE: Roman's Responsibilities - D1278 - D1280
24. 04/23/2019 McNulty email to Pipes D21 - D23
25. 06/10/2019 McNulty email to Pipes - D26 - D28
26. 05/10/2019 McNulty to Pipes - D37
27. 05/10/2019 Email from Pipes to McNulty D65 - D65
28. 10/31/2018 O'Brien text messages to Barbounis - D9905 - D100005
29. 01/14/2020 Pipes emails to O'Brien - D4498 - D4498
30. 11/05/2019 Email between O'Brien and Pipes -D4517 - D4517
31. 11/03/2018 Memo - Emergency Admin Staff meeting D45 - D48
32. 3/11/2019  O'Brien email to Fink  - D57 - D58
33. 02/08/2018 Gary Gambill Email - D5209 - D5209
34. Texts from Barbounis to O'Brien - D9182 - D9182 - D9186
35. Texts from Barbounis to O'Brien - D9197 – D9199
36. Texts from Barbounis to O'Brien - D9201 - D9203
37. Texts between Bennet and Pipes  D9227 - D9231
38. 08/26/2019 Tweet from Pipes - D9336 - D9338
39. 11/4/2018  Email from McNulty - D2
40. 11/4/2018  Email from Pipes -D3 - D4
41. 11/4/2018  Emails between Barbounis and Pipes D5 - D7

42. 11/4/2018  Emails between Pipes and McNulty   D8 - D10
43. 11/4/2018  Emails between Plaintiff and Pipes    D11 - D12
44. 11/4/2018  Email from Pipes to Everyone re NDA D13 - D13
45. 11/4/2018  Emails from Pipes to Plaintiff D14 - D14
46. 11/6/2018  Email from Pipes to Fink re New Terms of Employment D16 - D16
47. 3/27/2019  Emails between McNulty and Fink re 3/5 Meeting   D17 - D18
48. 4/17/2019  Emails between Pipes and Barbounis re retaliation   D19    D20
49. 6/5/2019   Email from Pipes to Plaintiff - Roman "irreplaceable"     D25    D25
50. 4/23/2019  McNulty email to Pipes re: Phone call w/ Matt Bennett    D31    D31
51. 4/25/2019  Emails between McNulty and Pipes   D32    D35
52. 4/28/2019  Email from Pipes to Brady & Plaintiff         D36    D36
53. 11/4/2018  Letter from Pipes to Barbounis - D49 - D49
54. 11/4/2018  Email from Pipes to McNulty - D53 - D53
55. 3/11/2019  Email from McNulty to Fink  D55 - D55
56. List of Bonuses D64 - D64
57. 10/11/2019 Brady's letter of resignation   D68 - D69
58. MEF -  Bylaws     D70 - D74
59. MEF - Articles of Incorporation   D76 - D89
60. 01/2/2014  Email to Fink re: Increase to salary    D143 - D143
61. MEF - Corporate Hierarchy D144 - D144
62. May 2017 & Nov 2018    Brady's Confidentiality Agreement  - D151- D156
63. Nov-18    Yonchek Confidentiality Agreement - D188 - D190
64. 06/10/2019 Emails between McNulty Pipes - D970 - D970
65. 4/24/2019  Emails between McNulty and Plaintiffs - D971 - D971
66. 3/14/2019  Email between McNulty and Pipes - D973 - D973
67. 3/8/2019   Email re Bennet's offboarding - D974 - D975
68. Barbounis Text Messages - D980 - D981
69. 11/5/2018  Bennet's Confidentiality Agreement  D982 - D984
70. 11/4/2018  Barbounis email Confidentiality Agreement and NDA - D985 - D988
71. 8/7/2019   Barbounis Letter of Resignation - D989 - D990
72. 12/1/2018  Email Plaintiff to Pipes re: Not reporting to Bennet  D998 - D998

73. 11/21/2018 Email Pipes - assigning Fink director - D999 - D1000
74. 11/5/2018 Barbounis and Pipes with attachments - D1010 - D1015
75. 4/23/2019 Barbounis re: Complaints against Greg     D1103 D1103
76. 2/4/2020 Email Pipes and Marnie - re Check    D1105 D1105
77. 6/28/2019 Email from Pipes to Marnie re: 5 women who started suit    D1106 D1106
78. 3/13/2019 Pipes' email to Roman - D1108 - D1111
79. 11/4/2018 Barbounis Emails to Pipes w/ all attachments - D1119 - D1130
80. 3/14/2019 Email Pipes to McNulty - D1132 - D1132
81. Nov-18 Emails between Barbounis and Pipes w/ attachments -  D1140 - D1155
82. 4/23/2019 Pipes and Plaintiff email       D1156 D1156
83. 2/28/2019 Plaintiff's email to Pipes       D1165 D1167
84. 9/13/2019 McNulty's Letter of Resignation       D1323 D1324
85. 6/5/2019 Email between Plaintiff and Pipes re Roman        D1318 D1320
86. 6/5/2019 Email between Plaintiff and Pipes re Roman        D1294 D1297
87. Nov-18 Conditions of Roman's employment  D1201 D1209
88. Comprehensive narrative report Dr. Barry Zakireh
89. Charge of Discrimination – EEOC Docs 1 – 31
90. Middle East Forum Tax Returns – 2017, 2018, 2019, 2020 – public record
91. LB Supplemental Production 191
92. Charge of Tiffany Lee LB 191 – 198
93. Email to Dave Walton LB 201
94. LB Supplemental Production 210
95. Notice of Charge LB 216
96. LB Supplemental Production 217
97. Emails RE: Lisa Barbounis - LB Supplemental Production 221 – 236
98. LB Supplemental Production 237
99. Navigators Insurance Policy LB 238 – LB 290
100. Emails between Lisa Barbounis and Daniel Pipes LB 305 – LB 316
101. Email from Roman LB 317 – LB 318
102. Email from Lisa Barbounis to Daniel Pipes LB 319
103. Electronic Communications between McNulty and Brady LB 320 – LB 321

