UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | ) |
| | ) |
| Plaintiff, Counterclaim Defendant, | ) |
| | ) C.A. No.  2:19-cv-05030 JDW |
| v. | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | ) |
| | ) |
| Defendants, Counterclaim Plaintiffs. | ) |

**[PROPOSED] ORDER**

AND NOW, this ____ day of _____, 2021, upon consideration of Defendants' Motion *in Limine* to Preclude References to Weapons, and Plaintiff's opposition thereto, it is hereby ORDERED that the Motion is GRANTED and any reference to the knife and pepper spray, and any objects or phrases of a like kind, are preclude at trial.

_____
The Honorable Joshua D. Wolson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | ) |
| | ) |
| Plaintiff, Counterclaim Defendant, | ) |
| | ) C.A. No. 2:19-cv-05030 JDW |
| v. | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | ) |
| | ) |
| Defendants, Counterclaim Plaintiffs. | ) |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE REFERENCES TO WEAPONS**

Defendants Middle East Forum, Daniel Pipes, and Gregg Roman, by and through their undersigned counsel, hereby submit their Motion *in Limine* to Preclude References to Weapons and, in support thereof, state as follows.

## I. INTRODUCTION

Defendants anticipate that Plaintiff will seek to introduce testimony regarding two different references to weapons. First, that non-party witness Delaney Yonchek ("Yonchek"), Plaintiff's former co-worker, brought pepper spray into the Middle East Forum ("MEF") offices on November 5, 2018. Second, that while on a trip to Israel with Gregg Roman ("Roman"), Plaintiff slept with a knife under her pillow out of fear of Roman. The prejudicial nature of these topics substantially outweighs any probative value related to Plaintiff's claim.

## II. ARGUMENT

Evidence that is relevant may be precluded from trial if it's prejudicial effect substantially outweighs its probative value. F.R.E. 403. A trial court performs a cost-benefit analysis in deciding whether to preclude evidence pursuant to this rule. *Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005).

A. **The Pepper Spray**

Defendants submit a concurrent motion in limine to preclude the allegations of non-party witnesses, including Delaney Yonchek. However, if Yoncheck is permitted to testify about her own allegations, Defendants respectfully seek to preclude any testimony about Yonchek bringing pepper spray into the office. Yonchek claims that she brought pepper spray into the office for an all-staff meeting in November 2018. The pepper spray was not used, nor was it removed from its original packaging. To any extent Yonchek is permitted to testify about her own allegations against Roman, her testimony regarding the pepper spray is unduly prejudicial and substantially outweighs any probative value.

This fact is not relevant whatsoever to the Barbounis case. Here, the question is whether Lisa Barbounis experienced illegal sexual harassment in the workplace. To prove her hostile work environment theory, Plaintiff must prove that she (1) was subjected to unlawful conduct at the hands of Roman; (2) that Plaintiff did not welcome the conduct; (3) that Roman's conduct was motivated by Plaintiff's sex; (4) that the conduct was so severe and pervasive that a reasonable person in Plaintiff's shoes would find the environment hostile or abusive; and (5) Plaintiff actually believed her work environment to be hostile and abusive. *See Third Circuit Model Jury Instructions; Ch. 5 §5.1.5.*

That Yonchek brought pepper spray into the office for the November 5, 2018 all-staff meeting does not tend to make any element of Plaintiff's claim more or less plausible. It does not tend to make Plaintiff's allegations more or less likely, nor does it suggest any harassment of Plaintiff witnessed by Yonchek. Therefore, the probative value of this fact to Plaintiff's case, if any, is scant. However, the prejudicial value is substantial. If presented to a jury, the fact that Yonchek brought a chemical weapon to an all-staff meeting is likely to inflame the passions of the jury. Hearing testimony that a staffer who is not a party to this case brought pepper spray to

the office will be a substantial distraction from Plaintiff's claims and poses a substantial risk of prejudice to defendants. Accordingly, Defendants request that any testimony to this fact is precluded from trial.

### B. Knife in Israel

Defendants anticipate that Plaintiff will seek to testify about sleeping with a knife under her pillow while on a trip to Israel with Roman in March of 2018. While Defendants concede that this fact is relevant to Plaintiff's claim of a hostile work environment, the prejudicial effect of this fact substantially outweighs its probative value.

Plaintiff's claim that she slept with a knife while staying in Israel is a substantial allegation, and is likely to inflame the jury. This particular allegation is extraordinarily serious, and the risk of prejudice is great. A jury that hears testimony that Plaintiff allegedly slept with a knife under her pillow would not be able to provide a fair consideration of Defendants' case and should therefore be precluded. The preclusion of this fact would allow Defendants to defend the case without unfair prejudice and would not limit Plaintiff's ability to prosecute her case. The preclusion of the knife testimony still leaves Plaintiff with many other facts that she alleges support her theory of liability. The alleged knife incident is not Plaintiff's only allegation, and she would not be prevented from a presenting a fair prosecution of her claim without this fact. Accordingly, Defendants respectfully request that any testimony of this fact be precluded at trial.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that any testimony regarding Delaney Yonchek's pepper spray, or Plaintiff's sleeping with a knife under her pillow in Israel be precluded.

                                    CLARK HILL PLC

                        */s/ Jakob Williams*
                        Jakob Williams, Esq. (PA Bar No. 329359)
                        Two Commerce Square
                        2001 Market Street, Ste. 2620
                        Philadelphia, PA 19103
                        P: (215) 640-8500
                        F: (215) 640-8501
                        E: Jfwilliams@clarkhill.com

*~of counsel~*

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748
F:  (302) 421-9439
mdibianca@clarkhill.com

                                  *Attorneys for Defendants and Counterclaim*
Dated:   October 1, 2021           *Plaintiff Gregg Roman*