UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, <br><br> Plaintiff, Counterclaim Defendant, <br><br> v. <br> MIDDLE EAST FORUM, <br> DANIEL PIPES (individually), and <br> GREGG ROMAN (individually), <br><br> Defendants, Counterclaim Plaintiffs. | ) <br> ) <br> ) <br> ) C.A. No. 2:19-cv-05030 JDW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## [PROPOSED] ORDER

AND NOW, this ____ day of _____, 2021, upon consideration of Defendants' Motion *in Limine* to Preclude Certain Post-November 5, 2018 Testimony, and Plaintiff's opposition thereto, it is hereby ORDERED that the Motion is GRANTED and Plaintiff is precluded from introducing any testimony related to allegations of retaliation or constructive discharge, and any testimony concerning the O'Brien rumor at trial.

_____
The Honorable Joshua D. Wolson

264212421.v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | ) |
| | ) |
| Plaintiff, Counterclaim Defendant, | ) |
| | ) C.A. No. 2:19-cv-05030 JDW |
| v. | ) |
| MIDDLE EAST FORUM, | ) |
| DANIEL PIPES (individually), and | ) |
| GREGG ROMAN (individually), | ) |
| | ) |
| Defendants, Counterclaim Plaintiffs. | ) |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
CERTAIN POST-NOVEMBER 5, 2018 TESTIMONY**

Defendants Middle East Forum, Daniel Pipes, and Gregg Roman, by and through their undersigned counsel, hereby submit their Motion *in Limine* to Preclude Certain Post-November 5, 2018 Testimony and, in support thereof, state as follows.

## I. INTRODUCTION

On May 5, 2021 this Court dismissed many of Plaintiff's claims on summary judgment. *See* ECF No. 133. This Court dismissed Plaintiff's Title VII and PHRA retaliation claims, her constructive discharge claim, disparate treatment claim, and negligent hiring/retention/ supervision claim. *Id.* Plaintiff's only remaining claims are a hostile work environment theory of liability under Title VII and the PHRA and a derivative claim for aiding and abetting that environment. Accordingly, Defendants move to preclude any testimony that Plaintiff experienced retaliation, and any testimony related to an alleged rumor following the November 5, 2018 all staff meeting.

## II. ARGUMENT

Evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed.R.E. 401.

264212421.v1

Assessing the probative value of proffered evidence, and any factors that counsel against admission is matter of sound judgment for the trial court. *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (citations omitted). Even relevant evidence must be precluded from trial where its inclusion would confuse the issues or mislead the jury. Fed.R.E. 403.

A. **Testimony Concerning any Retaliatory Conduct and Constructive Discharge**

Because this Court dispatched Plaintiff's Title VII and PHRA retaliation and constructive discharge claims at summary judgment, Defendants respectfully request that any testimony alleging retaliatory conduct or constructive discharge be precluded from trial as irrelevant. Plaintiff's only remaining substantive claim is whether she was subject to a hostile work environment. Any testimony relating to an alleged retaliatory conduct or constructive discharge does not make any element of Plaintiff's hostile work environment claim any more or less likely.

Not only is any testimony alleging retaliatory conduct irrelevant, its inclusion would be unfairly prejudicial to Defendants. Plaintiff abandoned her retaliation and constructive discharge claims at summary judgment. To allow the presentation of evidence suggesting constructive discharge or retaliation would essentially allow plaintiff to resurrect her abandoned claims. Testimony on these matters would confuse and mislead the jury from the only question remaining in this case: whether plaintiff was subject to a hostile work environment on account of her gender. Accordingly, Defendants respectfully request that any testimony concerning retaliation or constructive discharge be precluded from trial.

B. **Testimony Concerning a Rumor Alleged to Spread After November 5, 2018**

Defendants anticipate that Plaintiff will adduce testimony about a rumor allegedly spread about Marnie O'Brien after November 5, 2018. The alleged rumor did not concern Plaintiff and was only relevant to O'Brien. Because this rumor was only relevant to O'Brien, it does not

264212421.v1

make any aspect of Plaintiff's claim more or less likely. Rather, the rumor is yet another potential avenue for Plaintiff to introduce testimony that would confuse the issues. Plaintiff and O'Brien had the opportunity at the outset of their respective cases to bring their claims in a consolidated action. However, they chose to bring each claim individually, and cannot now to seek to buttress each claim with allegations not relevant to the present case. Simply put, introducing the O'Brien rumor would confuse the issues presented by Plaintiff, and would result in relitigating the O'Brien case which a jury has already resolved in favor of defendants.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff be precluded from introducing any testimony related to allegations of retaliation or constructive discharge, and any testimony concerning the O'Brien rumor.

CLARK HILL PLC

*/s/ Jakob Williams*
Jakob Williams, Esq. (PA Bar No. 329359)
Two Commerce Square
2001 Market Street, Ste. 2620
Philadelphia, PA 19103
P: (215) 640-8500
F: (215) 640-8501
E: Jfwilliams@clarkhill.com

~of counsel~

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748
F:  (302) 421-9439
mdibianca@clarkhill.com

*Attorneys for Defendants and Counterclaim Plaintiff Gregg Roman*

Dated:   October 1, 2021

264212421.v1