UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | CIVIL ACTION |
| | : | NO. 2:19-cv-05030-JDW |
| Plaintiff, | : | NO. 2:20-cv-02946 |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**[PROPOSED] ORDER**

AND NOW, this ____ day of _____, 2021, upon consideration of Defendants' Motion *in Limine* to Preclude Evidence About Other Litigation, and any response thereto, it is hereby ORDERED that the Motion is GRANTED, and the parties are precluded from offering at trial any evidence relating to the counterclaims and retaliation claims dismissed in this case, the RICO lawsuit brought by Defendants against Plaintiff, the trade-secrets case brought by Defendants against Plaintiff, the *Dragonetti* action filed by Defendant Roman against Plaintiff's Counsel and his firm and/or other litigation between or involving the parties to this action.

_____
The Honorable Joshua Wolson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS | : CIVIL ACTION |
| | : NO. 2:19-cv-05030-JDW |
| Plaintiff, | : NO. 2:20-cv-02946 |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, et al. | : |
| | : |
| | : |
| Defendants. | : |
| | : |

**DEFENDANTS' MOTION *IN LIMINE* TO
PRECLUDE EVIDENCE ABOUT OTHER LITIGATION**

Defendants Middle East Forum, Daniel Pipes, and Gregg Roman, by and through their undersigned counsel, hereby submit this Motion *In Limine* to Preclude Evidence About Other Litigation at trial.

**I.   PRELIMINARY STATEMENT**

Defendants anticipate that Plaintiff will proffer testimony concerning other litigation. Specifically, Defendants anticipate that Plaintiff and Plaintiff's witnesses will seek to proffer testimony about other litigation between the parties and other litigation brought by Defendant Middle East Forum ("MEF"). This evidence is not admissible both because it is irrelevant and because its prejudicial effect substantially outweighs its probative value and will confuse the issues and jury.

**II.   SUMMARY OF FACTS**

The case to be heard at trial involves allegations of sexual harassment and/or discrimination brought by former MEF employee, Plaintiff Lisa Barbounis. In this case, certain claims by Plaintiff, namely her claims for unlawful retaliation, and the counterclaims by

Defendant were dismissed by the Court in its summary-judgment ruling (the "Dismissed Claims").

Additionally, MEF has a trade-secret claim pending against Plaintiff, which will be tried prior to the scheduled trial date in this case of January 7, 2022 (the "Trade Secret Litigation"). MEF also brought against Ms. Barbounis certain claims under RICO (the "RICO Action") which were subsequently withdrawn and dismissed without prejudice.

Finally, Defendants in this action have a pending lawsuit against Plaintiff's Counsel and his firm, which is brought pursuant to *Dragonetti* (the "Dragonetti Action") and which arises from the dismissal of an action not involving this particular Plaintiff. Catriona Brady, a defendant in that Dragonetti action, has been identified as a witness on behalf of Plaintiff in this matter.

### III.  LEGAL ARGUMENT

Testimony about the Dismissed Claims, the Trade Secret Litigation, the RICO Action, and the Dragonetti Action (collectively, the "Other Litigation") should be precluded under F.R.E. 402 and 403. These rules exclude irrelevant evidence and allow for the preclusion of even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or needlessly presenting cumulative evidence. F.R.E. 402, 403 respectively. A trial court performs a cost-benefit analysis in deciding to preclude evidence pursuant to this rule. *Forrest v. Beloit Corp.*, 424 F.3d 344, 356 (3d Cir. 2005).

Here, testimony about the Other Litigation is of no probative value to Plaintiff's case. Plaintiff asserts a theory of hostile working environment and alleges that she was subjected to inappropriate behavior in the workplace. Other claims asserted between the parties, whether active, dismissed, or resolved, have no bearing on whether there was an unlawful hostile environment. The Dragonetti Action, which is between MEF and persons and entities beside the

plaintiff, similarly has no probative value as to Plaintiff's case. The Other Litigation would be substantially prejudicial to Defendants. Rule 403 guards against prejudice that is unfair—the sort of prejudice that clouds impartial scrutiny and inhibits the neutral application of the principles of law relevant to the case. *Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (quoting *Wagenmann v. Adams*, 829 F.2d 196, 217 (1st Cir. 1987)).

Moreover, the subject matter is substantially likely to confuse the issues and mislead the jury. The facts that gave rise to the Other Litigation and the procedural history of those cases are entirely separate and apart from those presented in Plaintiff's case. The presentation of testimony regarding the Other Litigation would constitute mini-trials, will present the jury with evidence not probative of Plaintiff's claim, and distracts from the underlying issues to be litigated. If Plaintiff or her witnesses present evidence of the Other Litigation, the set of facts entirely unrelated to Plaintiff's claim will inevitably become part and parcel of the jury's understanding of this case.

## IV.     CONCLUSION

Because testimony regarding the Other Litigation has no probative value to Plaintiff and is substantially outweighed by the danger of unfair prejudice, Defendants request all testimony related to the Other Litigation be precluded from trial.

                                            CLARK HILL PLC

                                  */s/ Jakob Williams*
                                  Jakob Williams, Esq. (PA Bar No. 329359)
                                  Two Commerce Square
                                  2001 Market Street, Ste. 2620
                                  Philadelphia, PA 19103
                                  P: (215) 640-8500
                                  F: (215) 640-8501
                                  E: Jfwilliams@clarkhill.com

*~of counsel~*

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748
F:  (302) 421-9439
mdibianca@clarkhill.com


                                  *Attorneys for Defendants*

                                  Dated: October 1, 2021