**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| LISA BARBOUNIS<br><br>                    Plaintiff,<br><br>      v.<br><br>MIDDLE EAST FORUM, et al.,<br><br>                    Defendants. | Civil Action No. 2:19-cv-05030-JDW<br><br>**Brief in Support of Plaintiff's Omnibus**<br>**Motion in Limine** |

## I.      INTRODUCTION

Plaintiff, Lisa Barbounis ("Plaintiff" or "Ms. Barbounis") hereby files this omnibus

Motion in Limine to preclude Defendants from presenting inadmissible evidence during the

January 2022 trial of the instant matter.  Plaintiff argues that all of the evidence listed within this

Motion falls squarely within FRE 403 because its probative value is substantially outweighed by

its risk of unfair prejudice.  It is important to understand the limited nature of Plaintiff's case.

Plaintiff presents a claim for hostile work environment.  Accordingly there are only two issues

under review.  Whether Defendant, Greg Roman engaged in severe and pervasive discrimination

and harassment in the workplace and damages.  Defendants attempted to backdoor into this case

many collateral issues without a proffer of probative value.  Defendants did this through several

counterclaims that were all dismissed because Defendants lacked any evidence to support the

counterclaims.  Now that Defendants' counterclaims are dismissed, there is no justification for

the inclusion of evidence that was only discovered because of the counterclaims.  Plaintiff moves

the Court to deny the admissibility of the following evidence at trial.

1.   Any and all evidence related to Plaintiff's sexual history and past sexual

partners.

1

2. Any and all evidence related to whether Plaintiff maintains a history of drug use.

3. Any and all evidence related to Plaintiff's politics and political ideology.

4. Any and all evidence related to Plaintiff's relationship and/or history with Daniel Thomas.

5. Any and all evidence related to Plaintiff's relationship and/or history with Jasmin Bishop.

6. Any and all evidence related to Plaintiff's history and or relationship with Tommy Robinson.

7. Any and all evidence related to Plaintiff's job performance with Middle East Forum.

8. Any and all evidence related to Plaintiff's current job with the United States Congress.

9. Any and all evidence related to purported telephone recordings between Matthew Ebert and Greg Roman.

10. Any and all evidence related to purported recordings between Lisa Barbounis and Marnie O'Brien.

11. Any and all recordings between Lisa Barbounis and Jasmin Bishop.

12. Any and all evidence discovered solely due to Defendants' counterclaims.

13. Any and all evidence related to alternative theories that caused Plaintiff's emotional distress.

Any and all evidence related to the above thirteen (13) categories satisfies the definition of FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice. Plaintiff will now provide the basis for the exclusion of each category.

## II.  ARGUMENT

### 1.  Any and all evidence related to Plaintiff's sexual history and past sexual partners should be excluded.

Plaintiff, Lisa Barbounis requests that evidence related to her sexual history is designed solely to inflame the jury with prejudicial notions that Lisa Barbounis could not have been the subject of severe and pervasive discrimination and harassment in the workplace because she is a slut, or a whore.  Defendants will surely attempt to backdoor evidence related to Ms. Barbounis' sexual past into this case through an argument that this information is related to Plaintiff's claims for emotional distress.  Defendants will surely argue that this information is related to alternative reasons for Plaintiff's emotional distress.  This argument fails because Defendants have no basis for even making this claim.  Defendants' own expert has concluded that Plaintiff does not suffer from emotional distress.  Even if Plaintiff suffered from emotional distress caused by alternative theories and not the harassment at issue, there is no basis for an argument that the exploration of Plaintiff's sexual history and past partners will illuminate for the jury the extent of these alternate theories.  Defendants want nothing more than to call Ms. Barbounis an adulterer in front of the jury.   Plaintiff anticipates that Defendants will attempt to show the jury that Ms. Barbounis has a long sexual history and illegal drug.  Even if this were accurate, it is irrelevant and non-probative evidence.  Defendants should be precluded from bringing any evidence about alleged long sexual histories or drug use.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

FED R. EVID. 401. Relevant evidence is generally admissible but "[i]rrelevant evidence is not admissible. Id. at 402.  Even if evidence is deemed to be relevant, it shall still be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Id. at 403.

