## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS, | : CIVIL ACTION NOS:  19-5030 (JDW) |
| Plaintiff, | :                                       20-2946 |
| -vs- | : |
| | : |
| THE MIDDLE EAST FORUM, | : |
| DANIEL PIPES (*individually*), | : TRIAL BY JURY |
| GREGG ROMAN (*individually*), and | : |
| MATTHEW BENNETT (*individually*), | : |
| Defendants. | : |

### ORDER

**AND NOW**, this       day of                    , 2021, it is hereby **ORDERED** and

**DECREED** that upon consideration of Plaintiff's Daubert Motion to Exclude Opinion

Testimony of Dr. Barbara Ziv and Defendants' Memorandum of Law in Opposition thereto it is

hereby **ORDERED** that said Motion is **DENIED.**

BY THE COURT:

_____

The Hon. Joshua D. Wolson

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA BARBOUNIS | : | CIVIL ACTION |
| | : | NO. 2:19-cv-05030-JDW |
| Plaintiff, | : | NO. 2:20-cv-02946 |
| -vs- | : | |
| | : | |
| THE MIDDLE EAST FORUM, et al. | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S "*DAUBERT* MOTION TO EXCLUDE**
**OPINION TESTIMONY OF DR. BARBARA ZIV"**

## I.      INTRODUCTION

Plaintiff moves this Court to exclude the entire testimony of an esteemed and highly qualified, expert medical practitioner - Dr. Barbara Ziv – on the basis of nothing but logical fallacies and conjecture.  In essence, Plaintiff focuses upon every minor disagreement with Dr. Ziv's report as a basis to exclude her testimony in its entirety.  Plaintiff's argument confuses questions of weight and admissibility, and asserts that because, according to Plaintiff herself, Dr. Ziv is occasionally "mistaken," Dr. Ziv should not be allowed to testify at all.

The Court should decline Plaintiff's request to substitute her judgment of psychiatric issues for the experts and should permit Dr. Ziv to testify within appropriate bounds. These bounds cannot be drawn pre-trial, stripped of context. To the extent that Dr. Ziv offers specific evidence to which plaintiff has an objection, the Court should consider the question then, in the appropriate context and with the appropriate foundation laid by earlier testimony.

As a result, Plaintiff's motion should be denied.

II.    **BACKGROUND**

A.  **Dr. Barbara Ziv's Qualifications**

Dr. Barbara Ziv is an esteemed and respected forensic psychiatrist with decades of experience.  In addition to her private practice: Dr. Ziv has been the Medical Director for Aetna for almost ten (10) years; has served on the Pennsylvania Sexual Offenders Assessment Board for over twenty (20) years; and has served as a Member of the Commonwealth of Pennsylvania, Medical/Legal Advisory Board on Child Abuse for over fourteen (14) years.  *See* Dr. Barbara Ziv's C.V. attached hereto as "Exhibit A."  Additionally, Dr. Ziv has been qualified as an expert in the field of forensic psychiatry in multiple counties in Pennsylvania, New Jersey, Delaware, California, Virginia, New York, and in U.S. Federal Court in multiple states and has testified as an expert witness in more than 220 state or federal trials.  *Id.*

B.  **Dr. Ziv's Reports**

Dr. Ziv was retained by Defendants to conduct an evaluation of the Plaintiff.  *See* Dr. Barbara Ziv's Report, attached hereto as "Exhibit B."  Dr. Ziv was originally scheduled to meet with Plaintiff on August 31, 2020, but she did not appear for the scheduled appointment.  Dr. Ziv's evaluation was rescheduled for September 22, 2020.  The evaluation was conducted over the course of six (6) hours.

