IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LISA BARBOUNIS<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MIDDLE EAST FORUM, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 2:19-cv-05030-JDW<br><br>**OPPOSITION TO DEFENDANTS'<br>MOTION IN LIMINE** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
<u>MOTION IN LIMINE TO PRECLUDE REFERENCES TO WEAPONS</u>**

### I.　　PRELIMINARY STATEMENT AND ARGUMENT

**A. Plaintff, Lisa Barbounis should be permitted to present evidence of what actually occurred to her.**

Defendants' Motion is Limine on the issue fails utterly because Lisa Barbounis should be permitted to introduce evidence of what actually occurred to her during the trip to Israel. Plaintiff, Lisa Barbounis has alleged that when she accompanied Defendant, Greg Roman to Isriel on a work trip, Defendant, Roman subjected Lisa Barbounis to severe sexual harassment. The allegations of sexual harassment that occurred in Israel include unwelcome, sexual touching and unwelcome, sexual comments.  The allegations include that Defendant, Roman yelled at Lisa Barbounis and ordered Lisa Barbounis to engage in oral sex.  Defendant, Roman was drinking at the time and began physically aggressive and yelling.  Plaintiff, Lisa Barbounis was scared.  Lisa Barbounis began texting Patricia McNulty and Ms. Barbounis' husband, Vasili Barbounis.  The text messages indicated the unwelcome conduct to which Lisa Barbounis was subjected by

Defendant, Roman.  Plaintiff seeks to introduce the text messages as evidence that corroborates Lisa Barbounis' testimony.  The text messages state:

| | |
|---|---|
| Lisa Barbounis: | I'm so uncomfortable |
| Patricia McNulty: | It's like almost 11P-m there, are you guys out or in |
| Lisa Barbounis: | In. He just came back I stayed in. We had a call with EJ. But Weird He drank too much. |
| Patricia McNulty: | Oh gosh, so it got like aipac couchish. |
| Lisa Barbounis: | No. I'll explain. Ughh. I'll call you tomorrow. |
| Patricia McNulty: | Kk, I don't want to ask questions till you then. |
| Lisa Barbounis: | I'm going to put a knife in my room. |
| Patricia McNulty: | I'm so confused and worried. |
| Lisa Barbounis: | He's creepy. Talking about stuff he shouldn't be and too drunk. But I have Vasili FaceTimeing me to save me lol. I really will stab him. Delete this shit. Don't say anything. |

This is the text conversation that occurred between Lisa Barbounis and Patricia McNulty while Lisa Barbounis was in Israel.  Defendants are asking the Court to sanitize the evidence because it might tend to place Defendant, Roman is a less positive light.   Defendants' request would force Lisa Barbounis to basically lie under oath.  On direct if Lisa Barbounis testifies about this conversation, everything but the knife comments, and then is asked, "and did you say anything else to Patricia McNulty?"  Defendants would have Lisa Barbounis respond "no," when in fact Lisa Barbounis did say something else to Patricia McNulty.

This text conversation is relevant for several reasons.  It proves several things about what occurred in Israel.  One of those things is that Lisa Barbounis felt so scared, that she actually felt compelled to get a knife.  This is actually a present-sense-impression. Lisa Barbounis is describing how she felt, while she was feeling that way.  These text communications are happening in real time.  Defendant, Roman was drunk, when these messages were sent.  Lisa

Barbounis was in her room with the door locked when these messages were sent.  Lisa Barbounis was Face Timing with her husband as a layer of protection when these messages were sent.  The messages also indicate the fear of even talking about Defendant, Greg Roman, even while texting privately with a husband or co-worker.  Plaintiff, Lisa Barbounis said, "delete this shit," because she was scared that Defendant, Roman would obtain access to the messages and retaliate.  Lisa Barbounis should be permitted to present what actually occurred; what she actually went through.  If Lisa Barbounis was so scared that she felt compelled to sleep with a knife, then that is what occurred.   It would be unfair to filter Lisa Barbounis' experience because it makes Defendant, Roman look bad.  This is not an example of "unfair" prejudice.  There is nothing unfair to Greg Roman about Lisa Barbounis presenting evidence that indicates just how scared she was.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Lisa Barbounis respectfully requests that this Court deny Defendants' Motion *in Limine* and allow Lisa Barbounis to present evidence of what actually occurred, without the attempt to sanitize, filter, or dilute the evidence, as requested by Defendants.

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
SETH D. CARSON
Derek Smith Law Group, PLLC
1835 Market Street
Suite 2950
Philadelphia, PA 19103
Phone: 215.391.4790
Facsimile: 215.893.5288
Email: Seth@DerekSmithLaw.com

DATED: November 3, 2021

## CERTIFICATE OF SERVICE

I, Seth D. Carson, hereby certify that on this date the foregoing Motion in Limine has been electronically filed with the Court and is available for viewing and downloading from the ECF System and thereby have been served upon the following counsel of record, electronically:

TO:    Jon Cavalier
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:\_\_\_\_\_**/s/ Seth D. Carson**_____
Seth D. Carson, Esq.
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: November 3, 2021