IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA BARBOUNIS<br><br>      Plaintiff,<br><br>v.<br><br>MIDDLE EAST FORUM, et al.,<br><br>      Defendants. | Civil Action No. 2:19-cv-05030-JDW<br><br>**OPPOSITION TO DEFENDANTS'<br>MOTION IN LIMINE** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' THIRD MOTION IN LIMINE TO
<u>PRECLUDE CERTAIN POST-NOVEMBER 5, 2018, EVIDENCE</u>**

**I.  PRELIMINARY STATEMENT AND ARGUMENT**

Defendants' Third Motion in Limine is because Plaintiff only presents a claim of hostile work environment to the jury. The hostile work environment to which Plaintiff was subjected occurred because Defendant, Greg Roman subjected Lisa Barbounis to unwelcome conduct and comments, that were because of Lisa Barbounis' gender, that unreasonably interfered with Lisa Barbounis' work environment. Lisa Barbounis does not plan to present any evidence of retaliation or constructive discharge. Lisa Barbounis abandoned these claims because there was nothing to be gained from including them. The constructive discharge is not relevant, however, the fact that the hostile work environment became so bad that she had to quit is relevant. Middle East Forum certainly hopes to introduce into evidence the history of Lisa Barbounis'

employment with Middle East Forum and specifically as it related to Defendant, Greg Roman. This means that Defendants hope to tell a jury the following things[1]:

- Lisa Barbounis began employment with Middle East Forum beginning in October 2017.
- Lisa Barbounis did not report discrimination until November 2017 (Note, Plaintiff does not agree with this claim, however, Defendants will certainly attempt to argue it.).
- November 2018, Defendants took immediate steps correct the harassment by ejecting Roman from the office (Again, Plaintiff does not agree with this statement).
- In March 2019, Lisa Barbounis approached President Daniel Pipes and began the process whereby Defendant, Greg Roman was permitted to resume former responsibilities.
- Spring 2019, Lisa Barbounis appeared in a picture, smiling. Defendant, Greg Roman was also in the picture. The event was the MEF Gala.

Defendants hope to present evidence of events, statements, and occurrences that occurred post-November 2018. Plaintiff, Lisa Barbounis hopes to do the same. This is because there are issues relevant to Plaintiff's case that occurred after the November 5, 2018, staff meeting. The hostile work environment to which Lisa Barbounis was subjected occurred until Lisa Barbounis' termination. The comments and conduct were not sexual in nature, however, they were certainly based on sex and gender. Moreover, it got so bad that Lisa Barbounis had to resign her employment. The standard for constructive discharge is more onerous to prove than the standard for hostile work environment. There is evidence that Daniel Pipes was notified about Defendant, Roman's discrimination and harassment in 2019, and refused to take any action to respond. If

---

[1] The bullet points below are arguments Defendants will make. Plaintiff does not conceded any of these arguments and reserves the right to present evidence to contradict these statements at trial.

Defendants would like to introduce evidence of Defendant, Greg Roman's return, Plaintiff, Lisa Barbounis should be permitted to introduce evidence of the agreement and conditions, upon which Defendant, Roman was permitted to return.  This evidence directly relates to the Farragher-Ellerth defense and Plaintiff's response in proving it is inapplicable. Defendants will argue that Defendant Roman's return was conditioned and therefore it does not equate to a failure of the corrective action requirement.  Plaintiff will argue that Defendant, Roman's return was a failure of the corrective action requirement because Defendants refused to consider Defendant, Roman's behavior after the return.  The story of this case does not simply end on November 5, 2018.  It continues because of the Farragher-Ellerth defense.  Defendants seek to introduce evidence post November 5, 2018.  Plaintiff also seeks to introduce evidence post November 5, 2018.  As long as Defendants plan to present a defense that is predicated upon (1) whether Defendants maintained an anti-harassment policy, (2) that Plaintiff utilized, and (3) Defendants response to correct the harassment, then evidence of what occurred post November 5, 2018, is relevant and probative.

## CONCLUSION

For all of the foregoing reasons, Plaintiff Lisa Barbounis respectfully requests that this Court deny Defendants' Motion *in Limine* and allow Lisa Barbounis to present evidence of what occurred during her employment for Defendants.

**DEREK SMITH LAW GROUP, PLLC**

BY:   /s/  Seth D. Carson
      SETH D. CARSON
      Derek Smith Law Group, PLLC
      Phone: 215.391.4790
      Facsimile: 215.893.5288
      Email: Seth@DerekSmithLaw.com

DATED: November 3, 2021

## CERTIFICATE OF SERVICE

I, Seth D. Carson, hereby certify that on this date the foregoing Motion in Limine has been electronically filed with the Court and is available for viewing and downloading from the ECF System and thereby have been served upon the following counsel of record, electronically:

TO:     Jon Cavalier
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
P: 215-665-2000
F: 215-665-2013
dwalton@cozen.com
lbenson@cozen.com

Sidney L. Gold sgold@discrimlaw.
Sidney L. Gold & Associates P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
Tel: (215) 569-1999
Fax: (215) 569-3870
Counsel for The Middle East Forum

**DEREK SMITH LAW GROUP, PLLC**

BY:    **/s/ Seth D. Carson**
Seth D. Carson, Esq.
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com
*Attorney for Plaintiff*

DATED: November 3, 2021