**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA BARBOUNIS<br><br>                    Plaintiff,<br><br>     v.<br><br>MIDDLE EAST FORUM, et al.,<br><br>                    Defendants. | Civil Action No. 2:19-cv-05030-JDW<br><br>**OPPOSITION TO DEFENDANTS'**<br>**MOTION IN LIMINE** |

## I.      INTRODUCTION

Defendants are asking the Court to exclude probative evidence because it does not paint their clients in a positive light.  In-so-doing, Defendants suggest the Court should weigh relevance and probative value versus prejudice.  The standard however, "***unfair prejudice***," is not met when considered with the significant relevance and probative value this evidence has related to Plaintiff's case.

Defendants seek to preclude eye-witness testimony of Plaintiff's sexual harassment, the hostile work environment in which she worked, and Defendants' failure to properly enforce its sexual harassment policies and protect female employees from sexual misconduct in the fact of inarguable notice of Defendant's Greg Roman's behavior.

Essentially, Defendants seek to preclude witnesses with first-hand knowledge from testifying to the harassment they observed, experienced and/or reported to the Director of Human Resources, Marnie O'Brien. This information bears directly on Plaintiff's burden of proving severe and pervasive conduct, the standard for hostile work environment claims.  This evidence is also probative to issues of notice, Plaintiff's reasonable fear of

retaliation, Plaintiff's reasonable fear of futility, and of course punitive damages.

Defendants conflate FRE 403 standards, attempting to ignore that evidence must be *unfairly* prejudicial in order to be precluded. Notwithstanding, Defendants argue to preclude the evidence because it may tend to make a named Defendant, Greg Roman look bad. Oi Once again, "prejudice" is not the legal standard, but *unfair prejudice*." The testimony of an eye-witness to sexual harassment is certainly probative in a sexual harassment case. Defendants are essentially asking the Court to disallow Plaintiff from presenting witnesses to Defendant, Greg Roman's illegal misconduct. Further, given that Defendants deny that any sexual harassment occurred and that Mr. Roman would never engage in such behaviors, FRE 405(b) specifically allows Plaintiff to present specific instances of conduct to the jury. Defendant, Greg Roman has denied every instance of sexual harassment involving (1) Tiffany Lee, (2) Alana Goodman, (3) Leah Merville, (4) Patricia McNulty, (5) Marnie O'Brien, and (6) Plaintiff, Lisa Barbounis. Defendants motion would allow Defendant, Roman to issue denies and disallow Plaintiff from presenting evidence to the contrary. Further, it is well settled that evidence of harassment is probative to the establishment of a hostile work environment, even if the harassment did not occur within a Plaintiff's presence. Plaintiff's knowledge of the harassment also contributed to the hostile work environment. Certainly, the fact that Plaintiff had to witness, first-hand, Defendant, Roman sexual touch another employee, or make inappropriate sexual comments about other employees, when those comments were made directly to Plaintiff is evidence that contributed significantly to her hostile work environment. It is not Lisa Barbounis' fault that one of the ways that Defendant, Roman sexually harassed Lisa Barbounis was by describing graphically sexual acts with other women including at least one other employee. Greg Roman's conduct in this regard had a

significant impact on Lisa Barbounis, emotionally, that contributed to the hostile work environment to which she was subjected. Defendants seem to be asking the Court to preclude evidence that tends to prove this conduct in the form of witnesses testimony.

