# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BARBOUNIS | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 2:19-cv-05030-JDW |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MIDDLE EAST FORUM, GREG | : | PROPOSED JURY INSTRUCTIONS |
| ROMAN, AND DANIEL PIPES, | : | |
| Defendants. | : | |
| | : | |
| | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

In accordance with the Court's June 25, 2021 Order (Doc. No. 140), Plaintiff Lisa Barbounis and Defendants the Middle East Forum, Daniel Pipes and Gregg Roman, by and through their respective counsels, jointly[1] submit the following proposed jury instructions on substantive issues at trial.

---

[1] Per the Court's Order, for any instructions on which the Parties do not agree, Plaintiff's proposals (if any) are provided in *italics* and Defendants' proposal (if any) are provided in **bold**.

**1.1 Preliminary Instructions — Introduction; Role of Jury**

Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED      _____REJECTED

**1.2.  Preliminary Instructions  — Description of Case; Summary of Applicable Law**

In this case, Lisa Barbounis claims that she was sexually harassed by Gregg Roman and subjected to a hostile work environment while employed by the Middle East Forum; The Middle East Forum, Gregg Roman and Daniel Pipes deny those claims.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will later provide you with instructions as to what Ms. Barbounis must demonstrate in order to prevail in her case:

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

**5.1.4 Elements of a Title VII Action — Harassment — Hostile Work 2 Environment — Tangible Employment Action 3 Model 4**

Lisa Barbounis claims that she was subjected to harassment by Defendant, Gregg Roman, Daniel Pipes, and

Middle East Forum and that this harassment was motivated by the fact that Ms. Barbounis is a woman.

Defendants are liable for the actions of Gregg Roman in Ms. Barbounis claim of harassment if Ms.

Barbounis proves all of the following elements by a preponderance of the evidence:

First:  Lisa Barbounis was subjected to sexual harassment during her employment for Defendants by Gregg Roman.

Second: Defendant, Gregg Roman's conduct was not welcomed by Lisa Barbounis.

Third:  Defendant, Gregg Roman's conduct was motivated by the fact that Lisa Barbounis is a female..

Fourth:  The conduct was so severe or pervasive that a reasonable person in Lisa Barbounis' position would find Lisa Barbounis' work environment to be hostile or abusive.  This element requires you to look at the evidence from the point of view of a reasonable female's reaction to Lisa Barbounis' work environment.

Fifth:  Lisa Barbounis believed her work environment to be hostile or abusive as a result of Defendant, Gregg Roman's conduct.

Sixth: Lisa Barbounis suffered an adverse "tangible employment action" as a result of the hostile work environment; a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits.

(Plaintiff, Lisa Barbounis argues that the jury should only be presented with the tangible employment action instruction because there are no material facts in dispute that Lisa Barbounis was Defendant, Gregg Roman's personal assistant.  In November 2018, when Defendant, Gregg Roman was ejected from the Philadelphia office, there was no more reason for Plaintiff, Lisa Barbounis' to continue her employment. Accordingly, MEF reassigned Lisa Barbounis to a new position which significantly changed her job responsibilities.  The new position was more difficult, and Lisa Barbounis was expected to assume much more responsibility.  In fact, MEF actually began referring to Lisa Barbounis as the "Director of Communications."   This title was in name only as Defendant refused to provide Lisa Barbounis with any increase in compensation commensurate with the added responsibilities.)

4

**1.3      Preliminary Instructions — Elements of a Title VII Claim — Harassment — Hostile Work Environment — No Tangible Employment Action**

***If Plaintiff's Proxy Argument is Granted and Farragher Ellerth Defense is disallowed:***

*Lisa Barbounis claims that she was subjected to sexual harassment by Gregg Roman.*

*Middle East Forum, Daniel Pipes and Gregg Roman are liable for the actions of Gregg Roman in Ms. Barbounis' claim of harassment if Ms. Barbounis proves all of the following elements by a preponderance of the evidence:*

> *First: Ms. Barbounis was subjected to sexual harassment by Gregg Roman.*
>
> *Second: Gregg Roman's conduct was not welcomed by Ms. Barbounis.*
>
> *Third: Gregg Roman's conduct was motivated by the fact that Ms. Barbounis is a female.*
>
> *Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Barbounis' position would find Ms. Barbounis' work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable female's reaction to Ms. Barbounis' work environment.*
>
> *Fifth: Ms. Barbounis believed her work environment to be hostile or abusive as a result of Gregg Roman's conduct.*