104. Text communication LB 322
105. Emails between Patricia McNulty and Daniel Pipes LB 323 – LB 328
106. Emails between Lisa Barbounis and Daniel Pipes LB 329 – LB 340
107. Text communications between Barbounis and McNulty LB 342 – LB 345
108. Text communications between Roman and Barbounis - MEF Images (LB) 1 – 3
109. Text communications between Barbounis and McNulty - MEF Images (LB) 4 – 8
110. Plaintiff's Responses to Defendants' First Set of Interrogatories
111. Depositions Transcript Greg Roman
112. Deposition Transcript Daniel Pipes
113. Deposition Transcript Matthew Bennett
114. Deposition Transcript Steve Levey
115. Deposition Transcript Lawrence Hollin
116. Deposition Transcript Mark Fink

V. **PLAINTIFF'S ITEMIZED STATEMENT OF DAMAGES AND SPECIAL DAMAGES.**

Plaintiff claims compensatory damages related to her emotional distress caused by Defendants discrimination and retaliation. Plaintiff has engaged an expert witness, Dr. Barry Zakireh, who will testify as to the extent of Plaintiff's emotional distress caused by Defendants illegal conduct. Under the PHRA and the PFPO there is no statutory limit to Plaintiff's emotional distress claim.

Plaintiff will seek the maximum available award of punitive damages allowable under the Pennsylvania Human Relations Act, and Philadelphia Fair Practices Ordinance. Under the PHRA and the PFPO there is no statutory limit to Plaintiff's claim for punitive damages.

Plaintiff claims attorney's fees upon a successful verdict under Title VII, the Pennsylvania Human Relations Act, and the Philadelphia Fair Practices Ordinance.

VI.    LEGAL ISSUES AND TRIAL

Plaintiff, Lisa Barbounis believes that she can present her case in under 3 days, but would request that the Court estimate Plaintiff's case at 3 days.

The only legal issue that Plaintiff would like to bring to the Court's attention at this time is with regard to Defendants' outstanding discovery. Plaintiff understands that neither party complied with the Court's Order to identify witnesses by August 13, 2021. The late discovery offered by Defendants, turned out to be 259 pages of discovery. Plaintiff received this information and promptly began requesting a date from Defendants to conduct a 30(b)(6) deposition to understand what occurred with Defendants' production of documents. Plaintiff began attempts to schedule the 30(b)(6) the same day that Defendants produced the deficient discovery. Defendants represented that they could not schedule the deposition until after August 2021. At the beginning of September 2021, Plaintiff had to conduct depositions of both Daniel Pipes and Greg Roman for the trade secrets case as the close of fact discovery was impending. Plaintiff suggests that a 30(b)(6) deposition would still be productive and requests that Court hold a status conference to discuss whether there is still an opportunity for Plaintiff to conduct this deposition.

          **DEREK SMITH LAW GROUP, PLLC**

        BY:    /s Seth D. Carson
             Seth D. Carson, Esq.
             Attorney ID. No. 319886
             1845 Walnut Street, Suite 1601
             Philadelphia, PA 19103
             (215) 391-4790
             seth@dereksmithlaw.com
             *Attorney for Plaintiff*

DATED: September 24, 2021

## CERTIFICATE OF SERVICE

I, Seth D. Carson, hereby certify that on this date the foregoing Pre Trial Memorandum has been electronically filed with the Court and is available for viewing and downloading from the ECF System and thereby have been served upon the following counsel of record, electronically:

        TO:      Jon Cavalier
                    Cozen O'Connor
                    1650 Market Street, Suite 2800
                    Philadelphia, PA 19103
                    P: 215-665-2000
                    F: 215-665-2013
                    dwalton@cozen.com
                    lbenson@cozen.com

                    Sidney L. Gold sgold@discrimlaw.
                    Sidney L. Gold & Associates P.C.
                    1835 Market Street, Suite 515
                    Philadelphia, PA 19103
                    Tel: (215) 569-1999
                    Fax: (215) 569-3870
                    Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:_____**/s/ Seth D. Carson** _____
          Seth D. Carson, Esq.
          Attorney ID. No. 319886
          1845 Walnut Street, Suite 1601
          Philadelphia, PA 19103
          (215) 391-4790
          seth@dereksmithlaw.com
          *Attorney for Plaintiff*

DATED: September 24, 2021