Whether Plaintiff had any other sexual relations with other persons in her past is not relevant to any pending action pertaining to the sexual harassment at issue. Rape shield laws such as FRE 412 are "designed to protect victims of rape from being exposed at trial to harassing to irrelevant questions concerning their past sexual behavior." Michigan v. Lucas, 500 U.S. 145, 146 (1991). This interest is especially heightened when the sexual conduct at issue is with other persons in the past, unless it is for the purpose of showing whether the accused "was or was not, with respect to the alleged victim, the source of semen or injury." FED R. EVID. 412.

Under FRE 402, the evidence is only relevant under the two-factor test. The fact of Plaintiff's sexual history or her alleged drug use does not tend to make any fact that is of consequence more or less probable. Because rape shield laws emphasize society's near universal view that chastity or sexual activity has no bearing on the character of parties or witnesses or their consent, See Gov't of Virgin Islands v. Jacobs, 634 F. Supp. 933, 936-37 (D.V.I. 1986), the portions of the phone call recording which allege long sexual histories of unidentified women must be found either barred under Rule 412, or irrelevant under Rule 401, and thus barred under Rule 402.

If the Court deems the evidence relevant for purposes of FRE 402, the evidence must still be excluded under FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice. Courts will exclude evidence of sexual history even where sexual behavior and sexual predisposition are not at issue. See Jones v. Indiana Area School Dist, 2006 WL 5277385, at *6 (W.D. Pa. 2006) (holding that sexual history evidence still barred under Rule 403 when

Rule 412 does not apply). The probative value of evidence that alleges sexual history or drug use is very minimal, especially when viewed in light of the fact the speaker admitted these were fabricated lies. See Ebert Depo. at 62:14-17. The recording itself never identifies which of the women Mr. Ebert is talking about, this poses a serious risk of painting all the women involved with a single brush. If the jury is allowed to hear this recording, they will be prejudiced against all the women as a group, as opposed to each one individually because none of the women are ever named. This minimal probative value will be substantially outweighed by the way the jury will view Plaintiff after hearing these statements and such they should also be barred under FRE 403.

**2. Any and all evidence related to whether Plaintiff maintains a history of drug use should be excluded.**

There is no evidence that Lisa Barbounis used drugs that is not inadmissible under hearsay rules. The only drugs that Lisa Barbounis used during her employment with Middle East Forum, were administered by Lisa Barbounis' treating medical providers and came by way of prescription. Defendants have asked questions of Ms. Barbounis about sharing or snorting Adderall.  Even if this occurred, there is no reason that the jury needs to hear about it other than to inflame the passions of the jury and risk a decision not on the evidence but upon prejudice around drug use. Accordingly, Lisa Barbounis submits this in limine motion seeking to preclude the introduction of evidence of alleged drug use of herself or any other witness or in the alternative that references drug use including abuse of prescription medications.  It is anticipated that Defendants intend to offer evidence that Plaintiff, along with other former female employees of the Middle East Forum engaged in the use of drugs, specifically cocaine and/or snorting Adderall, or smoking or otherwise consuming marijuana. The record does not support such contentions, only

unsubstantiated allegations, and the same is intended to cast aspersions as to the witness's credibility in a manner that is inappropriate. Further, the term "drug use" implies illegal or illicit activity.  While Plaintiff maintains that past drug use is not relevant to whether or not she was sexually harassed or her credibility, if the Court deems otherwise, Plaintiff requests that such legal activities are not referred to as drug use.  It is not illegal or illicit to take a prescribed medication.  Plaintiff respectfully requests this Court to preclude evidence regarding the alleged use of drugs with regard to any witness and in the alternative that the use of marijuana or legally prescribed medications not be permitted to as "drug use" because it is not relevant to the facts of this case, the credibility of the witness, and is highly prejudicial to the jury.

The matters at hand before the jury are whether Plaintiff was sexually harassed while working for the Middle East Forum.  The record does not support that Plaintiff or any other witness used any drugs, but contains accusations that the women snorted Adderall and made reference to Lisa Barbounis using Cocaine. The use of such drugs in this case makes no fact more or less likely and given that the record contains no assertions that any of the women were using such substances while being sexually harassed or witnessing their colleagues being sexually harassed the accusations likewise are not an appropriate attack on credibility.