During the evaluation, Dr. Ziv analyzed Plaintiff's family and medical history and her recounting of the alleged incidents that are at issue in this case.  *Id.*  Dr. Ziv also evaluated Plaintiff's current functioning, substance abuse history, legal history, and medication.  *Id.* Ultimately, Dr. Ziv concluded with a reasonable degree of medical certainty that Plaintiff did "not display any psychiatric symptoms that can be attributed to her tenure at the Middle East Forum."  *Id.*  Dr. Ziv also concluded with a reasonable degree of medical certainty that Plaintiff

"has problems related to self-esteem and emotional regulation that are unrelated to and were not exacerbated by events at the Middle East Forum." *Id.*

Dr. Ziv conducted her analysis and reached her conclusions in accordance with the dictates of the American Academy of Psychiatry and the Law American Psychological Association's Specialty Guidelines for Forensic Psychologists. *Id.*

On October 30, 2020, Plaintiff produced a "Forensic Psychological Evaluation" from a Dr. Barry Zakireh, Ph.D. *See* Dr. Barry Zakireh's Report, attached hereto as "Exhibit C." Dr. Zakireh based his opinions on a singular meeting with Plaintiff. *Id.*

Thereafter, Dr. Ziv received and reviewed all of Plaintiff's treatment records and prepared a supplemental report. *See* Dr. Barbara Ziv's Supplemental Report, attached hereto as "Exhibit D." Dr. Ziv reviewed Plaintiff's records and applied the diagnostic criteria contained in the Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-V), concluding with a reasonable degree of medical certainty that Plaintiff does "not suffer from either Generalized Anxiety Disorder or Major Depressive Disorder." *Id.* Dr. Ziv also stated that the "treatment records reviewed provide additional support for the opinions rendered in my previous report" and concluded with a reasonable degree of medical certainty that Plaintiff suffers from borderline personality disorder as defined by the DSM-V. *Id.*

## III.   ARGUMENT

### A.  <u>Legal Standard</u>

The Third Circuit "instructs [that] 'the Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact' under Rule 401 generally, and Rule 702

"has a liberal policy of admissibility.'" *Sizemore v. Hotwire Commc'ns, LLC*, 2015 WL 12804566, at *2 (E.D. Pa. Dec. 23, 2015), *quoting Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008), *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997).

In sum, the "rejection of expert testimony is the exception and not the rule." *Comcast Cable Commc'ns, LLC v. Sprint Commc'ns Co., LP*, 278 F. Supp. 3d 375, 381 (E.D. Pa. 2016), *quoting* Fed. R. Evid. 702 advisory committee's note.

Rule 702 allows a witness qualified as an expert to give opinion testimony that would otherwise be impermissible. *Schneider ex rel. Estate of Schneider v. Fried*, 350 F.3d 396, 404 (3d Cir. 2003).

The rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, Tay testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Rule 702 "embodies a trilogy of restrictions on expert testimony: qualification, reliability, and fit." *Schneider*, 350 F.3d at 404. As explained by the Third Circuit:

> Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that "a broad range of knowledge, skills, and training qualify an expert." Secondly, the testimony must be reliable; it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his on her belief. In sum, Daubert holds that an inquiry into the reliability of scientific evidence under Rule 702 requires a determination as to its scientific validity." Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's

> testimony must be relevant for the purposes of the case and must
> assist the trier of fact.

Id. (citations omitted).

"The qualification standard is a liberal one." *Lewis v. Lycoming*, 2015 WL 3444088, at *1 (E.D. Pa. May 29, 2015); *Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777,782 (3d Cir. 1996). Notably, experts may base their opinions on facts or data in the case that the expert has been made aware of or personally observed. Fed. R. Evid. 703.

### B. Dr. Ziv's Expert Testimony Should Not be Excluded.

Initially, Plaintiff falsely claims that Dr. Ziv's testimony should be excluded because she was "retained" for the "purpose of rebutting and contradicting the evidence" and to "contradict Plaintiff's expert." Plaintiff's argument is false. Dr. Ziv was retained to conduct an independent evaluation consistent with industry standards and her professional obligations. "I offer my opinion as an ethical and competent forensic psychiatrist based on the presentation before me, period, end of story." Deposition Transcript of Dr. Barbara Ziv at p. 29, previously identified by Plaintiff as her "Exhibit A."