In lieu of any authority that such evidence is unfairly prejudicial, Defendants seem to argue it is too attenuated from Lisa Barbounis' own claims, that the evidence is confusing and that the evidence is cumulative or a waste of time. The evidenced Defendants hope to preclude includes eye- witness testimony of Plaintiff's own harassment, in addition to situations that Plaintiff was present for and witnessed. It is well-established that witnessing a supervisor perpetrate acts of sexual harassment is harassment in and of itself. Defendants also hope to preclude incidents that relate to the Faragher-Ellerth defense, that Lisa Barbounis was aware of and that would tend to make any employee fear retaliation or futility in reporting. Defendants also hope to preclude evidence that would directly bear on Plaintiff's punitive damages claim. Defendant also hope to preclude evidence that would bear directly on notice which also directly bears on the allegations against Defendant, Daniel Pipes, that he aided and abetted the harassment. Defendants are going to attempt to establish that they had an anti-harassment policy, by presenting a written document, the employee handbook. Plaintiff has a right to present evidence that the employee handbook in nothing but words, and that Defendants mishandled, mismanaged, and bungled almost every instance when sexual harassment was reported. Again, these facts bear directly on the Farragher-Ellerth defense and Plaintiff's challenges thereto. For these reasons the evidence Defendants prey is precluded is highly probative of Plaintiff's own claims and Plaintiff should be permitted to present the same at trial.

## II.    LEGAL ARGUMENT

### a.    The Evidence Offered is First Hand Eye-Witness Testimony of Plaintiff'sSexual Harassment

Defendants attempt to preclude the testimony of Patricia McNulty, Caitriona Brady, Delaney Yonchek, Tiffany Lee, Marnie O'Brien, and Alana Goodman, all of whom should be permitted to testify at trial.

Patricia McNulty, Caitriona Brady, and Marnie O'Brien worked at Middle East Forum at the same time as Plaintiff and are first-hand witnesses to sexual harassment to which Lisa Barbounis was subjected.  Marnie O'Brien is the Director of Human Resources and testified at deposition that she witnesses Defendant, Roman put his hands on Lisa Barbounis and Patricia McNulty.  This is known at the AIPAC couch incident.  The allegations are that Defendant, Roman sat on a couch between Lisa Barbounis and Patricia McNulty and placed his arms around them both.  Lisa Barbounis alleged that Defendant, Roman placed his hand around her and forced her toward him in a significantly inappropriate manner.  Patricia McNulty alleged that Mr. Roman's hands went around her while Roman lifted Patricia McNulty onto his lap.  The touching was accompanied with a comment that has a sexual context.  Lisa Barbounis, Patricia McNulty, and Lisa Barbounis have offered consistent testimony in connection with this incident.  This incident is one of the two allegations of a sexual touching that Lisa Barbounis made in her complaint.  Lisa Barbounis certainly has a right to present this same information at trial.  Lisa Barbounis also has a right to present the people who witnessed this incident at trial.

The testimony that Defendants seek to preclude includes women who observed sexual harassment with their own eyes. They also observed what happened to other women who attempted to report Gregg Roman's sexual harassment, and can report on the retaliation that

4

resulted.  Plaintiff is not presenting a retaliation claim, however, Plaintiff has a right to present evidence that would tend to scare employees from reporting sexual harassment.  The reason that Plaintiff has a right to present evidence of retaliation is because Defendants seek to persuade the jury that Defendants should not be liable because Plaintiff failed in reporting the sexual harassment.  The evidence that Plaintiff will present is simply a reasonable response to the defenses raised by Defendants.  Defendants are essentially asking the Court to allow Defendants to assert their defenses and disallow Plaintiff from responding with probative evidence that directly bears to the same.  What happened to Lisa Barbounis after she reported the harassment is relevant for the same reasons.

Defendants are asking the Court to disallow evidence for crucial events.  Plaintiff only plans to present witnesses with probative and relevant evidence that should be admitted.

### b. The evidence that Plaintiff plans to present is not me-too evidence, but evidence that is relevant and probative to Lisa Barbounis' hostile work environment claims.

Plaintiff, Lisa Barbounis does not agree that the evidence Caitriona Brady, Patricia McNulty, Marnie O'Brien, Tiffany Lee, and Alana Goodman will present is "me-too evidence." Either way, "Me too" evidence in an employment discrimination case is not per se inadmissible. A c c o r d  Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 388 (2008). Rather, the question of whether evidence of discrimination against other employees is relevant is fact-based, and depends on factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Id.  Factors include the timing of the events at issue; whether the same decision-makers were involved; whether the witness and the plaintiff were treated in a similar manner; and whether the witness and the plaintiff were otherwise similarly  situated. Graham v. Monmouth Cty. Buildings & Grounds, 2020

WL 3923921, at *3 (D.N.J. July 10, 2020).