**If Plaintiff's Proxy Argument is Denied and Farragher Ellerth Defense is allowed:**

Lisa Barbounis claims that she was subjected to sexual harassment by Gregg Roman. Middle East Forum, Daniel Pipes and Gregg Roman are liable for the actions of Gregg Roman in Ms. Barbounis' claim of harassment if Ms. Barbounis proves all of the following elements by a preponderance of the evidence:

> First:  Ms. Barbounis was subjected to sexual harassment by Gregg Roman.
>
> Second:  Gregg Roman's conduct was not welcomed by Ms. Barbounis.
>
> Third: Gregg Roman's conduct was motivated by the fact that Ms. Barbounis is a female.
>
> Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Barbounis' position would find Ms. Barbounis' work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of

a reasonable female's reaction to Ms. Barbounis' work environment.

Fifth: Ms. Barbounis believed her work environment to be hostile or abusive as a result of Gregg Roman's conduct.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for Middle East Forum and you need not proceed further in considering this claim. If you find that the elements have been proven, then you must consider Middle East Forum, Gregg Roman and Daniel Pipes' affirmative defense.  I will instruct you now on the elements of that affirmative defense.

You must find for Defendants if you find that they have proven both of the following elements by a preponderance of the evidence:

First:   Middle East Forum, Daniel Pipes and Gregg Roman exercised reasonable care to prevent sexual harassment in the workplace, and also exercised reasonable care to promptly correct any harassing behavior that does occur.

Second: Ms. Barbounis unreasonably failed to take advantage of any preventive or corrective opportunities provided by Middle East Forum, Gregg Roman and Daniel Pipes.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1. Middle East Forum had established an explicit policy against sexual harassment in the workplace.

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for Ms. Barbounis to make a claim of harassment to higher management.

4. Reasonable steps were taken to correct the problem, if raised by Ms. Barbounis.

On the other hand, proof that Ms. Barbounis did not follow a reasonable complaint procedure provided by Defendants will ordinarily be enough to establish that Ms. Barbounis unreasonably failed to take advantage of a corrective opportunity.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED     _____REJECTED

*(Plaintiff, Lisa Barbounis argues that Defendants are not entitled to the affirmative defense promulgated in the cases of <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 790 70 (1998) and <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 765 (1998).  Plaintiff's argument is supported by well-established Supreme Court caselaw holding that the affirmative defense is not available when the harasser is so high up in the organization as to be considered a proxy for the company. This is known as "proxy liability" or "alter-ego" theory of liability.  Should the Court wish, Plaintiff will brief this issue in a short memorandum of law and fact that confirms that Defendant, Greg Roman and Defendant, Daniel Pipes are both high enough  in the organization for proxy liability to apply. Plaintiff also argues that proxy liability applies to conduct of the Director of Human Resources, who was also the Chief Financial Officer, Marnie O'Brien. ).*

**(Defendants submit that, to the extent Plaintiff intends to argue that proxy liability in this case is based on the conduct of Marnie O'Brien, who is also represented by Plaintiff's counsel in this matter, the Parties should address this matter at the pre-trial conference).**

**1.4.  Preliminary Instructions — Conduct as Jurors**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.  I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED   _____REJECTED

**1.5.   Preliminary Instructions — Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

1

## 1.6.  Preliminary Instructions — Evidence

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

1

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

**1.7.  Preliminary Instructions – Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

**1.8.    Preliminary Instructions — Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. ]

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

**1.9.  Preliminary Instructions — Jury Questions for Witnesses**

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

**1.10.    Preliminary Instructions — Note-Taking By Jurors**

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1.      <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

2.      <u>Be brief</u>. Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3.      <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.      <u>Do not take your notes away from court</u>. I repeat, at the end of each day, please leave your notes in the court room. You will not be permitted to bring your notes with you into the jury room or into deliberations.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED      _____REJECTED