Allusions to drug use or other illicit activities are highly prejudicial to juries. In the present matter unsubstantiated accusations of drug use which have no bearing on either parties' burden are inappropriate, and hold no probative value. Further, arguments that the information is relevant to the witnesses credibility are meritless where there is no evidence that the witness used an illegal drug or abused a prescription.

**3. Any and all evidence related to Plaintiff's politics and political ideology should be excluded.**

Defendants have harassed Plaintiff during depositions about her politics and political ideology.  At one point, Plaintiff pursued volunteer work with a politically divisive figure named Tommy Robinson. Ms. Barbounis is also heavily involved in American politics, as she is a member of the Republican party and worked for a United States Congressman. Accordingly, Ms. Barbounis is active in social media and has made public some of her political views.  While this may be entertaining, there is no basis in law or fact to include any evidence about Lisa Barbounis' political ideology.  This includes theories about the January 6, 2021, storming of the capital, stances on COVID 19, masks and vaccines and other divisive subjects.  In a highly divisive political landscape, there is no justification to even suggest this information would be presented for any other reason other than  to inflame passions.  There is no probative value at all.  Plaintiff argues that all of the evidence of this nature falls squarely within FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice.

**4. Any and all evidence related to Plaintiff's relationship and/or history with Daniel Thomas should be excluded.**

This relates to Plaintiff's argument for exclusion of evidence related to Plaintiff's sexual past, however, Danny Thomas only became a part of this case because of Defendants' counterclaims.  Now that the counterclaims have been disposed of, there is no basis for inclusion of evidence related to Daniel Thomas.  Daniel Thomas is not a fact witness in this case and possesses no information relevant to whether Lisa Barbounis was subjected to severe and pervasive sexual harassment.  The only reason Defendants would even consider presenting evidence related to Daniel Thomas would be to present evidence of sexual promiscuity to the

jury.  Daniel Thomas is part of a colorful cast and characters that Defendants hoped would be

relevant and admissible because of the counterclaims.  Plaintiff will make this argument for

Daniel Thomas, Jazmin Bishop, and Tommy Robinson.  None of these three individuals knowns

anything about the extent to which Ms. Barbounis was subjected to sexual harassment or

damages.  Certainly whether Plaintiff engage in sexual relations with Daniel Thomas should be

excluded.  But along with it, evidence that Daniel Thomas may have been the recipient of a

Middle East Forum grant and any other information related to the counterclaims should be

excluded. Plaintiff argues that all of the evidence of this nature falls squarely within FRE 403

because its probative value is substantially outweighed by its risk of unfair prejudice.

> 5. **Any and all evidence related to Plaintiff's relationship and/or history with Jasmin Bishop should be excluded.**

Plaintiff would repeat the same arguments presented in connection with Plaintiff's

request that information related to Dnaiel Thomas, Jazmin Bishop, and Tommy Robinson be

excluded from being heard at trial.  There is no probative value to any information these

individuals can offer.  Ms. Barbounis' job performance and job history is no longer relevant

because the only claim in this case that exists today is Lisa Barbounis' claim that she was

subjected to a hostile work environment.  If Defendants seek to present any information related

to Daniel Thomas, Tommy Robinson, or Jazmine Bishop, Plaintiff requests a detailed proffer

including how that information relates in any way Lisa Barbounis' hostile work environment

claims.  Plaintiff argues that all of the evidence of this nature falls squarely within FRE 403

because its probative value is substantially outweighed by its risk of unfair prejudice.

**6. Any and all evidence related to Plaintiff's history and or relationship with Tommy Robinson should be excluded.**

See Plaintiff's explanation for number 4 and 5, above.

**7. Any and all evidence related to Plaintiff's job performance with Middle East Forum should be excluded.**

Because the only remaining claims are for hostile work environment, Plaintiff's job performance is not in any way at issue. This would include arguments with coworkers about job performance. This would also include issues related to extra-curricular activities that Ms. Barbounis did on her own time. This information is not relevant to Plaintiff's case and the only reason to present information of this nature would be to inflame the jury. Plaintiff argues that all of the evidence of this nature falls squarely within FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice.