Dr. Ziv carefully reviewed Plaintiff's alleged symptoms and compared them to the definitions contained in the DSM-V, concluding that she does not suffer from "either Generalized Anxiety Disorder or Major Depressive Disorder" but does suffer from borderline personality disorder. *See* Exhibit D at p. 15, 17-24.

Also, Plaintiff's suggestion that Dr. Ziv was retained to "contradict Plaintiff's expert" defies commonsense. Dr. Ziv's initial Report was prepared well **before** Dr. Zakireh's October 30, 2020 Report. *Compare* Exhibit B with Exhibit C. Dr. Ziv cannot "contradict" a report that did even exist yet.

Next, Plaintiff takes issue with Dr. Ziv's opinion on her "credibility."  Defendants have no intention of asking Dr. Ziv to opine on the general credibility of Plaintiff; that is for the trier of fact alone to decide.  However, in order to conduct a proper and comprehensive assessment, Dr. Ziv is permitted to consider Plaintiff's credibility as it relates to her alleged "symptoms" fitting within a particular diagnosis, as "all psychiatric evaluations involve an assessment of reality."  Exhibit B at p. 28.

Experts may base their opinions on facts or data in the case that the expert has been made aware of or personally observed. Fed. R. Evid. 703. In addition, even if the facts or data are not admissible, an expert may rely on them if they are the kinds of facts or data "reasonably relied on by experts in the field" in forming an opinion on the subject. *Id; see also In re Paoli R.R. Yard PCB Litig.*,35 F.3d 717,747-49 (3d Cir. 1994).

The American Association of Psychiatry and the Law ("AAPL") Practice Guideline for Forensic Assessment, encourages psychiatrists to try and detect inaccurate reporting by the evaluee.  *See* AAPL Guidelines attached hereto as "Exhibit E." "Collateral information," "may add to or complement the evaluee's account and may be compared with the evaluee's account to help detect malingering and assess reliability." Exhibit E at S8. The AAPL warns, "if malingering or exaggeration of symptoms is suspected, the formal diagnosis (if any) requires careful consideration of alternative explanations for the evaluee's presentation."  *Id.* Furthermore, the AAPL states that the assessment of malingering should be a "process of careful analysis, identification of objective indicators, clinical judgment, and use of scientifically validated psychological tests when necessary." *Id.* at S42. Accordingly, the AAPL suggests looking at collateral information like accounts from others and looking at issues like work history, cooperation, and consistency.  Specifically, "[i]nconsistencies or disparities between self-

reported and real-world observations should be carefully investigated." *Id.* at S44. As a result, Dr. Ziv was required, in her clinical judgment, to asses Plaintiff's "credibility."

Plaintiff also takes issue with the fact that "no tests or testing measures were administered." Plaintiff's motion at p. 2. However, Dr. Ziv was not required to conduct "tests" or "testing" to reach her conclusions. It is standard in psychiatric examinations to assess an evaluee with a clinical interview and **not** a test. *See* ("Professional Pitfalls in Malingering Determinations" by Richard Rogers Ph.D., at p. 4, attached hereto as "Exhibit F") ("clinical interviews are clearly essential for both evaluating noncredible presentations"). Notably transparent, objective tests are poor disagnositive tools because close to 90% of symptoms can be guessed on a checklist even among naive subjects, and internet resources provide lists of symptoms individuals can fake. Exhibit E at S44.

The remainder of Plaintiff's motion is a series of petty disagreements with Dr. Ziv's Report and what she "believes" the facts will be at trial. However, a party need not prove that his or her expert's opinion is "correct" for it to be reliable. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717,744 (3d Cir. 1994). Instead, "as long as an expert's scientific testimony rests upon good grounds, based on what is known, it should be tested by the adversary process-competing expert testimony and active cross-examination-rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *United States v. Mitchell*, 365 F.3d 275,244 (3d Cir. 2004) (internal quotation marks omitted).