The Third Circuit has unequivocally held that in the context of a Title VII hostile work environment action evidence of other acts of harassment is extremely probative as to whether the harassment was sexually discriminatory and whether a Defendant knew or should have known that sexual harassment was occurring despite the formal existence of an anti-harassment policy. Hurley v. Atl. City Police Dep't., 174 F.3d 95, 111 (3d Cir. 1999) (citing West v. Philadelphia Elec. Co., 45 F.3d 744, 752 (3d Cir. 1995)); *see also* Ford v. City of Hudson, 2015 WL 12805125, at *4 (D. N.J. Oct. 20, 2015) (noting that "[w]ithin the evidentiary boundaries of F.R.E. 401 and 403, the Third Circuit has expressly held that '[e]vidence of other acts of harassment is extremely probative' and admissible to show a hostile work environment suffered by a plaintiff.") (quoting Hurley, 174 F.3d at 111).

In Title VII harassment cases, evidence of another employees' harassment is pertinent to a hostile work environment claim. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 (3rd. Cir. 1996). The harassment need not occur in the Plaintiff's presence if the incidents of harassment contributed to the hostile work environment, ***and even second-hand knowledge of such events is sufficient to make a Plaintiff aware of the nature of the environment in which he or she works***. Velez v. QVC, Inc., 227 F. Supp. 2d 384, 411 (E.D. Pa. 2002); see also Schwapp v. Town of Avon, 118 F.3d 106, 111-112 (2d. Cir 1997) (holding that district court erred in excluding eight incidents of harassment which Plaintiff did not directly experience); EEOC v. Farmer Bros. Co., 31 F.3d 891, 897–98 (9th Cir.1994) (holding evidence of employer's sexual harassment of female employees other than the plaintiff and evidence of disparaging remarks about women in general were relevant to determine motive).

In the matter of Donaldson v. Lensbouer the plaintiffs intended to call co-workers

6

who would testify that several other female employees made complaints of sexual harassment about Lensbouer in addition to the plaintiffs. This is one of the primary issues that Plaintiff, Lisa Barbounis seeks to establish. Daniel Pipes fielded several reports of sexual harassment concerning Defendant, Greg Roman. Defendant, Daniel Pipes did absolutely nothing to protect the women who made the reports. There is actually evidence in the form of testimony that indicates that Defendant, Daniel Pipes' conduct was more detrimental than if he did nothing. It has been alleged that Defendant, Daniel Pipes took steps to protect Defendant, Greg Roman from the reports and to retaliate against the women. Plaintiff, Lisa Barbounis seeks to call witnesses who can present evidence that corroborate these allegations that if true, would assist a reasonable fact-finding in issuing a verdict.

In the matter of <u>Donaldson v. Lensbouer</u> the plaintiffs intended to call co-workers who would testify that several other female employees made complaints of sexual harassment about <u>Lensbouer</u> in addition to the plaintiffs. Defendant moved to preclude the testimony arguing that its probative value was substantially outweighed by the prejudice to the jury. Plaintiffs argued that the evidence supported their burden of demonstrating a hostile work environment and relevant to establishing that <u>Lensbouer's</u> behavior was sufficiently severe and pervasive so as to establish that prong of their burden. The Court agreed with plaintiffs, <u>holding</u>:

> "Evidence that Plaintiffs and/or their co-workers complained to other employees about Mr. Lensbouer's alleged misconduct is highly relevant in this case. Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. As Plaintiffs argue, evidence that Plaintiffs and/or their co-workers complained to other employees about Mr. Lensbouer's alleged misconduct makes it more likely that Mr. Lensbouer's actions were "severe and pervasive," that they "detrimentally affected" Plaintiffs, and that they "would detrimentally affect a reasonable person of the same sex." Furthermore, this Court rejects Somerset County's contention that the probative value of this relevant evidence is substantially outweighed by the danger of unfair prejudice or misleading the jury. See Fed. R. Evid. 403. As noted above, the evidence Plaintiffs seek to introduce is highly relevant to several elements

of their Title VII claims. In addition, the Court does not believe that the testimony presents a substantial risk of unfair prejudice, much less a substantial risk of prejudice that would outweigh the testimony's relevance and probative value." <u>Donaldson v. Lensbouer</u>, 2017 WL 5634130, at *2 (W.D. Pa. Nov. 21, 2017).

In the present matter, Plaintiff seeks to present evidence of her own sexual harassment through her own testimony and through individuals who witnessed the harassment. Plaintiff also seeks to introduce evidence that, during the same time period, while Defendant, Roman was sexually harassing Lisa Barbounis, he was also sexually harassing other female colleagues, that Lisa Barbounis witnessed. Moreover, there is evidence that Defendant, Roman intentionally made the word environment more hostile, the sexual harassment more difficult to report, by pitting these women against one another. Defendant, Roman, was both the Director and Corporate Officer of the Middle East Forum. There is evidence that Defendant, Roman used his position and authority to sow discord, chaos and fear into his employees which created barriers to ameliorative, corrective action. This evidence goes directly to Plaintiff's burdens of establishing a hostile work environment, overcoming a Farragher-Ellerth defense, and punitive damages.

Defendants argue Plaintiff should be barred from presenting relevant, probative evidence in her case in chief because it could result in several mini trials of each witness and that if the parties wanted to proceed in that fashion the matters should have been consolidated. This argument is not grounded by fact or law. This argument seems like a last-ditch effort to keep the jury from hearing evidence crucial to this case.

Within the same time period Gregg Roman subjected Plaintiff and several other female employees to severe and pervasive sexual harassment and used threats and manipulation to preclude them from reporting the harassment they endured and that they witnessed their

8

colleagues endure.   In the Autumn of 2018, Lisa Barbounis, Marnie O'Brien, and Patricia McNulty reported the harassment and Defendant Daniel Pipes responded to the reports collectively.   The letters Defendant, Daniel Pipes wrote references all three reports.   Dnaiel Pipes claims he investigated the reports on the same day.   Defendant, Daneil Pipes claims to have taken the same corrective action to all three reports.   The fact that it took three women to report the harassment at the same time is part of Plaintiff's case.   If Defendants' Motion to Preclude is granted, it would require the parties to walk a tightrope and essentially present false and misleading information to the jury.   The jury would come aware with a picture of the events that in no way matches what actually occurred and what Plaintiff, Lisa Barbounis endured.

### i.   Testimony of Lisa Barbounis

Lisa Barbounis has firsthand knowledge of the sexual harassment Mr. Roman perpetrated while he was both the Director of MEF and a Corporate Officer.   Plaintiff will offer testimony of having observed sexual harassment and being pitted against other women including Marnie O'Brien, who was the Director of Human Resources.   Marnie O'Brien was the very person whose job it was to respond to reports and Defendant, Greg Roman deliberate steps to drive a wedge between Lisa Barbounis and Marnie O'Brien.   Lisa Barbounis will also offer testimony about inappropriate, unwelcome, sex-based conduct that Lisa Barbounis witnessed first-hand and was forced to endure during her employment for Defendants.   Lisa Barbounis will also offer testimony about her fears of reporting sexual harassment due to statements made by Defendants, MEF, Greg Roman, and Daniel Pipes, and due to facts which Lisa Barbounis learned during her employment.   Lisa Barbounis will also offer testimony about her fear of futility, that her reports would be met with inaction.   Lisa Barbounis will