**1.11.   Preliminary Instructions — Preponderance of the Evidence**

This is a civil case. Lisa Barbounis is the party who brought this lawsuit. Middle East Forum, Daniel Pipes and Gregg Roman are the parties against whom the lawsuit was filed. Lisa Barbounis has the burden of proving her case by what is called the preponderance of the evidence.. That means Plaintiff has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Plaintiff the evidence favorable to Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on her side.  If Plaintiff fails to meet this burden, the verdict must be for Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*[On certain issues, called affirmative defenses, [defendant] has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that [defendant] has succeeded in proving that the required facts are more likely so than not so.] ** 

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED       _____REJECTED

**1.12.   Preliminary Instructions — Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorney(s) for Lisa Barbounis will make an opening statement to you. Next, attorney(s) for Middle East Forum, Daniel Pipes and Gregg Roman may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  [A party is not required to make an opening statement.]

Before the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Lisa Barbounis goes first because as Plaintiff she has the burden of proof. Ms. Barbounis will present witnesses whom counsel for Middle East Forum, Daniel Pipes and Gregg Roman may cross-examine, and Lisa Barbounis may also present evidence. Following Plaintiff's case, Daniel Pipes, Gregg Roman and the Middle East Forum may present evidence.  Counsel for Ms. Barbounis may cross-examine witnesses for the defense.  [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED       _____REJECTED

**2.1  Elements of a Title VII Claim — Harassment — Hostile Work Environment — No Tangible Employment Action**

***If Plaintiff's Proxy Argument is Granted and Farragher Ellerth Defense is disallowed:***

Lisa Barbounis claims that she was subjected to sexual harassment by Gregg Roman. *Middle East Forum, Daniel Pipes and Gregg Roman are liable for the actions of Gregg Roman in Ms. Barbounis' claim of harassment if Ms. Barbounis proves all of the following elementsby a preponderance of the evidence:*

First:  Ms. Barbounis was subjected to sexual harassment by Gregg Roman.

Second:  Gregg Roman's conduct was not welcomed by Ms. Barbounis.

Third: Gregg Roman's conduct was motivated by the fact that Ms. Barbounis is a female.

Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Barbounis' position would find Ms. Barbounis' work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable female's reaction to Ms. Barbounis' work environment.

Fifth: Ms. Barbounis believed her work environment to be hostile or abusive as a result of Gregg Roman's conduct.

**If Plaintiff's Proxy Argument is Denied and Farragher Ellerth Defense is allowed:**

Lisa Barbounis claims that she was subjected to sexual harassment by Gregg Roman. Middle East Forum, Daniel Pipes and Gregg Roman are liable for the actions of Gregg Roman in Ms. Barbounis' claim of harassment if Ms. Barbounis proves all of the following elementsby a preponderance of the evidence:

First:  Ms. Barbounis was subjected to sexual harassment by Gregg Roman.

Second:  Gregg Roman's conduct was not welcomed by Ms. Barbounis.

Third: Gregg Roman's conduct was motivated by the fact that Ms. Barbounis is a female.

Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Barbounis' position would find Ms. Barbounis' work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable female's reaction to Ms. Barbounis' work environment.

Fifth: Ms. Barbounis believed her work environment to be hostile or abusive as a result of Gregg Roman's conduct.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for Middle East Forum and you need not proceed further in considering this claim. If you find that the elements have been proven, then you must consider Middle East Forum, Gregg Roman and Daniel Pipes' affirmative defense.  I will instruct you now on the elements of that affirmative defense.

You must find for Defendants if you find that they have proven both of the following elements by a preponderance of the evidence:

First: Middle East Forum, Daniel Pipes and Gregg Roman exercised reasonable care to prevent sexual harassment in the workplace, and also exercised reasonable care to promptly correct any harassing behavior that does occur.

Second: Ms. Barbounis unreasonably failed to take advantage of any preventive or corrective opportunities provided by Middle East Forum, Gregg Roman and Daniel Pipes.