**8. Any and all evidence related to Plaintiff's current job with the United States Congress should be excluded.**

Plaintiff argues that all of the evidence of this nature falls squarely within FRE 403 because its probative value is substantially outweighed by its risk of unfair prejudice. If Plaintiff seeks to present any evidence of this nature Plaintiff would request a detailed proffer with an explanation of how this information relates to Plaintiff's hostile work environment claims or damages.

**9. Any and all evidence related to purported telephone recordings between Matthew Ebert and Greg Roman should be excluded.**

Defendants have not turned over during discovery any recordings between Mattew Ebert and Greg Roman. Defendants' pre-trial memorandum includes information that may indicate that

Defendants intend to offer as evidence information related to a telephone conversation between Mattew Ebert and Greg Roman. Defendants have been provided several opportunities to produce evidence Defendants plan to use at trial. The Court has even extended the discovery period and granted Plaintiff's Motion for Sanctions. Defendants were then afforded another opportunity to produce information through extended discovery. Defendants still did not produce any recording. Accordingly, Plaintiff would request that Defendants prove to the Court that this recording was in fact produced at some point. If Defendants are unable to do so, Plaintiff would renew Plaintiff's request for sanctions including granting Plaintiff's request to exclude this information from being presented at trial.

**10. Any and all evidence related to purported recordings between Lisa Barbounis and Marnie O'Brien should be excluded.**

This information relates to Plaintiff's job performance and therefore has no probative value and would be presented only to inflame the passions of the jury.

**11. Any and all recordings between Lisa Barbounis and Jasmin Bishop should be excluded.**

This information relates to Plaintiff's job performance and therefore has no probative value and would be presented only to inflame the passions of the jury.

**12. Any and all evidence discovered solely due to Defendants' counterclaims should be excluded.**

This information relates to Plaintiff's job performance and therefore has no probative value and would be presented only to inflame the passions of the jury.

**13. Any and all evidence related to alternative theories that caused Plaintiff's emotional distress should be excluded.**

This information relates to Plaintiff's job performance and therefore has no probative value and would be presented only to inflame the passions of the jury.  This is because Defendants' expert witness did not conclude that Plaintiff suffered from emotional distress.  Dr. Barbara Ziv concluded that there is no emotional distress.  Therefore, Defendants cannot claim alternative theories, which would be presented as a back-door end-around way to present otherwise inadmissible information to the jury designed to prejudice Plaintiff by inflaming the jury's passions around issues like Plaintiff's sexual past.

**14. Defendants should be precluded from presenting information about a conspiracy to the jury with no evidence to support the claim.**

Defendants have suggested on several occasions that Defendant, Greg Roman is the victim of a conspiracy.  Defendants have suggested that Lisa Barbounis has money problems and engaged in this conspiracy to obtain a windfall.  To support this absurd assertion, Defendants have presented information related to tax issues that Lisa Barbounis' husband has.  Defendants also have no issue presenting information to the jury without evidence.  Accordingly, Plaintiff requests that Defendants be precluded from presenting information related to other individual's tax issues as a motive to engage in a civil conspiracy to invent allegations about sexual harassment.  Defendants have no way to raise this issue other than inadmissible hearsay or, by presenting information to the jury that has no probative value and is intended only to prejudice Plaintiff by inflaming the passions of the jury.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff requests that her Motion in Limine be granted in its entirety.

**DEREK SMITH LAW GROUP, PLLC**

BY:_____/s Seth D. Carson_____
Seth D. Carson, Esq.
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: October 1, 2021

## <u>CERTIFICATE OF SERVICE</u>

I, Seth D. Carson, hereby certify that on this date the foregoing Motion in Limine has

been electronically filed with the Court and is available for viewing and downloading from the

ECF System and thereby have been served upon the following counsel of record, electronically:

TO:      Jon Cavalier
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

Sidney L. Gold sgold@discrimlaw.com
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:_____**/s/ Seth D. Carson**_____
Seth D. Carson, Esq.
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: October 1, 2021