Additionally, an expert is not required to testify to everything in her report. Rule 26(a)(2)(B)(i) requires that an expert provide a "complete statement of all opinions the witness will express and the basis and reasons for them," but it does not limit the report to only those things. On the contrary, Rule 26(a)(2)(B)(ii) requires that the report contain the "facts and data

considered by the witness in forming [opinions]," not just those that are the opinion's basis. An expert's report will almost always contain facts and data that the expert considered but which in the end do not form the basis of the expert's conclusion.  Accordingly, that a fact is included in the report does not mean that any attempt will be made to enter it in evidence. For this reason, the Court is best positioned to determine what facts are appropriately considered by the jury when an effort is made to introduce them at trial, not based on the expert's report.  The Court should decide these issues in the context of trial testimony.

Lastly, Plaintiff raises virtually the same arguments that were previously made (and rejected) against Dr. Ziv's testimony in another matter in the Eastern District of Pennsylvania, *Bistrian v. Warden Troy Levi, FDC Philadelphia, et. al*. No. 08-cv-3010 (CMR).  In that case, Judge Rufe denied the motion to exclude, with the exception of Dr. Ziv testifying to the plaintiff's "credibility" generally.  (*Bistrian v. Warden Troy Levi, FDC Philadelphia, et. al* Docket Entry No. 346).  "Although Dr. Ziv may not testify as to Plaintiff's credibility, her report contains other assessments and diagnoses that she may properly testify to, including her opinion that Plaintiff does not have PTSD, her assessment of his purported mental health treatment and whether it is consistent with his claimed impairments, and her assessment that he does not have Persistent Depressive Disorder." *Id*.  Again, Defendants concede that they will not ask Dr. Ziv to opine on plaintiff's general credibility.

## III. CONCLUSION

For the reasons set forth herein above and in their original opposition, Defendants respectfully request that the Court deny Plaintiff's *Daubert* motion to Exclude Dr. Ziv's testimony in its entirety.

Respectfully submitted,

By: */s/ Jonathan R. Cavalier*
Jonathan R. Cavalier
Leigh Ann Benson
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000

*Attorneys for Defendant*
*The Middle East Forum and*
*Daniel Pipes*

By: */s/ Sidney L. Gold*
Sidney L. Gold
William Rieser
SIDNEY L. GOLD & ASSOCIATES P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999

CLARK HILL PLC
Kevin Levine, Esq. (PA Bar No. 326492)
Clark Hill PLC
Two Commerce Square
2001 Market Street, Ste. 2620
Philadelphia, PA 19103
(215) 640-8500

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748

*Attorneys for Defendant*
*Gregg Roman*

Dated: November 3, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 3, 2021 a true and correct copy of the foregoing was filed and served electronically through the Court's CM/ECF system upon all counsel of record:

Seth D. Carson, Esquire
DEREK SMITH LAW GROUP PLLC
1835 Market Street, Suite 2950
Philadelphia, PA 19103
seth@dereksmithlaw.com
Counsel for Plaintiff Lisa Reynolds-Barbounis


By: */s/ Jonathan R. Cavalier*               By: */s/ Sidney L. Gold*
Jonathan R. Cavalier                            Sidney L. Gold
Leigh Ann Benson                               William Rieser
COZEN O'CONNOR                      SIDNEY L. GOLD & ASSOCIATES P.C.
One Liberty Place                             1835 Market Street, Suite 515
1650 Market Street                          Philadelphia, PA 19103
Philadelphia, PA 19103                (215) 569-1999
Phone: (215) 665-2000

*Attorneys for Defendant*                CLARK HILL PLC
*The Middle East Forum and*            Kevin Levine, Esq. (PA Bar No. 326492)
*Daniel Pipes*                                 Clark Hill PLC
                                    Two Commerce Square
                                    2001 Market Street, Ste. 2620
                                    Philadelphia, PA 19103
                                    (215) 640-8500

                                    Margaret M. DiBianca, Esq. (DE No. 4539)
                                    CLARK HILL PLC
                                    824 N. Market Street, Ste. 710
                                    *Admitted Pro Hac Vice*
                                    Wilmington, DE  19801
                                    P:  (302) 250-4748

                                    *Attorneys for Defendant*
                                    *Gregg Roman*

                                    Dated: November 3, 2021