also testify about issues that occurred after she reported the sexual harassment and the hostile work environment that continued. The time period relevant to Plaintiff's case is October 2017 until August 2019.  Lisa Barbounis will offer firsthand testimony that during this time-period, she saw, heard, experienced and reported sexual harassment.  She will testify to being turned against Marnie O'Brien and about threats made to "enemies" and "usurpers" which had a chilling effect on reporting.  The hostile work environment is not limited to sexual touching and sex-based comments.  There is also a component of intimidation  and scare-tactics. Defendant, Roman made comments about hacking devices and watching the female employees including Lisa Barbounis, Delaney Yonchek, Caitriona Brady, Marnie O'Brien, Patricia McNulty, Tiffany Lee, Aman Patel, inter alia.  These scare-tactics had a direct impact on employees fear of retaliation in reporting.  Defendants seek to preclude Ms. Barbounis from testing truthfully about what occurred during her employment.  Defendants seek to preclude other women from corroborating Lisa Barbounis' testimony.    For example, Defendants do not want Lisa Barbounis to testify about what actually occurred at the AIPAC conference.  Lisa Barbounis watched Defendant, Roman sexually assault Patricia McNulty, Watching a supervisor put his hands on a coworker in a sexually aggrieve manner is sexual harassment of both female employees.  Plaintiff, Lisa Barbounis should be permitted to testify about what she witnessed and Patricia McNulty should be permitted to corroborate Lisa Barbounis's testimony.  Marnie O'Brien also witnessed the incident and should be permitted to testify to what she saw, since she was the Director of Human Resources at the time. Defendants are suggesting that this information is so prejudicial that it would  infect the jury. We have, however, a perfect case-study that directly contradicts Defendants' claim.  The jury heard very compelling testimony from Patricia McNulty during the <u>Marrie O'Brien v. Middle</u>

10

East Forum Trial (Case No. 2:19-cv-06078-JMG).  The jury was not infected with prejudice and weighed the testimony along with the other testimony and found in favor of Defendants.

The events in Israel directly cultivated a hostile work environment.  While in Israel, Defendant, Roman described in detail several sexual acts including describing a sex act with another MEF employee.  These sexual comments were not welcome and significantly contributed to Lisa Barbounis hostile work environment.  Lisa Barbounis cannot change the words that were said to her.  Lisa Barbounis should not be precluded from testifying about the type of sexual comments made to her simply because the sexual comments place Defendant, Roman in a poor light.  Defendant Roman can deny making the comments, however, it is well settled law that comments of a sexual nature can be part of the series of events that culminate in a hostile work environment claim. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 167 (3d Cir. 2013). citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). See also Wilson v. Indus. Com. Cleaning Grp., Inc., No. CV 19-2198, 2021 WL 3190555, at *4 (E.D. Pa. July 28, 2021).

The sexual comments that Defendant, Roman made occurred often throughout Lisa Barbounis' employment.  These comments were unwelcome and contributed to the hostile work environment.

ii.  Testimony of Patricia McNulty

Plaintiff's should be permitted to present the full force of relevant, probative admissible evidence.  Patricia McNulty's experience at Middle East Forum occurred alongside Lisa Barbounis'.  The two women began their employment around the same time. Lisa Barbounis witnessed firsthand the conduct to which Patricia McNulty was forced to endure.  This also contributed significantly to Plaintiff's hostile work environment.  Both

Patricia McNulty and Lisa Barbounis were subjected to offensive touching during the AIPAC conference.   Ms. McNulty's testimony with regard to that event is highly probative and it includes what occurred on that couch, to both of them.

Patricia McNulty was subjected to harassment by Gregg Roman and also observed Gregg Roman harass Lisa Barbounis. Patricia McNulty was present when the report of harassment was made and was present for events including Daniel Pipes' response to the November reports, the November 5, 2018, meeting, the meeting in March when Roman was permitted to return to MEF, and just about everything in between.  Patricia McNulty is also able to testify about Roman resuming his prior authority and additional harassment when he returned.  Her testimony as a first-hand witness is highly relevant and probative to the hostile work environment burden, Farragher-Ellerth defense, and punitive damages.