Proof of the four following facts will be enough to establish the first element that I just referred to, concerning prevention and correction of harassment:

1. Middle East Forum had established an explicit policy against sexual harassment in the workplace.

2. That policy was fully communicated to its employees.

3. That policy provided a reasonable way for Ms. Barbounis to make a claim of harassment to higher management.

4. Reasonable steps were taken to correct the problem, if raised by Ms. Barbounis.

On the other hand, proof that Ms. Barbounis did not follow a reasonable complaint procedure provided by Defendants will ordinarily be enough to establish that Ms. Barbounis unreasonably failed to take advantage of a corrective opportunity.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED       _____REJECTED

**2.2 Title VII Definitions — Hostile or Abusive Work Environment**

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

• The total physical environment of Ms. Barbounis' work area.

• The degree and type of language and insult that filled the environment before and after Ms. Barbounis arrived.

• The reasonable expectations of Ms. Barbounis upon entering the environment.

• The frequency of the offensive conduct.

• The severity of the conduct.

• The effect of the working environment on Ms. Barbounis' mental and emotional well-being.

• Whether the conduct was unwelcome, that is, conduct Ms. Barbounis regarded as unwantedor unpleasant.

• Whether the conduct was pervasive.

• Whether the conduct was directed toward Ms. Barbounis.

• Whether the conduct was physically threatening or humiliating.

• Whether the conduct was merely a tasteless remark.

• Whether the conduct unreasonably interfered with Ms. Barbounis' work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees.  In order to find a hostile work environment, you must find that Ms. Barbounis was sexually harassed. The harassing conduct may, but need not be sexual in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's status as a female. The key question is whether Plaintiff, as a member of a protected class, was subjected to harsh employment conditions to which those outside the protected class were not.

It is important to understand that, in determining whether a hostile work environment

21

existed at the Middle East Forum you must consider the evidence from the perspective of a reasonable person in the same position. That is, you must determine whether a reasonable person would have been offended or harmed by the conduct in question. You must evaluate the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological or emotional well-being of a reasonable person. The reasonable person is simply one of normal sensitivity and emotional make-up.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED       _____REJECTED

(*If the Court decides that the jury should consider the affirmative defense, promulgated in Faragher and Ellerth, then Plaintiff argues the Court should consider aspects of the Third Circuit's Model Instructions with regard to Plaintiff's ability to prove (1) a reasonable fear reporting harassment would result in retaliation, (2) a reasonable fear reporting harassment would result in futility, (3) notice of prior reports of harassment that the employer failed to respond to. The relevance of this three issues with regard to the affirmative defense are identified in the Third Circuit jury instructions. See 5.1.5 Harassment – Hostile Work Environment – No Tangible Employment Action Comments (Minarsky v. Susquehanna Cty., 895 F.3d 303, 314 (3d Cir. 2018) ("If a plaintiff's genuinely held, subjective belief of potential retaliation from reporting her harassment appears to be well-founded, and a jury could find that this belief is objectively reasonable, the trial court should not find that the defendant has proven the second Faragher-Ellerth element as a matter of law. Instead, the court should leave the issue for the jury to determine at trial."); id. at 315 n.16 ("**The trial judge can instruct the jury that a plaintiff's fears must be specific, not generalized, in order to defeat the Faragher-Ellerth defense**."). (Emphasis added).*

*Plaintiff believes the parties should discuss this and attempt to agree on language, however, Plaintiff would like to raise this issue now in order to make the Court and Defendants aware of Plaintiff's position.*

**3.1   Title VII Damages — Compensatory Damages — General Instruction**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Middle East Forum, Daniel Pipes or Gregg Roman should be held liable.

If you find by a preponderance of the evidence that Defendants intentionally discriminated against Ms. Barbounis by sexually harassing her, then you must consider the issue of compensatory damages. You must award Ms. Barbounis an amount that will fairly compensate her for any injury she actually sustained as a result of Middle East Forum, Daniel Pipes and Gregg Roman's conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Barbounis in the position she would have occupied if the discrimination had not occurred. Ms. Barbounis has the burden of proving damages by a preponderance of the evidence.