### iii.   Testimony of Caitriona Brady

Ms. Brady witnessed several acts of sexual harassment perpetrated by Gregg Roman towards Plaintiff and can testify as a firsthand witness.  Caitriona Brady can offer testimony that within weeks of Defendant Roman's return to authority, Defendant Roman began making sexual comments about staff again.   This goes to Daniel Pipes' response in November 2018, and punitive damages.  Because, when these new comments were reported Daniel Pipes failed to take any action.

### iv.   Plaintiff is Permitted to Present Probative Evidence that Supports her Claims

The Third Circuit, and federal courts across the country, have unequivocally held that evidence of the harassment of other employees is admissible and pertinent to establish a hostile work environment. (see Hurley, ect. above).  In the face of overwhelming legal authority, Defendants frivolously ask the Court to disallow relevant, probative evidence ,

hoping to silence Plaintiff and her colleagues, from presenting their first-hand experiences to the jury.

Evidence of Defendants notice of sexual harassment is always relevant, particularly to establishing a hostile work environment claim and punitive damages. See West v. Philadelphia Elec. Co., 45 F.3d 744 (3d Cir. 1995) ("Employer's notice of racial harassment is always relevant, regardless of its source, for purposes of employee's Title VII hostile work environment claim because it bears upon duty of employer to investigate and remedy hostile work environment.").

Other reports of discrimination and harassment, and Defendants' response thereto, also bears on Plaintiff's fear of retaliation and fear of futility.

Defendants would like to eat their cake and have it too.  Defendants seek to introduce evidence that sexual harassment did not occur through firsthand witnesses but Plaintiff is not permitted to do the same, because the witnesses were also sexual harassed.   Defendants cite to little, or no, caselaw to support this argument about eyewitness testimony.  That evidence is bad for a Defendant's case does not render the evidence inadmissible.


### III.    CONCLUSION

For all of the foregoing reasons, Plaintiff Lisa Barbounis respectfully requests that this Court deny Defendants' Motion *in Limine* Exclude Evidence of Alleged Prior Bad Acts Concerning Other Litigants and Non-Parties.  All of Plaintiff's witnesses, Lisa Barbounis, Patricia McNulty, Delaney Yonchek, Caitriona Brady, Marnie O'Brien, Tiffany Lee, Aman Patel, Alana Goodman, and any other individuals with evidence probative to Plaintiff's claims should be permitted.

**DEREK SMITH LAW GROUP, PLLC**


BY: __/s/_Seth D. Carson_____
        SETH D. CARSON
        Derek Smith Law Group, PLLC
        1835 Market Street
        Suite 2950
        Philadelphia, PA 19103
        Phone: 215.391.4790
        Facsimile: 215.893.5288
        Email: Seth@DerekSmithLaw.com


DATED: November 3, 2021

## CERTIFICATE OF SERVICE

I, Seth D. Carson, hereby certify that on this date the foregoing Motion in Limine has

been electronically filed with the Court and is available for viewing and downloading from the

ECF System and thereby have been served upon the following counsel of record, electronically:

TO:       Jon Cavalier
          Cozen O'Connor
          1650 Market Street, Suite 2800
          Philadelphia, PA 19103
          P: 215-665-2000
          F: 215-665-2013
          dwalton@cozen.com
          lbenson@cozen.com

          Sidney L. Gold sgold@discrimlaw.
          Sidney L. Gold & Associates P.C.
          1835 Market Street, Suite 515
          Philadelphia, PA 19103
          Tel: (215) 569-1999
          Fax: (215) 569-3870
          Counsel for The Middle East Forum

                    **DEREK SMITH LAW GROUP, PLLC**


          BY:_____/s/ Seth D. Carson_____
                    Seth D. Carson, Esq.
                    Attorney ID. No. 319886
                    1845 Walnut Street, Suite 1601
                    Philadelphia, PA 19103
                    (215) 391-4790
                    seth@dereksmithlaw.com
                    *Attorney for Plaintiff*

DATED: November 3, 2021