Ms. Barbounis must show that the injury would not have occurred without Defendants act oromission. Ms. Barbounis must also show that Defendants' act or omission played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probableconsequence of Defendant's act or omission. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Defendants'actions or omissions were motivated by discrimination. In other words, even assuming that Defendants' actions or omissions were motivated by discrimination, Ms. Barbounis is not entitled todamages for an injury unless Defendant's discriminatory actions or omissions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury. To find that Defendants' act or omission caused Ms. Barbounis' injury, you need not find that Defendant's act or omission was the nearest cause, either in time or space. However, if Ms. Barbounis' injury was caused by a later, independent event that intervened between Defendants' act or omission and Ms. Barbounis' injury, Defendants are not liable unless the injury was reasonably foreseeable by Defendants.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that Ms. Barbounis experienced as a consequence of Defendant's allegedly unlawful act or omission. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Barbounis would have earned, either in the past or in the future if she had continued in employment with Defendants. These elements of recovery of wages that Ms. Barbounis would have received from Defendants are called "back pay" and "front pay". "Back pay"

and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay" and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that Ms. Barbounis may suffer in the future as a result of Defendants' allegedly unlawful act or omission. For example, you may award damages for loss of earnings resulting from any harm to Ms. Barbounis' reputation that was suffered as a result of Defendant's allegedly unlawful act or omission. Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, she may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not occurred. That element of damages is distinct from the amount of wages Ms. Barbounis would have earned in the future from Defendants if she had retained the job.

As I instructed you previously, Ms. Barbounis has the burden of proving damages by a preponderance of the evidence. But the law does not require that Ms. Barbounis prove the amount of her losses with mathematical precision; it requires only as much definiteness and accuracy as circumstances permit.

You are instructed that Ms. Barbounis has a duty under the law to "mitigate" her damages--that means that Ms. Barbounis must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by Defendants. It is Defendants' burden to prove that Ms. Barbounis has failed to mitigate. So if Defendants persuade you by a preponderance of the evidence that Ms. Barbounis failed to take advantage of an opportunity that was reasonably available to her, then you must reduce the amount of Ms. Barbounis' damages by the amount that could have been reasonably obtained if she had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED       _____REJECTED

**3.2    Title VII Damages — Punitive Damages**

Ms. Barbounis claims the acts of Gregg Roman, Daniel Pipe and the Middle East Forum were done with malice or reckless indifference to Ms. Barbounis' federally protected rights and that as a result there should be an award of what are called "punitive" damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future. Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury, and so receives nominal rather than compensatory damages.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Middle East Forum personally acted with malice or reckless indifference to Ms. Barbounis' federally protected rights.  An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

<u>Authority</u>: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED      _____REJECTED

25

### 3.3   *Title VII Damages — Nominal Damages*

If you return a verdict for Ms. Barbounis, but Ms. Barbounis has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

<u>Authority</u>: *Third Circuit Model Jury Instruction (2019)*

_____ACCEPTED         _____REJECTED

**3.1    General Instructions For Use During Trial — Impeachment of Witness's Character for Truthfulness**

You [are about to hear] [have heard] evidence that [name of witness], a witness, [e.g., has been convicted of a felony, committed forgery on a prior occasion, etc.]. You may use that evidence only to help you decide whether to believe the testimony of the witness and to determine how much weight to give it. That evidence does not mean that the witness engaged in any conduct alleged in this case, and you must not use that evidence as any proof that the witness engaged in that conduct.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED    _____REJECTED

**3.2    General Instructions For Use During Trial  — Judicial Notice**

The rules of evidence permit the judge to accept facts that cannot reasonably be disputed. This is called judicial notice. I have decided to accept as proved the fact that [state the fact that the court has judicially noticed], even though no evidence has been introduced to prove this fact.  You must accept this fact as true for purposes of this case.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED      _____REJECTED

### 3.3  General Instructions For Use During Trial  — Stipulation of Testimony

The parties have agreed that if [witness's name] were called as a witness, [he/she] would testify that [state the stipulated testimony]. This testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if [name of witness] had been present to testify. You must accept the fact that [name of witness] would have given that testimony. However, it is for you to determine the effect or weight to be given to that testimony.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED      _____REJECTED

**3.4   General Instructions For Use During Trial  — Stipulation of Fact**

       The [parties] have agreed that [set forth stipulated fact or facts] [is/are] true. [The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial.] You must therefore treat [this fact] [these facts] as having been proved for the purposes of this case.

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED    _____REJECTED

**3.5   General Instructions For Use During Trial — Striking Evidence**

I have ordered that [describe the evidence] be struck from the record and I am instructing you that you must disregard that information [testimony]. That means that when you are deciding the case, you must not consider that information [testimony] in any way.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED     _____REJECTED

**3.6  General Instructions For Use During Trial — Evidence Admitted for a Limited Purpose**

You [have heard] [will now hear] evidence that was received for [a] particular limited purpose[s]. [This evidence can be considered by you as evidence that (describe limited purpose)]. It may not be used for any other purpose. [For example, you cannot use it as proof that (discuss specific prohibited purpose)].

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED    _____REJECTED

**3.7    General Instructions For Use During Trial — Opinion Testimony**

You have heard [will hear] testimony containing opinions from [name of witness]. In weighing this opinion testimony, you may consider [his/her] qualifications, the reasons for[his/her] opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinionof [name of witness] should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of [name of witness], you may consider any bias that [name of witness] may have, including any bias that may arise from evidence that [name of witness] has been or will be paid for reviewing the case and testifying [or from evidence that [name of witness] testifies regularly and makes a large portion of [his/her] income from testifying in court].

Authority: Third Circuit Model Jury Instruction (2019)

_____ACCEPTED      _____REJECTED

**3.8   General Instructions For Use During Trial — Recess Admonition**

We are about to take [our first] [a] recess [and I remind you of the instruction I gave you earlier]. During this recess and any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, do not tell your fellow jurors but tell me about it immediately.  [Do not read, watch or listen to any news reports of the trial, or conduct any research or investigation, including on the Internet. Remember that I told you not to use any electronic tools to communicate with anyone about the case or to do research relating to the case.] Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to [identify court personnel] to give to me.

[I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on occasion.]

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED        _____REJECTED

**4.1   General Instructions For Use At End of Trial — Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of

paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another.  Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

A form of verdict has been prepared for you.  It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

Authority: Third Circuit Model Jury Instruction (2019)


_____ACCEPTED       _____REJECTED

### 4.2   *General Instructions For Use At End of Trial — Deadlock*

It is your duty as jurors to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with your individual judgments. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you must be open to their opinions. You should not be influenced to vote a certain way, however, by the single fact that a majority of the jurors, or any of them, will vote in a certain way. In other words, you should not surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict, or solely because of the opinions of the other jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced that those views are wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to reexamine your own views.

Remember that you are not partisans; you are judges — judges of the facts. Your only interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

If you should fail to agree on a verdict, the case is left open and must be resolved at a later time. There is no reason to think that another trial would be conducted in a better way or that a different jury would decide it any better. Any future jury must be selected in the same manner and from the same source as you.

We try cases to dispose of them and to reach a common conclusion if it is consistent with the conscience of each member of the jury. I suggest that, in deliberating, you each recognize that you are not infallible, that you listen to the opinions of the other jurors and that you do so carefully with a view to reaching a common conclusion, if you can. You may take all the time that you feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

*Authority: Third Circuit Model Jury Instruction (2019)*

_____ACCEPTED        _____REJECTED

Respectfully submitted,

By: /s/ Seth D. Carson _____
Seth D. Carson, Esq.
DEREK SMITH LAW GROUP
Attorney ID. No. 319886
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103
(215) 391-4790
seth@dereksmithlaw.com

*Attorney for Plaintiff*
*Lisa Barbounis*

By: */s/ Jonathan R. Cavalier* _____
Jonathan R. Cavalier
Leigh Ann Benson
COZEN O'CONNOR
One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Phone: (215) 665-2000

*Attorneys for Defendant*
*The Middle East Forum and*
*Daniel Pipes*

By: */s/ Sidney L. Gold* _____
Sidney L. Gold
William Riser
SIDNEY L. GOLD & ASSOCIATES P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999

CLARK HILL PLC
Kevin Levine, Esq. (PA Bar No. 326492)
Clark Hill PLC
Two Commerce Square
2001 Market Street, Ste. 2620
Philadelphia, PA 19103
(215) 640-8500

Margaret M. DiBianca, Esq. (DE No. 4539)
CLARK HILL PLC
824 N. Market Street, Ste. 710
*Admitted Pro Hac Vice*
Wilmington, DE  19801
P:  (302) 250-4748

*Attorneys for Defendant*
*Gregg Roman*

Dated: November 24, 2021